IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Scotts EZ Seed Litigation | Case No. 12-CV-4727 (VB) <br> Hon. Vincent L. Briccetti |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR APPOINTMENT OF CO-LEAD INTERIM CLASS COUNSEL**

# TABLE OF CONTENTS

**PAGE(S)**

Table of Authorities ...................................................................................................iii

Background .................................................................................................................1

Argument ...................................................................................................................3

A.  The Court Should Appoint Plaintiffs' Counsel
    As Co-Lead Interim Class Counsel................................................................3

  1. Proposed Co-Lead Interim Class Counsel's Identification And
     Investigation Of The Claims.......................................................................5

  2. Proposed Co-Lead Interim Class Counsel's Experience In
     Handling Class Actions And Other Complex Litigation ...........................7

     a. Bursor & Fisher's Experience ...............................................................7

     b. Faruqi & Faruqi's Experience...............................................................10

  3. Proposed Co-Lead Interim Class Counsel's Knowledge Of
     The Applicable Law....................................................................................12

  4. Resources That Proposed Co-Lead Interim Class Counsel Will
     Commit To Representing The Class............................................................13

Conclusion .................................................................................................................14

# <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

**CASES**

*Anderson v. Fiserv, Inc.*, No.
  09-5400, 2010 WL 571812 (S.D.N.Y. Jan. 29, 2010) ................................................. 4

*Blessing v. Sirius XM Radio Inc.*,
  No. 09-10035, 2011 WL 1194707 (S.D.N.Y. Mar. 29, 2011)..................................... 5

*Hill v. The Tribune Co.*,
  No. 05-2602, 2005 WL 3299144 (N.D. Ill. Oct. 13, 2005) ....................................... 4

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
  240 F.R.D. 56 (E.D.N.Y. 2006) ................................................................................. 4

*In re Municipal Derivatives Antitrust Litig.*,
  252 F.R.D. 184 (S.D.N.Y. 2008) ............................................................................... 4

*Parkinson v. Hyundai Motor America*,
  2006 WL 2289801 (C.D. Cal. Aug. 7, 2006)............................................................. 4

**STATUTES**

15 U.S.C. §§ 2301, *et seq*,.................................................................................................. 3

Bus. & Prof. Code §§ 17500, *et seq.*.................................................................................. 3

Bus. & Prof. Code §§ 17200, *et seq.*.................................................................................. 3

Civil Code §§ 1750, *et seq.*................................................................................................. 3

New York Gen. Bus. Law § 349........................................................................................ 3

**OTHER AUTHORITIES**

Moore's Federal Practice § 23.120(3)(a) (3d. Ed. 2007) ...................................... 6

*Annotated Manual for Complex Litigation* (4th ed. 2006) ....................................... 3, 4

ii

Plaintiffs Michael Arcuri, David A. Browne, Gwen Eskinazi, Stacy D. Lonardo, Lance Moore, Vance Smith and Nancy Thomas (collectively, "Plaintiffs") move this Court for an order pursuant to Fed. R. Civ. P. 23(g)(3) to appoint Scott A. Bursor of Bursor & Fisher, P.A. ("Bursor & Fisher") and Antonio Vozzolo of Faruqi & Faruqi, LLP ("Faruqi & Faruqi") as co-lead interim class counsel.

Appointment of co-lead interim class counsel is necessary to protect the interests of the proposed class and progress toward class certification and trial. Additionally, appointment of co-lead interim class counsel will create one unified voice for Plaintiffs and all putative class plaintiffs, and will promote efficiency and conserve judicial resources. Moreover, counsel for defendants have represented to Plaintiffs' counsel that they do not intend to oppose the instant motion at this time. Bursor Decl. ¶ 11; Vozzolo Decl. ¶ 10.

For all these reasons, and as detailed more fully below, Plaintiffs respectfully request that the Court grant their motion to appoint Scott Bursor and Antonio Vozzolo as co-lead interim class counsel.

