UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re Scotts EZ Seed Litigation

:
:
:
:
:
:
:

12-CV-4727 (VB)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS

HUNTON & WILLIAMS LLP
Shawn Patrick Regan
Melissa L. Levitt
200 Park Avenue
New York, NY 10166

- and -

Samuel Danon (*pro hac vice*)
Jason B. Sherry
1111 Brickell Avenue, Suite 2500
Miami, FL 33131

*Counsel for Defendants Scotts
Miracle-Gro Company, Inc., Scotts
Company LLC, and Lowe's Home
Centers, Inc.*

# TABLE OF CONTENTS

Page

Table of Authorities ................................................................................................ iii

Preliminary Statement ............................................................................................ 1

Facts ....................................................................................................................... 2

Argument ................................................................................................................ 3

I.     MOST OF THE STATEMENTS CITED BY PLAINTIFFS ARE PUFFERY (All Counts in Part) ......................................................................................... 3

II.    THE COMPLAINT DOES NOT ASSERT VIABLE CLAIMS UNDER THE MAGNUSON-MOSS ACT ........................................................................ 6

       A.     Magnuson-Moss (Count I) ............................................................. 6

       B.     Plaintiffs' Claims Are Not Viable Under Magnuson-Moss................... 8

              1.     The Claim that EZ Seed "Does Not Work" is Not Viable Under Magnuson-Moss................................................................. 8

              2.     While Scotts' No Quibble Guarantee May Constitute a Warranty Under Magnuson-Moss, Plaintiffs Still Fail to Allege A Viable Claim for Breach of that Warranty ........................................... 8

                     a)     Plaintiffs Do Not Allege a Breach of the Terms of the No Quibble Guarantee Because The Only Plaintiff Asserting a Claim Never Complied With the Terms of the Guarantee ............ 9

                     b)     Plaintiffs Do Not Allege a Breach of the Terms of the No Quibble Guarantee Because the Complaint Does Not State a Plausible Claim ..................................................... 10

       C.     The Magnuson-Moss Claims Must Be Dismissed as to Lowe's For the Additional Reason that Magnuson-Moss Does Not Apply to Retailers .............. 11

III.   PLAINTIFFS' STATE LAW CLAIMS ........................................................ 12

       A.     Choice of Law ............................................................................. 12

       B.     The Complaint Does Not State a Claim for Breach of the Implied Warranty of Merchantability (Counts VI & XI) ................................... 13

              1.     Plaintiffs' Claim under the Implied Warranty of Merchantability Must Be Dismissed as to Scotts for Lack of Privity ..................... 13

C.    Plaintiffs Assert a Claim that California Does Not Recognize (Count VII)......... 14

D.    Plaintiffs' Claims Against Lowe's Under the New York Consumer
       Protection Statutes Fail (Counts VIII & IX) ........................................................ 14

Conclusion ..................................................................................................................... 15

<u>**Table of Authorities**</u>

Page

**CASES**

*Abraham v. Volkswagen of America, Inc.,*
   795 F.2d 238 (2d Cir. 1986)..................................................................................13 n.16

*Anunziato v. eMachines, Inc.,*
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) ..................................................................5

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009).........................................................................3, 11, 11 n.14

*Asp v. Toshiba America Consumer Products, LLC,*
   616 F. Supp. 2d 721 (S.D. Ohio 2008) ................................................................10

*Astiana v. Dreyer's Grand Ice Cream, Inc.,*
   No. C-11-2910 EMC, 2012 WL 2990766 (N.D. Cal. July 20, 2012)..............8 n.10

*Basquiat ex rel. Estate of Basquiat v. Sakura Intl.,*
   No. 04 Civ. 1369 (GEL), 2005 WL 1639413 (S.D.N.Y. July 5, 2005) ...................4

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007).........................................................................3, 6, 11 n.14

*Cali v. Chrysler Group LLC,*
   No. 10 Civ. 7606(JSR), 2011 WL 383952 (S.D.N.Y. Jan. 18, 2011)....................13

*Cambridge Engineering, Inc. v. Robertshaw Controls Co.,*
   966 F. Supp. 1509 (E.D. Mo. 1997)....................................................................10

*Cardinal Health 301, Inc. v. Tyco Elec. Corp.,*
   87 Cal. Rptr. 3d 5 (Cal. Ct. App. 2010) ..............................................................13

*Fink v. Time Warner Cable,*
   810 F. Supp. 2d 633 (S.D.N.Y. 2011) ...................................................................4

*Goshen v. Mut. Life Ins. Co. of N.Y.,*
   98 N.Y.2d 314 (N.Y. 2002) ...............................................................................15

*Hairston v. South Beach Beverage Co.,*
   No. CV 12-1429-JFW (DTBx), 2012 WL 1893818, (C.D. Cal. May 18, 2012).....................7

*Haskell v. Time, Inc.,*
   857 F. Supp. 1392 (E.D. Cal. 1994)......................................................................4

*Henderson v. Gruma Corp.*,
    No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, (C.D. Cal. April 11, 2011) .................5

*Hubbard v. General Motors Corp.*,
    No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996) ...........................................3, 5

*Ideal Steel Supply Corp. v. Anza*,
    652 F.3d 310 (2d Cir. 2011) ..................................................................................6 n.8, 11

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
    No. MDL-1703, 2006 WL 1443737 (N.D. Ill. May 17, 2006) ........................................8 n.10

*In re Sony Grand Wega KD F-E A10/A20 Series Rear Projection HDTV Television Litig.*,
    758 F. Supp. 2d 1077 (S.D. Cal. 2010) ..........................................................................5

*Jackson v. Eddy's LI RV Center, Inc.*,
    845 F. Supp. 2d 523 (E.D.N.Y. 2012) ..........................................................................13

