UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                :

IN RE SCOTTS EZ SEED LITIGATION   :              12-CV-4727 (VB)
                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS

S. Stewart Haskins (*pro hac vice*)
Zachary A. McEntyre (*pro hac vice*)
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA  30309-3521
Tel:  (404) 572-4600
Fax: (404) 572-5100

- and -

Christina M. Conroy
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036-4003
Tel:  (212) 556-2100
Fax: (212) 556-2222

***Counsel for Home Depot U.S.A., Inc.***

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................... 3

ARGUMENT ....................................................................................................................... 4

I.      Plaintiffs Browne, Lonardo and Thomas Have No Claims Against Home Depot ............. 5

II.     The Home Depot Plaintiffs Fail to State a Claim Against Home Depot Under the
        California or New York Consumer Protection Statutes ...................................................... 6

        A.  The Home Depot Plaintiffs Cannot State Claims Under Other States' Consumer
        Protection Statutes ............................................................................................................ 6

        B.  Plaintiff Smith's CLRA, UCL, and FAL Claims Fail as a Matter of Law .................. 8

III.    Plaintiffs Arcuri, Moore, and Eskinazi Cannot State a Claim Against Home Depot Under
        the New York General Business Law ............................................................................... 12

IV.     The Home Depot Plaintiffs' Breach of Warranty Claims Fail ......................................... 13

        A.  Plaintiffs Have No Viable Claim for Breach of Express Warranty ........................... 13

        B.  Plaintiffs Fail to State a Claim for Breach of the Implied Warranty of
        Merchantability ............................................................................................................... 15

        C.  Plaintiffs Fail to State a Claim under the MMWA ................................................... 17

V.      Plaintiff Smith Fails to State a Claim for Unjust Enrichment Under California Law ...... 17

VI.     Plaintiffs' Breach of Contract Claim Fails ...................................................................... 18

CONCLUSION ................................................................................................................. 19

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amron v. Morgan Stanley Inv. Advisors Inc.*,
    464 F.3d 338 (2d Cir. 2006)......................................................................................4

*Anschutz Corp. v. Merrill Lynch & Co.*,
    690 F.3d 98 (2d Cir. 2012)........................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................4, 29

*Baba v. Hewlett-Packard Co.*,
    No. C 09-05946, 2010 WL 2486353 (N.D. Cal. June 16, 2010) .............................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................4

*Cali v. Chrysler Group LLC*,
    No. 10 Civ. 7606(JSR), 2011 WL 383952 (S.D.N.Y. Jan. 18, 2011)......................17

*Cohen v. U.S. Fid. & Guar. Co.*,
    No. 04-cv-5921, 2005 WL 1036097 (S.D.N.Y. May 4, 2005) .................................13

*Doe 1 v. AOL LLC*,
    719 F. Supp. 2d 1102 (N.D. Cal. 2010) ..................................................................11

*Donahue v. Ferolito, Vultaggio & Sons*,
    786 N.Y.S.2d 153 (1st Dep't 2004) .........................................................................16

*Eaves v. Designs for Fin., Inc.*,
    785 F. Supp. 2d 229 (S.D.N.Y. 2011).......................................................................7

*Edmunson v. Procter & Gamble Co.*,
    10–CV–2256–IEG NLS, 2011 WL 1897625 (S.D. Cal. May 17, 2011)................14

*Falk v. General Motors Corp.*,
    496 F. Supp. 2d 1088 (N.D. Cal. 2007) ..................................................................18

*Gomez-Jimenez v. New York Law School*,
    943 N.Y.S.2d 834 (N.Y. Sup. 2012) .......................................................................12

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
    98 N.Y.2d 314 (N.Y. 2002) .......................................................................................7

*Grisales v. Forex Capital Markets, LLC*,
    No. 11 Civ. 228(NRB), 2011 WL 6288060 (S.D.N.Y. Dec. 9, 2011)....................15

i

*Harsco Corp. v. Segui,*
  91 F.3d 337 (2d Cir. 1996)........................................................................................................18

*Horowitz v. Stryker Corp.,*
  613 F. Supp. 2d 271 (E.D.N.Y. 2009) ......................................................................................13

*In re Hydroxycut Mktg. & Sales Practices Litig.,*
  801 F. Supp. 2d 993 (S.D. Cal. 2011).......................................................................................9

*In re Jamster Mktg. Litig.,*
  No. 05CV0819, 2009 WL 1456632 (S.D. Cal. May 22, 2009) ............................................8, 9

*Katims v. DaimlerChrysler Corp.,*
  802 N.Y.S.2d 312 (N.Y. Dist. Ct. 2005)..................................................................................17

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009) ..................................................................................................10

*Leider v. Ralfe,*
  387 F. Supp. 2d 283 (S.D.N.Y. 2005).......................................................................................13

*Lewis v. Casey,*
  518 U.S. 343 (1996)....................................................................................................................5

*Mazza v. Am. Honda Motor Co., Inc.,*
  666 F.3d 581 (9th Cir. 2011) ......................................................................................................7

*McCall v. Chesapeake Energy Corp.,*
  817 F. Supp. 2d 307 (S.D.N.Y. 2011)....................................................................................5, 6

*Mountz v. Global Vision Prods., Inc.,*
  770 N.Y.S. 2d 603 (N.Y. Sup. Ct. 2003) ...................................................................................7

*Oscar v. BMW of N. Am., LLC,*
  274 F.R.D. 498 (S.D.N.Y. 2011) .............................................................................................14

