**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Scotts EZ Seed Litigation

Civil Action No. 12-cv-4727 (VB)

# PLAINTIFFS' OPPOSITION TO
# <u>DEFENDANTS' MOTION TO DISMISS</u>

Dated:  November 20, 2012

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
888 Seventh Avenue
New York, NY 10019
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com
          jmarchese@bursor.com

**FARUQI & FARUQI, LLP**
Antonio Vozzolo
Christopher Marlborough
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone:  (212) 983-9330
Facsimile:   (212) 983-9331
Email: avozzolo@faruqilaw.com
        cmarlborough@faruqilaw.com

*Co-Lead Interim Class Counsel*

# TABLE OF CONTENTS

**PAGE(s)**

INTRODUCTION ................................................................................................................ 1

ARGUMENT .................................................................................................................... 3

I.   PLAINTIFFS STATE A CLAIM FOR VIOLATION OF THE
MAGNUSON-MOSS WARRANTY ACT (COUNT I) ...................................... 4

    A.   Defendants Expressly Warrant That EZ Seed Will Grow 50%
Thicker Grass With Half The Water When Compared To Ordinary
Grass Seed In 32 Days ............................................................................ 4

    B.   Defendants' Arguments About Puffery Are Incomplete And
Wrong ..................................................................................................... 7

    C.   The Complaint Also States A Claim Under The MMWA Based On
Scotts' Refusal To Honor The Purported "No-Quibble Guarantee" ...... 11

    D.   The MMWA Applies To Lowe's Because Lowe's Is An Agent Of
Scotts And Also Incorporated Scotts' Representations Into Its Own
Advertising ............................................................................................ 13

II.  PLAINTIFFS STATE A CLAIM AGAINST SCOTTS FOR BREACH
OF THE IMPLIED WARRANTY OF MERCHANTABILITY (COUNTS
VI AND XI) .................................................................................................... 14

III. PLAINTIFFS STATE A CLAIM FOR UNJUST ENRICHMENT
(COUNT VII) .................................................................................................. 17

IV.  LOWE'S ARGUMENT FOR DISMISSAL OF COUNTS VIII & IX IS
CORRECT ....................................................................................................... 17

CONCLUSION ................................................................................................................ 18

## TABLE OF AUTHORITIES

**PAGE(s)**

**CASES**

*AFCM, Inc. v. Elite Global Farming & Logistics, Inc.*,
2012 WL 1309168 (N.D. Cal. Apr. 16, 2012) ............................................................ 17

*Arista Records LLC v. Doe*,
604 F.3d 110 (2d Cir.2010).......................................................................................... 4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................... 3

*Asp v. Toshiba America Consumer Products, LLC*,
616 F. Supp. 2d 721 (S.D. Ohio 2008) ...................................................................... 13

*Autodesk, Inc. v. Dassault Systemes Solidworks Corp.*,
685 F. Supp. 2d 1001 (N.D. Cal. 2009) ..................................................................... 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................... 3

*Bottoni v. Sallie Mae, Inc.*,
C 10-03602 LB, 2011 WL 2293226 (N.D. Cal. June 8, 2011)................................... 16

*Cambridge Engineering, Inc. v. Robertshaw Controls Co.*,
966 F. Supp. 1509 (E.D. Mo. 1997)........................................................................... 13

*Capon v. Monopoly Game* LLC,
193 Cal.App.4th 344 (2011) ...................................................................................... 17

*Castrol Inc. v. Pennzoil Co.*
 987 F.2d 939 (3d Cir. 1993)................................................................................... 8, 10

*Clorox Co. P.R. v. P&G*,
228 F.3d 24 (1st Cir. 2000)........................................................................................ 10

*Dyson, Inc. v. Oreck Corp.*,
No. 07-9633, 2009 U.S. Dist. LEXIS 19097 (E.D. La. Mar. 4, 2009) ...................... 10

*Fieldstone Co. v. Briggs Plumbing Prod., Inc.*,
54 Cal. App. 4th 357 (4th Dist. 1997)....................................................................... 15

*Gerard v. Traffic Safety, LLC*,
 No. 11-CV-8550 (VB), 2012 WL 2866255 (S.D.N.Y. July 2, 2012)........................ 12

*Heredia v. U.S.*,
887 F Supp 77 (S.D.N.Y. 2007).................................................................................. 16

*Hishon v. King*,
467 U.S. 69 (1984)........................................................................................................ 3

*In re Cellphone Fee Termination Cases*,
193 Cal.App.4th 298 (2011) ..................................................................................... 17

*In re Ferrero Litig.*,
794 F. Supp. 2d 1107 (S.D. Cal. 2011) ....................................................................... 9

*In re Simon II Litig.*,
211 F.R.D. 86 (E.D.N.Y. 2002) ................................................................................... 8

*Lipton v. Nature Co.*,
71 F.3d 464 (2d Cir. 1995) ..................................................................................... 7, 8

*Nartron Corp. v. Hamilton/Avnet Elecs. of Arizona, Inc.*,
No. 5:90-CV-60, 1991 U.S. Dist. LEXIS 19238 (W.D. Mich. Nov. 1, 1991) ........... 15

*Paramount Farms v. Venitlex*,
735 F. Supp. 2d 1189 (E.D. Cal. 2010) ..................................................................... 15

