**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Scotts EZ Seed Litigation | Civil Action No. 12-cv-4727 (VB) |

**PLAINTIFFS' OPPOSITION TO**
**HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS**

Dated: November 20, 2012

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com
jmarchese@bursor.com

**FARUQI & FARUQI, LLP**
Antonio Vozzolo (AV-8773)
Christopher Marlborough (CM-6107)
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: avozzolo@faruqilaw.com
cmarlborough@faruqilaw.com

*Co-Lead Interim Class Counsel*

## TABLE OF CONTENTS


INTRODUCTION ..... 1

ARGUMENT ..... 2

I. APPLICABLE LEGAL STANDARDS ..... 2

A. The Rule 12(b)(6) Legal Standard And The Notice Pleading Standard ..... 2

B. The Heightened Pleading Standard Of Fed. R. Civ. P. 9(b) ..... 3

II. PLAINTIFFS' CLAIMS UNDER THE CLRA, UCL, AND FAL ARE SUFFICIENTLY ALLEGED ..... 4

A. The Complaint Asserts That Home Depot Made False And Misleading Statements To Consumers Concerning EZ Seed ..... 4

B. Home Depot Is Strictly Liable For Its Statements ..... 4

C. Home Depot Directly Participated In The False And Misleading Marketing Of EZ Seed ..... 8

D. Plaintiffs Plead Their Claims With Requisite Specificity ..... 10

E. Home Depot Received Presuit Notice Of Plaintiffs' Claims ..... 12

III. PLAINTIFFS' CLAIMS UNDER THE NEW YORK GENERAL BUSINESS LAW ARE SUFFICIENTLY ALLEGED ..... 14

IV. PLAINTIFFS SUFFICIENTLY ALLEGE CLAIMS FOR BREACH OF WARRANTY ..... 15

A. Plaintiffs State Claims For Breach Of Express Warranty Under New York And California Law ..... 15

B. Plaintiffs State Claims For Breach Of Implied Warranty Under New York And California Law ..... 18

C. Plaintiffs State A Claim Under The MMWA ..... 19

V. PLAINTIFFS SUFFICIENTLY ALLEGE A CLAIM FOR UNJUST ENRICHMENT UNDER CALIFORNIA LAW ..... 21

VI. DISMISSAL OF PLAINTIFFS' COMMON LAW ALTERNATIVES IS UNWARRANTED AT THE PLEADING STAGE ..... 22

VII. LEAVE TO AMEND ........................................................................................... 22

CONCLUSION........................................................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allen v. Hylands, Inc.*,
2012 U.S. Dist. LEXIS 61606 (C.D. Cal. May 2, 2012) ....................19

*Antel Oldsmobile-Cadillac, Inc. v. Sirus Leasing Co.*,
475 N.Y.S.2d 944 (N.Y. App. Div. 1984) ....................21

*Arcand v. Brother Int'l Corp.*,
673 F. Supp. 2d 282 (D.N.J. 2009) ....................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4

*Baba v. Hewlett-Packard Co.*,
No. C 09-05946, 2010 U.S. Dist. LEXIS 59747 (N.D. Cal. June 16, 2010) ....................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................3

*Borchardt v. Mako Marine Int'l, Inc.*,
No. 08-61199-CIV-MARRA, 2011 U.S. Dist. LEXIS 55150 (S.D. Fla. May 23, 2011)........24

*Boyd v. Homes of Legend, Inc.*,
981 F. Supp. 1423 (M.D. Ala. 1997) ....................24

*Capon v. Monopoly Game LLC*,
193 Cal.App.4th 344 (2011) ....................25

*Donahue v. Ferolito, Vultaggio & Sons*,
786 N.Y.S.2d 153 (1st Dep't 2004) ....................22

*Edmunson v. Procter & Gamble Co*,
2011 U.S. Dist. LEXIS 53221 (S.D. Cal. May 17, 2011)....................20

*High v. Choice Mfg. Co.*,
Case No. C-11-5478 EMC, 2012 U.S. Dist. LEXIS 103161 (N.D. Cal. July 24, 2012).........25

*In re Apple In-App Purchase Litig.*,
855 F. Supp. 2d 1030 (N.D. Cal. Mar. 31, 2012) ....................16

*In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*,
701 F. Supp. 2d 356 (E.D.N.Y. 2010) .................... passim

*In re Cellphone Fee Termination Cases*,
193 Cal.App.4th 298 (2011) ....................25

*In re Jamster Mktg. Litig.*,
No. 05CV0819, 2009 U.S. Dist. LEXIS 43592 (S.D. Cal. May 22, 2009) ........................12, 13

*In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Prods. Liab. Litig.*,
2011 U.S. Dist. LEXIS 110206 (C.D. Cal. Sept. 12, 2011)..................................................25

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*,
754 F. Supp. 2d 1145 (C.D. Cal. 2010) ..................................................................................25

*Kowalsky v. Hewlett-Packard Co.*,
Case No. 10-CV-02176-LHK, 2011 U.S. Dist. LEXIS 89379 (N.D. Cal. Aug. 10, 2011) ...................................................................................................................8, 9

*Luce v. Edelstein*,
802 F.2d 49 (2d Cir. 1986)......................................................................................................26

*Maurillo v. Park Slope U-Haul*,
606 N.Y.S.2d 243 (N.Y. App. Div. 1993) .............................................................................21

*McDonnell Douglas Corp. v. Thiokol Corp.*,
124 F.3d 1173 (9th Cir. 1997) ................................................................................................23

*Monaco v. Bear Stearns Cos.*,
Case No. CV 09-05438 SJO, 2011 U.S. Dist. LEXIS 105471 (C.D. Cal. Sept. 12, 2011) .....................................................................................................................10

*Oliver Schools, Inc. v. Foley*,
930 F.2d 248 (2d Cir. 1991)....................................................................................................26

*Oscar v. BMW of N. Am.*,
274 F.R.D. 498 (S.D.N.Y. 2011) ............................................................................................21

*Pelman ex rel. Pelman v. McDonald's Corp.*,
396 F.3d 508 (2d Cir. 2005)....................................................................................................18

*Ramirez v. STi Prepaid LLC*,
644 F. Supp. 2d 496 (D.N.J. 2009) ..........................................................................................5

*Ronzani v. Sanofi S.A.*,
899 F.2d 195 (2d Cir. N.Y. 1990)...........................................................................................26

*Roth v. Jennings*,
489 F.3d 499 (2d Cir. 2007)......................................................................................................3

*Sanders v. Apple, Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ....................................................................................24

*Shein v. Canon U.S.A., Inc.*,
No. CV 08-7323, 2009 U.S. Dist. LEXIS 131519 (C.D. Cal. June 22, 2009)........................17

