HUNTON & WILLIAMS

HUNTON & WILLIAMS LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL 212 • 309 • 1000
FAX 212 • 309 • 1100

SHAWN PATRICK REGAN
DIRECT DIAL: 212 • 309 • 1046
EMAIL: sregan@hunton.com

FILE NO: 54936.030018

December 30, 2013

**Via ECF**
Hon. Vincent L. Briccetti
United States Courthouse
300 Quarropas Street, Room 630
White Plains, NY 10601-4150

Re: *In re Scotts EZ Seed Litigation*, 12 CV 4727 (VB)

Dear Judge Briccetti:

We represent Defendants The Scotts Miracle-Go Company and The Scotts Company LLC (collectively "Scotts"), and Lowe's Home Centers, LLC in this suit.[1] We write, pursuant to Local Rule 37.2 and Rule 2.B.i. of Your Honor's Individual Practices, to request a conference to compel Plaintiffs David A. Browne, and Vance Smith, both California citizens, to comply with Defendants' noticing of their depositions in this District. As Plaintiffs who voluntarily elected to file suit in this District rather than California, Messrs. Browne and Smith should travel to this District for their depositions, just as they will be expected to provide testimony at trial. Plaintiffs have not shown circumstances that justify requiring the four law firms in this case to incur the expense and logistical burdens of taking these depositions in California.

On December 10, 2013, Scotts noticed the depositions of Plaintiffs Browne and Smith in this District. Plaintiffs refuse to come to this District, and instead demand that Defendants' counsel travel to California for their depositions or take the depositions by videoconference.

It is well established that Plaintiffs, having chosen to file suit in this District, generally are to make themselves available for deposition here. *Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002) ("As a general rule, a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum."); *A.I.A. Holdings, S.A. v. Lehman Bros.*, 2002 WL 1041356, at *1 (S.D.N.Y. May 23, 2002) ("[I]t is well settled that a plaintiff is ordinarily required to make him or herself available for a deposition in the jurisdiction in which the action is brought."). This rule may be overcome only by a showing of a substantial or extreme hardship. *Daly v. Delta Airlines, Inc.*, 1991 WL 33392, at *1-2 (S.D.N.Y. Mar. 7, 1991) (plaintiff must appear in its chosen forum for deposition absent "substantial hardship"); *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y. 1984) ("absent extreme hardship, the plaintiff should appear for deposition in his chosen forum."). Substantial or extreme hardship may include a physical illness or infirmity, *A.I.A.*

[1] Counsel for Defendant Home Depot U.S.A., Inc. has authorized our conveying that Home Depot supports the positions set forth in this letter.

HUNTON & WILLIAMS



*Holdings*, 2002 WL 1041356, at *1, or that plaintiff would suffer an "extreme" financial hardship, *Clem*, 102 F.R.D. at 940 (rejecting plaintiff's claim that the costs for traveling to New York for deposition were an "extreme hardship").

First, Plaintiffs have not claimed they are physically unable to travel to New York City. Nor have Plaintiffs asserted they would suffer an extreme financial burden by traveling to this District for their depositions. Rather, during the parties' meet and confers, Plaintiffs have asserted that it would be inequitable for Browne and Smith to travel to this District, given the asserted low individual damages each named Plaintiff seeks. But "inequitable" is not the standard for overcoming the general rule that Plaintiffs must appear where they filed suit. And, even if "inequity" were the standard, it is not inequitable to expect Plaintiffs Browne and Smith to sit for their depositions where they chose to file suit. *See Dubai Islamic Bank*, 2002 WL 1159699, at *12; *A.I.A. Holdings*, 2002 WL 1041356, at *1; *see also Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591-92 (7th Cir. 1992) (affirming dismissal where plaintiff refused to appear for deposition in district where she filed suit based on claimed financial difficulties). Indeed, courts in this District have long required non-resident plaintiffs who file suit here to appear here for deposition. *MPD Accessories B.V. v. Target Corp.*, 2013 WL 1200359, at *1 (S.D.N.Y. Mar. 1, 2013) ("this Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances."). If Plaintiffs did not want to appear in New York, they could have filed suit in California.[2]

