BURSOR & FISHER
P.A.

888 SEVENTH AVENUE
NEW YORK, NY 10019
www.bursor.com

JOSEPH I. MARCHESE
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com

January 6, 2014

***By ECF***

The Honorable Vincent L. Briccetti
U.S. District Court for the Southern District of New York
300 Quarropas Street, Room 630
White Plains, NY 10601

***Re:*** ***In re Scotts EZ Seed Litigation*****, Case No. 12-CV-4727 (VB)**

Dear Judge Briccetti:

As you know, my firm is Co-Lead Interim Class Counsel in the above-referenced consumer class action. I write pursuant to the Court's December 31, 2013 text order and in response to defendants' letter-motion, dated December 30, 2013, which seeks to compel plaintiffs David A. Browne and Vance Smith, both San Francisco area residents (the "California Plaintiffs"), to travel cross-country to New York City to be deposed. Based on an analysis of the relevant considerations set forth herein, the Court should deny defendants' letter-motion and order the depositions to occur in San Francisco, California either in person or by remote means.

**1. Relevant Facts And Background**

On June 15, 2012, the first-filed class action complaint in this matter was filed in this Court by five named plaintiffs, including three New York citizens and the two California Plaintiffs. On June 19, 2012, a second related complaint was filed by two additional New York plaintiffs, Gwen Eskinazi and Stacy Lonardo. Thereafter, the first-filed and second-filed actions were consolidated, and a consolidated class action complaint was filed on August 9, 2012 with seven named plaintiffs. Of the seven named plaintiffs, five are citizens and residents of New York State, and only two are citizens of California (both residing in the San Francisco area.

Defendants' counsel, the law firms of Hunton & Williams and King & Spalding, each have offices located in San Francisco, California. Plaintiff Browne resides in San Francisco, California. Plaintiff Smith resides approximately 30 minutes outside of San Francisco in Danville, California.

On December 10, 2013, defendant Scotts noticed the depositions of the California Plaintiffs to occur at the law offices of Hunton & Williams in Manhattan, New York. On December 13, 2013, counsel for all parties convened a discovery teleconference to discuss the timing and location of various depositions.[1] During that call, plaintiffs' counsel requested that the depositions of the California Plaintiffs occur in the San Francisco, California area for the

[1] Notably, Plaintiffs have agreed to take the depositions of three Scotts witnesses in Ohio, and they have agreed to produce the five New York plaintiffs for their depositions in the Manhattan offices of Hunton & Williams.

reasons stated herein, but defense counsel refused. On December 18, 2013, I exchanged e-mails with Joshua Paster, one of Scotts' counsel, to confer further about this issue. In my e-mail, I proposed an alternative solution whereby the California plaintiffs would sit for their depositions in defendants' San Francisco law offices and be deposed by video conference.

On December 19, 2013, counsel for the parties convened another discovery teleconference and conferred further about this issue without making progress. Also on December 19, 2013, I informed defense counsel by e-mail that plaintiff Browne would be available for his deposition in the San Francisco area on January 15, 2014, and plaintiff Smith would be available for his deposition in the San Francisco area on January 17, 2014. On December 26 and December 27, 2013, Mr. Paster and I exchanged final e-mails on this issue. In my e-mail, I provided case authority from this District concerning the propriety of taking depositions remotely, and I further urged defendants to consider my proposed compromise of taking the California plaintiffs' depositions via video conference. To date, defendants have failed to provide any credible reason or legal authority why deposing the California Plaintiffs by video would be inappropriate here. Moreover, all of the relevant considerations warrant holding the depositions in San Francisco, California.

**2. <u>Legal Standard</u>**

There is "no absolute rule as to the location of the deposition of a nonresident plaintiff" as "courts must strive to achieve a balance between claims of prejudice and those of hardship." *Normande v. Grippo*, 2002 WL 59427, at *1–2 (S.D.N.Y. Jan. 16, 2002). Ultimately, the determination of "'[t]he matter rests in the discretion of the court and there must be a careful weighing of the relevant facts.'" *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y. 1994). Also, the Federal Rules of Civil Procedure specifically provide for the taking of depositions by remote means. *See* Fed. R. Civ. P. 30(b)(4). And other courts in this District have found that a showing of hardship is not necessary to allow remote depositions. *See Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397-98 (S.D.N.Y. 2006); *Advani Enters., Inc. v. Underwriters at Lloyds*, 2000 WL 1568255, at *2 (S.D.N.Y. 2000).

**3. <u>The Depositions Should Be Held In San Francisco, Either In Person Or By Video Conference</u>**

<u>First</u>, defendants argue that "Plaintiffs, having chosen to file suit in this District, generally are to make themselves available for deposition here." Defs' Letter at 1. But this proposition is inapplicable in cases where, like here, the plaintiffs' ability to select the forum of the action is limited. *See Abdullah*, 154 F.R.D. at 593 (ordering deposition to be taken at place of plaintiff's residence because of constraints of his ability to select the forum of the action, stating that "[i]n applying the general rule, a court may consider external constraints on the plaintiff's choice of forum"); *Ward v. LeClaire*, 2008 WL 1787753 at *5 (N.D.N.Y Apr. 17, 2008) ("this rule wanes when the plaintiff has no choice in selecting the forum to litigate"); 8 Wright & Miller § 2112 at 409 ("And if plaintiff had no choice of forum to begin with, there seems very little reason to give weight to his selection of the forum as against facts indicating that another place for taking the deposition would be more just"). Here, the California Plaintiffs were effectively constrained in choosing the forum of this litigation because this is a consumer class action case where 5 out of the 7 named plaintiffs are New Yorkers. This matter was filed in New York as a putative class

action in the interest litigation efficiency because the claims are ideal for class treatment and the vast majority of named plaintiffs are New Yorkers. The only alternative available to the California Plaintiffs was to file a separate class action case in California, which would not accord with considerations of efficient litigation. Therefore, defendants' argument that the plaintiffs "have not asserted any actual bar . . . to their filing an action in California" misses the mark. Defs' Letter at 2 n.2. And the proposition that the depositions should occur in the litigation forum should be given no weight under these circumstances.

