UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Scotts EZ Seed Litigation | Civil Action No. 12-cv-4727 (VB) |

## DECLARATION OF STACY LONARDO IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVES, AND APPOINTMENT OF CLASS COUNSEL

I, Stacy Lonardo, declare as follows:

1. The statements made in this Declaration are based on my personal knowledge and, if called as a witness, I could and would testify thereto.

2. I am one of the representative plaintiffs in this class action. This Declaration is given in support of my request that the court certify this case as a class action, appoint Plaintiffs as class representatives, and appoint Bursor & Fisher, P.A. and Faruqi & Faruqi, LLP (collectively, "Interim Class Counsel") as class counsel.

3. I am a citizen of New York who resides in Penfield, New York.

4. I was deposed by Defendants' counsel on January 30, 2014. In response to questioning, I testified about the details of, and reasons for, my purchase of EZ Seed:

   Q: How many times have you purchased EZ Seed?

   A: Once.

   Q: Can you tell me about that purchase.

   A: Yes.
   I went into the True Value store on 441 down the road from us, I saw the EZ Seed because I was looking to fill some bare spots, I looked at the cover, the packaging, and felt that it would meet my needs.

   Q: What did you see on the cover?

> A: That it would grow 50% thicker lawn with half the water, that it would grow in both dense shade and sun, dry sun area.
>
> ...
>
> Q: Do you remember specifically seeing the claim 50 percent thicker with half the water?
>
> A: Yes.
>
> Q: And that hasn't been something that you had to be refreshed about in the last few months?
>
> A: No, that was one of the reasons that I purchased it.
>
> Q: What were the other claims that you recall?
>
> A: The other reasons I purchased it?
>
> Q: Yes.
>
> A: Were it would grow in dense shade and it would grow in sunlight, that could be a dry area.
>
> ...
>
> Q: How much EZ Seed did you buy?
>
> A: One canister.
>
> Q: Do you remember how many pounds it was?
>
> A: I believe it is 3.75.
>
> ...
>
> Q: How much did you pay?
>
> A: Approximately $17.

Lonardo Dep. at 32:18-33:10; 40:24-41:16; 60:8-12; 63:12-13, Marchese Decl. Ex. F.

5. I also testified that because of the product packaging, I believed that EZ Seed was versatile enough to grow grass in tough conditions, including dry, sunny areas and shady areas:

> Q: Do you understand that it will grow under certain conditions?
>
> A: According to your label, it grows under dense shade and in sunny areas 50 percent thicker with half the water.
>
> …
>
> Q: So you are aware that grass will not grow in some situations?
>
> A: I am aware that without the things that grass needs to grow, or any plant, which is sun, water, and air, that things may not grow.
> However, on your can it told me that it would grow anywhere and the two places that I needed it to grow were dense, shaded area and sunny, dry area and it did not grow at either of those places.

*Id.* at 153:15-19; 154:21-155:7.

6. I also testified that I followed the directions for use that appeared on the EZ Seed packaging when applying EZ Seed:

> Q: Can you describe what you did the day you applied EZ Seed.
>
> A: Yes.
> I followed the directions on the back of the canister, looked at the three steps, the first step was to prepare the area and so I used a rake, a flat rake, one much like in the picture, and raked it up so that it was an area that looked like the picture, it did not give me a how deep to do it, I raked it as in the picture.
> Then I put a thin one-eighth inch layer of grass seed, of the EZ Seed, on the area and then I watered it until it was dark brown.
>
> …
>
> Q: How do you know it was a one-eighth inch layer?
>
> A: Because I know what a one-eighth inch is.
>
> Q: Is that an objective measure?
>
> A: That's what the directions said.
>
> …
>
> Q: How do you know what one-eight[h]-of-an-inch is?

    A:    Well, everybody knows that one-eight[h]-of-an-inch is a half of a quarter and on the packaging, the company states one-eighth, everyone knows how much one-eighth is or it wouldn't be in the directions on the package, it would lead you to then measure with a measuring stick.

*Id.* at 94:19-95:10; 118:17-23; 119:10-19.

    7.    I also testified that the product did not work as advertised:

    Q:    What did you see in the plots?

    A:    No grass.

    Q:    Did you ever see any grass at all?

    A:    I did not.

    Q:    You didn't see any blades?

    A:    I did not.

    Q:    How many days did you water once a day with a can?

    A:    Four to five weeks.

    …

    Q:    Were you ever able to see any grass in either plot?

    A:    No.

    Q:    Do you know why that is?

    A:    Because the product doesn't work.

    Q:    How do you know that?

    A:    Because when I used the directions on the box or on the carton and I grew no seed, it doesn't work.

*Id.* at 149:7-16; 150:19-151:4.

    8.    I also testified that I relied on the product packaging:

    Q:    So you relied on what was on the package itself?

        A:      Correct.

*Id.* at 61:20-22.

9.    I also testified that prior to the filing of this lawsuit, I was not aware of the Scotts No-Quibble Guarantee, which appeared solely on the inside flap of the sealed rear label of my canister of EZ Seed:

> Q:    Prior to filing this lawsuit, did you ever read the inside flap of the rear label on the Scotts EZ Seed canister that you purchased, which is where the Scotts no quibble guarantee is printed?
>
> A:    No, I did not.
>
> Q:    At any time prior to filing this lawsuit, were you aware of the Scotts no quibble guarantee concerning the EZ Seed that you purchased?
>
> A:    I was not.

*Id.* at 222:8-18.

10.    Among other reasons, the Scotts No Quibble Guarantee is inadequate to provide the requested relief here because it is not clearly, conspicuously and adequately publicized to consumers: "I never saw a place where it said there is a guarantee . . . ." *Id.* 164:21-22.

11.    I also testified regarding the damages and other relief that I seek in this action:

> Q:    What are you seeking in this case?
>
> A:    My purchase price and that a product that doesn't work does not have a label that tells you that it is going to work and I would also like the purchase price for any other person who has purchased the seed that does not grow.
>
> …
>
> Q:    So your individual claim is for your purchase price and then you also want to see the label changed?
>
> A:    And I want to make sure that other people in this class action suit would get what they paid and the product, if it says it is going to work, it is going to work.

*Id.* at 165:3-10; 165:20-166:3.

    12.    I also testified regarding fulfillment of my duties as a class representative:

> Q: Do you understand that you will be representing a class in this case?
>
> A: Yes.
>
> Q: Can you think of any reason you would not be able to represent a class in this case?
>
> A: No.
>
> Q: Will you be available to testify at trial?
>
> A: Yes.
>
> Q: Do you understand you may be required to spend several days on this case?
>
> A: I do; I am willing to do what it takes to make sure that a product says what it is going to do and does what it says and keeps other people from purchasing something that does not work.

*Id.* at 204:15-205:8.

    13.    I have consulted with my counsel periodically to review, discuss, and determine the actions to be taken and decisions to be made in pursuit of this case on behalf of all class members. Based on these interactions and my relationship with my counsel, I believe my counsel has fairly and adequately represented the class and will continue to do so.

    14.    I understand that, as a class representative, I have an obligation to assert and protect the interests of other class members and not act just for my own personal benefit. I do not have any conflict with other class members. I will do my best to protect the interests of other class members and will fairly and adequately represent the class to the best of my ability.

15. It is my understanding that Defendants sold me the same product as it did all other class members who bought Scotts EZ Seed. I therefore request that the court certify a class of all persons who purchased Scotts EZ Seed in the state of New York, excluding persons who purchased for purpose of resale.

16. I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct. Executed on March 27, 2014 at Penfield, New York.

*Stacy Lonardo*
Stacy Lonardo

7