UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Scotts EZ Seed Litigation                )   Civil Action No.: 12-CV-4727 (VB)

## DECLARATION OF NANCY THOMAS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVES, AND APPOINTMENT OF CLASS COUNSEL

I, Nancy Thomas, declare as follows:

1. The statements made in this Declaration are based on my personal knowledge and, if called as a witness, I could and would testify thereto.

2. I am one of the representative plaintiffs in this class action. This Declaration is given in support of my request that the court certify this case as a class action, appoint Plaintiffs as class representatives, and appoint Bursor & Fisher, P.A. and Faruqi & Faruqi, LLP (collectively, "Interim Class Counsel") as class counsel.

3. I am a citizen of New York who resides in West Nyack, New York.

4. I was deposed by Defendants' counsel on February 26, 2014. In response to questioning, I testified about the details of my purchase of EZ Seed in New York:

> Q: So when did you first purchase EZ Seed?
>
> A: In 2011.
>
> Q: And what month?
>
> A: I purchased it sometime in the spring, and I again purchased it sometime in late summer.
>
> …
>
> Q: Just so I have it straight, you purchased the 14.5-pound bucket at Costco and a 10-pound bag at either Lowe's or Home Depot; is that correct?

A: Yes.

…

Q: How much did you pay for the 14.5-pound bucket of EZ Seed?

A: Somewhere around $43, somewhere around there.

…

Q: How much did you pay for the 10-pound bag of EZ Seed?

A: Around $29.

Thomas Dep. at 65:3-7; 72:21-25; 100:25-101:4; 101:11-13, Marchese Decl. Ex. I.

5. I also testified that I relied on the packaging claims at issue when I decided to purchase Scotts EZ Seed:

> Q: We heard different variations of this claim today, so let's be clear. Did you see the claim "50% thicker with half the water" on the label?
> Do you see that?
>
> A: Yes.
>
> Q: Did you rely on this representation when making your purchase?
>
> A: Yes.
>
> Q: And you wouldn't have purchased EZ Seed if it hadn't said "50% thicker with half the water" on the label; right?
>
> A: Yes.
>
> Q: And you saw the claim: grows anywhere, including dry, sunny areas, dense shade, and even grows on pavement, right?
>
> A: Yes.
>
> Q: And you relied on this representation; right?
>
> A: Yes.
>
> Q: And you would not have purchased EZ Seed if the label had not said this; right?

        A:      Yes.

*Id.* at 153:17-154:21.

6.    I also testified about my understanding of the claim "50% thicker with half the water":

        Q:      What does 50 percent thicker mean to you?

        A:      What it meant to me was that it would be thicker than the grass that I had.

        …

        Q:      All right. Ms. Thomas, before the break we were talking about the "half the water" claim. When you say half the water, what does that mean to you? Half of what? Half the water of what?

        A:      It meant to me I would not need as much water on the product.

        Q:      As opposed to what? You said it would not need as much water on the product. It would not need as much water as what?

        A:      As another product would.

        Q:      What type of other product?

        A:      Another grass seed.

        …

        Q:      And what benefit does that suggest to you?

        A:      Smaller water bill.

*Id.* at 75:20-23; 83:4-16; 81:8-10.

7.    I also testified that I followed the directions for use that appeared on the EZ Seed packaging when applying EZ Seed:

        Q:      So now let's take a step forward. You have EZ Seed in your shed. What do you do to prepare your lawn for the EZ Seed? Do you do anything to prepare your lawn for the EZ Seed?

| | | |
|---|---|---|
| A: | | Well, for the EZ Seed, I did it accordingly to what was on the EZ Seed package. |

...

| | | |
|---|---|---|
| Q: | | Let's go back to the spring 2011 planting. You have now raked the surface. What do you do next? |
| A: | | Again, I followed the direction, put a very thin eighth-of-an inch coat on the surface, and then I watered it until it became brown. |

...

Q: You said you followed the instructions. Did you read EZ Seed's entire instructions?

A: I did.

*Id.* at 113:23-114:4; 116:25-117:6; 128:24-129:2.

    8.    I also testified that the product did not work as advertised:

Q: Were you successful growing grass in the spring of 2011?

A: No.

Q: Were you successful growing grass in August 2011?

A: No.

...

Q: How would you describe your experience with EZ Seed?

A: Poor.

Q: Why?

A: It did not live up to what it was supposed to live up to.

*Id.* at 65:18-23; 134:15-20.

    9.    I also testified that I was not aware of Scotts' No-Quibble Guarantee:

Q: Are you aware that you could still contact Scotts and get a refund?

A: No.

Q: Are you aware that Scotts has what's called a "no quibble" guarantee?

      A:    No.

*Id.* at 136:24 - 137:5.

    10.    Scotts' No Quibble Guarantee is not conspicuously or adequately published on the EZ Seed packaging. As such, the No Quibble Guarantee is insufficient to address the monetary harm suffered by EZ Seed purchasers. Moreover, the No Quibble Guarantee is completely inadequate to address the controversy before this Court about the false representations on the EZ Seed packaging because the No Quibble Guarantee cannot provide the injunctive relief (among other remedies) that this lawsuit can provide.

    11.    I also testified regarding fulfillment of my duties as a class representative:

> Q:    Now, you understand that you're seeking to represent a class in this case; correct?
>
> A:    Yes.
>
> Q:    Can you think of any reason why you would not be able to represent the class?
>
> A:    No.
>
> Q:    Should this case go to trial, would you be able to testify at trial?
>
> A:    Yes.
>
> …
>
> Q:    We were talking before about whether you'd be able to testify at trial. Do you understand that you may be required to spend several days of your time on this case?
>
> A:    Yes.
>
> Q:    Will you be able to leave your job for that time?
>
> A:    Yes.
>
> Q:    Even if you have a closing where time is of the essence?

> A: Yes.
>
> …
>
> Q: Are you going to be available for the next two years to discuss the strategy of the case with your attorneys?
>
> A: I would think I would be.
>
> Q: Why wouldn't you?
>
> A: If I'm alive, if I'm healthy and well, I'll be here.
>
> Q: What do you consider your responsibilities as a potential class representative to be?
>
> A: I would think my responsibilities would be to be a voice for all the other people that have run into the same situation I've run into, using this product.

*Id.* at 146:23-147:7; 147:23-148:9; 149:4-17.

12. I have consulted with my counsel periodically to review, discuss, and determine the actions to be taken and decisions to be made in pursuit of this case on behalf of all class members. Based on these interactions and my relationship with my counsel, I believe my counsel has fairly and adequately represented the Class and will continue to do so.

13. I understand that, as a class representative, I have an obligation to assert and protect the interests of other class members and not act just for my own personal benefit. I do not have any conflict with other class members. I will do my best to protect the interests of other class members and will fairly and adequately represent the class to the best of my ability.

14. It is my understanding that Defendants sold me the same product as it did all other class members who bought Scotts EZ Seed. I therefore request that the court certify a class of all persons who purchased Scotts EZ Seed in the state of New York, excluding persons who purchased for the purpose of resale.

15. I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct. Executed on March 29, 2014 at New York, New York.

Nancy Thomas