## I.      BACKGROUND

Plaintiffs bring their action on behalf of themselves and all others similarly situated against defendants The Scotts Miracle-Gro Company, Inc., The Scotts Company LLC, Lowe's HIW, Inc., The Home Depot, Inc. and True Value Company (collectively, "Defendants") for selling defective grass seed. Scotts Turf Builder EZ Seed ("EZ Seed") contains a pre-mixed formulation of ingredients including a mulch, grass seed, and fertilizer. The mulch is "super absorbent." According to the label, it is supposed to make EZ Seed grow grass "50% THICKER WITH HALF THE WATER" compared to "ordinary seed." Plaintiffs, however, allege the seed does not grow grass as advertised. The super absorbent mulch competes with the germinating

seed for available moisture and actually prevents it from growing.  The design of the EZ Seed product is fundamentally defective, rendering the product useless.  *See* Arcuri Class Action Complaint ("Arcuri Complaint"), filed June 15, 2012, ¶¶ 1-3; Eskinazi Class Action Complaint ("Eskinazi Complaint"), filed June 19, 2012, ¶¶ 1-4.

Reliable scientific testing demonstrates that EZ Seed does not grow grass as advertised. In a study by NexGen Turf Research, LLC that compared EZ Seed to ordinary grass seed at half water levels, EZ Seed failed to produce any grass seedlings during four separate trials throughout a 32-day testing period.  Arcuri Complaint ¶¶ 22-28.  The study offered the following explanation: seed mulch products that have a high moisture absorbing capacity like EZ Seed actually impair grass growth because the mulch competes with the seeds for available water.  *Id.* ¶ 30.  The study concluded that EZ Seed could not establish grass growth under half water conditions for ordinary seed.  *Id.* ¶ 31; Eskinazi Complaint ¶ 4.

Nevertheless, EZ Seed is labeled and sold as a "Premium Quality Turf Builder," and it commands a substantial price premium over other grass seed products.  Arcuri Compl. ¶ 5; Eskinazi Compl. ¶ 7.  Thus, Plaintiffs and class members were hit with a costly double-whammy:  a higher up-front purchase price for a worthless product.  *Id.*

Plaintiffs seek to represent a class defined as all persons in the United States who purchased EZ Seed.  Excluded from the Class are persons who made such purchase for the purpose of resale and persons who purchased EZ Seed in Florida, Georgia, Washington, or Illinois.  Plaintiffs Arcuri, Eskinazi, Lonardo, Moore and Thomas also seek to represent a subclass of all Class members who purchased EZ Seed in New York (the "New York Subclass"). Plaintiffs Browne and Smith also seek to represent a subclass of Class members who purchased

EZ Seed in California (the "California Subclass") (collectively with the New York Subclass, the "Subclasses").  Arcuri Complaint ¶¶ 81, 82.

Plaintiffs assert claims for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*, violation of California's Consumers Legal Remedies Act ("CLRA"), Calif. Civil Code §§ 1750, *et seq.*, violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*, for violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500, *et seq.*, for violation of New York's Deceptive Acts or Practices Law, New York Gen. Bus. Law § 349, for breach of express warranty, for breach of implied warranty of merchantability, for unjust enrichment, and for breach of contract/common law warranty.  *Id.* ¶¶ 89-167.

Plaintiffs move for appointment of their counsel be appointed as co-lead interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3) because their counsel are best qualified to represent the members of the Class in pursuing their claims against Defendants.

## II.    ARGUMENT

Pursuant to Rule 23(g) and the *Annotated Manual for Complex Litigation* (4th ed. 2006) (the "*Manual*"), the appointment of interim class counsel is recommended early in the litigation prior to class certification to protect the interests of the putative class.  Plaintiffs respectfully submit that this Motion should be granted to promote the orderly and efficient conduct of this action consistent with the recommendations of Rule 23(g) and the *Manual*.

### A.    The Court Should Appoint Plaintiffs' Counsel As Co-Lead Interim Class Counsel

Plaintiffs' motion seeks to implement the procedures suggested by the *Manual* by designating interim class counsel for Plaintiffs and the proposed class.  *See Manual* §§ 10.22, 40.22.  *See also* Fed. R. Civ. P. 23 (g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification).  Under

Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Although the rule states the court "may" appoint an interim counsel, courts that have construed Rule 23(g)(3) have relied on the Advisory Committee Notes (the "Notes") accompanying the rule to hold that appointment of an interim counsel is useful because it "clarifies responsibility for protecting the interests of the class during precertification activities." *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (internal citations omitted). Further, the Notes contemplate "that in many cases the need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added).