*Jogani v. Superior Court*,
    81 Cal. Rptr. 3d 503 (Cal. Ct. App. 2008) ....................................................................14

*Katims v. DaimlerChrysler Corp.*,
    802 N.Y.S.2d 312 (N.Y. Dist. Ct. 2005) ......................................................................12

*Kaufman v. Sirius XM Radio, Inc.*,
    474 Fed. App'x 5 (2d Cir. 2012) ................................................................................15

*Kelley v. Microsoft Corp.*,
    No. C07-0475MJP, 2007 WL 2600841 (W.D. Wash. Sept. 10, 2007) ...........................8 n.10

*Klaxon Co. v. Stentor Elec. Mfg.*,
    313 U.S. 487 (1941) ................................................................................................12

*Krock v. Lipsay*,
    97 F.3d 640 (2d Cir. 1996) ......................................................................................12

*Lauriedale Assocs., Ltd. v. Wilson*,
    9 Cal. Rptr. 2d 774 (Cal. Ct. App. 2008) ....................................................................14

*Leonard v. Abott Laboratories, Inc.*,
    No. 10-CV-4676(ADS)(WDW), 2012 WL 764199 (E.D.N.Y. March 5, 2012) ..................5, 6

*Lexow & Jenkins, P.C. v. Hertz Commercial Leasing Corp.*,
    122 A.D.2d 25 (2d Dep't 1986) ................................................................................13

*Lindsay v. Colton Auto, Inc.*,
    852 N.Y.S.2d 519 (4th Dep't 2008) ..........................................................................12

*Lipton v. Nature Co.*,
    71 F.3d 464 (2d Cir. 1995).................................................................................4, 5, 6

*McKell v. Wash. Mut., Inc.*,
    142 Cal. App. 4th 1457 (Cal. Ct. App. 2006) ..........................................................14

*McKinniss v. Sunny Delight Beverages Co.*,
    No. CV 07-02034-RGK (JCx), 2007 WL 4766525, (C.D.Cal. September 4, 2007) ................5

*Melchior v. New Line Productions, Inc.*,
    131 Cal. Rptr. 2d 347 (Cal. Ct. App. 2003) ..........................................................14

*Milicevic v. Fletcher Jones Imports, Ltd.*,
    402 F.3d 912 (9th Cir. 2005) ..........................................................................8, 9

*Mountz v. Global Vision Prods., Inc.*,
    770 N.Y.S. 2d 603 (N.Y. Sup. Ct. 2003) ...............................................................15

*Newcal Indus., Inc. v. Ikon Office Solutions*,
    513 F.3d 1038 (9th Cir. 2008) ..........................................................................4

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,
    227 F.3d 489 (5th Cir. 2000) ...........................................................................3

*Robin Towing Corp. v. Honeywell, Inc.*,
    859 F.2d 1218 (5th Cir. 1988) ..........................................................................6

*Rogers v. Grimaldi*,
    875 F.2d 994 (2d Cir. 1989)............................................................................12

*Schreib v. Walt Disney Co.*,
    No. 1-05-0094, 2006 WL 573008 (Ill. App. Ct. Feb. 1, 2006)..........................................8 n.10

*Schultz v. Boy Scouts of Am., Inc.*,
    65 N.Y.2d 189 (N.Y. 1985) ............................................................................12

*Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*,
    832 F. Supp. 2d 194 (E.D.N.Y. 2010) .....................................................................5

*Simmons v. Taylor Childre Chevrolet-Pontiac, Inc.*,
    629 F. Supp. 1030 (M.D. Ga. 1986) ...................................................................8 n.10

*Skelton v. General Motors Corp.*,
    660 F.2d 311 (7th Cir. 1981) ................................................................7, 7 n.9, 8

*Smith v. Ford Motor Co.*,
    462 Fed. App'x 660 (9th Cir. 2011) ....................................................................14

*Time Warner Cable, Inc. v. DirecTV, Inc.*,
    497 F.3d 144 (2d Cir. 2007)................................................................................3, 4, 5

*Wolph v. Acer Am. Corp.*,
    No. C 09-01314 JSW, 2009 WL 2969467 (N.D. Cal. Sept. 14, 2009)....................................14

*Wood v. Maguire Auto, LLC*,
    No. 5:09-CV-0640 (GTS/GHL), 2011 WL 4478485, (N.D.N.Y. September 26, 2011) .........12

## STATUTES

15 U.S.C. § 2301(6)(A) (1976) .............................................................................................8

15 U.S.C. § 2301(6)(B) (1976) .............................................................................................8

15 U.S.C. § 2302(a) (1976) ...................................................................................................7

15 U.S.C. § 2310(f) ..............................................................................................................11

Fed. R. Civ. P. 11 ................................................................................................................10

Fed. R. Civ. P. 12(a)(4)(A) ...................................................................................................1

N.Y. Gen. Bus. Law § 349 ...................................................................................................15

N.Y. Gen. Bus. Law § 350 ...................................................................................................15

Defendants Scotts Miracle-Gro Company, Inc., Scotts Company LLC (collectively, for purposes of this Motion, "Scotts") and Lowe's Home Centers, Inc. ("Lowe's") (collectively, "Defendants")  respectfully submit this Memo of Law in Support of their Motion to Dismiss.

## Preliminary Statement

For all the repetition and overpleading of the Complaint, this is at root a simple case. Plaintiffs allege that Scotts manufactures – and Lowe's and other retailers sell – a grass seed product that "doesn't work."  One Plaintiff further alleges that Defendant Scotts failed to honor its money-back guarantee when she requested a refund.  "Through this lawsuit, Plaintiffs seek to recover, for themselves and all other similarly situated purchasers of EZ Seed in the United states, a full refund of the purchase price."  Consolidated Complaint ("CC") ¶ 8, annexed as Exhibit 1 to the Declaration of Shawn Patrick Regan ("Regan Decl." ), submitted herewith.