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.,*
  96 F.3d 1151 (9th Cir. 1996) ....................................................................................................17

*Plumbers, Pipefitters & Mes Local Union No. 392 Pension Fund v. Fairfax Fin.*
  *Holdings Ltd.,* No. 11-cv-5097, -- F. Supp. 3d --, 2012 WL 3283481 ......................................5

*Prue v. Fiber Composites, LLC,*
  No. 11-CV-3304(ERK)(LB), 2012 WL 1314114 (E.D.N.Y. Apr. 17, 2012)..........................14

*Rozsa v. May Davis Group, Inc.,*
  152 F. Supp. 2d 526 (S.D.N.Y. 2001).......................................................................................19

*Shein v. Canon U.S.A., Inc.,*

No. CV 08-07323, 2009 WL 1774287 (C.D. Cal. 2009) ........................................18

*Sheppard v. Manhattan Club Timeshare Ass'n*,
No. 11 Civ. 4362(PKC), 2012 WL 1890388 .......................................................10

*Skelton v. Gen. Motors Corp.*,
660 F.2d 311 (7th Cir. 1981) .............................................................................17

*Stearns v. Select Comfort Retail Corp.*,
763 F. Supp. 2d 1128 (N.D. Cal. 2010) .......................................................16, 17

*Sullivan v. Oracle Corp.*,
51 Cal. 4th 1191 (Cal. 2011) ...............................................................................7

*Swartz. v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .............................................................................11

*Szymczak v. Nissan N. Am., Inc.*,
No. 10-cv-7493, 2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011) (Briccetti, J.) .................12, 16

*Tietsworth v. Sears, Roebuck & Co.*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010) ...............................................................16

*Villegas v. Wells Fargo Bank, N.A.*,
2011 WL 4097747 (N.D. Cal. Sept. 17, 2012) .....................................................15

*Von Grabe v. Sprint PCS*,
312 F. Supp. 2d 1285 (S.D. Cal. 2003).................................................................12

*Weske v. Samsung Elecs. Am., Inc.*,
No. Civ. 2:10-4811, 2012 WL 833003 (D.N.J. Mar. 12, 2012)...............................10

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) ...........................................................................10

**STATUTES**

CAL. CIV. CODE § 1780(d) ...................................................................................11

CAL. CIV. CODE § 1782(a) ...................................................................................11

N.Y. GEN. BUS. LAW § 349.......................................................................2, 7, 12-13

N.Y. GEN. BUS. LAW § 350........................................................................2, 7,12-13

N.Y. U.C.C. § 2-A-210........................................................................................14

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) .......................................................................................... 5, 10-11

Fed. R. Civ. P.  8 .................................................................................................19

Defendant Home Depot U.S.A., Inc. ("Home Depot") respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' claims against Home Depot.

## INTRODUCTION

Plaintiff has no valid claims against Home Depot.  The crux of Plaintiffs' Complaint is that they purchased Scotts Turf Builder EZ Seed ("EZ Seed") that The Scott Miracle Grow Company and The Scotts Company LLC ("Scotts") manufactured, which is a "pre-mixed formulation of ingredients, including mulch, grass seed, and fertilizer."  Compl. ¶ 1.  According to Plaintiffs, Scotts markets EZ Seed as growing grass "50% thicker with half the water" compared to ordinary seed.  *Id.*  Plaintiffs, however, allege that the product does not meet that representation.  *Id.*

Four Plaintiffs -- Arcuri, Moore, Eskinazi, and Smith (collectively, the "Home Depot Plaintiffs") -- allegedly bought EZ Seed from Home Depot.  But the Complaint is devoid of any specific allegations regarding supposed wrongdoing by Home Depot.  Home Depot did not manufacture, test, or make any representations about EZ Seed.  Nevertheless, Plaintiffs sued Home Depot -- along with Scotts and other retailers -- for allegedly misrepresenting the properties of EZ Seed, even though Plaintiffs' own allegations make clear that Home Depot did nothing more than allegedly sell them a product Scotts manufactured, Scotts tested, and Scotts marketed.  Plaintiffs' claims against Home Depot, therefore, fail as a matter of law.

Plaintiffs do not allege that Home Depot knew anything about representations Scotts made about EZ Seed on the product label and in other marketing materials.  In fact, the Home Depot Plaintiffs -- who, unlike the other Plaintiffs, purportedly bought EZ Seed from Home Depot -- do not allege that Home Depot made *any* representations to them about EZ Seed. Instead, Plaintiffs improperly attempt to lump Home Depot together with Scotts and the other

Defendants by alleging that Home Depot "participated in and/or adopted the" representations that Scotts made about the product.

On that slender reed, Plaintiffs assert claims against not only Scotts, but also Home Depot, for (i) supposedly violating California and New York consumer protection laws, including the California Consumers Legal Remedies Act ("CLRA"), the California Unfair Competition Law ("UCL"), the California False Advertising Law ("FAL"), and New York General Business Law sections 349 and 350 (*i.e.*, deceptive business practices and false advertising); (ii) breach of express and implied warranties under New York and California law and alleged violations of the federal Magnuson-Moss Warranty Act ("MMWA"); (iii) unjust enrichment under California law; and (iv) common-law breach of contract under New York law.