*Peterson v. Cellco Partnership*,
164 Cal.App.4th 1583 (2008) .................................................................................... 17

*Peviani v. Natural Balance, Inc.*,
774 F. Supp. 2d 1066 (S.D. Cal. 2011) ....................................................................... 9

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,
227 F.3d 489 (5th Cir. 2000) .................................................................................... 10

*Prairie Prod., Inc. v. Agchem Div.-Pennwalt Corp.*,
514 N.E.2d 1299 (Ind. Ct. App. 1987) ...................................................................... 14

*Ronzani v. Sanofi S.A.*,
899 F.2d 195, 198 (2d Cir. N.Y. 1990) ...................................................................... 18

*Roth v. Jennings*,
489 F.3d 499 (2d Cir. 2007) ...................................................................................... 12

*Sandser v. City of Fresno*,
No. 05-0469 AWI SMS, 2006 U.S. Dist. LEXIS 48582 (E.D. Cal. July 3, 2006) ...... 14

*Seely v. White Motor Co.*,
63 Cal. 2d 9 (1965) ................................................................................................... 15

*Thompson Farms, Inc. v. Corno Feed Prods., Div. of Nat'l Oats Co.*,
173 Ind. App. 682 (Ind. Ct. App. 1977) ................................................................... 16

*Time Warner Cable, Inc. v. Directv, Inc.*,
497 F.3d 144 (2d Cir. 2007) ....................................................................................... 8

*Williams v. Gerber Products Co.*,
523 F.3d 934 (9th Cir. 2008) ...................................................................................... 9

*Wolph v. Acer Am. Corp.*,
No. C 09-01314 JSW, 2009 WL 2969467 (N.D. Cal. Sept. 14, 2009) ....................... 17

**STATUTES**

15 U.S.C. § 2301(4) ................................................................................................ 15

15 U.S.C. § 2301(5) ................................................................................................ 15

15 U.S.C. § 2301(6) ............................................................................................. 4, 7

15 U.S.C. §§ 2301 ..................................................................................................... 1

Cal. Com. Code § 2313 ............................................................................................ 7

N.Y.U.C.C. § 2-313(1)(a)-(b) ................................................................................. 7

**OTHER AUTHORITIES**

*Prosser and Keeton on the Law of Torts* § 109 (5th ed. 1984) ................................. 8

**RULES**

Fed. R. Civ. P. 12(d) ............................................................................................. 12

Fed. R. Civ. P. 15(a) ............................................................................................. 17

Fed. R. Civ. P. 56 .................................................................................................. 12

<u>**INTRODUCTION**</u>

Plaintiffs' complaint asserts twelve claims, including a claim for violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.*, six claims under California law, and five claims under New York law.  All of Plaintiffs' claims are based, in part, on representations on the product packaging that EZ Seed will grow grass "50% THICKER WITH HALF THE WATER."  *See* Complaint ¶ 1 (quoting the front of the package).[1]  Plaintiffs allege that representation is false because EZ Seed suffers from a design defect such that "it does not grow grass."  *Id.* ¶ 1.  Plaintiffs allege EZ Seed's defective design was confirmed by its complete failure to grow grass in scientific tests conducted at the NexGen Turf Research, LLC facilities in Albany, Oregon, and in Plaintiffs' own real-world experience with using the product.  *Id.* ¶¶ 2-3.  According to Plaintiffs:  "EZ seed did not just fail to grow grass '50% THICKER WITH HALF THE WATER,' as promised on the label.  It failed to grow *any* grass."  *Id.* ¶ 2.

Defendants Scotts Miracle-Gro Company, Inc., Scotts Company LLC (collectively, "Scotts"), Lowe's Home Centers, Inc. ("Lowe's"), and Home Depot U.S.A., Inc. ("Home Depot"), have moved to dismiss, with Scotts and Lowe's submitting a joint brief (Doc. 27) and Home Depot submitting a separate brief (Doc. 29).  The Scotts/Lowe's brief incorporates certain of Home Depot's arguments, but only with respect to claims against Lowe's.  *See* Scotts/Lowe's Br. at 15 n.17 (incorporating Home Depot's arguments for dismissal of Counts II-VI, and X-XI only "as to Lowe's").  Defendants' briefs present a confusing patchwork of arguments.  We have tried to identify which of Defendants' arguments apply to the 12 counts of the Complaint in the following table:

---

[1] The operative pleading is Plaintiffs' Consolidated Class Action Complaint, filed August 9, 2012.  It is referenced herein as "Complaint."