*Szymczak v. Nissan N. Am., Inc.*,
Case No. 10-CV-7493 (VB), 2011 U.S. Dist. LEXIS 153011 (S.D.N.Y. Dec. 16, 2011) ....................18

*Tietsworth v. Sears, Roebuck & Co.*,
720 F.Supp. 2d 1123 (N.D. Cal. 2010) ....................22

*Vess v. Ciba-Geigy Corp.*,
217 F.3d 1097 (9th Cir. 2003) ....................13, 14

*Watts v. Jackson Hewitt Tax Serv.*,
579 F. Supp. 2d 334 (E.D.N.Y. 2008) ....................17

*Weske v. Samsung Elecs. Am., Inc.*,
Civ. No. 2:10-4811 (WJM), 2012 U.S. Dist. LEXIS 32289 (D.N.J. Mar. 12, 2012) ................9

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) ....................10

**STATUTES**

15 U.S.C. 2301(6) ....................24

15 U.S.C. § 2301(6) ....................23

15 U.S.C. § 2301(7) ....................24

Cal. Bus. & Prof. Code § 17500 ....................9

Cal. Civ. Code § 1770(a) ....................8, 9

Cal. Civ. Code § 1770(a)(5)....................8

Cal. Civ. Code § 1780(d) ....................16

Cal. Com. Code § 2314....................22

Cal. Com. Code § 2314(a) ....................22

Cal. Com. Code § 2314(e) ....................22

Cal. Com. Code § 2314(f)....................22

N.Y. U.C.C. § 2-313 ....................19

N.Y. U.C.C. § 2-314 ....................22

N.Y. U.C.C. § 2-314(a) ........................................................................................................22

N.Y. U.C.C. § 2-314(e) ........................................................................................................22

N.Y. U.C.C. § 2-314(f) ........................................................................................................22

New York General Business Law § 349 ........................................................................17, 18

New York General Business Law § 350 ..............................................................................17

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ..........................................................................................................21, 25

Fed. R. Civ. P. 9(b) ........................................................................................................ passim

Fed. R. Civ. P. 12(b)(6) ..................................................................................................3, 23

Fed. R. Civ. P. 15(a) ............................................................................................................26

**INTRODUCTION**

Plaintiffs' complaint asserts twelve claims, including a claim for violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.*, six claims under California law, and five claims under New York law. All of Plaintiffs' claims are based, in part, on representations on the product packaging that EZ Seed will grow grass "50% THICKER WITH HALF THE WATER." *See* Complaint ¶ 1 (quoting the front of the package).[1] Plaintiffs allege that representation is false because EZ Seed suffers from a design defect rendering it fundamentally defective such that "it does not grow grass." *Id.* ¶ 1. Plaintiffs allege that defective design was confirmed by its complete failure to grow grass in scientific tests conducted at the NexGen Turf Research, LLC facilities in Albany, Oregon, and in their own real-world experience with using the product. *Id.* ¶¶ 2-3. According to Plaintiffs: "EZ seed did not just fail to grow grass "50% THICKER WITH HALF THE WATER," as promised on the label. It failed to grow *any* grass." *Id.* ¶ 2.

Plaintiffs allege that Home Depot U.S.A., Inc. ("Home Depot") "affirmatively participated in and/or adopted the false and misleading advertising and marketing claims about Scotts EZ Seed" by, among other things, "(1) displaying EZ Seed and its false packaging claims on their store shelves and websites, (2) utilizing false and misleading in-store EZ Seed product advertisements, displays and/or exhibits, (3) reviewing and approving false and misleading advertising materials for promoting the sale of EZ Seed, including advertisements that bore the retailers' names, logos and/or trademarks, and (4) selling EZ Seed products to end users." *Id.* ¶ 22. Plaintiffs also allege that Home Depot "prominently display[s] in-store advertising displays for EZ Seed" representing that EZ Seed will grow grass "50% THICKER WITH HALF

[1] The operative pleading is Plaintiffs' Consolidated Class Action Complaint, filed August 9, 2012. It is referenced herein as "Complaint."

THE WATER" in 32 days, and making related representations that EZ Seed is "premium quality," "WaterSmart," "drought tolerant," "Makes the most of every drop," "Grows in Tough Conditions" and "Grows Anywhere." *Id.* ¶¶ 40-43. Plaintiffs also allege that Home Depot makes these and other statements on its own website. *Id.* ¶ 63. The statements on Home Depot's website include the claim that EZ Seed is "drought tolerant," which is not a claim made by Scotts directly. *Id.* Plaintiffs allege that Home Depot, along with the other defendants, made these false representations willfully and knowingly. *Id.* ¶¶ 21, 46 & 64. Plaintiffs also allege that Home Depot acted as the agent of Scotts in doing so. *Id.* ¶ 21.

Four of seven named plaintiffs – Arcuri, Moore, Eskinazi, and Smith – purchased EZ Seed from Home Depot stores in New York and California. Home Depot moves to dismiss their claims on the ground that their "dispute, if any, is with Scotts alone." Home Depot Br. at 3.[2] Despite the allegations in Plaintiffs' Complaint, Home Depot contends that it "did not … make any representations about EZ Seed." *Id.* at 1. This is the fundamental flaw in Home Depot's argument: it flatly contradicts numerous factual allegations in the Complaint. But on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), those allegations must be presumed true.

## ARGUMENT

## I. APPLICABLE LEGAL STANDARDS

### A. The Rule 12(b)(6) Legal Standard And The Notice Pleading Standard

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the Court must "accept the complaint's factual allegations, and all reasonable inferences that can be drawn from those allegations in the plaintiff's favor, as true." *Roth v. Jennings*, 489 F.3d 499, 501 (2d Cir. 2007). The notice pleading standard of the Federal Rules of Civil Procedure "requires only 'a

---

[2] The October 9, 2012 Memorandum Of Law In Support of Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss (Doc. 29) is referenced herein as "Home Depot Br."

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). In fact, "the pleading of additional evidence, beyond what is required to enable the defendant to respond, is not only unnecessary, but in contravention of proper pleading procedure." *Roth*, 489 F.3d at 512 (internal quotations and alteration omitted). At this stage, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 556).