Second, Plaintiffs' theory of "inequity" overlooks that, as named plaintiffs in a putative class action, Plaintiffs "implicitly represented that they had the ability to fund the litigation, either through the aggregation of their own resources or on the basis that the plaintiffs' counsel would advance the costs of the lawsuit." *Devlin v. Transp. Commc'ns Int'l Union*, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000) (citations omitted). It also overlooks that, as class counsel, Plaintiffs' ***counsel*** has undertaken the obligation to commit necessary resources to represent the class and prosecute the action. *See* Fed. R. Civ. P. 23(g)(l)(A) (factors in appointment of class counsel include "the resources that counsel will commit to representing the class"); *see also Daly*, 1991 WL 33392, at *2 (finding $1,000 cost for traveling to New York for deposition must be measured against the $1.5 million sought in damages) *and* Am. Compl. at 42 ¶¶ D-F, H, ECF No. 14 (seeking tens of millions of dollars in compensatory, punitive and other damages). Moreover, Plaintiffs' "inequity" argument is undermined by

[2] Plaintiffs claim they were "*effectively* constrained" to choose New York as a forum. But Plaintiffs have not asserted any actual bar, jurisdictional or otherwise, to their filing an action in California either on behalf of a California-only class or a broader class. *Cf. Clinton v. Cal. Dep't of Corr.*, 2009 WL 210459, at *5 (E.D. Cal. Jan. 20, 2009) (noting exception to rule when plaintiff *must* file suit in particular forum).

HUNTON & WILLIAMS



the fact that the costs of these two Plaintiffs traveling to New York, each for a single day of deposition, is likely to be materially less than the travel and other costs for counsel from the four law firms involved in this suit if these depositions were taken in California.[3] *See Dubai Islamic Bank*, 2002 WL 1159699, at *15.

Third, Messrs. Browne's and Smith's assertion that they cannot travel to New York due to work obligations has long been rejected as a basis for plaintiffs to avoid being deposed in their chosen district. *See id.* at *14-15 (requiring plaintiffs to travel to New York for deposition despite their asserted family obligations, medical issues, and personal obligations); *Daly*, 1991 WL 33392, at *2 (rejecting plaintiff's argument that travel to New York for deposition would inconvenience his colleagues and patients, finding this "hardly constitutes a showing of inordinate hardship, economic or otherwise"). Plaintiffs' argument boils down to that they do not *want* to come to this District to be deposed because it would be *inconvenient* to do so. But, that is not the law. If Plaintiffs' generalized arguments were sufficient to overcome the rule that plaintiffs should appear in their chosen forum, the exception would become the rule.[4]

Finally, there is no basis for requiring Defendants to depose Plaintiffs by video, which would negate the crucial benefits of face-to-face testimony, constraining Defense counsels' pretrial opportunity to interact with and assess the veracity and credibility of named Plaintiffs who will almost certainly testify at trial in this District.

For the foregoing reasons, Defendants respectfully request Plaintiffs Browne and Smith be directed to appear for deposition in New York at a mutually convenient date and time.

Respectfully submitted,

Shawn Patrick Regan

---

[3] While this fact of relative costs is not typically dispositive or significant as to whether non-Plaintiffs should be required to come to the forum for deposition, it is relevant here as a counterpoise to Plaintiffs' specific point that "inequity" is dispositive or significant and that it would be "inequitable" to take these depositions in this District.

[4] If Messrs. Browne and Smith do not wish to appear in New York, they may withdraw as named plaintiffs and simply seek relief as class members if a class is certified. Or they may obtain a refund directly from Scotts via its No Quibble Guarantee.

HUNTON & WILLIAMS



cc: Scott A. Bursor, Esq.
Antonio Vozzolo, Esq.
Joseph I. Marchese, Esq.
Courtney E. Maccarone, Esq.
S. Stewart Haskins II, Esq.
Zachary A. McEntyre, Esq.
Christina M. Conroy, Esq.
Samuel A. Danon, Esq.
Jason Sherry, Esq.
Joshua S. Paster, Esq.