Second, considerations of convenience militate in favor of holding the depositions in San Francisco. From the deponents' perspectives, due to travel time (which is more than 6 hours each way), a deposition in New York will add one or two extra days to the deposition process compared to a deposition in California. This additional time would create an unnecessary hardship for the California Plaintiffs concerning their occupational responsibilities. The extra days seem even more disproportionate and unreasonable given that discovery is bifurcated in this action, and as a result, each deposition will likely last only several hours—that is, one-quarter to one-third of the total time it would take the California Plaintiffs to travel to New York. Moreover, from the defendants' perspective, there would be no inconvenience to hosting the depositions in either of their counsels' San Francisco offices, which are just minutes away from each of the California Plaintiffs' residences and offices. And, given the thin docket in this case and plaintiffs' document production totaling less than 200 pages, it would not inconvenience defendants (or be inefficient) for their San Francisco based lawyers to conduct the depositions themselves in their hometown offices.

In this regard, defendants argue the plaintiffs and their counsel "implicitly represented that they had the ability to fund the litigation." Def's Letter at 2. This argument also misses the mark because this dispute is more about proportionate and reasonable means of discovery, rather than the wasteful use of capital, human and judicial resources.

Third, cost considerations militate in favor of holding the depositions in San Francisco. The cost of deposition travel and lodging to the California Plaintiffs greatly exceeds the monetary value of their individual claims in this action, which is less than $50 each. If the depositions were taken in San Francisco, the travel and lodging costs would be unnecessary, and the overall costs of the depositions would be less than taking them in New York.

Alternatively, other courts have found that telephone or video depositions are more appropriate than requiring plaintiffs to incur the costs of traveling in similar cases where the amount in controversy is relatively low, thereby making the costs of travel prohibitive. For example in addressing a very similar situation, another court in this District stated:

> Indeed, in this case, it would be a hardship for many of the non-IIED plaintiffs to travel to distant cities to be deposed on claims that in some instances have very modest monetary value. By contrast, there is little prejudice to the defendants, who would also save expenses by taking these depositions telephonically."

*Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 398 (S.D.N.Y. 2006). *See also Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387-390 (S.D.N.Y. 2011) (allowing

plaintiff's deposition to be taken by telephone due to the prohibitive cost of travel and relatively low burden on defendant).

"[T]he Federal Rules of Civil Procedure and a steadily developing body of caselaw recognize that telephone [and video] depositions are a presumptively valid means of discovery." *Normande*, 2002 WL 59427, at *2. *See also* Fed. R. Civ. P. 30(b)(4) ("The parties may stipulate in writing – or the court may upon motion order – that a deposition be taken by telephone or other remote means); S.D.N.Y. Local Civ. R. 30.2 ("The motion of a party to take the deposition of an adverse party by telephone or other remote means will presumptively be granted"). In fact, "[a]uthorization to take telephonic depositions *does not* depend upon a showing of hardship by the applicant." *Zito,* 233 F.R.D. at 395 (quoting *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 2000 WL 1568255, at *2 (S.D.N.Y. Oct. 19, 2000)). "The mere assertion by the requesting party that telephonic depositions are preferred on the grounds of efficiency and economy constitutes a legitimate reason to permit them." *Advani,* 2000 WL 1568255, at *2. "The burden then rests on the objecting party, here the defendants, to show why the depositions should proceed in the traditional manner." *Id.*

Video depositions are the most efficient and economic means of proceeding here. But defendants tellingly cite no authority in their letter as to why the California Plaintiffs' depositions cannot be taken remotely by video conference. They simply argue that it would "negate the crucial benefits of face-to-face testimony" limiting their "opportunity to interact with and assess the veracity and credibility of the named Plaintiffs." Def's Letter at 3. This argument makes no sense when considering a *video conference* deposition, and it has been held invalid with respect to telephonic depositions. *See Estate of Gerasimenko*, 272 F.R.D. at 389 n.4 ("To the extent Defendants consider it essential to view [the plaintiff's] demeanor during the depositions and do not wish to incur the expense of travelling … Defendants may make arrangement to conduct the examination by video-conference or other remote means rather than by telephone provided that they bear the expense"); *Normande*, 2002 WL 59427, at *2 ("[L]ack of face-to-face questioning is the very essence of a telephone deposition. Acceptance of defendant's argument about the need to see the deponent's demeanor would be tantamount to repealing [Fed. R. Civ. P. 30(b)(4)]."). Indeed, plaintiffs' proposed compromise of allowing remote depositions of the California Plaintiffs by video conference would alleviate the concerns of all parties without prejudicing defendants.

For the foregoing reasons, plaintiffs respectfully request that the Court deny defendants' request to compel the California Plaintiffs' depositions in New York.

Very truly yours,

Joseph I. Marchese

Joseph I. Marchese

Cc: All counsel of record