As stated in the *Manual*, to determine lead counsel, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* at § 10.22. Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221. While neither the Federal Rule of Civil Procedure nor the Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See Anderson v. Fiserv, Inc.*, No. 09-5400, 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (*citing Parkinson v. Hyundai Motor America*, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) *Hill v. The Tribune Co.*, No. 05-2602, 2005 WL 3299144 at *3-4 (N.D. Ill. Oct. 13, 2005).

Rule 23 (g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)      the work counsel has done in identifying or
> investigating potential claims in the action;
>
> (ii)      counsel's experience in handling class actions, other
> complex litigation, and the types of claims asserted in the
> action;
>
> (iii)      counsel's knowledge of the applicable law; and
>
> (iv)      the resources that counsel will commit to
> representing the class;

Fed R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified, experienced and generally capable of conducting class action litigation. *See Blessing v. Sirius XM Radio Inc.*, No. 09-10035, 2011 WL 1194707, at *4 (S.D.N.Y. Mar. 29, 2011). The considerations, as detailed below, support the designation of Plaintiffs' chosen counsel as co-lead interim class counsel.

**1.      Proposed Co-Lead Interim Class Counsel's Identification And Investigation Of The Claims**

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. <u>All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.</u>

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007) (emphasis added).

Bursor & Fisher's and Faruqi & Faruqi's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed Class.  For example, Bursor & Fisher and Faruqi & Faruqi performed the following work thus far:

a)  conducted an extensive investigation of potential claims arising from Defendants' misrepresentations about EZ Seed, as described in the Complaints; the quality and level of detail in the complaints the firms have already filed reflects the thoroughness of their extensive presuit investigation.  Bursor Decl. ¶ 10; Vozzolo Decl. ¶ 9.

b)  conducted a thorough search of publicly available sources to locate and analyze all available documents related to EZ Seed and the allegations in the Complaints, including relevant published scientific studies.  *Id.*

c)  collected information regarding Defendants' misrepresentations.  As part of this process, the attorneys at Bursor & Fisher and Faruqi & Faruqi reviewed documents, corresponded with and interviewed numerous Class members regarding  the Defendants' practices described in the Complaints.  *Id.*

d)  corresponded and coordinated with Defendants' counsel regarding potential claims concerning Defendants' misrepresentations and regarding the consolidation of the *Arcuri* and *Eskinazi* actions.  *Id.*  These efforts included various letters, telephone calls, e-mail correspondence and written stipulations between legal counsel for the parties.  *Id.*

The Notes also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class

certification pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination."  *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003).  The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action."  *Id*.

Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification.  *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification").  Moreover, the class certification motion has not yet been scheduled and some discovery likely will be required before a class certification motion is filed.  Furthermore, discovery in this matter may be complicated and require negotiations and motions prior to class certification.  Plaintiffs' counsel's thorough investigation into the claims will enable them to more than adequately handle this discovery and related motion practice.

> ### 2. Proposed Co-Lead Interim Class Counsel's Experience In Handling Class Actions And Other Complex Litigation

Bursor & Fisher and Faruqi & Faruqi's experience in class actions and complex litigation of this nature also supports their appointment as co-lead interim class counsel.  Specifically, Bursor & Fisher and Faruqi & Faruqi have significant experience in cases involving misrepresentations in advertising, marketing, and product labeling aimed at consumers.  Each firm has previously litigated, and is actively litigating, numerous consumer protection cases around the country.

> ### a. Bursor & Fisher's Experience

Bursor & Fisher has substantial experience handling class actions and other complex litigation.  The firm's attorneys have represented both plaintiffs and defendants in more than 100 class action lawsuits in state and federal courts throughout the United States.  For example, the attorneys of Bursor & Fisher have been appointed by courts to represent purchasers of Avacor,

Xenadrine, LG refrigerators and Crest toothpaste products, as well as customers of Verizon

Wireless, AT&T Wireless, Cingular Wireless, Sprint, T-Mobile, CitiMortgage, MyLife.com,

Michaels Stores and Rich Dad Education.  Bursor Decl. ¶ 3.  On November 21, 2011, Bursor &

Fisher obtained final approval for a $23 million nationwide class settlement in *O'Brien v. LG

Electronics*.  *Id.* ¶ 4.  On December 9, 2011, Bursor & Fisher obtained class certification and was

appointed class counsel in *Mier v. Pacific Bell Tel. Co.* representing a class of California

residents who paid Late Payment Charges imposed by PacBell for wireline telephone services.