Despite the simplicity of the issues, Plaintiffs assert twelve causes of action.[1]  In Section I below, Defendants show that the vast majority of the statements Plaintiffs cite in their Complaint constitute "puffery," and are not actionable under any theory.  In Section II, Defendants demonstrate that even those statements that are not puffery are nevertheless not actionable here under the Magnuson-Moss Warranty Act.  Finally, in Section III, Defendants explain why certain state causes of action must be dismissed.[2]

---

[1] Plaintiffs assert a claim under the federal Magnuson-Moss Warranty Act (Count I).  They assert claims under California law based on the Consumer Legal Remedies Act (Count II), Unfair Competition Law (Count III), False Advertising Law (Count IV), Breach of Express Warranty (Count V), Breach of Implied Warranty of Merchantability (Count VI), and Unjust Enrichment (Count VII).  And they assert, under New York law, claims based on Deceptive Acts or Practices (Count VIII), False Advertising (Count IX), Breach of Express Warranty (Count X), Breach of Implied Warranty of Merchantability (Count XI), and Breach of Contract (Count XII).

[2] Defendants preserve all defenses not asserted in this motion and, within fourteen days of a decision on this Motion, will file their Answer to the remaining causes of action.  *See* Fed. R. Civ. P. 12(a)(4)(A).

## Facts[3]

Scotts EZ Seed ("EZ Seed") is a "pre-mixed formulation of ingredients, including mulch, grass seed, and fertilizer." CC ¶ 1.  EZ Seed promotional materials and labeling state that EZ Seed produces "50% thicker grass with half the water" as compared to ordinary seed.  *Id.*  EZ Seed materials and labeling also provide a "No Quibble Guarantee" – that "[i]f for any reason you, the consumer, are not satisfied after using this product, you are entitled to get your money back."  *Id.* ¶ 66.  As the Complaint further explains: "The terms of the guarantee are unequivocally stated on the product packaging.  They read: 'Simply send us the original evidence of purchase and we will mail you a refund check promptly.'"[4]  *Id.*

Thus, Plaintiffs' Complaint asserts two claims: (i) EZ Seed "doesn't work . . . It does not grow grass,"[5] CC ¶ 1; and (ii) "Scotts fails to honor its 'No Quibble Guarantee.'" CC ¶ 4.  For the reasons detailed below, Plaintiffs' causes of action should be dismissed as follows: (i) Counts I and VII should be dismissed in their entirety, (ii) Counts II, III, IV, V, VIII, IX, X, XII should be dismissed except insofar as Plaintiffs claim that EZ Seed is represented as growing "50% thicker grass with half the water" but actually "doesn't work," (iii) Counts VI and XI should be

---

[3] These Facts are taken from the Complaint and, pursuant to Rule 12(b), are accepted as true for purposes of this motion.

[4] As described more fully in Part I below, the remainder of the statements upon which Plaintiffs' Complaint is premised are mere puffery that is not actionable.  Each statement cited by Plaintiffs is addressed below.

[5] The entirety of Plaintiffs' statement is: "[EZ Seed] doesn't work.  The super-absorbent mulch competes with the germinating seed for available moisture and actually prevents it from growing.  The design of the EZ Seed product is fundamentally defective.  It does not grow grass." CC ¶ 1.

dismissed as to Scotts, and (iv) Counts II, III, IV, V, VI, VIII, IX, X, and XI should be dismissed as to Lowe's. [6]

## **Argument**

To survive a motion to dismiss, a complaint must contain plausible factual allegations that, if true, would be sufficient to establish all elements of each cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Statements that constitute "labels and conclusions" or "naked assertions" are not sufficient and not relevant to the inquiry. *Iqbal*, 556 U.S. at 677-78.

## I.    MOST OF THE STATEMENTS CITED BY PLAINTIFFS ARE PUFFERY (All Counts in Part)

Because Plaintiffs' Complaint takes the proverbial kitchen-sink approach, it is necessary, as a threshold matter, to determine which statements cited by Plaintiffs may be enforceable (*i.e.*, actionable if not true), and which are, as a matter of law, puffery.

Puffery generally comes in two forms. The first is "a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion." *Time Warner Cable, Inc. v. DirecTV, Inc.*, 497 F.3d 144, 160 (2d Cir. 2007) (citing *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 497 (5th Cir. 2000)). The second is "an exaggerated, blustering, and boasting statement upon which no reasonable buyer would be justified in relying." *Id.*; *Hubbard v. General Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at *7 (S.D.N.Y. May 22, 1996) (advertisements that vehicles are "like a rock," "popular," and "most dependable, long-lasting trucks on the planet" not actionable). Puffery has been defined by "the Second Circuit . . . [as] [s]ubjective claims about products, which cannot be

---

[6] Defendants will address these remaining claims on a future dispositive motion following appropriate discovery tailored to the viable causes of action that are premised on non-puffery representations.

proven either true or false." *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011) ("*Fink*") (quoting *Lipton v. Nature Co.*, 71 F.3d 464, 474 (2d Cir. 1995)). "Courts have found statements to be puffery as a matter of law when the statements do not provide any concrete representations." *Id.* (quoting *Basquiat ex rel. Estate of Basquiat v. Sakura Int'l*, No. 04 Civ. 1369 (GEL), 2005 WL 1639413, at *5 (S.D.N.Y. July 5, 2005)).