These claims fail as a matter of law.  As a threshold matter, the Plaintiffs who did not purchase EZ Seed from Home Depot -- Browne, Lonardo, and Thomas -- lack Article III standing to assert any claims against Home Depot.  Similarly, Plaintiffs Arcuri, Moore, and Eskinazi -- who allegedly purchased EZ Seed from Home Depot stores in New York -- cannot assert claims under California law, and Plaintiff Smith -- who allegedly purchased EZ Seed from a Home Depot store in California -- cannot assert claims under New York law.  But even under their own states' laws, none of these Plaintiffs have viable claims against Home Depot.

The Home Depot Plaintiffs' warranty claims are also fatally flawed.  Plaintiffs' claim for breach of express warranty fails because Plaintiffs identify no warranty that Home Depot made to them.  Plaintiffs' claim for breach of the implied warranty of merchantability fails because, based on Plaintiffs' own allegations, Plaintiffs cannot -- as a matter of law -- show that the seed they allegedly purchased from Home Depot was not fit for its intended purpose.  And because Plaintiffs' underlying breach of express warranty claim fails, so too does their MMWA claim.

Plaintiff Smith's unjust enrichment claim fails because it is not an independent cause of action under California law, and even if it were, Plaintiff Smith could not assert it along with his consumer protection claims.  Finally, Plaintiffs Arcuri, Moore, and Eskinazi's common-law breach of contract claim fails because they do not allege the elements of their claim, which is an improper attempted end-run around the New York Uniform Commercial Code.

Plaintiffs' barebones allegations against Home Depot make one fact abundantly clear: even if their claims against Scotts had merit -- and they do not -- Plaintiffs' dispute, if any, is with Scotts alone.  Plaintiffs do not and cannot state a claim against Home Depot.  Consequently, the Court should dismiss their claims against Home Depot with prejudice.

## FACTUAL BACKGROUND

Plaintiffs allege that they bought EZ Seed that Scotts had marketed as having certain specific properties relating to its ability to facilitate grass growth.  Compl. ¶¶ 1, 3, 27-28, 40-42, 47-61.  These allegations refer specifically to representations Scotts made about EZ Seed on the product label, on its website, and in its television commercials.  *Id.*  Four Plaintiffs -- Arcuri, Moore, Eskinazi, and Smith -- allege that they bought EZ Seed from Home Depot.  *Id.*  ¶¶ 69, 79, 84, 93.  Plaintiffs Arcuri, Moore, and Eskinazi allege that they bought EZ Seed from Home Depot stores in New York, and Plaintiff Smith alleges that he bought EZ Seed from a Home Depot store in California.  *Id.*  None of these Plaintiffs, however, identifies even a single representation that Home Depot made *to him or her* about EZ Seed.  *See id.*

Indeed, the Complaint makes clear that Home Depot's only role was to sell the Home Depot Plaintiffs a product that Scotts manufactured, tested, and marketed.  Plaintiffs do not allege that Home Depot manufactured EZ Seed or participated in any way in ensuring that EZ Seed complied with Scotts' representations about it.  While Plaintiffs summarily allege that

Home Depot "participated in and/or adopted" Scotts' claims about EZ Seed, *id.* ¶ 22, they fail to substantiate that assertion with any specific factual allegations.

Plaintiffs make only two allegations about *Home Depot*'s representations regarding EZ Seed. First, Plaintiffs allege that Home Depot "display[s] in-store advertising displays for EZ Seed that *contain the same false and misleading claims found on the product packaging*." *Id.* ¶ 43 (emphasis added). Second, Plaintiffs allege that Home Depot's website contains representations about EZ Seed that are identical to the representations Scotts makes. *See id.* ¶ 63. Thus, the only allegations in the Complaint attributed to Home Depot actually seek to hold Home Depot responsible for Scotts' representations about Scotts' product. And none of the Plaintiffs -- including the Home Depot Plaintiffs -- allege that they actually saw, much less relied on, any of *Home Depot's* supposed representations, as opposed to Scotts' representations. *See id.* ¶¶ 70, 80, 85, 94 (alleging that each Plaintiff saw and relied on "Defendants'" representations, without specifically alleging that Plaintiffs saw or relied on *Home Depot's* purported representations).

## ARGUMENT

The Court should dismiss Plaintiffs' claims against Home Depot because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his [or her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Amron v. Morgan Stanley Inv. Advisors Inc.,* 464 F.3d 338, 344 (2d Cir. 2006) ("bald assertions and conclusions of law will not suffice"). Moreover, when a plaintiff asserts claims sounding in fraud, as in this case, she must allege the

circumstances surrounding the fraud with particularity.  Fed. R. Civ. P. 9(b).  "To satisfy this requirement the plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012).  For the reasons set forth in this Memorandum and the Scott's Defendants' contemporaneously filed Memorandum, which is adopted herein by reference, the Home Depot Plaintiffs have failed to satisfy either standard and thus their claims should be dismissed.

## I.      Plaintiffs Browne, Lonardo and Thomas Have No Claims Against Home Depot

Plaintiffs who did not even allegedly purchase EZ Seed from Home Depot cannot state claims against Home Depot.  These Plaintiffs had no contact with Home Depot and were not even allegedly injured by Home Depot.  Article III standing cannot be predicated on an injury the plaintiff has not suffered, regardless of whether the plaintiff purports to represent a putative class.  *Plumbers, Pipefitters & Mes Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097, -- F. Supp. 3d --, 2012 WL 3283481, at **9-10 (S.D.N.Y. Aug. 13, 2012) (dismissing named plaintiffs' claims for lack of standing and holding that named plaintiffs in purported class actions must have standing in their own right to assert claims on behalf of a putative class) (citing *W.R. Huff Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2009)).  "[N]amed plaintiffs who represent a class must allege and show that they *personally* have been injured, not that injury has been suffered by other, unidentified members of the class."  *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (emphasis added) (citations and internal quotation marks omitted).