| Plfs' Claims | | Scotts | Lowe's | Home Depot |
|---|---|---|---|---|
| I | MMWA | Scotts/Lowe's Br. Part II (Doc. 27) | Scotts/Lowe's Br. Part II (Doc. 27) | Home Depot Br. Part IV.C (Doc. 29) |
| II | CA CLRA | **No argument** | Incorporates Home Depot's arguments. *See* Scotts/Lowe's Br. at 15 n.17 (Doc. 27) | Home Depot Br. Part II.B (Doc. 29) |
| III | CA UCL | **No argument** | Same as above | Home Depot Br. Part II.B (Doc. 29) |
| IV | CA FAL | **No argument** | Same as above | Home Depot Br. Part II.B (Doc. 29) |
| V | CA Express Warranty | **No argument** | Same as above | Home Depot Br. Part IV.A (Doc. 29) |
| VI | CA Implied Warranty Of Merchantability | Scotts/Lowe's Br. Part III.B (Doc. 27) | Same as above | Home Depot Br. Part IV.B (Doc. 29) |
| VII | CA Unjust Enrichment | Scotts/Lowe's Br. Part III.C (Doc. 27) | Scotts/Lowe's Br. Part III.C (Doc. 27) | Home Depot Br. Part V (Doc. 29) |
| VIII | NY GBL § 349 | **No argument** | Scotts/Lowe's Br. Part III.D (Doc. 27) | Home Depot Br. Part III (Doc. 29) |
| IX | NY GBL § 350 | **No argument** | Scotts/Lowe's Br. Part III.D (Doc. 27) | Home Depot Br. Part III (Doc. 29) |
| X | NY Express Warranty | **No argument** | Incorporates Home Depot's arguments. *See* Scotts/Lowe's Br. at 15 n.17 (Doc. 27) | Home Depot Br. Part IV.A (Doc. 29) |
| XI | NY Implied Warranty Of Merchantability | Scotts/Lowe's Br. Part III.B (Doc. 27) | Same as above | Home Depot Br. Part IV.B (Doc. 29) |
| XII | NY Breach of Contract / Common Law Warranty | **No argument** | **No argument** | Home Depot Br. Part VI (Doc. 29) |

The manner in which Defendants have chosen to present their arguments is somewhat confusing.  But one thing that is perfectly clear is that they do not seek the complete dismissal of this action.  Scotts makes no argument for the dismissal of Counts II through V, VIII through X, or XII.  And Lowe's makes no argument for the dismissal of Count XII.

This memorandum responds to the arguments in the Scotts/Lowe's brief (Doc. 27), which is referenced herein as "Scotts/Lowe's Br."  Plaintiffs' arguments responding to the Home Depot brief (Doc. 29) are addressed in a separate memorandum filed contemporaneously herewith.

## ARGUMENT

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  *Hishon v. King,* 467 U.S. 69, 73 (1984).  The claims must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  A pleader is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the co-defendant is liable for the alleged conduct.  *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

To determine which allegations it may consider, the Court first identifies conclusory pleadings that are not entitled to the assumption of truth.  *Ashcroft v. Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555).

Once it has identified well-pleaded factual allegations, the Court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. at 679.  The Supreme Court has defined plausibility as follows

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 556–57).  Dismissal is not appropriate when the relevant facts are solely within the possession and control of the defendants, and the

plaintiffs' allegations are made "upon information and belief."  *Arista Records LLC v. Doe,* 604

F.3d 110, 120 (2d Cir. 2010).

**I.    PLAINTIFFS STATE A CLAIM FOR VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT (COUNT I)**

> **A.    Defendants Expressly Warrant That EZ Seed Will Grow 50% Thicker Grass With Half The Water When Compared To Ordinary Grass Seed In 32 Days**

Defendants argue the Complaint fails to state a claim under the MMWA because it

"point[s] to no written warranty or 'written affirmation' that 'affirms or promises' a product 'is

defect free or will meet a specified level of performance over a specified period of time.'"

Scotts/Lowe's Br. at 8, citing 15 U.S.C. § 2301(6).  Defendants frame this argument by ignoring

the central allegations of the Complaint and the large boldface type on the front of their

packaging representing that EZ Seed will grow grass "50% THICKER WITH HALF THE

WATER."  *See* Complaint ¶ 1 (quoting the front of the package).  That statement promises a

specific level of performance – that EZ Seed will grow 50% thicker grass with half the water

when compared to ordinary grass seed.  *Id.* ¶ 115.  Directly beneath this statement, EZ Seed's

packaging depicts two side-by-side photographs comparing grass growth using EZ Seed versus

ordinary grass seed  "32 days after planting."



*Id.* ¶ 42; *see also id.* ¶ 36 (referencing the 32-day period of the Half Water Study).  Scotts further establishes a specified timeline for EZ Seed's performance in an instructional video on its website, where Scotts uses three pictorial comparisons of grass growth using EZ Seed versus ordinary seed after 7 days, 14 days and 21 days from seeding.





*Id.* ¶ 61.[2]  *See also id.* ¶ 52 (EZ seed commercial showing grass growth over 21-day period).

When viewed together, Defendants' representations unmistakably promise that EZ Seed will

outperform ordinary grass seed with only half the water throughout a 32-day period from

seeding.

   Remarkably, the section of Defendants' brief discussing the MMWA claim makes no

mention of the "50% THICKER WITH HALF THE WATER" guarantee, or the 32-day timeline,

despite the fact that this statement appears in large bold type in all caps on the front of the

_____

[2] Defendants' representations about EZ Seed's superior growth compared to ordinary grass seed
during a 32-day seeding period apply to all of their false Express Warranties, thereby satisfying
any timing requirement under the MMWA for each of defendants' misrepresentations.

package.  It is also quoted repeatedly throughout Plaintiffs' Complaint.  *See* Complaint ¶¶ 1, 2, 3, 28, 31, 40, 42, 45, 115.