**B. The Heightened Pleading Standard Of Fed. R. Civ. P. 9(b)**

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. . . . [K]nowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b) requires a claimant to allege "the who, what, where, when and why" of the claim. *In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*, 701 F. Supp. 2d 356, 366 (E.D.N.Y. 2010). Courts have "taken a common-sense view and adopted the heightened pleading requirement to the facts of the case. . . . Thus, so long as the allegations are sufficiently particularized to put the defendant on notice as to what the plaintiff charges its fraudulent conduct consisted of, the date, time and place need not be pled with absolute precision." *Id.*

## II. PLAINTIFFS' CLAIMS UNDER THE CLRA, UCL, AND FAL ARE SUFFICIENTLY ALLEGED

### A. The Complaint Asserts That Home Depot Made False And Misleading Statements To Consumers Concerning EZ Seed

Home Depot is not merely a passive seller of Scotts' EZ Seed. Rather, Home Depot made affirmative misrepresentations concerning the benefits of EZ Seed. *See* Complaint ¶¶ 22, 43, 46, 63, 64, 115. Home Depot prominently displayed false and misleading in-store EZ Seed product advertisements, reviewed and approved false and misleading advertising materials for EZ Seed (including ads that bore the retailer-defendants' names, logos and/or trademarks), and endorsed, recommended and ultimately profited from EZ Seed. *Id.* ¶¶ 22, 43, 63. Plaintiffs have alleged that Home Depot's marketing of EZ Seed, specifically its false and misleading in-store advertising displays and "false and misleading website claims are in willful and wanton disregard of the interests of the consuming public, and constitute a knowing attempt by Defendants to deceive consumers." *Id.* ¶¶ 43, 46, 63, 64.

### B. Home Depot Is Strictly Liable For Its Statements

Home Depot contends that for the Home Depot Plaintiffs' claims under the CLRA, UCL, and FAL to succeed they must allege that Home Depot *knew* the EZ Seed product was defective at the time of sale. Home Depot Br. at 9-10. As explained below, knowledge is not an element of a claim under the CLRA, UCL or FAL. *At most*, the Home Depot Plaintiffs need only allege that by the exercise of reasonable care Home Depot should have known that EZ Seed did not perform as represented. That said, Plaintiffs allegations more than satisfy either standard. Complaint ¶¶ 43, 46, 63, 64.

"California's Supreme Court and its appellate courts have stated generally that the UCL 'imposes strict liability.'" *Kowalsky v. Hewlett-Packard Co.*, Case No. 10-CV-02176-LHK, 2011 U.S. Dist. LEXIS 89379, at *19 (N.D. Cal. Aug. 10, 2011) (citing *Cortez v. Purolator Air*

*Filtration Prods. Co.*, 23 Cal. 4th 163, 181 (2000); *Paduano v. Am. Honda Motor Co.*, 169 Cal. App. 4th. 1453, 1468 (2009). ("It is not necessary to show that the defendant intended to injure anyone. To state a claim under the UCL one need not plead and prove the elements of a tort. Instead, one need only show that 'members of the public are likely to be deceived." (internal citations and quotations omitted); *South Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 877 (1999)). Similarly, the CLRA prohibits specifically enumerated unfair conduct, "undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . ." Cal. Civ. Code § 1770(a). For example, the CLRA makes unlawful "[r]epresenting that goods…have [] characteristics, ingredients, uses [or] benefits…which they do not have . . . ." Cal. Civ. Code § 1770(a)(5). Home Depot Plaintiffs allege that Home Depot violated section 1770(a)(5) of the CLRA by representing that EZ Seed has characteristics, uses and benefits which it does not have. *See* Complaint ¶ 121. To properly state a CLRA claim, it is not required that plaintiffs allege Home Depot knew it was misrepresenting the characteristics, ingredients, uses or benefits of EZ Seed. Rather, a CLRA is properly stated if Home Depot is alleged to have made the misrepresentations "in a transaction intended to result" in the sale of goods to a consumer. Cal. Civ. Code § 1770(a). California state and federal district courts in California reviewing UCL and CLRA claims have required, at most, either that a defendant "knew, ***or by the exercise of reasonable care should have known***, of the alleged defect when it made the representations alleged to be deceptive." *Kowalsky*, 2011 U.S. Dist. LEXIS 89379 at *19-20 (emphasis added). Similarly, the FAL prohibits advertising "which is untrue or misleading, and which is known, ***or which by the exercise of reasonable care should be known***, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500 (emphasis added).

The cases relied upon by Home Depot are either falsely represented or inapposite. Home Depot misrepresented the holding of *Weske v. Samsung Elecs. Am., Inc.*, Civ. No. 2:10-4811 (WJM), 2012 U.S. Dist. LEXIS 32289 (D.N.J. Mar. 12, 2012). *See* Home Depot Br. at 10 (stating that *Weske* dismissed claims under the UCL). In *Weske*, the District of New Jersey Court found plaintiffs had not sufficiently alleged Samsung's knowledge of a defect ***in order to state a fraudulent concealment claim***. The *Weske* complaint did not even allege a UCL claim. *See* 2012 U.S. Dist. LEXIS 32289, at *3. *Weske* has no relevance to claims under the CLRA, UCL, or FAL. Moreover, it should come as no surprise that a claim for fraudulent concealment requires knowledge that fraud is being concealed. *See, e.g.*, *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 305 (D.N.J. 2009) ("The deliberate suppression of a material fact that should be disclosed is viewed as equivalent to a material misrepresentation." (internal quotations omitted)).

Home Depot also relies on *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012) and *Baba v. Hewlett-Packard Co.*, No. C 09-05946, 2010 U.S. Dist. LEXIS 59747 (N.D. Cal. June 16, 2010), for its argument that knowledge is an element of Plaintiffs' CLRA and UCL claims. However, a critical distinction between those cases and Plaintiffs' claims here is that in both *Wilson* and *Baba* the consumer protection claims were based not on an affirmative misrepresentation, but on an alleged ***omission***, which also requires that the defendant have a duty to disclose the omitted fact. *See Wilson*, 668 F.3d at 1138, 1146 n.5 (noting that the complaint alleged that Hewlett-Packard *concealed* a design defect in its notebook computers and noting "the failure to disclose a fact that a manufacturer does not have a duty to disclose, *i.e.*, a defect of which it is not aware, does not constitute an unfair or fraudulent practice"); *Baba*, 2010 U.S. Dist. LEXIS 59747, at *11-14 (finding that plaintiffs had failed to allege an affirmative

misrepresentation and "[a]s to HP's duty to disclose . . . [the complaint] fail[ed] to allege . . . HP actually knew of the alleged defects at the time of the sales or repairs").