*Id.* ¶ 5.  As these recent examples confirm, Bursor & Fisher has extensive class action experience

and a track record of success.

Since 2011, federal courts recently have appointed Bursor & Fisher to serve as interim

class counsel in at least 12 putative class action cases, including two appointments by this Court:

(i) *Rodriguez v. CitiMortgage, Inc.* (S.D.N.Y. Nov. 14, 2011 (Judge Gardephe) to represent a

proposed nationwide class of military personnel against CitiMortgage for illegal foreclosures,

Bursor Decl. ¶ 7; Ex. B; (ii) *Crewe v. Rich Dad Education LLC* (S.D.N.Y. Dec. 12, 2011) (Judge

Engelmayer) to represent a putative class of students who paid for training seminars, mentoring

or coaching services from Rich Dad author Robert Kiyosaki and a number of related entities, *id.*;

(iii) *In re Haier Freezer Consumer Litigation* (N.D. Cal. Aug. 17, 2011) to represent a proposed

class of people who purchased mislabeled freezers from Haier America Trading, LLC, *id.*; (iv)

*Loreto v. Coast Cutlery Co.* (D.N.J. Sep. 8, 2011 to represent a proposed nationwide class of

consumers who purchased knives or tools made by Coast Cutlery, *id.*; (v) *Ramundo v. Michaels

Stores, Inc.* (N.D. Ill. June 8, 2011 to represent a proposed nationwide class of consumers who

made in-store purchases at Michaels using a debit or credit card and had their private financial

information stolen as a result, *id.*; (vi) *Clerkin v. MyLife, Inc.* (N.D. Cal. Aug. 15, 2011 to

represent a proposed worldwide class of people who purchased services from www.mylife.com, *id.*; (vii) *Avram v. Samsung Electronics America, Inc. et al.* Case No. 11-CIV-6973 (D.N.J. Jan 5., 2012) to represent a proposed nationwide class of persons who purchased mislabeled refrigerators from Samsung Electronics America, Inc. and Lowe's Companies, Inc., *id.*; (viii) *Rossi v. The Procter & Gamble Co.* (D.N.J. Jan. 31, 2012) to represent a proposed nationwide class of purchasers of Crest Sensitivity Treatment & Protection toothpaste, *id.*; (ix) *Dzielak v. Whirlpool Corp. et al.* (D.N.J. Feb. 21, 2012) to represent a proposed nationwide class of persons who purchased mislabeled Maytag Centennial washing machines from Whirlpool Corp., Sears, and other retailers, *id.*; (x) *In re Sensa Weight Loss Litig.* (N.D. Cal. Mar. 2, 2012) to represent a proposed nationwide class of purchasers of Sensa weight loss products, *id.*; (xi) *In re Google, Inc. Privacy Policy Litig.*, (N.D. Cal. Apr. 9, 2012) to represent a proposed class of people who registered a Google Account through Gmail, YouTube, Google+, or any other Google service, *id.*; and (xii) *Dei Rossi v. Whirlpool Corp et al.*, (E.D. Cal. Apr. 19, 2012) to represent a proposed nationwide class of persons who purchased mislabeled KitchenAid refrigerators from Whirlpool Corp., Best Buy, and other retailers, *id.*

Mr. Bursor has been appointed lead or co-lead class counsel to the three largest classes ever certified.  He also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively).  These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications.  Bursor Decl. ¶ 3.