As a matter of law, "[s]tatements and practices that are mere puffery are not actionable." *Fink*, 810 F. Supp. 2d at 644 (dismissing, on Rule 12(c) motion, as mere puffery, claims premised on defendant's statements that product was "blazing fast," "fastest" and "easiest"); *Time Warner Cable,* 497 F.3d at 159 ("defendant's contention that he had conducted 'thorough' research was just puffery, which was not actionable"); *Newcal Indus., Inc. v. Ikon Office Solutions*, 513 F.3d 1038, 1053 (9th Cir. 2008) (determining whether an alleged misrepresentation is "mere puffery" is a "legal question that may be resolved on a Rule 12(b)(6) motion"); *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994) ("'mere' puffery is not actionable").

Aside from the statements cited in the Facts section, *supra*, Plaintiffs' Complaint quotes several other statements by Scotts, none of which are actionable. Specifically, Plaintiffs note that Scotts describes EZ Seed as "premium quality" (CC ¶ 115(vi)), "WaterSmart" (CC ¶¶ 28, 40, 115 (iii)), "drought tolerant" (CC ¶ 63), "revolutionary seeding mix that takes care of the seed for you" (CC ¶¶ 41, 58, 59, 115(v), and that Scotts states that EZ Seed "Makes the most of every drop" (CC ¶ 40), "Grows in Tough Conditions" (CC ¶¶ 41, 58, 63, 115(ii)), and indeed "Grows Anywhere" (CC ¶ ¶ 28, 29, 41, 53, 55, 59, 60, 115(i), (v)).

Each of these statements is non-actionable because none are specific and measurable. *See Lipton v. Nature Co.*, 71 F.3d 464, 474 (2d Cir. 1995) (describing "puffing" as "[s]ubjective

claims about products, which cannot be proven either true or false"); *McKinniss v. Sunny Delight Beverages Co.*, No. CV 07-02034-RGK (JCx), 2007 WL 4766525, at *6 (C.D. Cal. September 4, 2007); *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, at *11 (C.D. Cal. April 11, 2011). Each is a classically "subjective claim[] about [a] product[], which cannot be proven either true or false." *Time Warner Cable*, 497 F.3d at 159 (quoting *Lipton*, 71 F.3d at 474); *Shema Kolainu-Hear Our Voices v. ProviderSoft, LLC*, 832 F. Supp. 2d 194, 209 (E.D.N.Y. 2010) ("state of the art," performance at "previously unimaginable level," "great," and "foolproof" non-actionable puffery); *Hubbard*, 1996 WL 274018, at *7 (advertisements that Suburbans are "like a rock," "popular," and "most dependable, long-lasting trucks on the planet" cannot create an express warranty); *accord In re Sony Grand Wega KD F-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1089 (S.D. Cal. 2010) ("high," "superior," and "excellent" quality claims are non-actionable puffery); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139-41 (C.D. Cal. 2005) ("high quality," "reliable," and "high performance" are non-actionable puffery).

A vague statement, even if misleading, "that a reasonable consumer would not view . . . as significantly changing the general gist of available information" is immaterial puffery. *Leonard v. Abott Laboratories, Inc.*, No. 10-CV-4676(ADS)(WDW), 2012 WL 764199, at *21 (E.D.N.Y. March 5, 2012) (noting an alleged misrepresentation that would not deceive a reasonable consumer may be dismissed on a motion to dismiss). "Premium quality" and "Grows anywhere"[7] are similar to "like a rock," "popular" and "most dependable, long-lasting trucks on the planet." *See Hubbard*, 1996 WL 274018, at *7. They are "aspirational statement[s] [that are] simply too vague for a reasonable consumer to rely on . . . in any material way in making a

---

[7] Plaintiffs allege EZ Seed did not grow on their home lawns. CC ¶¶ 72, 77, 82, 87, 92, 96, 101. They do not otherwise challenge the "Grows anywhere" claim.

decision to purchase the Defendant[s'] products." *Abott Laboratories*, 2012 WL 764199, at *21 (A "broadly stated goal to comply with the laws of 130 countries is puffery and therefore cannot materially mislead a reasonable consumer."). A reasonable consumer would not interpret "Grows anywhere" literally. A reasonable consumer understands that grass requires moisture and sun; EZ Seed, as the name suggests, is *seed*. Similarly, no reasonable consumer would interpret "Watersmart" literally. These are all "[s]ubjective claims about products, which cannot be proven either true or false." *Lipton*, 71 F.3d at 474.

Thus, as a threshold matter, the Court should dismiss all claims to the extent they are premised on such puffery.[8] Accordingly, the remainder of this motion will focus on Plaintiffs' two "non-puffery" theories of liability: (i) EZ Seed "doesn't work . . . it does not grow grass," CC ¶ 1; and (ii) "Scotts fails to honor its 'No Quibble Guarantee.'" CC ¶ 4.

## II.   THE COMPLAINT DOES NOT ASSERT VIABLE CLAIMS UNDER THE MAGNUSON-MOSS ACT

### A.  Magnuson-Moss (Count I)

The Magnuson-Moss Warranty Act ("Magnuson-Moss") provides only that *if* a written warranty is given, "it must comply with the terms of the act." *Robin Towing Corp. v. Honeywell, Inc.*, 859 F.2d 1218, 1223 (5th Cir. 1988) (noting that Magnuson-Moss "does not require that a

---

[8] It is not only appropriate for the Court to resolve these puffery issues at the Rule 12 stage, *see supra*, but, to the extent the parties will engage in discovery on the remaining claims, this determination is crucial as it will dictate the difference between (i) discovery that is properly focused on legitimate issues in the case versus (ii) far more wide-ranging document discovery, depositions, third-party discovery, and fact and expert discovery, consumed by issues that are ultimately irrelevant and instead merely increase exponentially the costs and duration of litigation. There is no plausible basis for believing that Plaintiffs could prevail on any cause of action premised upon any one of these statements that constitute puffery. *See Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 325 (2d Cir. 2011) ("*Twombly* is meant to allow the parties and the court to avoid the expense of discovery and other pretrial motion practice when the complaint states no plausible claim on which relief can be granted . . . ." (citing *Twombly*, 550 U.S. at 558)).

seller give a warranty"). Written warranties are defined narrowly. "[A]dvertisements,"

"promotional materials," and "Express Warranties" are product descriptions distinct from

affirmations a product is "defect-free" or promises a product will reach "a level of performance

over a specific time period." *Hairston v. South Beach Beverage Co.*, No. CV 12-1429-JFW

(DTBx), 2012 WL 1893818, at *6 (C.D. Cal. May 18, 2012).