For this reason, each Plaintiff may only pursue claims, if at all, against a retailer from whom he or she actually bought EZ Seed.  *See McCall v. Chesapeake Energy Corp.*, 817 F.

Supp. 2d 307, 313 (S.D.N.Y. 2011) ("[T]he named class plaintiffs must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (quoting *Central States Southeast & Southwest Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C.*, 433 F. 3d 181, 199 (2d Cir. 2005)).

Only the Home Depot Plaintiffs -- Arcuri, Eskinazi, Moore, and Smith -- allege that they bought EZ Seed from Home Depot.  *See* Compl. ¶ 69 (alleging that Plaintiff Arcuri purchased EZ Seed at a Home Depot store in Cicero, New York); ¶ 79 (alleging that Plaintiff Moore purchased EZ Seed at a Home Depot store in Elmont, New York); ¶ 84 (alleging that Plaintiff Eskinazi purchased EZ Seed at a Home Depot store in Rockland County, New York); ¶ 93 (alleging that Plaintiff Smith purchased EZ Seed from a Home Depot store in San Ramon, California).  Because the other Plaintiffs -- Browne, Lonardo and Thomas -- did not even allegedly buy EZ Seed from Home Depot, they could have incurred no injury caused by Home Depot and thus have no standing to assert claims against Home Depot.  *See McCall*, 817 F. Supp. 2d at 313 (finding putative class action plaintiffs did not have standing to bring claims arising from transactions to which they were not signatories).

## II.    The Home Depot Plaintiffs Fail to State a Claim Against Home Depot Under the California or New York Consumer Protection Statutes

### A.    The Home Depot Plaintiffs Cannot State Claims Under Other States' Consumer Protection Statutes

As a threshold matter, the Home Depot Plaintiffs cannot assert claims under consumer protection statutes of states other than the states where they live and purportedly bought EZ Seed.  Three of the Home Depot Plaintiffs -- Arcuri, Moore, and Eskinazi -- allege that they bought EZ Seed from Home Depot stores in New York; they do not allege that Home Depot made any misrepresentations to them in California or that they bought EZ Seed from Home

Depot in California.  Compl. ¶¶ 69, 79, 84.  Those Home Depot Plaintiffs, therefore, cannot assert claims against Home Depot under California's consumer protection statutes (*i.e.*, the CLRA, UCL, or FAL).  *See Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 593 (9th Cir. 2011) (holding, in purported consumer class action, that citizens of other states cannot avail themselves of California consumer protection statute: "courts should not attempt to apply the laws of one state to behaviors that occurred in other jurisdictions") (internal citations omitted); *see also Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1208-09 (Cal. 2011) (holding, in overtime compensation context, that UCL did not apply to conduct outside California).

The fourth Home Depot Plaintiff -- Smith -- alleges that he bought EZ Seed from a Home Depot store in California.  Compl. ¶ 93.  Plaintiff Smith makes no allegations that he bought anything from Home Depot in New York, much less that Home Depot made any misrepresentations to him in New York inducing him to make a purchase.  Consequently, Plaintiff Smith cannot state a claim against Home Depot either for deceptive business practices under General Business Law section 349 or false advertising under General Business Law section 350.  *See Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 (N.Y. 2002) (holding that for section 349 to apply, "the transaction in which the consumer is deceived must occur in New York"); *Eaves v. Designs for Fin., Inc.*, 785 F. Supp. 2d 229, 267 n.30 (S.D.N.Y. 2011) (granting motion to dismiss claim under section 349 because, among other things, the plaintiffs inadequately alleged that the transaction at issue occurred in New York); *Mountz v. Global Vision Prods., Inc.*, 770 N.Y.S. 2d 603, 608 (N.Y. Sup. Ct. 2003) (same with respect to claims under both sections 349 and 350).

**B.      Plaintiff Smith's CLRA, UCL, and FAL Claims Fail as a Matter of Law**

Plaintiff Smith's claims under the California consumer protection statutes -- the CLRA, UCL, and FAL -- fail for three related but independent reasons: (i) the statutes do not impose vicarious liability on retailers for representations made by manufacturers; (ii) Plaintiff Smith does not -- and cannot -- allege that Home Depot knew any of the purported representations were false at the time they were made; and (iii) Plaintiff Smith has not -- and cannot -- plead his claims with particularity.  Plaintiff Smith also failed to comply with the CLRA presuit notice requirement.

1.      <u>The CLRA, UCL, and FAL do not impose vicarious liability on retailers</u>

Plaintiff Smith's claims against Home Depot under the CLRA, UCL, and FAL fail as a matter of law because Plaintiff does not -- and cannot -- sufficiently allege that Home Depot "controlled, participated, approved, marketed or otherwise adopted [Scotts'] advertising practices."  *See In re Jamster Mktg. Litig.*, No. 05CV0819, 2009 WL 1456632, at *8 (S.D. Cal. May 22, 2009).  Plaintiff Smith's claims for alleged violations of the CLRA, UCL, and FAL are premised on two bald allegations: (i) Home Depot sells EZ Seed in the packaging Scotts provides and displays signs containing Scotts' representations about EZ Seed, and (ii) Home Depot's website purportedly contains unidentified representations about EZ Seed that are identical to the representations Scotts makes about EZ Seed.  *Id.*  ¶¶ 43, 63.  The Complaint contains *no* allegations regarding the precise content of these supposed misrepresentations, nor does it contain allegations about when Plaintiff Smith viewed or heard (much less relied on) these representations.  And it certainly contains no allegations -- beyond mere conclusions -- that Home Depot played any role in -- much less controlled -- testing EZ Seed or developing marketing materials regarding EZ Seed.