Even more remarkably, after failing to address these allegations in the context of the MMWA claim, and indeed throughout the entire body of their brief, Defendants include a footnote in their conclusion stating:

> "To be clear, Defendants stand by this claim that EZ Seed grows '50% thicker grass with half the water' and intend to prove its veracity on the merits, but recognize that under Rule 12(b)(6), the Court may not be able to dismiss some claims brought under that theory of liability at this stage."

Scotts/Lowe's Br. at 15 n.18.  That concession negates almost all of the arguments that precede it.  For purposes of the MMWA claim in Count I, the statements on EZ Seed's packaging and marketing materials that EZ Seed will grow grass "50% THICKER WITH HALF THE WATER" in 32 days constitutes a "written affirmation of fact or written promise" that EZ Seed "will meet a specified level of performance over a specified period of time."  15 U.S.C. § 2301(6).[3]

## B.    Defendants' Arguments About Puffery Are Incomplete And Wrong

Defendants begin their argument with a 4-page discussion of "puffery" that selectively quotes short sentence fragments from the Complaint, but carefully avoids any discussion of the express warranty that EZ Seed will grow "50% THICKER WITH HALF THE WATER" in 32 days.  By ignoring that statement, Defendants' discussion of puffery completely misses the mark.

There are two main varieties of puffery.  The first form of puffery is defined as "[s]ubjective claims about products, which cannot be proven either true or false," and are "so vague that [they] can be understood as nothing more than … mere expression[s] of opinion." *Lipton v. Nature Co.,* 71 F.3d 464, 474 (2d Cir. 1995).  The second form of puffery is defined as

---

[3] These same statements also constitute express warranties under the law of California and New York.  *See* Cal. Com. Code § 2313 (providing that an express warranty can be created by "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain," or "[a]ny description of the goods which is made part of the basis of the bargain"); N.Y.U.C.C. § 2-313(1)(a)-(b) (same).  The representations that EZ Seed will grow "50% THICKER WITH HALF THE WATER" in 32 days, Complaint ¶¶ 1, 42, which Plaintiffs allege they relied on in purchasing EZ Seed, *id.* ¶¶ 70, 75, 80, 85, 90, 94, meet these criteria.

"an exaggerated, blustering, and boasting statement upon which no reasonable buyer would be justified in relying." *Time Warner Cable, Inc. v. Directv, Inc.*, 497 F.3d 144, 160 (2d Cir. 2007) (internal citations omitted).   Neither description fits the claims in this case.

Statements are not considered puffery if they are "specific and measurable," *Castrol Inc. v. Pennzoil Co.,* 987 F.2d 939, 945 (3d Cir. 1993) (citing W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 109, at 756-57 (5th ed. 1984)), or if "a reasonable buyer would be justified in relying on [them] in navigating the marketplace." *Time Warner Cable*, 497 F.3d at 161.  The representation the EZ Seed will grow "50% THICKER WITH HALF THE WATER" in 32 days is both specific and measurable.  Indeed, it is so specific and measurable that it has been definitively proven false through scientific testing.  "In studies conducted at the NexGen Turf Research, LLC facilities in Albany, Oregon, EZ Seed failed to grow any grass at all.  EZ seed did not just fail to grow grass "50% THICKER WITH HALF THE WATER," as promised on the label.  It failed to grow *any* grass."  Complaint ¶ 2; *see also* Complaint ¶¶ 30-39 (describing NexGen's Half Water Study).  Each of the named Plaintiffs saw the same results: "In NexGen's four scientific tests at half water, and in the real-world experiences of each of the seven Plaintiffs, the results were always the same: zero grass growth."  *Id.* ¶ 3.  Thus, "50% THICKER WITH HALF THE WATER" is a positive assertion by the Defendants that is specific and measurable, and which has already been proven false through scientific testing.  This cannot be described as "mere puffery."  *See, e.g.*, *Lipton*, 71 F.3d at 474 (defining puffery as "claims about products[] which cannot be proven either true or false"); *In re Simon II Litig.*, 211 F.R.D. 86, 140 (E.D.N.Y. 2002) ("If [a] defendant's misrepresentation comes in the form of a positive assertion, then it is likely that defendant will be responsible if it happens to be false."), *vacated on other grounds*, 407 F.3d 125 (2d Cir. 2005).

Defendants' attempt to characterize other related representations as puffery, including statements that EZ Seed is "premium quality," "WaterSmart," "drought tolerant," "Makes the most of every drop," "Grows in Tough Conditions" and "Grows Anywhere."  Defs. Br. at 4.  But each of these representations relates to the specific and measurable statement concerning EZ Seed's purported ability to grow grass "50% THICKER WITH HALF THE WATER."  So,

8

while the phrase "WaterSmart," in isolation, may be too vague to be anything other than puffery, in the context of EZ Seed's packaging it is given very precise meaning. *See, e.g.*, *Williams v. Gerber Products Co.,* 523 F.3d 934, 939 n.3 (9th Cir. 2008) ( "Given the context of this statement, we decline to give Gerber the benefit of the doubt by dismissing the statement as puffery."); *Lima*, 710 F. Supp. 2d at 1007 (declining to consider statements in isolation where "they contribute to the deceptive context of the advertising as a whole"); *see also Peviani v. Natural Balance, Inc.,* 774 F. Supp. 2d 1066, 1072 (S.D. Cal. 2011) (denying defendant's motion to dismiss UCL, FAL, and CLRA claims because statements including "Cobra Sexual Energy," "aphrodisiac plants to enhance…sexual energy," and "[s]cientifically blending select, high-quality herbs" were "specific rather than generalized or vague" when taken in context of the packaging, and therefore could not be considered puffery)(internal quotations omitted); *In re Ferrero Litig.,* 794 F. Supp. 2d 1107, 1116 (S.D. Cal. 2011) (denying defendant's motion to dismiss UCL, FAL, and CLRA claims because statements that Nutella spread was "healthy" and "beneficial to children," even if considered puffery on their own, "contributed to deceptive context of the packaging as a whole.").