Even if Home Depot Plaintiffs were required to plead Home Depot's knowledge that EZ Seed is a defective product, such knowledge need only be pled generally. *See* Fed. R. Civ. P. 9(b); *see also, e.g., Monaco v. Bear Stearns Cos.*, Case No. CV 09-05438 SJO (JCx), 2011 U.S. Dist. LEXIS 105471, at *48 (C.D. Cal. Sept. 12, 2011) ("Because malice, intent, knowledge and other conditions of a person's mind may be alleged generally, allegations of scienter in a conclusory fashion are sufficient to meet Rule 9(b) pleading standards." (internal quotations and alterations omitted)). Home Depot's awareness of the defect can be gleaned from Plaintiffs' complaint, *see, e.g.*, Complaint ¶ 5, 46, 64 ("The Internet is replete with consumer complaints that describe EZ Seed's failure to grow grass."),[3] and facts further demonstrating Home Depot's awareness and its own affirmative misrepresentation that EZ Seed does not perform as advertised can be brought to light through discovery and will include such sources as: 1) Home Depot's in-store demonstrations; 2) Home Depot's signage; 3) Home Depot's Facebook page;[4] 4) Home

[3] Indeed, Home Depot's own website for EZ Seed Products includes predominantly negative reviews for the product. *See, e.g.*, www.homedepot.com/h_d1/N-5yc1v/R-202052065/h_d2/ProductDisplay?catalogId=10053&langId=-1&keyword=ez+seed&storeId=10051#customer_reviews (last accessed Nov. 19, 2012) (including such comments as: "I did one large section of my lawn (about 400 sq. feet) with EZ Seed and a very similar section with standard seed mixed in with a few bags of lawn soil. While the EZ Seed section did grow grass across the area, it is much thinner and slower to grow than the area that I did 'the old fashioned way'. I won't be purchasing EZ Seed again. It is way too expensive for the results that I have seen."; "planted the seed three weeks ago, watered regularly and only a few short strands of grass." (one out of five stars); and "after one month and continuous water, the product doesn't seem to work for me. Been a Scott's grass customer on other products and I thought this would be simple and easy but I found out otherwise." (one out of five stars)).

[4] *See* http://www.facebook.com/homedepot/posts/258035890949337 (last accessed Nov. 19, 2012) (depicting EZ Seed grass growing on a cinderblock that is shown in a customer workshop demonstration).

Depot's "Customer Workshops" website;[5] 5) Home Depot's training materials; 6) and Home Depot's EZ Seed product website.[6]

### C. Home Depot Directly Participated In The False And Misleading Marketing Of EZ Seed

Home Depot contends that Plaintiffs' claims under the CLRA, UCL, and FAL fail even for Plaintiffs and California subclass members who purchased EZ Seed from Home Depot in California because "the statutes do not impose vicarious liability on retailers for representations made by manufacturers." Home Depot Br. at 8. But Home Depot was more than a passive retailer. Home Depot *itself* marketed and advertised EZ Seed to consumers. Home Depot's promotional activities with regard to EZ Seed, include, but are not limited to: (1) using false and misleading in-store product advertisements and displays, (2) reviewing and approving false and misleading advertising materials for its promotion of EZ Seed, (3) engaging in promotional activities (including through advertisements that bore the retailers' names, logos and/or trademarks), and (4) recommending and selling EZ Seed to its customers, both in its stores and on its website where it repeated EZ Seed's false packaging claims. Complaint ¶¶ 22, 63. And some of the false advertising claims on Home Depot's website go beyond the misrepresentations that Scotts makes directly, *e.g.* "drought tolerant," thereby adding to the consumer deception. *Id.* ¶ 63. Moreover, Plaintiffs have alleged that Home Depot "acted in concert with, with the

---

[5] *See* http://community.homedepot.com/t5/Customer-Workshops/March-Lawn-Maintenance-Workshop/td-p/42543?cm_mmc=socialmedia-_-Facebook-_-FW5-_-HTCD28EZSeed.htm (featuring a Home Depot employee explaining how to use EZ on your lawn and on the above referenced cinderblock and stating: "We tested out Scotts EZ Seed in an office environment to see how well it could grow in unfavorable conditions.… Some yards have issues with grass having some patches that need to be filled in. We have products at Home Depot, EZ Seed . . . that makes it so 'EZ' that you can grow it anywhere.") (last accessed Nov. 19, 2012).

[6] http://www.homedepot.com/h_d1/N-5yc1v/R-202052065/h_d2/ProductDisplay?catalogId=10053&langId=-1&keyword=ez+seed&storeId=10051#specifications ("drought-tolerant," "Grows anywhere – Guaranteed … Grows 50% thicker with half the water) (last accessed Nov. 19, 2012).

knowledge and approval of and/or as the agent of [the other Defendants], and within the course and scope of the agency" with regard to the advertising and marketing of EZ Seed. *Id.* ¶ 21.

Relying heavily on *In re Jamster Mktg. Litig.*, No. 05CV0819, 2009 U.S. Dist. LEXIS 43592 (S.D. Cal. May 22, 2009), Home Depot states that Plaintiffs cannot allege it "controlled, participated, approved, marketed or otherwise adopted [Scotts'] advertising practices." Home Depot Br. at 8. On the contrary, Plaintiffs specifically allege that Home Depot "participated in," "adopted," "reviewed," and "approved" advertising for EZ Seed. Complaint ¶¶ 22, 63, 64, 115.

Plaintiffs' allegations are distinguishable from those found deficient in *Jamster*. In *Jamster*, plaintiff mobile phone customers brought a RICO claims against both wireless providers and content providers. Plaintiffs in *Jamster* alleged that the "*Content Providers would advertise* the services which would lead to fraudulent charges, and the Wireless Providers would actually bill and collect the payments from customers, keep a portion for themselves as payment for their part in the fraudulent enterprise . . . ." 2009 U.S. Dist. LEXIS 43592, at *18-19 (emphasis added). The court dismissed the claim noting that plaintiffs "fail[ed] to allege that [wireless provider] AT&T created, sponsored, approved, or otherwise adopted the alleged deceptive advertising issued by Content Providers." *Id.* at *19.

Here, in contrast, Plaintiffs have alleged just that: Home Depot itself has misrepresented to consumers, including through its website, "that EZ Seed: (i) 'Grows Anywhere! GUARANTEED!'; (ii) 'Grows in Tough Conditions! Guaranteed!;' (iii) is 'WaterSmart;' (iv) produces '50% thicker [grass] with half the water [versus ordinary seed];' (v) is a 'revolutionary seeding mix that takes care of the seed for you, so you can grow thick, beautiful grass ANYWHERE!', including 'Dry, sunny areas!'; 'Dense shade!'; and 'Even grows on pavement!'; (vi) is a 'premium quality' seeding product that 'is developed to thrive in virtually every

condition – harsh sun, dense shade, and even spreads to repair wear and tear. ***The result – thicker, beautiful, long lasting grass!***'" Complaint ¶ 115; *see also id.* ¶¶ 22, 63, 64, 115. Plaintiffs relied on these representations, particularly claims that EZ Seed was "guaranteed" to grow anywhere, including in densely shaded areas and/or dry, sunny areas, and was "WaterSmart" and would grow grass 50% thicker than ordinary grass seed when watered at half the recommended rate. *Id.* ¶¶ 70, 80, 85, 94. Thus, Plaintiffs seek to hold Home Depot directly liable for its false and misleading advertising of EZ Seed.