Mr. Bursor also has an active civil trial practice, having won multi-million dollar verdicts or recoveries in four of four civil jury trials since 2008.  *Id.* ¶ 6.  For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Mr. Bursor obtained a $50 million

jury verdict in favor of the plaintiff and a class of 150,00 purchasers of a dietary supplement.  *Id.*
In another example, *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million
trial verdict for a class of Sprint customers on a claim for unjust enrichment very similar to that
asserted here in Count VII of the *Arcuri* Complaint.  *Id.*

### b.  Faruqi & Faruqi's Experience

Faruqi & Faruqi is likewise qualified to serve as co-lead interim class counsel.  Faruqi &
Faruqi is a national law firm with more than 37 attorneys in offices in New York, California,
Delaware, Florida, and Pennsylvania.  Vozzolo Decl. ¶ 4.  The firm, which focuses on complex
and class action litigation involving antitrust, consumer, financial, corporate governance, and
securities matters, has served as lead or co-lead counsel in numerous high-profile cases which
ultimately provided significant recoveries to investors, consumers and employees.  *Id.*

As demonstrated in the firm resume, Faruqi & Faruqi has extensive experience
representing consumers in a variety of state and federal complex class actions at all stages of
litigation from trial through settlement.  *Id.* ¶ 4; Ex. C.  For example, Faruqi & Faruqi was co-
lead counsel in *In re: HP Power-Plug Litigation*, Case No. 06-1221 (N.D. Cal) which provided
full relief to class members with a settlement consisting of a cash payment up to $650.00, or in
the alternative, a free-of-charge repair, to compensate class members for defective laptop
computers manufactured by defendant.  *Id.* ¶ 5.  Furthermore, in *Delre v. Hewlett-Packard Co.*,
C.A. No. 3232-02 (N.J. Super. Ct. 2002), Faruqi & Faruqi obtained full relief for a class of
approximately 170,000 members who purchased HP dvd-100i dvd-writers ("HP 100i") after
Hewlett-Packard ("HP") misrepresented the write-once "DVD+R" capabilities of the HP 100i;
including, the compatibility of DVD+RW disks written by HP 100i with DVD players and other
optical storage devices.  *Id.*  HP agreed to replace the defective HP 100i with a more current,

second generation DVD writer, the HP 200i, for affected class members and refund the $99 it

had charged some consumers to upgrade from the HP 100i to the HP 200i prior to the settlement.

*Id.* Faruqi & Faruqi was also appointed co-lead class counsel in *Kelly v. Phiten*, 11-cv-00067

JEG (S.D. IA 2011), which concerned Defendant Phiten USA's alleged false and misleading

statements that their jewelry and other products are capable of balancing the user's energy flow.

*Id.* Under the terms of the settlement, claimants were entitled to up to 300% of the cost of the

product. The Settlement also provided substantial injunctive relief requiring Phiten to modify its

advertising claims. *Id.* Faruqi & Faruqi also served as co-lead counsel along with Mr. Bursor in

*Thomas v. Global Vision Products*, *supra*, and won the largest consumer class action jury award

in California for 2009 (according to the legal trade publication VerdictSearch). *Id.*

Additionally, Faruqi & Faruqi and/or Mr. Vozzolo was appointed co-lead interim counsel

with Mr. Bursor in the following cases: (i) *Rodriguez v. CitiMortgage, Inc.* (S.D.N.Y. Nov. 14,

2011) (Judge Gardephe); (ii) *Ramundo v. Michaels Stores, Inc.* (N.D. Ill. June 8, 2011); (iii) *In re*

*Haier Freezer Consumer Litig.* (N.D. Cal. Aug. 17, 2011); (iv) *Loreto v. Coast Cutlery Co.*

(D.N.J. Sep. 8, 2011); (v) *Avram v. Samsung Electronics America, Inc. et al.* Case No. 11-CIV-

6973 (D.N.J. Jan 5., 2012); (vi) *Rossi v. The Procter & Gamble Co.* (D.N.J. Jan. 31, 2012); (vii)

*Dzielak v. Whirlpool Corp. et al.* (D.N.J. Feb. 21, 2012); and *Dei Rossi v. Whirlpool Corp et al.*,

(E.D. Cal. Apr. 19, 2012). *Id.* ¶ 7.