The distinction is critical. Magnuson-Moss requires "extensive disclosure" and

"minimum content" requirements that are not routinely provided by manufacturers. *Skelton v.*

*General Motors Corp.*, 660 F.2d 311, 314 (7th Cir. 1981). A warranty must be "conspicuously

designate[d] as either 'full' or 'limited,'" and must "fully and conspicuously disclose" in "simple

and readily understood language" the terms and conditions of the warranty. *Id.*; 15 U.S.C. §

2302(a) (1976). A warrantor must make, pursuant to FTC regulations, "detailed disclosures of

information necessary to allow consumers to understand and enforce" a written warranty.

*Skelton*, 660 F.2d at 314. The term "written warranty" "serves a central function in the Act of

identifying the particular representations that are subject to the Act's disclosure and content

requirements." *Id.* at 322. It must, therefore, have a "single, precise meaning."[9] *Id.* at 320, 322

("[I]f anything is apparent from the statutory scheme" of Magnuson-Moss, it is "the importance

of providing a clear, carefully circumscribed meaning to the term 'written warranty.'"). A

written warranty must, "in the nature of things, be written on something," but there is nothing "in

the scheme of the statute" to suggest that Magnuson-Moss was intended to apply to any

---

[9] An advertisement does not become a written warranty merely because of the advertisement's
proximity to something that is a written warranty. *See Skelton v. General Motors Corp.*, 660
F.2d 311, 320 (7th Cir. 1981) (vacating district court opinion that Magnuson-Moss applies to all
"written promises presented in connection with the same transaction.").

"promises, affirmations or undertakings other than those defined as written warranties under §

101(6)." *Id.* at 322.

### B.  Plaintiffs' Claims Are Not Viable Under Magnuson-Moss

#### 1.  The Claim that EZ Seed "Does Not Work" is Not Viable Under Magnuson-Moss

Plaintiffs' claim that EZ Seed "doesn't work . . . it does not grow grass," CC ¶ 1, is not,

in and of itself, a sufficient basis for asserting a claim under Magnuson-Moss.[10]  Plaintiffs point

to no written warranty or "written affirmation" that "affirms or promises" a product "is defect

free or will meet a specified level of performance over a specified period of time" in this respect.

15 U.S.C. § 2301(6)(A) (1976).  As a result, the claim is defective as a matter of law.

#### 2.  While Scotts' No Quibble Guarantee May Constitute a Warranty Under Magnuson-Moss, Plaintiffs Still Fail to Allege A Viable Claim for Breach of that Warranty

For purposes of this Motion, Scotts concedes that its No Quibble Guarantee may

constitute a warranty under Magnuson-Moss.  15 U.S.C. § 2301(6)(B) (1976) (defining a written

warranty, for purposes of Magnuson-Moss, to include promises "to refund, repair, replace, or

take other remedial action"); *see also Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912,

---

[10] Like the "puffery" cases noted above, the case law under Magnuson-Moss similarly rejects
any assertion that the other statements cited in Plaintiffs' Complaint, such as "Grows
Anywhere!," "Watersmart," and "revolutionary seeding mix," constitute written warranties.
"[P]roduct descriptions" appearing on a product's label are not "warranties against a product
defect." *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C-11-2910 EMC, 2012 WL 2990766,
at *3 (N.D. Cal. July 20, 2012) ("All Natural flavors" and "All Natural Ice Cream" are not
warranties under Magnuson-Moss); *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices
Litig.*, No. MDL-1703, 2006 WL 1443737 (N.D. Ill. May 17, 2006) ("Made in USA" labels are
not warranties under Magnuson-Moss); *Kelley v. Microsoft Corp.*, No. C07-0475MJP, 2007 WL
2600841, at *5 (W.D. Wash. Sept. 10, 2007) ("Windows-Vista Capable" is not a warranty under
Magnuson-Moss); *Cf. Simmons v. Taylor Childre Chevrolet-Pontiac, Inc.*, 629 F. Supp. 1030,
1033 (M.D. Ga. 1986) (sellers invoice did not come "within the Magnuson-Moss definition of
'written warranty.'"); *Schreib v. Walt Disney Co.*, No. 1-05-0094, 2006 WL 573008, at *4 (Ill.
App. Ct. Feb. 1, 2006) ("[D]efendant did not make any written affirmations of fact or written
promises regarding the longevity of the videotapes.").

919 (9th Cir. 2005) ("[A] written warranty is a writing … in which the supplier agrees to refund, repair, replace, or take other remedial action . . . ."). Plaintiffs' Complaint, however, does not allege a viable claim for breach of that Magnuson-Moss warranty for at least two reasons, each of which is independently a ground for dismissal of this cause of action.[11]

### a) Plaintiffs Do Not Allege a Breach of the Terms of the No Quibble Guarantee Because The Only Plaintiff Asserting a Claim Never Complied With the Terms of the Guarantee

Of the seven named Plaintiffs, only one asserts a breach of the No Quibble Guarantee.[12] That individual – Gwen Eskinazi – claims to have purchased "four 3.75 lb. shake canisters" for "approximately $15 each" from a Home Depot Store in Rockland County, New York. CC ¶ 84. She alleges that she requested a refund for all four of the canisters, but was refunded for only two of the four containers. CC ¶ 88.