Instead, Plaintiff Smith attempts to state claims against Home Depot based on nothing more than guilt by association.  But "it is well-established that the 'concept of vicarious liability has no application to actions brought under the [California] unfair business practices act.'"  *In re Jamster*, 2009 WL 1456632, at *8 (citing *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002)).  Accordingly, to state a claim against a retailer under the CLRA, UCL, or FAL, a plaintiff must sufficiently allege, beyond unadorned conjecture, that the retailer "participated or exercised unbridled control over" a manufacturer's alleged false advertising.  *See id.* at ** 8-9.

As a result, federal courts in California regularly dismiss secondary liability claims against retailers, like Plaintiff Smith's claims against Home Depot, when the plaintiff merely alleges that the retailer sold a product based on representations made by the manufacturer, without alleging that the retailer knew the representations were false.  *See, e.g.*, *id.* (dismissing UCL, FAL, and CLRA claims against wireless providers based on allegations that they billed wireless users fees arising from false advertising by providers of text message content); *In re Hydroxycut Mktg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1012 (S.D. Cal. 2011) (dismissing CLRA, UCL, and FAL claims against retailers based on allegations that defendants sold products bearing manufacturer's alleged misrepresentations).  This Court should do the same and dismiss Plaintiff Smith's claims against Home Depot.

> 2.    Plaintiff Smith has not alleged that Home Depot knew EZ Seed was deficient when he purportedly bought it

Nowhere in the Complaint does Plaintiff Smith allege that Home Depot knew about EZ Seed's purported deficiencies at the time he bought it.  Indeed, neither Plaintiff Smith nor any of the other Plaintiffs allege that Home Depot played any role in the production or testing of EZ Seed.  They merely allege that Home Depot sold it.

But both the CLRA and the UCL require plaintiffs to allege sufficiently that a defendant was aware of a defect at the time of sale. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145-46 (9th Cir. 2012) (granting motion to dismiss CLRA and UCL claims based on defective products because plaintiff did not allege defendant knew of defect at time of sale). Absent such allegations, the Court should dismiss the CLRA, UCL, and FAL claims. *See Baba v. Hewlett-Packard Co.*, No. C 09-05946, 2010 WL 2486353, at *7 (N.D. Cal. June 16, 2010) (dismissing complaint because "Plaintiffs have not sufficiently alleged that HP made any affirmative misrepresentations" or knew of defects before purchases); *Weske v. Samsung Elecs. Am., Inc.*, No. Civ. 2:10-4811, 2012 WL 833003, at *5 (D.N.J. Mar. 12, 2012) (dismissing UCL claims because "Plaintiffs [did] not provide sufficient factual allegations to establish Samsung knew of the Defect prior to the sales"). Because Plaintiff Smith does not -- and cannot -- make such allegations, he cannot state a claim against Home Depot under the CLRA, UCL, or FAL.

3.      Plaintiff Smith did not plead his claims with particularity

Plaintiff Smith's claims also fail because he did not plead them with particularity, as required by Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009) (holding that Rule 9(b) applies to claims under the CLRA and UCL).

In the Complaint, Plaintiff Smith summarily alleges that he "purchased EZ Seed in reliance on *Defendants'* [supposed] Misrepresentations" (Compl. ¶ 94 (emphasis added)), but he does not specify precisely the statements *Home Depot* made -- if any -- as opposed to the statements Scotts made. Rule 9(b) requires Plaintiff Smith to allege specifically what Home Depot said to him and when Home Depot said it. *See Sheppard v. Manhattan Club Timeshare Ass'n*, No. 11 Civ. 4362(PKC), 2012 WL 1890388, at **3, 5-6 (S.D.N.Y. May 23, 2012) (granting motion to dismiss fraud-based claims because plaintiff failed to allege conduct against each defendant with particularity). Merely lumping Home Depot together with Scott's under the

10

generic "Defendants" does not pass muster under Rule 9(b).  *See Swartz. v. KPMG LLP*, 476

F.3d 756, 764-65 (9th Cir. 2007).  As the Ninth Circuit has written:

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together
> but requires plaintiffs to differentiate their allegations when suing more than one
> defendant and inform each defendant separately of the allegations surrounding his
> alleged participation in the fraud.

Because Plaintiff Smith fails to comply with this requirement, he cannot state a claim

under the CLRA, UCL, or FAL.

### 4.   Plaintiff Smith did not comply with the CLRA presuit notice requirement

Plaintiff's CLRA claim also fails because Plaintiff Smith did not comply with the

prerequisites to asserting it.  First, Plaintiff Smith did not file the affidavit required by the CLRA

concurrently with his Complaint.  A plaintiff asserting a CLRA claim must file, concurrently with

the filing of the complaint, an affidavit "stating facts showing that the action has been

commenced in a county described in this section as a proper place for the trial of the action."