Here, Plaintiffs' allegations focus on misrepresentations that all relate to EZ Seeds' purported ability to grow grass in difficult, dry conditions:

- EZ Seed "Grows Anywhere!  Guaranteed!" (*e.g.*, Complaint ¶¶ 3, 41, 53, 55, 60, 63, 115);

- EZ Seed "grow[s] thick, beautiful grass ANYWHERE!", including "Dry, sunny areas!", "Dense shade!", and "Even . . . on pavement!" (importantly, the product package labeling also includes images showing pictorial examples of each of these growing environments immediately above the written verbal representations) (*Id.* ¶¶ 41, 59, 115);

- EZ Seed "thrive[s] in virtually every condition -- harsh sun, dense shade, and even spreads to repair wear and tear. *The result -- thicker, beautiful, long lasting grass!*" (*Id.* ¶¶ 41, 115);

- EZ Seed is "drought tolerant." (*Id.* ¶ 63); and

- EZ Seed "guarantees seeding success, even in the toughest places" and "Grows in Tough Conditions!  Guaranteed!" (*Id.* ¶¶ 41, 63, 115).

These verbal and pictorial representations make specific and verifiable promises of performance, on which reasonable consumers are justified in relying (and on which Plaintiffs did

rely). *Id.* ¶¶ 70, 75, 80, 85, 90, 94.  Defendants not only promise that EZ Seed grows anywhere, but they identify specific environments (*e.g.*, "Dry, sunny areas!") and weather conditions (*e.g.*, "drought") in which EZ Seed will grow.  Defendants also illustrate to consumers the guaranteed tough conditions where EZ Seed purportedly grows by adding pictures of those conditions to the product label.  And Defendants specify the level of performance to consumers during a defined 32-day timeline using comparative images on the product packaging and on their websites.  *Id.* ¶¶ 42, 61.  The Complaint further alleges that EZ Seed did not grow on Plaintiffs' lawns, which include "dry, sunny areas" and "dense shade."  *Id.* ¶¶ 70, 72, 73, 80, 82.

It makes no sense to divorce these statements from the "50% THICKER WITH HALF THE WATER" warranty, look at each only in isolation, and call it mere puffery.  That is like zooming in and saying a brick is not a wall, or a tree is not a forest.  The law does not take such a myopic view.  Each of these statements contributes to the fundamental selling point that EZ Seed will grow in dry, difficult conditions.  And each Plaintiff alleges that he or she relied on that fundamental selling point.  *See* Complaint ¶¶ 70, 75, 80, 85, 90, 94.  Unfortunately, as NexGen's Half Water Study demonstrates, that selling point was false.  *Id.* ¶¶ 30-39.  Numerous cases hold that statements like these must be considered in context.  *See Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 501-02 (5th Cir. 2000) (holding that a particular advertising statement must be considered within the context of the whole advertisement, rendering even general statements such as Papa John's slogan "Better Ingredients. Better Pizza" actionable statements of fact); *see also Dyson, Inc. v. Oreck Corp.*, No. 07-9633, 2009 U.S. Dist. LEXIS 19097, *20-*21 (E.D. La. Mar. 4, 2009) ("[W]hile the word 'bulky' may be puffery standing alone ... [i]n context, the claim is that the Dyson, in contrast to the slimmer Oreck, is too large (*i.e.*, bulky) to clean under furniture of a certain height."); *Clorox Co. P.R. v. P&G*, 228 F.3d 24, 38-39 (1st Cir. 2000) (a campaign tag line "Whiter is not possible" must be looked at in context and is not puffing); *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 945-46 (3d Cir. 1993) (despite not mentioning its competitors, Pennzoil's claim of "better engine protection" was not puffery because it involves "more than a mere generality" and "left the consumer with the obvious conclusion that Pennzoil is superior to the other leading brands in protection against engine problems"); *Autodesk, Inc. v.*

10

*Dassault Systemes Solidworks Corp.*, 685 F. Supp. 2d 1001, 1017-18 (N.D. Cal. 2009) (while subjective and not measurable in isolation, when viewed in context the statement that defendant's computer program can "work easily" with any version of software is not puffery).