### D. Plaintiffs Plead Their Claims With Requisite Specificity

"[W]here fraud is not an essential element of a claim, only allegations ('averments') of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b)." *Vess v. Ciba-Geigy Corp.*, 217 F.3d 1097, 1105 (9th Cir. 2003). Plaintiffs' allegations of fraud satisfy the heightened pleading standard because they are sufficiently precise to allow Home Depot to understand the nature of the allegations of fraud and to frame a responsive pleading. These allegations specify what Home Depot is alleged to have done and how it did it, they identify Home Depot's misrepresentations and how the misrepresentations were made, and they explain why the representations were fraudulent.

Each Home Depot Plaintiff alleges that he or she relied on promises that EZ Seed was "guaranteed" to grow anywhere, including in densely shaded areas and/or dry, sunny areas, and was "WaterSmart" and would grow grass 50% thicker than ordinary grass seed when watered at half the recommended rate. *Id.* ¶¶ 70, 80, 85, 94. Each Home Depot Plaintiff alleges that he or she relied on the representations and warranties, they were part of the basis of the bargain, and he or she "would have purchased a different, less expensive grass seed" had the defective nature of EZ Seed been known. *Id.* ¶¶ 71, 81, 86, 95. Furthermore, each Home Depot Plaintiff alleges that he understood that in making the sale, Home Depot was acting as agent of Scotts. *Id.* ¶ 21.

The representations about EZ Seed were false because EZ Seed "doesn't work. The super-absorbent mulch competes with the germinating seed for available moisture and actually prevents it from growing." *Id.* ¶ 1. In fact, "EZ Seed's defective design was confirmed by its complete failure to grow grass in scientific tests conducted precisely in accordance with the labeled instructions. Not once. Not twice. But four times. In studies conducted at the NexGen Turf Research, LLC facilities . . . [i]t failed to grow *any* grass at half water rates." *Id.* ¶ 2. Moreover, EZ Seed's defective design was confirmed by customers', including Plaintiffs', own failed personal experiences with EZ Seed. *See id.* ¶¶ 72, 73, 81, 82, 87, 96 (explaining that EZ Seed failed to grow any grass at all). Plaintiffs relied on Home Depot's representations in deciding to pay Home Depot a substantial price premium for a "product that is supposed to be better than 'ordinary seed.'" *Id.* ¶ 6 ("For example, EZ Seed commands an 81% price premium over Pennington Annual Ryegrass at both Home Depot and Lowe's."); *see also id.* ¶ 7 (explaining that additionally, "EZ Seed covers only a fraction of the surface area of ordinary grass seed products").

In sum, the allegations in the Complaint provide "the who, what, where, when and why" of Plaintiffs' claims. *See Bayer Corp. Combination Aspirin*, 701 F. Supp. 2d at 366.

**Who**: The Complaint specifically identifies who made the misrepresentations about EZ Seed, the manufacturer (Scotts) and three prominent retailers (Home Depot, Lowe's and True Value). COMPLAINT ¶ 1. For each retailer, the complaint describes the scope of their operations and their promotion of EZ Seed. *Id.* ¶¶ 1, 18, 21, 22, 63, 64. The complaint also explains that the defendants coordinated their efforts. *Id.* ¶ 21.

**What**: The Complaint identifies and describes the product. *Id.* ¶ 1. It alleges that Defendants misrepresented EZ Seed by promoting it as "an effective, convenient all-in-one seed product for all lawn conditions," *id.* ¶ 29, when, in fact, EZ Seed does not grow grass even under normal conditions and certainly not under the extreme conditions for which it is advertised. *E.g.*, ¶ 1. Home Depot participated in the false and misleading advertising of EZ

Seed. *Id.* ¶ 22. And it adopted the false and misleading advertising and marketing claims about EZ Seed. *Id.*

**Where**: Home Depot "display[ed] EZ Seed and its false packaging claims on [its] store shelves and websites," used "false and misleading in-store EZ Seed product advertisements," "review[ed] and approv[ed] false and misleading advertising materials for promoting the sale of EZ Seed, including advertisements that bore [its] name[], logo[] and/or trademark[]," *id.*, and it engages in false advertising of EZ Seed through its website. *Id.* ¶ 63.

**When**: These misrepresentations were made at the time Home Depot put the advertising materials in store and on its website and when the retailer sold EZ Seed. *See id.* ¶¶ 22, 63.

**Why**: The complaint explains why Home Depot's representations were fraudulent. It describes scientific testing and Plaintiffs' personal experiences with EZ Seed, which demonstrate that EZ Seed is a defective product which does not grow grass. *See id.* ¶¶ 2, 72, 73, 81, 82, 87, 96. Moreover, the complaint alleges that Plaintiffs were induced to pay substantially more for EZ Seed based on these false representations. *See id.* ¶¶ 6, 71, 81, 86, 95.

The complaint identifies specific misconduct on the part of Home Depot. Plaintiffs bring this action against Home Depot "for selling a defective combination mulch-grass seed product," Complaint ¶ 1, which Home Depot advertised as a product that "grows anywhere, guaranteed," and "produces '50% thicker [grass] with half the water.'" *Id.* ¶ 63. Moreover, Plaintiffs allege that Home Depot "acted in concert with, with the knowledge and approval of and/or as the agent of [Scotts], and within the course and scope of the agency, regarding" its advertising and sale of EZ Seed. *Id.* ¶ 21.

### E. Home Depot Received Presuit Notice Of Plaintiffs' Claims

First, Home Depot wrongly asserts that "Plaintiff Smith did not file the affidavit required by the CLRA concurrently with his Complaint." Home Depot Br. at 11. In fact, Plaintiff Smith did file such an affidavit concurrently with his complaint on June 15, 2012. *See* Dkt. No. 1. In compliance with Cal. Civ. Code § 1780(d), the affidavit stated in pertinent part that the "complaint filed in this action is filed in the proper place for trial under California Civil Code

Section 1780(d) in that Defendants conduct a substantial amount of business in the Southern District of New York."

Second, Home Depot admits that Plaintiff Smith sent Home Depot written notice of its violation of the CLRA on June 12, 2012. Home Depot Br. at 11. When Plaintiff Smith filed his original complaint three days later, on June 15, 2012, the complaint specifically stated "Plaintiffs presently seek only injunctive relief for these violations of the CLRA against The Home Depot." *See* Dkt. No. 1, Initial Complaint ¶ 105. It was well over thirty days after sending Home Depot such notice, that Plaintiffs filed the Complaint on August 9, 2012, which seeks all remedies available under the CLRA. *See* Complaint ¶ 128. Home Depot's statements on this point are simply false. *Compare* Complaint ¶ 127 (alleging that on June 12, 2012 a CLRA notice letter was served on Home Depot) *with* Home Depot Br. at 12 (incorrectly stating that Plaintiff failed to allege he provided Home Depot with the required notice).