Faruqi & Faruqi, LLP was also appointed co-lead counsel in *In re: Toyota Motor Corp.*

*Hybrid Brake Marketing, Sales Practices, And Product Liability Litigation*, MDL No. 2172-

CJC-RNB (C.D. Cal. 2011) on behalf of a proposed nationwide class of purchasers of Prius

Hybrid and Lexus HS250h automobiles. *Id.* ¶ 8. Recently, Faruqi & Faruqi and co-counsel

defeated a complex motion to dismiss filed by defendants who challenged plaintiffs' allegations

11

pursuant to California's consumer laws including the UCL, the CLRA, and the FAL as well as plaintiffs' breach of implied warranty of merchantability and breach of contract claims.  Faruqi & Faruqi is also currently co-lead counsel in *Bates v. Kashi Co., et al.*, Case No. 11-CV-1967-H BGS (S.D. Cal. 2011) (representing a proposed nationwide class of purchasers of Kashi products that were deceptively labeled as "all natural"); and *Bates v. General Nutrition Centers, Inc., et al.*, Case No. 12-cv-01336-ODW-AJW (C.D. Cal. 2012) (representing a prospective class of consumers who purchased C-4 Extreme, a product containing a dangerous and synthetic stimulant, which has been deceptively marketed as a pre-workout "dietary supplement" in violation of the FDCA.  *Id.*

The combined experience of the attorneys of Bursor & Fisher and Faruqi & Faruqi in handling class actions and complex litigation, as well as their success and experience in litigating cases involving deceptive acts and practices will ensure that Plaintiffs and those similarly situated are fairly and adequately represented in this action.

**3.     Proposed Co-Lead Interim Class Counsel's Knowledge Of The Applicable Law**

Proposed co-lead interim class counsel are also knowledgeable about the law applicable to the claims herein, as demonstrated by their experience litigating other multi-state class actions, and in particular complex warranty and false advertising class actions concerning consumer goods.  As set forth above, Bursor & Fisher and Faruqi & Faruqi are very familiar litigating large-scale consumer and complex actions, and are also familiar with this Court's rules and procedures.

4.      **Resources That Co-Lead Interim Class Counsel Will Commit To Representing The Class**

The final Fed R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment Mr. Bursor and Mr. Vozzolo.  Both are members of well-established, successful law firms that have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar large-scale class actions.  Mr. Bursor and Mr. Vozzolo and their firms have already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class.  Their firms' resources are not merely financial, but also include substantial expertise and work-product as discussed above, which were developed in other similar cases that will benefit Plaintiffs and the proposed class here.  Mr. Bursor's and Mr. Vozzolo's ability to draw from this well-developed repository of information will also allow them to streamline the litigation, as they have already shown in connection with their efforts to reach common ground with Defendants to consolidate the *Arcuri* and *Eskinazi* cases, *See* (Dkt. No. 2, Stipulation and Order to Consolidate Related Actions).

Notably, this Court has recently opined on the resources and commitment of Bursor & Fisher and Faruqi & Faruqi in representing clients in class action cases.  Judge Gardephe recently appointed Bursor & Fisher and Faruqi & Faruqi as interim class counsel in *Rodriguez v. CitiMortgage*, Case No. 11 Civ. 4718, to represent a putative class of military service members whose property was foreclosed, seized, or sold by CitiMortgage while they were on active military duty and entitled to the protections of the Service-members' Civil Relief Act.  Judge Gardephe's order notes that counsel at Bursor & Fisher and Faruqi & Faruqi "are members of well-established law firms that have the resources and personnel necessary to carry out large-scale class action litigation."  Nov. 14, 2011, Order at 3, Bursor Decl. Ex. B.  Judge Gardephe

13

further commented that he had "no reason doubt that [counsel] will provide the necessary resources going forward to litigate this case." *Id.* The same is true with respect to this action. As co-lead interim class counsel, Bursor & Fisher and Faruqi & Faruqi will continue to commit the same resources and effort to this case as they have committed to their other, successful litigations.

### III.   CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court appoint Scott A. Bursor of Bursor & Fisher and Antonio Vozzolo of Faruqi & Faruqi as co-lead interim class counsel.

Dated:  July 27, 2012                                    Respectfully submitted,


By:            */s/ Scott A. Bursor*
                    Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor (SB-1141)
Joseph I. Marchese (JM-1976)
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com
              jmarchese@bursor.com

**FARUQI & FARUQI, LLP**
Antonio Vozzolo (AV-8773)
Christopher Marlborough (CM-6107)
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone:  (212) 983-9330
Facsimile:   (212) 983-9331
Email: avozzolo@faruqilaw.com
              cmarlborough@faruqilaw.com

*Attorneys for Plaintiffs*