An attentive reading of Plaintiffs' Complaint, however, reveals that Ms. Eskinazi failed to comply with the plain terms of the No Quibble Guarantee. As Plaintiffs' Complaint itself states, under the No Quibble Guarantee, "Scotts warrants to consumers that they provide a money-back 'No Quibble Guarantee' on EZ Seed products *with proof of purchase* . . . ." CC ¶ 4 (emphasis added). Ms. Eskinazi tellingly does not allege that she ever provided Scotts with her

---

[11] For the same reasons, Plaintiffs cannot maintain causes of action under *state* law premised on this theory of liability (*i.e.*, that Scotts fails to honor its No Quibble Guarantee). For the sake of brevity, Defendants do not repeat this point below with respect to each state law cause of action. But all claims should be dismissed with respect to the No Quibble Guarantee theory because the defects described below are fatal to each cause of action.

[12] The Complaint also quotes an anonymous internet post by an individual complaining that Scotts failed to uphold its No Quibble Guarantee when it failed to refund that poster's "$54.11 purchase price . . .due to my lack of providing my street address." CC ¶ 68. The poster writes "Huh? No Quibble means no hoop jumping required, and no small type on page 600 full of legalese loopholes to get your refund." *Id.* This anonymous, rather nonsensical posting is not a basis upon which *Plaintiffs* can assert claims. Moreover, the thrust of the complaint appears to be that the individual objects to having been asked to provide a proper street address.

proof of purchase. As such – as a matter of law – her Complaint fails to allege facts sufficient to

show that she satisfied a condition precedent to the No Quibble Guarantee, and her claim must

be dismissed. *See Asp v. Toshiba America Consumer Products, LLC*, 616 F. Supp. 2d 721, 731

(S.D. Ohio 2008) (dismissing case because "Plaintiff admits in his complaint that he elected not

to send his allegedly defective DVR to Toshiba for repair or replacement, although the limited

warranty contained this requirement."); *Cambridge Eng'g, Inc. v. Robertshaw Controls Co.*, 966

F. Supp. 1509, 1524-25 (E.D. Mo. 1997) ("Cambridge failed to prove that it complied with a

necessary condition precedent to its breach of warranty claim. Section 4 on the back of the

quotation provides that if there is a defect, Cambridge must return the controls to

Robertshaw.").[13]

> **b) Plaintiffs Do Not Allege a Breach of the Terms of the No Quibble Guarantee Because the Complaint Does Not State a Plausible Claim**

Finally, Ms. Eskinazi's claim fails for lack of plausibility. She claims she sought a

refund for four canisters of EZ Seed and that Scotts "refused to honor the No Quibble Guarantee

---

[13] While the Court may not decide a Motion to Dismiss based on extrinsic evidence – and as explained above, Scotts is entitled to dismissal of this claim based on merely the Complaint and the law – it appears that it would be impossible under Fed. R. Civ. P. 11 for Ms. Eskinazi to assert in what would be a third Complaint that she in fact submitted a proof of purchase. As reflected in the Declaration of Scotts employee Lisa Taubler ("Taubler Decl."), a copy of which is annexed as <u>Exhibit 2</u> to the Regan Declaration, and the exhibits thereto, Scotts' business records reflect that Ms. Eskinazi did not submit a proof of purchase. Indeed, those records reflect that – contrary to her claim of having been refunded for *two* of the $15 canisters she purchased – Ms. Eskinazi was refunded $45 (*i.e.,* for *three* of the $15 canisters she purchased). Taubler Decl. ¶ 6 & <u>Exhibit A</u>. Scotts issued a $45 "goodwill" refund, despite never receiving *any* evidence of purchase. *Id.* at ¶ 7. As Ms. Taubler explains, such goodwill refund checks are provided as a courtesy and goodwill gesture to customers who request a refund but do not possess (or decline to submit) a proof of purchase. *Id.* at ¶ 4. In July of 2010, at the time when Ms. Eskinazi requested a refund, Scotts capped such goodwill refunds at $45. *Id.* Accordingly, if Ms. Eskinazi had desired a refund for all four canisters of EZ Seed (*i.e.,* for $60, as opposed to $45), she would have needed to send in a proof of purchase for all four canisters in accordance with the terms of the No Quibble Guarantee. *Id.* at ¶ 7. She did not do so.

for two containers of the EZ Seed." CC ¶ 88.  She alleges no further factual circumstances.  She omits to allege what she told the Scotts representative, or what the Scotts representative told her.  She does not allege what she provided to Scotts, or what Scotts requested from her.  She fails to allege any facts or circumstances that would render plausible her premise that Scotts would refund some of her purchase for some of the product she purchased but would refuse to refund the remaining canisters under circumstances that would amount to a breach of its warranty.  Her claim is not plausible; it is inexplicable.  Without more, Ms. Eskinazi's bald conclusion that Scotts "refused to honor" its No Quibble Guarantee is a classic "unadorned, the-defendant-unlawfully-harmed-me accusation" that must fail.  *Iqbal*, 556 U.S. 662, 677-78 (2009).[14]  *Twombly* "is meant to allow the parties and the court to avoid the expense of discovery and other pretrial motion practice when the complaint states no plausible claim on which relief can be granted."  *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 325 (2d Cir. 2011) (citing *Twombly*, 550 U.S. at 558).  This Court should not endorse Plaintiffs' attempt to turn this isolated non-incident[15] into a nationwide class action lawsuit.