CAL. CIV. CODE § 1780(d).  Plaintiff Smith did not file such an affidavit concurrently with his

Complaint, nor has he cured that failure by later filing that affidavit.  Accordingly, Plaintiff

Smith's CLRA claim should be dismissed.  *See Doe 1 v. AOL LLC*, 719 F. Supp. 2d 1102, 1110

(N.D. Cal. 2010) (consumers' failure to comply with CLRA's pre-suit notice requirement

mandated dismissal of that claim).

Second, Plaintiff Smith admits that the did not send written notice to Home Depot at least

30 days prior to filing to the Complaint notifying Home Depot of its alleged violation of the

CLRA.  Compl. ¶ 97 (alleging that Plaintiff Smith sent Home Depot notice on June 12, 2012 --

only three days before filing his original Complaint).  CAL. CIV. CODE § 1782(a).  A plaintiff

seeking money damages under the CLRA is required to have provided such notice, by registered

or certified mail, identifying the specific provisions of the CLRA that the defendant allegedly

violated and demanding that the defendant rectify the alleged misconduct.  *Id.*  Failure to do so warrants immediate dismissal of the complaint.  *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1304 (S.D. Cal. 2003) (dismissing CLRA claim because plaintiff failed to provide timely notice). Thus, because Plaintiff is seeking money damages under the CLRA, Compl. ¶ 50, and failed to allege that he provided Home Depot with the required statutory notice, his Complaint should be dismissed.

III.    **Plaintiffs Arcuri, Moore, and Eskinazi Cannot State a Claim Against Home Depot Under the New York General Business Law**

The three Plaintiffs who allegedly purchased EZ Seed from Home Depot stores in New York -- Arcuri, Moore, and Eskinazi -- claim that Home Depot violated New York General Business Law sections 349 and 350 by doing nothing more than selling them EZ Seed.  *See* Compl. ¶¶ 164-68, 171-77.  To state a claim under these statutes, Plaintiffs Arcuri, Moore, and Eskinazi must allege that (i) Home Depot engaged in a consumer-oriented act or practice or published a consumer-oriented advertisement; (ii) the act, practice, or advertisement was misleading in a material respect, and (iii) Plaintiffs were injured as a result.  *See Szymczak v. Nissan N. Am., Inc.*, No. 10-cv-7493, 2011 WL 7095432, at *14 (S.D.N.Y. Dec. 16, 2011) (Briccetti, J.).  New York courts do not views claims under these statutes lightly; to the contrary, claims under sections 349 and 350 must be "fact-supported." *Gomez-Jimenez v. New York Law School*, 943 N.Y.S.2d 834, 842-43 (N.Y. Sup. 2012) (discussing the New York Court of Appeals' concern about a "tidal wave of litigation against businesses that was not intended by the Legislature" and dismissing claims under General Business Law sections 349 and 350) (internal quotation omitted).

Plaintiffs Arcuri, Moore, and Eskinazi have not -- and cannot -- adequately allege the elements of their claims under sections 349 and 350 because Plaintiffs have not -- and cannot --

identify "the specific 'acts, representations and/or omissions' that [they] claim[] are deceptive," nor have they -- or can they -- "allege why these acts were deceptive." *See Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 287 (E.D.N.Y. 2009) (granting motion to dismiss claims under sections 349 and 350).  Plaintiffs do not once allege a deceptive "act, representation, and/or omission" that *Home Depot* made to *them* about *anything*, including EZ Seed.

Accordingly, Plaintiffs cannot sufficiently allege that they relied on any purported representations by Home Depot, which is required to state a claim under section 350.  *See Leider v. Ralfe*, 387 F. Supp. 2d 283, 297 (S.D.N.Y. 2005) (granting motion to dismiss false advertising claim under section 350 because plaintiff did not sufficiently allege reliance on purportedly false representations).  Nor can Plaintiffs allege that they suffered any injury as a result of Home Depot's purported misrepresentations, which is required to state a claim under section 349.  *See Cohen v. U.S. Fid. & Guar. Co.*, No. 04-cv-5921, 2005 WL 1036097, at *3 (S.D.N.Y. May 4, 2005) (granting motion to dismiss claim under General Business Law section 349 because plaintiff only conclusorily asserted that defendant's purportedly deceptive practice resulted in injury to him).

**IV.    The Home Depot Plaintiffs' Breach of Warranty Claims Fail**

Plaintiffs assert claims for (i) breach of express warranty under New York and California law; (ii) breach of implied warranty of merchantability under New York and California law; and (iii) violation of the MMWA.  For the reasons set forth below, Plaintiffs' claims fail as a matter of law.

**A.    Plaintiffs Have No Viable Claim for Breach of Express Warranty**

Plaintiffs allege that *Defendants* "expressly warranted that EZ Seed products were fit for their intended purpose of producing thicker, more beautiful grass growth than ordinary seed

using less water," Compl. ¶ 144; *see* ¶ 181, and that *Defendants* breached this warranty because EZ Seed products are not fit for such purpose. Compl. ¶¶ 145, 182. Plaintiffs fail to state a claim for breach of express warranty under New York or California law,[1] however, because they do not -- and cannot -- allege that *Home Depot* made an affirmation or promise about EZ Seed to them that became part of the basis of the bargain. *See Edmunson v. Procter & Gamble Co.,* 10–CV–2256–IEG NLS, 2011 WL 1897625, at *6 (S.D. Cal. May 17, 2011) (express warranty claim failed because, although plaintiff cited various product advertisements, he had not demonstrated the existence of an express warranty); N.Y. U.C.C. § 2-A-210; *Oscar v. BMW of N. Am., LLC*, 274 F.R.D. 498**,** 511 (S.D.N.Y. 2011) ("To prevail on a claim of breach of express warranty, a plaintiff must show an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon.") (internal quotation marks and citation omitted).