### C.  The Complaint Also States A Claim Under The MMWA Based On Scotts' Refusal To Honor The Purported "No-Quibble Guarantee"

Plaintiffs allege that Scotts refuses to honor its "No-Quibble Guarantee," which promises a full cash refund "[i]f for any reason you, the consumer, are not satisfied after using this product."  Complaint ¶¶ 4, 66-67.  Plaintiff Eskinazi alleges that she "sought a money-back refund for the four EZ Seed canisters she had purchased pursuant to the Scotts No-Quibble Guarantee."  *Id.* ¶ 88.  However, "Scotts refused to honor the No-Quibble Guarantee for two canisters of EZ Seed."  *Id.*  These allegations establish that (i) Scotts offers a purportedly uncapped "no-quibble" refund policy, but (ii) it refused to refund the total cost of Plaintiff Eskinazi's purchases.  *Id.* ¶¶ 4, 88.

"Scotts concedes that its No Quibble Guarantee may constitute a warranty under Magnuson-Moss," Scotts/Lowe's Br. at 8, but disputes, as a factual matter, whether Plaintiff Eskinazi complied with the guarantee by "submit[ing] a proof of purchase."  Scotts/Lowe's Br. at 9-10.  Defendants' argument on this point is not one of law.  It is a factual dispute that cannot be resolved on a Rule 12 motion to dismiss.  This is best illustrated by Scotts' submission of factual evidence that goes well beyond the pleadings.  Defendants submitted the Declaration of Lisa Taubler, who purports to be a Manager of Consumer Affairs at Scotts, which states that Ms. Eskinazi did not submit a proof of purchase, and includes an exhibit of a check made out to Ms. Eskinazi for an apparently partial refund.  *See* Regan Decl. Exh. 2 ("Taubler Decl.").  But it is well established that evidence outside the pleadings cannot be considered on a Rule 12 motion, except in very narrow circumstances, none of which apply here.  When adjudicating a motion to dismiss, the Court "is normally required to look only on the allegations of the face of the

Complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).  The treatment of new

materials is governed by Fed. R. Civ. P. 12(d).  *See Gerard v. Traffic Safety, LLC*, No. 11-CV-

8550 (VB), 2012 WL 2866255, at *2 (S.D.N.Y. July 2, 2012).  "Pursuant to Rule 12(d), the

Court must determine whether the newly presented documents are (1) part of the pleadings such

that the Court may consider them as part of the instant motion; (2) not part of the pleadings such

that the documents should be excluded in deciding this motion to dismiss; or (3) not part of the

pleadings but should be considered by converting the instant motion to dismiss to one for

summary judgment."  *Id.* (omitting citation).

> The Court may consider new documents as part of the pleadings if they either are "(1)

attached to the Complaint; (2) incorporated into the Complaint by reference; or (3) integral to the

Complaint."  *Id.* (omitting citation).  The Taubler Declaration meets none of these criteria.

Furthermore, there is no reason to convert Defendants' motion into a summary judgment motion,

which would be particularly unfair since plaintiffs have not had any opportunity to conduct

discovery.  *See Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774,

779 (2d Cir. 1984) ("If [a] court considers matters outside of the complaint, it must treat the

motion as one for summary judgment and proceed under Fed. R. Civ. P. 56, giving the party

opposing the motion notice, an opportunity to submit pertinent material and, if need be, conduct

discovery.").

> In any event, the Plaintiffs do allege that Eskinazi complied with the plain terms of the

No-Quibble Guarantee.  *See* Complaint ¶ 88 ("[P]laintiff Eskinazi sought a money-back refund

for the four EZ Seed canisters she had purchased pursuant to the Scotts No-Quibble Guarantee.

However, Scotts refused to honor the No-Quibble Guarantee for two containers of the EZ

Seed.")  *Id.* ¶ 88.  These allegations are adequate to meet the notice pleading standards of Rule 8

– no magic words or phrases concerning the submission of proofs of purchase are required.

Defendants' reliance on *Asp v. Toshiba America Consumer Products, LLC*, 616 F. Supp. 2d 721, 731 (S.D. Ohio 2008) (dismissing a warranty claim under "a very limited warranty," which required consumers to send their DVRs to Toshiba for repair or replacement); *Cambridge Engineering, Inc. v. Robertshaw Controls Co.*, 966 F. Supp. 1509, 1524-25 (E.D. Mo. 1997) (dismissing a warranty claim where the warranty requires the purchaser to return specialized control equipment in order to receive a refund) is misplaced.  Both of those cases involved warranties that required the purchaser to return expensive electronics equipment.  This case involves relatively inexpensive grass seed, which cannot be returned because it is consumed when used.  The *Cambridge* decision is also procedurally inapposite because it was handed down after a non-jury trial, and it concerns issues of factual proof which cannot be addressed on a motion to dismiss.  *See id.*

Defendants also argue that Plaintiff Eskinazi's allegations "fail[] for lack of plausibility" and are "inexplicable," because the complaint does not allege peripheral details concerning Ms. Eskinazi's request for a full refund.  Scotts/Lowe's Br. at 10-11.  But there is nothing implausible about requesting a full refund and receiving something less.

> **D.** **The MMWA Applies To Lowe's Because Lowe's Is An Agent Of Scotts And Also Incorporated Scotts' Representations Into Its Own Advertising**

Defendants argue that Plaintiffs' MMWA claim must be dismissed as to Lowe's because it did not "actually mak[e]" any written warranty and is thus not a "warrantor."  Scotts/Lowe's Br. at 11.  That argument is incorrect.