Both the letter and purpose of the CLRA notice requirement have been satisfied. *See In re Apple In-App Purchase Litig.*, 855 F. Supp. 2d 1030, 1038 (N.D. Cal. Mar. 31, 2012) ("[T]he consolidated complaint at issue is not a separate action from Plaintiff Meguerian's original complaint. When the demand letter was sent, Defendant was on notice that it was being sued by a putative class, and thus the notice was sufficient to facilitate pre-complaint settlement, which is the purpose of the CLRA notice requirements." (citation and internal quotations omitted)); *cf. Shein v. Canon U.S.A., Inc.*, No. CV 08-7323, 2009 U.S. Dist. LEXIS 131519, at *16-22 (C.D. Cal. June 22, 2009) (Snyder, J.) (dismissing CLRA cause of action for untimely notice where "Plaintiffs filed a second amended complaint ("SAC") on April 28, 2009, less than thirty days following the date of the April 17, 2009 letter" and where "Plaintiffs do not appear to dispute that proper notice was not given prior to April 17, 2009.").

## III. PLAINTIFFS' CLAIMS UNDER THE NEW YORK GENERAL BUSINESS LAW ARE SUFFICIENTLY ALLEGED

The purpose of New York General Business Law ("GBL") § 349 is to "empower consumers" and to "even the playing field of their disputes with better funded and superiorly situated fraudulent businesses." *Watts v. Jackson Hewitt Tax Serv.*, 579 F. Supp. 2d 334, 346 (E.D.N.Y. 2008). The Complaint states a claim for violation of GBL §§ 349 and 350 on behalf of all class members whose purchases of EZ Seed occurred in New York State.[7] *See* GBL § 349(a) ("Deceptive acts or practices in the conduct of any business, trade or commerce . . . in this state are hereby declared unlawful.); *Id.* § 350 (proscribing "[f]alse advertising in the conduct of any business, trade or commerce . . . in this state . . . .").

To state a claim under the New York statutes, plaintiffs must allege "(1) that the act, practice or advertisement was consumer-oriented; (2) that the act, practice or advertisement was misleading in a material respect, and (3) that the plaintiff was injured as a result of the deceptive practice, act or advertisement." *Szymczak v. Nissan N. Am., Inc.*, Case No. 10-CV-7493 (VB), 2011 U.S. Dist. LEXIS 153011, at *40 (S.D.N.Y. Dec. 16, 2011). There is no requirement under Section 349 that plaintiffs show reliance or scienter, *Id.* at 41, nor must Plaintiffs meet heightened pleading requirements. *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005). Home Depot does not argue that the conduct Plaintiffs allege was not consumer-oriented or that they did not result in an injury. Rather, Home Depot's argument that Plaintiffs Arcuri, Moore and Eskinazi cannot state a claim against it under the GBL essentially reiterates its earlier argument that Home Depot did "nothing more than sell[] them EZ Seed." Home Depot Br. at 12.

[7] Plaintiffs agree that these claims can only be asserted on behalf of Class members who alleged some part of their transactions occurred in New York.

However, as explained in detail above, Plaintiffs have alleged that Home Depot made false and misleading representations concerning EZ Seed's ability to grow grass, including representations in its store and online, Complaint ¶¶ 22, 63, and Plaintiffs would not have purchased EZ Seed or paid the premium price for EZ Seed if they had known the true facts concerning the product's inability to grow grass and perform as advertised. *Id.* ¶¶ 70-71, 80-81, 85-86, 94-94. Accordingly, Plaintiffs allege that they relied on Home Depot's representations (particularly representations that EZ Seed was "guaranteed" to grow anywhere, including in densely shaded areas and/or dry, sunny areas, and was "WaterSmart," growing grass 50% thicker than ordinary grass seed when watered at half the recommended rate, *id.* ¶¶ 70, 80, 85, 94) and that they purchased EZ Seed from Home Depot, paying a substantial and unjustified price premium to Home Depot based on representations that EZ Seed was superior to other less expensive grass seed products. *Id.* ¶¶ 70-71, 80-81, 85-86, 94-94.

## IV. PLAINTIFFS SUFFICIENTLY ALLEGE CLAIMS FOR BREACH OF WARRANTY

### A. Plaintiffs State Claims For Breach Of Express Warranty Under New York And California Law

Plaintiffs have sufficiently alleged a claim for breach of express warranty. "To prevail on a claim for breach of express warranty, a plaintiff must show that '(1) the seller's statements constitute an 'affirmation of fact or promise' or a 'description of the goods'; (2) the statement was 'part of the basis of the bargain'; and (3) the warranty was breached.'" *Allen v. Hylands, Inc.*, 2012 U.S. Dist. LEXIS 61606, at *7-8 (C.D. Cal. May 2, 2012) quoting *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227, 103 Cal. Rptr. 3d 614 (2010); *see also* N.Y. U.C.C. § 2-313. "Courts liberally construe sellers' affirmations of quality in favor of injured consumers." *Allen*, 2012 U.S. Dist. LEXIS 61606, at *8.

Contrary to Home Depot's suggestion, Plaintiffs have identified affirmations or promises

about EZ Seed that became part of the basis of the bargain between the parties. Plaintiffs already addressed this point in the context of Rule 9(b), *see supra* Argument § II.C. Plaintiffs allege that Defendants issued express warranties on the product packaging and in various advertisements and promotional materials. Specifically, the express warranties include: (i) "Grows Anywhere! GUARANTEED!"; (ii) "Grows in Tough Conditions! Guaranteed!;" (iii) is "WaterSmart;" (iv) produces "50% thicker [grass] with half the water [versus ordinary seed];" (v) is a "revolutionary seeding mix that takes care of the seed for you so you can grow thick, beautiful grass ANYWHERE!", including "Dry, sunny areas!"; "Dense shade!"; and "Even grows in pavement!; (vi) is a "premium quality" seeding product that "is developed to thrive in virtually every condition -- harsh sun, dense shade, and even spreads to repair wear and tear. ***The result – thicker, beautiful, long lasting grass!***" Complaint ¶ 115.

Each Home Depot Plaintiff alleges that he or she relied on the representations and warranties, they were part of the basis of the bargain, and he or she "would have purchased a different, less expensive grass seed" had the defective nature of EZ Seed been known. *Id.* ¶¶ 71, 81, 86, 95. Defendants breached these warranties because each of the express warranties were false. *Id.* ¶¶ 145, 182.