### C.  The Magnuson-Moss Claims Must Be Dismissed as to Lowe's For the Additional Reason that Magnuson-Moss Does Not Apply to Retailers

Magnuson-Moss does not apply to retailers that do not "actually mak[e]" written warranties.  15 U.S.C. § 2310(f) ("[O]nly the warrantor actually making a written affirmation of fact, promise, or undertaking shall be deemed to have created a written warranty . . . any rights

---

[14] For these reasons, as well as those in Section II.B.2.a, *supra*, Plaintiffs cannot maintain state law based causes of action premised on this single plaintiffs' bald, implausible assertion that Scotts fails to honor its No Quibble Guarantee.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  For the sake of brevity, Defendants do not repeat this point below with respect to each state cause of action.

[15] Plaintiffs exclude purchasers from Florida, Georgia, Washington, and Illinois.  *See* CC ¶ 102.  They also, however, seek to proceed on behalf of a New York subclass and a California subclass.

arising thereunder may be enforced under this section only against such warrantor and no other person."); *see Katims v. DaimlerChrysler Corp.*, 802 N.Y.S.2d 312, 314 (N.Y. Dist. Ct. 2005) ("As Huntington Jeep is only the disclosed agent and not the actual 'warrantor,' it likewise falls outside the liability imposed by [the Magnuson-Moss Act], which is limited to 'written warranty' deceptive representations."); *Lindsay v. Colton Auto, Inc.*, 852 N.Y.S.2d 519, 520 (4th Dep't 2008) (Auto dealer is not a "warrantor" under the Magnuson-Moss Act).  As such, this claim must be dismissed as against Lowe's for this additional reason.

## III.    PLAINTIFFS' STATE LAW CLAIMS

### A.  Choice of Law

A federal court "sitting in diversity or adjudicating state law claims that are pendent to a federal claim must apply the choice of law rules of the forum state." *Rogers v. Grimaldi*, 875 F.2d 994, 1002 (2d Cir. 1989) (citing *Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496 (1941)).  New York courts have adopted "the 'interest analysis' test" in consumer fraud and false advertising cases.  *Wood v. Maguire Auto, LLC*, No. 5:09-CV-0640 (GTS/GHL), 2011 WL 4478485, at *5 (N.D.N.Y. Sept. 26, 2011) (citing *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189 (N.Y. 1985)).  This test focuses "almost exclusively" on the parties' domiciles and the locus of the tort.  *Id.* ("[W]here laws regulating allegedly fraudulent conduct" are at issue, the "proper body of law to be applied turns on the locus of the tort."  (citing *Krock v. Lipsay*, 97 F.3d 640, 646 (2d Cir. 1996)).

It appears that Plaintiffs, without explanation, assert that the laws of New York and California should apply to their nationwide class.  CC ¶¶ 119-99.  Defendants do not concede that the laws of New York or California apply to members of a class who resided and purchased EZ Seed in forty-six different states.  For purposes of this motion, however, Defendants will apply the selected law of the relevant count in the complaint.

**B. The Complaint Does Not State a Claim for Breach of the Implied Warranty of Merchantability (Counts VI & XI)**

    **1. Plaintiffs' Claim under the Implied Warranty of Merchantability Must Be Dismissed as to Scotts for Lack of Privity**

Plaintiffs have alleged no facts that, if true, would be sufficient to establish privity with Scotts. Indeed, the word "privity" does not appear anywhere in the complaint. Both New York and California "require[] privity for implied warranty claims . . . ."[16] *Cali v. Chrysler Group LLC*, No. 10 Civ. 7606(JSR), 2011 WL 383952, at *3 (S.D.N.Y. Jan. 18, 2011) (citing *Lexow & Jenkins, P.C. v. Hertz Commercial Leasing Corp.*, 122 A.D.2d 25, 26 (2d Dep't 1986)); *accord Cardinal Health 301, Inc. v. Tyco Elec. Corp.*, 87 Cal. Rptr. 3d 5, 23 (Cal. Ct. App. 2010) ("Vertical privity is a prerequisite" to recovery on a theory of breach of the implied warranties of merchantability). Privity does not "extend from a manufacturer to a remote purchaser." *Lexow*, 122 A.D.2d at 26; *Jackson v. Eddy's LI RV Center, Inc.*, 845 F. Supp. 2d 523, 530 (E.D.N.Y. 2012) (Implied warranty claims can be brought "only by those in privity with the named defendant"). Plaintiffs generally allege they purchased EZ Seed from Home Depot, CC ¶ 69 (Arcuri), CC ¶ 79 (Moore), CC ¶ 84 (Eskinazi), CC ¶ 93 (Smith), or Lowe's, CC ¶ 74 (Browne). Plaintiff Thomas alleges she purchased EZ Seed "in retail stores," CC ¶ 98, while Plaintiff Lonardo alleges she purchased EZ Seed from former defendant True Value. CC ¶ 89. No Plaintiff alleges (s)he purchased EZ Seed from Scotts. Thus, the Court should dismiss Defendant Scotts from Counts VI and XI.

---

[16] Magnuson-Moss does not displace state privity rules. *See Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 249 (2d Cir. 1986) ("Both the statutory language and the legislative history, therefore, indicate that Congress did not intend to supplant state law with regard to privity in the case of implied warranties.").

### C.  Plaintiffs Assert a Claim that California Does Not Recognize (Count VII)

Plaintiffs' claim under California law for unjust enrichment should be dismissed.

Plaintiffs assert that Defendants have been unjustly enriched in retaining the revenues derived

from Plaintiffs' purchase of EZ Seed, and must therefore pay restitution.  CC ¶¶ 160-61.