Indeed, Plaintiffs have not identified *any* affirmation or promise that Home Depot made to them, much less described any such affirmation or promise with any degree of precision. Instead, Plaintiffs summarily allege that "Defendants" warranted that EZ Seed was fit for its intended purpose. Compl. ¶ 144, 181. The only *specific* alleged warranty Plaintiffs identify is Scotts' "No-Quibble Guarantee," which Plaintiffs do not contend had anything to do with Home Depot. *See id.* ¶ 144. These allegations are insufficient to state a claim against Home Depot. *See Edmunson*, 2011 WL 1897625, at *5 (noting that a warranty claim "must allege the exact terms of the warranty"); *Prue v. Fiber Composites, LLC*, No. 11-CV-3304(ERK)(LB), 2012 WL

---

[1] Home Depot recognizes that Plaintiffs seek to represent a nationwide class (Compl. ¶ 102) and so this case may implicate complex choice of law issues. While Home Depot disputes that only New York and/or California law should apply to the claims as a whole, for the purposes of this motion, Home Depot assumes that New York and California law applies to the claims of the named Plaintiffs.

1314114, at *10 (E.D.N.Y. Apr. 17, 2012) (finding that plaintiffs failed to sufficiently allege the "precise terms" of the express warranty).

Moreover, Plaintiffs cannot fall back on their naked assertion that Home Depot acted as an agent of Scotts in an effort to preserve a claim against Home Depot.  *See* Compl. ¶¶ 21, 22, 27-29.  Federal courts in both New York and California have made abundantly clear that a plaintiff cannot predicate warranty claims on unsupported allegations of agency; he must allege specific facts giving rise to the existence of an agency relationship.  *See Villegas v. Wells Fargo Bank, N.A.,* 2012 WL 4097747, at *6 (N.D. Cal. Sept. 17, 2012) (rejecting "factually unsupported and conclusory" allegations of agency relationship); *Grisales v. Forex Capital Mkts., LLC*, No. 11 Civ. 228(NRB), 2011 WL 6288060, at *7 (S.D.N.Y. Dec. 9, 2011) ("Where the only language that would justify a principal-agent relationship is general, vague, and conclusory, such a relationship has not been sufficiently alleged.") (internal quotation marks and citations omitted).  Plaintiffs' Complaint is bereft of those allegations for a simple reason: Home Depot is not and was never an agent of Scotts.

### B.    Plaintiffs Fail to State a Claim for Breach of the Implied Warranty of Merchantability

Plaintiffs' claim for breach of the implied warranty of merchantability fails for similar reasons.  Like their express warranty claims, Plaintiffs' implied warranty claims are predicated on a single, generic allegation, without even a passing mention of Home Depot: *Defendants* "impliedly warranted that EZ Seed was fit for its intended purpose in that it would produce thicker, more beautiful grass growth than ordinary seed using less water."  Compl. ¶ 149, 187. and that "Defendants" breached this warranty.  Compl. ¶ 150; *see* ¶ 188.  This claim fails because the "general purpose" of a grass seed product is to assist in grass growth when used according to specifications.  It is not, as Plaintiffs allege, to "produce thicker, more beautiful

grass with half the water."  Compl. ¶ 150; *see* ¶ 188.  Plaintiffs' assertion to the contrary strains

credulity and does not accord with New York or California law.  *See Tietsworth v. Sears,*

*Roebuck & Co.*, 720 F. Supp. 2d 1123, 1142 (N.D. Cal. 2010) (finding that customers'

allegations that washers regularly stopped mid-cycle did not state a claim for breach of implied

warranty because the washers' general purpose of washing clothes was intact); *Donahue v.*

*Ferolito, Vultaggio & Sons,* 786 N.Y.S.2d 153, 155 (1st Dep't 2004) (implied warranty was not

breached where beverages sported allegedly deceptive labels regarding beverages' health

benefits, but drinks still fulfilled their intended purpose of providing liquid refreshment).

In New York and California, the linchpin of an implied warranty of merchantability claim

is whether a product has a fundamental flaw that renders it unfit for its ordinary purpose.  *See*

*Stearns,* 2009 WL 1635931, at *8 ("The mere manifestation of a defect by itself does not

constitute a breach of the implied warranty of merchantability.  Instead, there must be a

fundamental defect that renders the product unfit for its ordinary purpose."); *Szymczak*, 2011 WL

7095432, at *10 ("[T]he implied warranty is breached where the product in question is not fit for

the ordinary purpose for which it is to be used.").  "Such a warranty does not guarantee that the

product will fill a buyer's every expectation; rather, it only provides for a minimal level of

quality."  *Szymczak*, 2011 WL 7095432, at *10 (dismissing merchantability claim and rejecting

argument that ordinary purpose of automobile was to last for 100,000 miles).  Absent an express

allegation that EZ Seed failed entirely to assist in grass growth under appropriate circumstances

and when used according to specifications, Plaintiffs' claim for breach of the implied warranty of

merchantability fails.[2]

---

[2] If Plaintiffs intended to allege that EZ Seed failed its essential purpose because it did not
produce grass, regardless of the circumstances, that allegation likewise strains credulity.  No
discovery is necessary to establish that even the most powerful grass seed will not produce grass