Plaintiffs allege Lowe's knowingly and "affirmatively participated in and/or adopted the false and misleading advertising and marketing claims about Scotts EZ Seed," "display[ed] EZ Seed and its false packaging claims on [its] stores shelves and websites," "utiliz[ed] false and misleading in-store EZ Seed product advertisements, displays and/or exhibits," and "review[ed]

and approv[ed] false and misleading advertising materials… that bore [Lowe's and the retailers']

names, logos and/or trademarks."  Complaint ¶¶ 22, 46, 63, 64.  By doing so, Lowe's made the

same warranty representations for which Scotts was also responsible.  Plaintiffs also allege that

in doing these acts, Lowe's was acting as the agent of Scotts.  *Id.* ¶ 21.  These allegations

expressly plead, or at least raise an inference, that Lowes could be found liable on the warranty

claims as a supplier or warrantor.  *See* Complaint ¶ 114 ("Defendants are suppliers and

warrantors as defined in 15 U.S.C. § 2301(4) and (5)."); 15 U.S.C. § 2301(4) ("The term

'supplier' means any person engaged in the business of making a consumer product directly or

indirectly available to consumers."); 15 U.S.C. § 2301(5) ("The term 'warrantor' means any

supplier or other person who gives or offers to give a written warranty or who is or may be

obligated under an implied warranty.").

## II.  PLAINTIFFS STATE A CLAIM AGAINST SCOTTS FOR BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY (COUNTS VI AND XI)

Scotts contends that Plaintiffs' claims for breach of the implied warranty of

merchantability must be dismissed as to Scotts due to lack of privity.  Scotts/Lowe's Br. at 13.

Stated otherwise, Defendants' argument is that Plaintiffs have no claim against Scotts because

they purchased EZ Seed from *retailers*, not Scotts directly.  *Id.*  This is wrong.  Plaintiffs'

allegations satisfy two well-settled exemptions to the privity requirement.

First, privity is not a required element where plaintiffs "relied on the manufacturer's

written representations in labels or advertising materials."  *See, e.g., Sandser v. City of Fresno*,

No. 05-0469 AWI SMS, 2006 U.S. Dist. LEXIS 48582, at *62 (E.D. Cal. July 3, 2006) ("There

are exceptions to the privity requirement, such as: … reliance on the manufacturer's written

representations in labels or advertising materials .…"); *Prairie Prod., Inc. v. Agchem Div.-*

*Pennwalt Corp.*, 514 N.E.2d 1299, 1302-03 (Ind. Ct. App. 1987) (reversing summary judgment

grant on purchasers' express warranty claim despite absence of privity); *Paramount Farms v.*

*Venitlex*, 735 F. Supp. 2d 1189, 1215-16 (E.D. Cal. 2010) ("Privity is generally not required for liability on an express warranty because it is deemed fair to impose responsibility on one who makes affirmative claims as to the merits of the product, upon which the remote consumer presumably relies."); *Fieldstone Co. v. Briggs Plumbing Prod., Inc.*, 54 Cal. App. 4th 357, 369 n. 10 (4th Dist. 1997) ("[T]here is an exception where plaintiff's decision to purchase the product was made in reliance on the manufacturers' written representations in labels or advertising materials.") (*citing Seely v. White Motor Co.*, 63 Cal. 2d 9, 14 (1965)).

Here, plaintiffs allege that the Misrepresentations appear on EZ Seed's label and other advertising materials, including, for example, on Lowe's in-store displays.  Complaint ¶¶ 40-43.  Plaintiffs also allege they relied on defendants' Misrepresentations.  *Id.*  ¶¶ 70, 75, 80, 85, 90, 94, 99.  Plaintiffs also allege that Lowe's knowingly and "affirmatively participated in and/or adopted the false and misleading advertising and marketing claims about Scotts EZ Seed," "display[ed] EZ Seed and its false packaging claims on [its] stores shelves and websites," "utiliz[ed] false and misleading in-store EZ Seed product advertisements, displays and/or exhibits," and "review[ed] and approv[ed] false and misleading advertising materials… that bore [Lowe's and the retailers'] names, logos and/or trademarks."  *Id.* ¶¶ 22, 46, 63, 64.  By doing so, Lowe's adopted the representations that appear on EZ Seed's packaging and incorporated them into its own advertising.

Second, privity is satisfied where a consumer purchases a product from an agent of the manufacturer.  *See, e.g., Paramount Farms, Inc. v. Ventilex B.V.*, 735 F. Supp. 2d 1189, 1217-18 (E.D. Cal. 2010) ("The record raises factual issues as to vertical privity to prevent summary judgment … on the breach of implied warranty claims."); *Nartron Corp. v. Hamilton/Avnet Elecs. of Arizona, Inc.*, No. 5:90-CV-60, 1991 U.S. Dist. LEXIS 19238 (W.D. Mich. Nov. 1, 1991) ("If Avnet were acting as ITT's agent in connection with the sale of the diodes, then

privity of contract would exist between ITT and plaintiff.  The resolution of whether an agency relationship exists is a *question of fact that should be resolved by the jury*.") (emphasis added); *Thompson Farms, Inc. v. Corno Feed Prods., Div. of Nat'l Oats Co.*, 173 Ind. App. 682, 711 (Ind. Ct. App. 1977) ("Corno was the seller of the hog houses to Thompson Farms, through its agent Triple T").