Home Depot argues that Plaintiffs do not allege that *Home Depot* made an affirmation or promise about EZ Seed. Home Depot Br. at 14. However, Plaintiffs clearly and accurately allege that *all* Defendants, including Home Depot, made the express warranties. Complaint ¶¶ 144, 181. The cases Home Depot cites in support of its argument that Plaintiffs' breach of express warranty claims do not support its position. First, in *Edmunson v. Procter & Gamble Co*, 2011 U.S. Dist. LEXIS 53221 (S.D. Cal. May 17, 2011) the court did not address a retailer defendant making affirmations or promises about a product sold in its stores. Moreover, the court

found that the plaintiff's express warranty claim failed because the reproductions of advertisements plaintiff included in the complaint had *nothing* to do with the harm the plaintiff claims to have suffered. *Id.* at *21. Thus, the court determined that statements made on the packaging and in advertisements did not establish express warranties. *Id*. On the contrary, Plaintiffs here describe specific claims made in advertisements and on product packaging establishing express warranties, and the breach of these express warranties is the crux of Plaintiffs' complaint. Home Depot incorrectly asserts that "[t]he only *specific* alleged warranty Plaintiffs identify is Scotts' 'No-Quibble Guarantee,' which Plaintiffs do not contend had anything to do with Home Depot." Home Depot Br. at 14. However, each and every one of the claims made in advertising, promotional material, and on EZ Seed's packaging are express warranties. *See Edmunson*, 2011 U.S. Dist. LEXIS at *19 (finding that "product advertisements, brochures, or packaging can create an express warranty").

Home Depot's reliance on *Oscar v. BMW of N. Am.*, 274 F.R.D. 498 (S.D.N.Y. 2011), is also misplaced. The court determined that individual causation issues in that case predominated over issues of common proof surrounding the existence of a defect, and therefore, the express warranty claims were inappropriate for *class treatment*. *Id.* at 511. This case did not address a retailer defendants making affirmations or promises of a product sold in its stores, nor did it address whether the plaintiff sufficiently alleged a claim for breach of express warranty.

Home Depot next argues that Plaintiffs are "fall[ing] back on their naked assertion that Home Depot acted as an agent of Scotts in an effort to preserve a claim against Home Depot." Home Depot Br. at 15. Contrary to Home Depot's suggestion, and as described above, Plaintiffs do not rely solely on an agency theory to assert its claims against Home Depot. Rather, Plaintiffs allege that Home Depot *itself* marketed and advertised EZ Seed to consumers including

representations in its store and online.[8] *See supra* Argument II.A; *see also* Complaint ¶¶ 22, 63. Accordingly, Plaintiffs' breach of express warranty claim should not be dismissed.

### B. Plaintiffs State Claims For Breach Of Implied Warranty Under New York And California Law

Home Depot contends that Plaintiffs' breach of implied warranty claim fails because "the 'general purpose' of grass seed is to *assist* in grass growth when used according to specifications" and that "[a]bsent an express allegation that EZ Seed failed entirely to assist in grass growth under appropriate circumstances and when used according to specifications, Plaintiffs' claim for breach of the implied warranty of merchantability fails." Home Depot Br. at 15-16 (emphasis added). However, Plaintiffs *do* clearly allege that EZ Seed failed entirely to assist in grass growth under appropriate circumstances and when used according to specifications. Plaintiffs allege that EZ Seed "does not grow grass." Complaint ¶ 1. Additionally, Home Depot does not address additional criteria for merchantability set forth in N.Y. U.C.C. § 2-314 or Cal. Com. Code § 2314. EZ Seed does not "pass without objection in the trade under the contract description" because it is a grass seed product that does not grow grass. Complaint ¶ 1,150,188; N.Y. U.C.C. § 2-314(a); Cal. Com. Code § 2314(a). EZ Seed does not "conform to the promises or affirmations of fact made on the container or label" because EZ Seed's label contains false promises concerning EZ's Seed's ability to grow grass. N.Y. U.C.C. § 2-314(f); Cal. Com. Code § 2314(f). And EZ Seed is not "adequately contained,

---

[8] Even if this Court determines that Plaintiffs rely on an agency theory, agency is a fact issue that should not be decided at this stage. *See, e.g., Maurillo v. Park Slope U-Haul*, 606 N.Y.S.2d 243, 247 (N.Y. App. Div. 1993) ("where the circumstances alleged in the pleading 'raise the possibility of a principal-agent relationship', and no written authority for the agency is established, questions as to the existence and scope of the agency must be submitted to the jury"). Additionally, agency must only be pleaded generally. *See* Fed. R. Civ. P. 8(a); *Antel Oldsmobile-Cadillac, Inc. v. Sirus Leasing Co.*, 475 N.Y.S.2d 944, 945-46 (N.Y. App. Div. 1984) (one-sentence allegation as to agency sufficed to defeat motion to dismiss).

packaged, and labeled" because EZ Seed's labels are false. N.Y. U.C.C. § 2-314(e); Cal. Com. Code § 2314(e).

Home Depot cites several examples in support of its argument that Plaintiffs fail to state a claim for breach of the implied warranty of merchantability. However, the products at issue in these cases still fulfilled their intended purpose. For example, Home Depot cites *Tietsworth v. Sears, Roebuck & Co.*, 720 F.Supp. 2d 1123 (N.D. Cal. 2010), but there, the plaintiff continued to use the allegedly defective washing machine at issue despite the alleged defect and the court found that the washers' general purpose of washing clothes was intact. *See* Home Depot Br. at 16. Similarly, Home Depot cites *Donahue v. Ferolito, Vultaggio & Sons*, 786 N.Y.S.2d 153 (1st Dep't 2004), but there, the product at issue was a beverage, and the court found that the beverage was fit for its intended purpose because it acted as a liquid refreshment. *See* Home Depot Br. at 16. On the contrary, EZ Seed's general purpose is *not* intact because EZ Seed is a grass seed product that fails to grow grass. Complaint ¶ 1.

**C. Plaintiffs State A Claim Under The MMWA**

Home Depot argues that "Plaintiffs have not identified any 'written warranty' that Home Depot provided to them." Home Depot Br. at 17. As an initial matter, it is a question of fact whether a given statement constitutes a written warranty under MMWA. *McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1176 (9th Cir. 1997). For purposes of evaluating the Complaint under the Rule 12(b)(6) standard, the Court need only determine that the Complaint alleges every element of a written warranty claim under the MMWA. The statute defines a "written warranty" as "any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time ... which

written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product." 15 U.S.C. § 2301(6).