Yet California has "no cause of action for unjust enrichment."  *Wolph v. Acer Am. Corp.*,

No. C 09-01314 JSW, 2009 WL 2969467, at *5 (N.D. Cal. Sept. 14, 2009) (quoting *McKell v.*

*Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (Cal. Ct. App. 2006).  Unjust enrichment "does

not constitute a stand-alone cause of action."  *Id.*; *Smith v. Ford Motor Co.*, 462 Fed. App'x 660,

665 (9th Cir. 2011) (Unjust enrichment as an independent cause of action in California "has no

merit." (citing *Jogani v. Superior Court*, 81 Cal. Rptr. 3d 503, 511 (Cal. Ct. App. 2008)).

Indeed, California courts explain that "[t]he phrase 'Unjust Enrichment' does not describe a

theory of recovery, but an effect: the result of a failure to make restitution under circumstances

where it is equitable to do so."  *Melchior v. New Line Productions, Inc.*, 131 Cal. Rptr. 2d 347,

357 (Cal. Ct. App. 2003) (quoting *Lauriedale Assocs., Ltd. v. Wilson*, 9 Cal. Rptr. 2d 774, 780

(Cal. Ct. App. 2008) (internal quotation marks omitted).

Accordingly, as the case law makes clear, Plaintiffs cannot maintain an independent

cause of action for unjust enrichment and this claim should be dismissed.

### D.  Plaintiffs' Claims Against Lowe's Under the New York Consumer Protection Statutes Fail (Counts VIII & IX)

Plaintiff David Browne is the only Plaintiff who claims to have purchased EZ Seed from

Lowe's.  He alleges that he purchased this canister of EZ Seed from a Lowe's store in San

Francisco, California.  CC ¶ 74.  Mr. Browne, however, makes no allegations that he bought

anything from Lowe's in New York, or that any Lowe's store in New York made a

misrepresentation that induced him to make a purchase.  Consequently, Mr. Browne cannot state

14

a claim against Lowe's for deceptive business practices under General Business Law section 349 or false advertising under General Business Law section 350. *See Kaufman v. Sirius XM Radio, Inc.,* 474 Fed. App'x 5, 8-9 (2d Cir. 2012) (because the "non-New York plaintiffs cannot allege that they were deceived in New York" the non-New York plaintiffs failed to state a section 349 claim (citing *Goshen v. Mut. Life Ins. Co. of N.Y.,* 98 N.Y.2d 314, 324 (N.Y. 2002) (for section 349 to apply, "the transaction in which the consumer is deceived must occur in New York"))); *Mountz v. Global Vision Prods., Inc.,* 770 N.Y.S. 2d 603, 608 (N.Y. Sup. Ct. 2003) (same under both N.Y. GEN. BUS. LAW §§ 349, 350).  And because Mr. Browne is the only Plaintiff who alleges to have purchased EZ Seed from Lowe's, Plaintiffs' claims against Lowe's under General Business Law section 349 (Count VIII) and false advertising under General Business Law section 350 (Count IX), must be dismissed.[17]

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss and enter an Order dismissing: (i) Counts I and VII in their entirety, (ii) Counts II, III, IV, V, VIII, IX, X, XII except insofar as Plaintiffs claim that EZ Seed is represented as growing "50% thicker grass with half the water" but actually "doesn't work,"[18] (iii) Counts VI and XI as to Scotts, and (iv) Counts II, III, IV, V, VI, VIII, IX, X, and XI as to Lowe's.

---

[17] In addition, for the reasons set forth in Defendant Home Depot's contemporaneously filed motion to dismiss and memorandum of law, Plaintiffs' claims under the California consumer protection statutes (Counts II, III and IV), breach of express warranty (Counts V and X), and breach of implied warranty (Counts VI and XI), fail, and should be dismissed, as to Lowe's.

[18] To be clear, Defendants stand by this claim that EZ Seed grows "50% thicker grass with half the water" and intend to prove its veracity on the merits, but recognize that under Rule 12(b)(6), the Court may not be able to dismiss some claims brought under that theory of liability at this stage.

By:  <u>/s/ Shawn Patrick Regan</u>
      Shawn Patrick Regan
      Melissa L. Levitt
      HUNTON & WILLIAMS LLP
      200 Park Avenue
      New York, New York  10166
      Telephone:  (212) 309-1000
      Facsimile: (212) 309-1100
      Email:  sregan@hunton.com
      Email:  mlevitt@hunton.com

- and -

Samuel A. Danon (*pro hac vice*)
Jason B. Sherry
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Telephone:  (305) 810-2500
Facsimile:  (305) 810-2460
Email:  sdanon@hunton.com
Email:  jsherry@hunton.com

*Counsel for Defendants Scotts Miracle-Gro
Company, Inc., Scotts Company LLC, and
Lowe's Home Centers, Inc.*

16

## CERTIFICATE OF SERVICE

I hereby certify that, on October 9, 2012, I served a copy of foregoing, on all counsel of record at the addresses listed below, by filing same with the Court's CM/ECF system.


_/s/ Shawn Patrick Regan_
Shawn Patrick Regan

TO:  Scott A. Bursor, Esq.
Joseph I. Marchese, Esq.
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, New York 10019
(212) 989-9113
scott@bursor.com
jmarchese@bursor.com

- and –

Antonio Vozzolo, Esq.
Christopher Marlborough, Esq.
Faruqi & Faruqi, LLP
369 Lexington Avenue
10th Floor
New York, New York 10017
(212) 983-9330
avozzolo@faruqilaw.com
cmarlborough@faruqi.com

*Attorneys for Plaintiffs*


S. Stewart Haskins, Esq.
Zachary A. McEntyre, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 572-4600
shaskins@kslaw.com
zmcentyre@kslaw.com

*Attorneys for The Home Depot, Inc.*