### C.      Plaintiffs Fail to State a Claim under the MMWA

Absent a viable underlying breach of warranty claim, Plaintiffs' claim under the MMWA also fails.  *Cali v. Chrysler Grp. LLC*, No. 10 Civ. 7606(JSR), 2011 WL 383952, at *4 (S.D.N.Y. Jan. 18, 2011); *Stearns,* 2009 WL 1635931, at *9.  Additionally, Plaintiffs cannot state a claim under the MMWA based on their allegations that Defendants "issued written warranties" in connection with the sale of EZ Seed and failed to comply with the terms of those **warranties**. Compl. ¶¶ 115, 116.  As discussed above, Plaintiffs have not identified any "written warranty" that Home Depot provided to them.  *See Skelton v. Gen. Motors Corp.*, 660 F.2d 311, 322 (7th Cir. 1981) (holding statutory written warranty definition does not encompass statements in brochures and advertising); *Katims v. DaimlerChrysler Corp.*, 802 N.Y.S.2d 312, 314 (N.Y. Dist. Ct. 2005) (parties that are not the "warrantors" are not liable under the MMWA).

## V.      Plaintiff Smith Fails to State a Claim for Unjust Enrichment Under California Law

As an initial matter, Plaintiff Smith cannot state a claim for unjust enrichment because, as Scotts explains in its contemporaneously filed Memorandum, unjust enrichment is not a legally cognizable claim in California.  *See* Mem. of Law in Support of Scotts Defs' Mot. to Dismiss [D.E. # 27].

Even if California recognized unjust enrichment as a viable claim, however, Plaintiff Smith's allegations are insufficient.  In addition to his purported unjust enrichment claim, Plaintiff Smith asserts both California statutory claims and a breach of contract claim.  Compl., Counts II-IV, VII, XII.  Under both California and New York law, unjust enrichment is an action in quasi-contract, which does not lie when a contract exists between the parties.  *Paracor Fin.,*

---

in every circumstance -- nature plays a role.  In fact, while Plaintiff selectively quotes unfavorable reviews of EZ Seed that appeared on certain websites, the same websites contain highly favorable reviews.

*Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).  Because Plaintiff Smith

alleges the existence of a contract between himself and Home Depot, he cannot also assert a

claim for unjust enrichment.  *See id.*  Likewise, when plaintiffs -- like Plaintiff Smith -- invoke

California consumer protection claims, an unjust enrichment claim is unnecessary.  *See Falk v.*

*General Motors Corp.,* 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007) (because plaintiff had

stated CLRA, UCL, and fraud by omission claims, "there will be no occasion for resort to unjust

enrichment"); *Shein v. Canon U.S.A., Inc.,* 2009 WL 1774287, at *6 (C.D. Cal. 2009) (where

plaintiff could pursue a UCL claim, including restitution, "a separate cause of action for unjust

enrichment is unnecessary").

## VI.    Plaintiffs' Breach of Contract Claim Fails

Plaintiffs' breach of contract claim fails as a matter of law because Plaintiffs have not

alleged -- and cannot allege -- sufficient facts evidencing the existence or terms of the purported

contract(s).  To plead breach of contract under New York law, a plaintiff must allege: (i) the

existence of an agreement; (ii) performance by one party; (iii) breach of the agreement by the

other party; and (iv) damages.  *Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996).

Plaintiffs do not even attempt to allege these facts.

Instead, in a tacit admission that their warranty claims fail, Plaintiffs' breach of contract

claim appears to be an effort to sidestep the Uniform Commercial Code.  *See* Compl. ¶ 197 ("To

the extent Defendants' commitment is deemed not to be a warranty under New York's Uniform

Commercial Code, Plaintiffs plead in the alternative under common law warranty and contract

law.").  Plaintiffs' attempt is insufficient on its face; this case is inarguably a dispute about the

sale of goods and thus is governed by the Uniform Commercial Code.  *See McNally Wellman*

*Co. v. N.Y. State Elec. & Gas Corp.*, 63 F.3d 1188, 1194 (2d Cir. 1995) (holding that U.C.C. applies to dispute relating to sale of goods).

Moreover, instead of specific factual allegations regarding their supposed contract(s) with Home Depot, Plaintiffs make precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that the Supreme Court has expressly and unambiguously repudiated as insufficient to state a claim under Rule 8.  *See Iqbal*, 556 U.S. at 678.  Accordingly, the Court should dismiss Plaintiff's breach of contract claim.  *Rozsa v. May Davis Grp., Inc.,* 152 F. Supp. 2d 526, 533 (S.D.N.Y. 2001) (failure to adequately plead every element mandates dismissal of breach of contract claim as a matter of law).

## CONCLUSION

For these reasons and the reasons stated in the Scott's Defendants' contemporaneously filed Memorandum of Law in support of their Motion to Dismiss, Home Depot respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety, with prejudice.

Dated:  October 9, 2012                     KING & SPALDING, LLP

                                  By:     */s/ S. Stewart Haskins*
                                          S. Stewart Haskins (*pro hac vice*)
                                          Zachary A. McEntyre (*pro hac vice*)
                                          1180 Peachtree Street, NE
                                          Atlanta, GA  30309-3521
                                          Tel:  (404) 572-4600
                                          Fax: (404) 572-5100

                                          - and -

                                          Christina M. Conroy
                                          1185 Avenue of the Americas
                                          New York, New York  10036-4003
                                          Tel:  (212) 556-2123
                                          Fax: (212) 556-2222

                                          ***Counsel for Home Depot, U.S.A., Inc.***

19