Here, Plaintiffs allege that Lowe's and Scotts "acted in concert … with the knowledge and approval of and/or as the agent of each other."  Complaint ¶ 21.  Plaintiffs also allege that Lowe's "also engage[s] in and adopt[s] false and misleading advertising claims about EZ Seed." *Id.* ¶ 63.  Plaintiffs also allege that plaintiff Browne purchased EZ Seed from a Lowe's store in California.  *Id.* ¶ 74.  If there is any question whether Lowe's was an agent of Scotts, whether an agency relationship exists under California or New York law is a question of fact that cannot be resolved on a motion to dismiss.  *See, e.g.*, *Heredia v. U.S.,* 887 F. Supp. 77, 80 (S.D.N.Y. 2007) (denying defendant's motion to dismiss, stating "New York courts have held that here the circumstances alleged in the pleading raise the possibility of a principal-agent relationship ... questions as to the existence and scope of the agency are issues of fact and are not properly the basis of a motion to dismiss.") (internal citations and quotations omitted); *Slotkin v Citizens Cas. Co. of New York,* 614 F. 2d 301, 317 (2d Cir 1979) (reversing lower court's dismissal of complaint, stating "We agree with plaintiffs that their burden of proof to avoid dismissal of the complaint was not to prove the agency but merely to adduce sufficient evidence to take the issue to the jury."); *Bottoni v. Sallie Mae, Inc.,* C 10-03602 LB, 2011 WL 2293226 at *6 (N.D. Cal. June 8, 2011) (denying defendant's motion to dismiss, stating "an agency relationship generally is a question of fact").

## III.    PLAINTIFFS STATE A CLAIM FOR UNJUST ENRICHMENT (COUNT VII)

Defendants contend that "California has no cause of action for unjust enrichment." Scotts/Lowe's Br. at 14.  But Defendants' brief misstates the law on this point.  "California courts are split as to whether there is an independent cause of action for unjust enrichment." *AFCM, Inc. v. Elite Global Farming & Logistics, Inc.*, 2012 WL 1309168, at *6 (N.D. Cal. Apr. 16, 2012).  A small minority of courts have held that unjust enrichment is not an independent cause of action, including *Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2009 WL 2969467, at *5 (N.D. Cal. Sept. 14, 2009), which Defendants cite at page 14 of their brief.  But as *AFCM, Inc.* shows, *Wolph* is not even followed within the Northern District of California.  *See AFCM, Inc.*, 2012 WL 1309168, at *6 (denying motion to dismiss claim for unjust enrichment under California law).  Most California courts, including the more recent decisions from the courts of appeals, have recognized unjust enrichment as an independent cause of action.  *See, e.g.*, *Capon v. Monopoly Game* LLC, 193 Cal.App.4[th] 344, 350 (2011) (upholding trial court's ruling in favor of plaintiff on "unjust enrichment claim"); *In re Cellphone Fee Termination Cases*, 193 Cal.App.4[th] 298, 308 (2011) (affirming trial court ruling that "Plaintiffs had prevailed on their claims for … unjust enrichment"); *Peterson v. Cellco Partnership*, 164 Cal.App.4[th] 1583, 1593 (2008) ("The elements of an unjust enrichment claim are the receipt of a benefit and the unjust retention of the benefit at the expense of another.") (internal quotation marks omitted).  Given this split of authority, and the fact that plaintiffs have adequately pleaded the elements of an unjust enrichment claim under *Peterson*, this claim should not be dismissed.

## IV.    LOWE'S ARGUMENT FOR DISMISSAL OF COUNTS VIII & IX IS CORRECT

Lowes contends that Counts VIII and IX, asserting claims under New York GBL §§ 349 & 350, should be dismissed because none of the plaintiffs purchased EZ Seed from a Lowe's store in New York.   Scotts/Lowe's Br. at 14.  That argument is correct.  Plaintiffs concede this point and hereby withdraw Counts VIII and IX as to Lowe's only.

17

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court deny

Scotts/Lowe's motion to dismiss, except for Counts VIII and IX as to Lowe's.

Should the Court find dismissal of any other claims warranted, Plaintiffs seek leave to

amend the Complaint.  "Fed. R. Civ. P. 15(a) requires that leave to amend shall be freely given

when justice so requires."  *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (internal

quotations and alterations omitted).

Dated:  November 20, 2012                          Respectfully submitted,


                                                   By:      */s/ Joseph I. Marchese*
                                                            Joseph I. Marchese

                                                   **BURSOR & FISHER, P.A.**
                                                   Scott A. Bursor
                                                   Joseph I. Marchese
                                                   888 Seventh Avenue
                                                   New York, NY 10019
                                                   Telephone: (212) 989-9113
                                                   Facsimile:  (212) 989-9163
                                                   E-Mail:  scott@bursor.com
                                                            jmarchese@bursor.com

                                                   **FARUQI & FARUQI, LLP**
                                                   Antonio Vozzolo
                                                   Christopher Marlborough
                                                   369 Lexington Avenue, 10th Floor
                                                   New York, New York 10017
                                                   Telephone: (212) 983-9330
                                                   Facsimile:  (212) 983-9331
                                                   Email: avozzolo@faruqilaw.com
                                                            cmarlborough@faruqilaw.com

                                                   *Co-Lead Interim Class Counsel*

18