Here, Plaintiff clearly alleges that Home Depot created a written warranty by making written warranties on EZ Seed product labels and in other advertisements and promotions for the product, including those specifically identified herein at 1-2, *supra*. These written warranties are *precisely* a promise that EZ Seed "will meet a specified level of performance," as required by the MMWA. 15 U.S.C. § 2301(6); Complaint ¶¶ 22, 63, 115.[9]

Home Depot also argues that "[a]bsent a viable underlying breach of warranty claim, Plaintiffs' claim under the MMWA also fails." Home Depot Br. at 17. However, Defendants' argument that the MMWA claim necessarily fails to whatever extent Plaintiffs' other breach of warranty claims fail is fundamentally incorrect as applied to Plaintiffs' MMWA claim for breach of written warranties. Home Depot overlooks this important distinction between the MMWA's standard for written warranty claims, on the one hand, and implied warranty claims, on the other. MMWA claims concerning implied warranties are dependent on state law, but MMWA claims based on written warranty, such as the claims in this case, are not dependent on state law. *Compare* § 15 U.S.C. § 2301(7) (defining an "implied warranty" as "an implied warranty arising under State law") *with* § 15 U.S.C. 2301(6) (defining the terms of a "written warranty," with no mention of state law). Where an MMWA claim concerns a written warranty, it is independent of state law, and the protections of the MMWA are often broader than state law protections. *See, e.g.*, *Borchardt v. Mako Marine Int'l, Inc.*, No. 08-61199-CIV-MARRA, 2011 U.S. Dist. LEXIS 55150, at *15 (S.D. Fla. May 23, 2011) (denying motion to dismiss MMWA claim based on an express written warranty, stating "the plaintiffs' MMWA claim does not fail simply because their

[9] Plaintiffs also hereby incorporate by reference their arguments from the simultaneously filed opposition to the joint partial motion to dismiss by Scotts and Lowe's at Argument I.D thereof.

state law express warranty claims fail"); *see also Boyd v. Homes of Legend, Inc.*, 981 F. Supp. 1423, 1439-40 (M.D. Ala. 1997) ("Congress's overall purpose in creating the [MMWA] was to protect consumers by prescribing new, detailed standards for written warranties that supplemented existing state law ... By contrast, Congress's intentions regarding non-written [express] and implied warranties were far less ambitious. Rather than significantly revamp or supplement the treatment of implied warranties under existing state law, Congress opted to maintain the status quo.").

## V. PLAINTIFFS SUFFICIENTLY ALLEGE A CLAIM FOR UNJUST ENRICHMENT UNDER CALIFORNIA LAW

Plaintiffs plead a claim for unjust enrichment. Under California law, unjust enrichment is properly asserted when a defendant receives a benefit and unjustly retains that benefit at the expense of another. *See Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 989 (N.D. Cal. 2009) ("To plead a claim for unjust enrichment, a plaintiff must allege a receipt of a benefit and unjust retention of the benefit at the expense of another"). Defendants argue "unjust enrichment is not a legally cognizable claim in California." Home Depot Br. at 17. On the contrary, while some California courts may have referred to unjust enrichment as a "remedy" and not a "claim," many California courts have recognized a "claim" for unjust enrichment, including multiple recent decisions by the California Court of Appeal. *See, e.g.*, *Capon v. Monopoly Game LLC*, 193 Cal.App.4th 344, 359 (2011) (upholding trial court's ruling in favor of plaintiff on "unjust enrichment claim"); *In re Cellphone Fee Termination Cases*, 193 Cal.App.4th 298, 330 (2011) (affirming trial court ruling that "Plaintiffs had prevailed on their claims for … unjust enrichment."); *see also High v. Choice Mfg. Co.*, Case No. C-11-5478 EMC, 2012 U.S. Dist. LEXIS 103161, at *38 (N.D. Cal. July 24, 2012) ("[E]ven though a plaintiff may not ultimately prevail under both unjust enrichment and breach of contract [or tort], it may plead both in the

alternative."). Plaintiffs sufficiently allege each element of a claim for unjust enrichment as they assert that Home Depot retained money paid to them by Plaintiffs and the class, and that the money received was obtained fraudulently and at the expense of the Plaintiffs and the class. Complaint ¶¶ 70-73, 77, 80-82, 85-87, 92-94, 96, 101.

## VI. DISMISSAL OF PLAINTIFFS' COMMON LAW ALTERNATIVES IS UNWARRANTED AT THE PLEADING STAGE

Plaintiffs plead common law warranty and breach of contract in the alternative to their statutory warranty claims. Complaint ¶¶ 195-199. Claims plead in the alternative are permitted under the Federal Rules. *See* Fed. R. Civ. P. 8(d)(2) and 8(d)(3). Courts have found that dismissal of common law alternatives at the pleading stage is unwarranted. *See, e.g., In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 754 F. Supp. 2d 1145, 1186 (C.D. Cal. 2010) (denying dismissal of Plaintiffs' common law warranty and breach of contract claims at the pleading stage); *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Prods. Liab. Litig*., 2011 U.S. Dist. LEXIS 110206, at *34 (C.D. Cal. Sept. 12, 2011) (same). Accordingly, Plaintiffs' common law alternatives should not be dismissed.

## VII. LEAVE TO AMEND

Should the Court find dismissal of any claims warranted, Plaintiffs seek leave to amend the Complaint. "Fed. R. Civ. P. 15(a) requires that leave to amend shall be freely given when justice so requires." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. N.Y. 1990) (internal quotations and alterations omitted). "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Id.* (internal quotations omitted); *see also Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252-53 (2d Cir. 1991) (remanding where plaintiff, faced with the Eleventh Amendment immunities of the named defendants, had requested leave to

re-plead claims against the defendants in their personal capacities). In addition, "[c]omplaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend." *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986).[10]

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully requests that the Court deny Home Depot's motion to dismiss in its entirety.

Dated: November 20, 2012

Respectfully submitted,

By: */s/ Joseph I. Marchese*
Joseph I. Marchese

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com
jmarchese@bursor.com

-and-

**FARUQI & FARUQI, LLP**
Antonio Vozzolo
Christopher Marlborough
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone: (212) 983-9330

[10] Home Depot argues that the three named Plaintiffs who purchased EZ Seed from retailers other than Home Depot cannot state claims against Home Depot. Home Depot Br. at 5-6. But four of the Plaintiffs *did* purchase EZ Seed from Home Depot, so that argument is of no consequence. *See id.* at 6 (conceding that Plaintiffs Arcuri, Eskinazi, Moore and Smith allege purchases from Home Depot). Similarly, Home Depot argues that "Plaintiffs cannot assert claims under consumer protection statutes of other than the sates where they live and purportedly bought EZ Seed." *Id.* at 6-7. Again this argument is of no consequence, since Plaintiffs only assert state law claims under the laws of New York and California, where one or more named Plaintiffs *did* purchase EZ Seed from Home Depot. *See id.* at 6-7 (Arcuri, Moore, and Eskinazi purchased from Home Depot in California, and Smith purchased from Home Depot in New York).

Facsimile: (212) 983-9331
Email: avozzolo@faruqilaw.com
cmarlborough@faruqilaw.com

*Co-Lead Interim Class Counsel*