UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| In re: Scotts EZ Seed Litigation |

Case No. 12-cv-4727-VB

Declaration

of

# COLIN B. WEIR

March 31, 2014

I, Colin B. Weir, declare as follows:

I am Vice President at Economics and Technology, Inc. ("ETI"), One Washington Mall, 15th Floor, Boston, Massachusetts 02108.  ETI is a research and consulting firm specializing in economics, statistics, regulation and public policy.

## I. QUALIFICATIONS, BACKGROUND, AND EXPERIENCE

1.  I hold a Masters of Business Administration, with honors from the High Technology program at Northeastern University, Boston, Massachusetts.  I hold a Bachelor of Arts degree cum laude in Business Economics from The College of Wooster, Wooster, Ohio.  I have provided expert testimony before federal and state courts, the Federal Communications Commission, and state regulatory commissions, and have contributed research and analysis to numerous ETI publications and expert testimony at the state, federal, and international levels.  I have consulted on a variety of consumer and wholesale products cases, calculating damages relating to household appliances, herbal remedies, HBC, food products, electronics, and computers.  Prior to joining ETI, I worked at Stop and Shop Supermarkets for a period of seven years, working as a cash department head, grocery/receiving clerk, and price-file maintenance head.

2.  My Statement of Qualifications, which outlines my professional experience, publications, and record of expert testimony, is annexed as Exhibit 1 hereto.  This includes a list of all cases in which, during the previous four years, I have testified as an expert at trial or by deposition.

3.  My declaration testimony in support of class certification was cited favorably by Judge Rakoff in *Ebin v. Kangadis Food, Inc.*, 2014 WL 737960, at *2 (S.D.N.Y. Feb. 25, 2014) (granting class certification and citing my testimony concerning "retail sales of Capatriti during the class period"); *see also Ebin v. Kangadis Food Inc.*, 2014 WL 737878, at *1 (S.D.N.Y. Feb. 25, 2014) ("[D]amages expert Colin Weir details several models for calculating damages ....");



Declaration of Colin B. Weir
March 31, 2014
Page 2 of 6

*id.* at *2 ("Plaintiffs have provided in the report of their expert, Colin Weir, an estimate of the average price per ounce of Capatriti, as well as the number of ounces sold. *See* Weir Decl. at 5. Additionally, plaintiffs have provided admissible raw data, such as the Wakefern data included in Weir's original report, related to the price of virgin olive oil and Pomace oil.").

## II.  ENGAGEMENT

4.  I have been advised by counsel for plaintiffs that a putative class of individuals ("Class", "Class members") purchased Scotts EZ Seed Products[1] that were mislabeled with false claims concerning the efficacy of the Products at reduced watering levels.[2]  I have been asked by counsel for plaintiffs to assess whether it is possible to determine damages in this case on a Class-wide basis using common evidence, and if so, to provide a framework for and an assessment of damages and harm suffered by the class of plaintiffs resulting from false claims made by Scotts.  ETI is being compensated at the rate of $450 per hour for my work on this case. The documents that I reviewed in the course of preparing this report are identified in Exhibit 2.

## III.  FRAMEWORK FOR DAMAGES

5.  As a threshold matter, it is my opinion that it *is* possible to determine Class-wide damages in this case using the Defendants' own available business records and/or market research data concerning retail prices for the Products at issue in this case and a series of benchmark products.

6.  I have considered three types of damages calculations that might apply in this case:

- Full Compensatory damages (wherein consumers would receive a full refund for their purchases of EZ Seed)

---

[1] EZ Seed is sold in numerous varieties, including "Dog Spot Repair," "Dog Spot Repair for Tall Fescue Lawns," "Ultimate Winter Lawn Mix," "Tall Fescue Lawns," and "Bermudagrass Lawns," amongst others, hereinafter "EZ Seed" or "Products."
[2] See, generally, Consolidated Class Action Complaint, filed August 9, 2012, ("The Complaint").



Declaration of Colin B. Weir
March 31, 2014
Page 3 of 6

- Disgorgement of Money damages (wherein consumers would receive a full refund of the money obtained by Scotts from the sale of EZ Seed)

- Price Premium damages (wherein consumers would receive the difference between the purchase price of EZ Seed and the price of alternate grass seed products)

7.  I understand the Class period in this case to run from the first commercial sale of EZ Seed in January 2009 through the time of notice, and includes purchases in California and New York.

**Full Compensatory Damages**

8.  Under a damages framework awarding full recovery, Class-wide damages are easily calculated as:

> Average Retail Purchase Price Per Package of EZ Seed
>
> x  Number of Packages Sold
>
> = Full Compensatory Damages

9.  It is my understanding that the discovery process is ongoing, and that counsel for plaintiffs are still awaiting documents relating to the retail purchase price of EZ Seed.  Prior to the completion of discovery, I have estimated the average retail purchase price of EZ Seed based upon the production of retailer sales records for the period January 1, 2009 through 2013.  These data appear to show the complete retail sales data (in both units and dollars) for each of the EZ Seed Products by SKU, by state, and year by year over the class period, for retailers Home Depot, Lowes, Walmart, and Sam's Club.[3]  These four retailers comprise some 74% of all of the

---

[3] See Bates HOME DEPOT_EZ SEED_000001; HOME DEPOT_EZ SEED_000002;
HOME DEPOT_EZ SEED_000003; LHC-EZ000001; LHC-EZ000002; and WM2014-000464C000001-183.



Declaration of Colin B. Weir
March 31, 2014
Page 4 of 6

Product units sold in California and New York during the class period. Across this data set, the average price per unit of EZ Seed was $20.79 in California, and $21.35 in New York.[4]

10. I have reviewed data that appear to show the number of wholesale packages sold by Scotts during the class period, broken down by SKU, state, and year. These data show that between January 2009 and 2013 1,524,812 packages of EZ Seed were sold in California and 992,338 packages of EZ Seed were sold in New York.[5]

11. Using this framework, the damage calculation would yield:

California: $20.79/package x 1.524-million packages = $31.71-million

New York: $21.35/package x 992.34-thousand packages = $21.18-million

12. The data available allows me to disaggregate this calculation by state, SKU, and year. See Exhibit 3 for disaggregated results.

**Disgorgement of Money Damages**

13. Under a damages framework awarding disgorgement of money obtained by Defendants, Class-wide damages are easily calculated as:

Average Wholesale Purchase Price Per Package of EZ Seed

x  Number of Packages Sold

= Disgorgement of Money Damages

---

[4] These estimates are conservative because they contain 100% of the actual sales data from several of the largest U.S. retailers, which tend to have lower retail prices, but no data concerning pricing at smaller retail stores, which tend to have higher prices.

[5] See Bates SMG-EZ131678. These figures have been represented as total sales through the end of 2013, but may exclude some sales in 2013 (SMG-EZ104313 includes sales only through week 40 of 2013), and do not include any sales in 2014; Deposition of John Sass, February 19, 2014 ("Sass Deposition") at 114 (explaining that units sold would be the same for net sales as invoiced sales).



Declaration of Colin B. Weir
March 31, 2014
Page 5 of 6

14.  The Defendant's own records[6] already provide the results of this calculation:

California: $14.04/package x 1.524-million packages = $21.42-million

New York: $14.06/package x 992.34-thousand packages = $13.95-million

15.  The data available allows me to disaggregate this calculation by state, SKU, and year. See Exhibit 4 for disaggregated results.

**Price Premium Damages**

16.  Under a Price Premium framework of recovery, Class-wide damages are easily calculated as:

Average Retail Purchase Price Per Unit of EZ Seed

–  Average Retail Purchase Price Per Unit of Alternate Product

= Net Price Premium Per Unit

x Number of Units Sold

=  Price Premium Damages

17.  As above, prior to the completion of discovery, I have estimated the price per package of EZ Seed to be $20.79 in California, and $21.35 in New York.  The average price per coverage unit is $0.1303/square foot in California and $0.1319/square foot in New York.

18.  As above, the number of packages of EZ sold during the class period is 1,524,812 packages of EZ Seed in California and 992,338 packages of EZ Seed in New York.  The number of coverage units is 243,254,180 square feet in California and 160,545,100 square feet in New York.

19.  However, at this time, prior to the completion of discovery, I do not have an available estimate of the price per unit of an alternate product.  My review of the discovery in this case

---

[6] See Bates SMG-EZ131678; Sass Deposition at 114 (identifying net sales in dollars and units).



Declaration of Colin B. Weir
March 31, 2014
Page 6 of 6

indicates that such data will be available from Defendants' own business records (*See, e.g.*, Bates SMG-EZ004394; SMG-EZ007592) or from other market research.  Furthermore, I have been advised that Home Depot has agreed to provide such data "within 60 days after entry of an order granting, or granting in part, class certification in this action, to ensure that the most up-to-date sales figures are provided for the full class period."[7]

20.  Given the data already produced in this case, I am confident that I could complete such a calculation in the aggregate, and on a disaggregated basis by state, SKU, and year.

## IV.  RESERVATION OF RIGHTS

21.  These calculations and estimates are based on the data available to me.  I understand that additional, different and/or updated data may be obtained in advance of trial.  I therefore reserve the right to amend or modify my calculations and my testimony.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this declaration was executed at Boston, Massachusetts, this 31st day of March, 2014.

Colin B. Weir

---

[7] *See*, Stipulation No. 1, at paragraph 4 (Dkt. No. 69).



# Exhibit 1

# Statement of Qualifications
of

# COLIN B. WEIR



## Statement of Qualifications

## COLIN B. WEIR

Colin B. Weir is Vice President at Economics and Technology, Inc. Mr. Weir conducts economic, statistical, and regulatory research and analysis, and testifies as an expert witness. Mr. Weir's work involves econometric and statistical analysis, multiple linear regression, statistical sampling, micro- and macroeconomic modeling and other economic analysis. Such analysis often involves analysis of databases, call detail records, and other voluminous business records. Mr. Weir is familiar with common statistical and econometric software packages such as STATA and SHAZAM. Mr. Weir assists with analysis of economic, statistical and other evidence; and preparation for depositions, trial and oral examinations. Mr. Weir has provided expert testimony before federal and state courts, the FCC, and state regulatory commissions, and has contributed research and analysis to numerous ETI publications and testimony at the state, federal, and international levels. Prior to joining ETI, Mr. Weir worked at Stop and Shop Supermarkets as a cash department head, grocery/receiving clerk, and price-file maintenance head.

Mr. Weir's experience includes work on a variety of issues, including: economic harm and damage calculation;   liquidated damages provisions; lost profits; false claims; diminution in value; Early Termination Fees (ETFs); Late Fees; determination of Federal Excise Tax burden; and development of macroeconomic analyses quantifying the economic impact of corporate actions upon the US economy and job markets.

Mr. Weir has conducted research and analysis in numerous litigation and regulatory matters on behalf of corporate, government and individual clients, including AT&T, MTS Allstream (Canada), The US Department of Justice, Office of the Attorney General of Illinois, Pennsylvania Department of Revenue,  Thomas *et al* (class action litigation, Superior Court, County of Alameda), Ayyad *et al* (class action litigation,  Superior Court, County of Alameda), and White *et al* (class action litigation, Superior Court, County of Alameda).

Mr. Weir holds an MBA with honors from Northeastern University. He also holds a Bachelor of Arts degree *cum laude* in Business Economics from The College of Wooster.

Mr. Weir is a member of the Boston Economic Club, a business member of the Boston Bar Association, and serves as the comptroller for the Sybaris Investment Partnership.

## Publications and Testimony of Colin B. Weir

Mr. Weir has co-authored the following:

*Interoperability and Spectrum Efficiency: Achieving a Competitive Outcome in the US Wireless Market* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, July 2012.



*Statement of Qualifications – Colin B. Weir*

*The Price Cap LECs' "Broadband Connectivity Plan": Protecting Their Past, Hijacking the Nation's Future* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, September 2011.

*Regulation, Investment and Jobs: How Regulation of Wholesale Markets Can Stimulate Private Sector Broadband Investment and Create Jobs* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of Cbeyond, Inc., Covad Communications Company, Integra Telecom, Inc., PAETEC Holding Corp, and tw telecom inc., February 2010.

*Revisiting Us Broadband Policy: How Re-regulation of Wholesale Services Will Encourage Investment and Stimulate Competition and Innovation in Enterprise Broadband Markets*, (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, February 2010.

*Longstanding Regulatory Tools Confirm BOC Market Power: A Defense of ARMIS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, January 2010.

*Choosing Broadband Competition over Unconstrained Incumbent Market Power: A Response to Bell and TELUS*  (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, April 2009.

*The Role of Regulation in a Competitive Telecom Environment: How Smart Regulation of Essential Wholesale Facilities Stimulates Investment and Promotes Competition* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, March 2009.

*Special Access Overpricing and the US Economy: How Unchecked RBOC Market Power is Costing US Jobs and Impairing US Competitiveness*  (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, August 2007.

*The AWS Spectrum Auction: A One-Time Opportunity to Introduce Real Competition for Wireless Services in Canada*  (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, June 2007.

*Comparison of Wireless Service Price Levels in the US and Canada* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of MTS Allstream, May 2007.

*Hold the Phone! Debunking the Myth of Intermodal Alternatives for Business Telecom Users In New York*  (with Susan M. Gately and Lee L. Selwyn) Economics and Technology, Inc., prepared for the UNE-L CLEC Coalition, August 2005.

2


ECONOMICS AND
TECHNOLOGY, INC.

Mr. Weir has submitted the following testimony:

**United States District Court, Central District of California,** *Julie Fagan, Michael Fagan, Melissa Pennalatore, Amy Sapeika and Shelley Trinchero, individually and on behalf of all others similarly situated v. Neutrogena Corporation*, Case No. 13-cv-01316-SVW, on behalf of Izard Nobel LLP; Declaration filed March 21, 2014**.**

**United States District Court, Central District of California,** *Enzo Forcellati and Lisa Roemmich, individually and on behalf of all others similarly situated v. Hyland's Inc., Standard Homeopathic Laboratories, Inc. and Standard Homeopathic Company*, Case No. 12-cv-01983-GHK, on behalf of Faruqi and Faruqi; Declaration filed December 13, 2013; Deposition on February 27, 2014**.**

**United States District Court, Southern District of Florida,** *Adam Karhu, on behalf of himself and all others similarly situated, v. Vital Pharmaceuticals, Inc., d/b/a VPX Sports*, Case No. 13-cv-60768-JIC, on behalf of Thornton, Davis, & Fein, P.A., Declaration filed December 13, 2013; Declaration filed January 6, 2014; Declaration filed March 31, 2014.

**Trial Court of Massachusetts, District of Edgartown,** *Schepici v. JetBlue Airways Corp.,* on behalf of plaintiff; Mediation on December 4, 2013.

**Superior Court of California, County of Alameda,** *In re: Cellphone Termination Fee Cases, Ramzy Ayyad, et al, Plaintiff, v. Sprint Spectrum, L.P., Defendant,* JCCP No. 4332, Case No. RG03-121510, on behalf of the Executive Committee; Declaration filed September 18, 2013.

**United States District Court, Northern District of California,** *Maria Torres, Gabriel Rojas, and Ian Kerner, individually and on behalf of all others similarly situated v. JC Penney Corporation, Inc.; and JC Penney Company, Inc.,*, Case No. cv-12-01105-RS, on behalf of Bramson, Plutzik, Mahler and Birkhaeuser; Declaration filed September 13, 2013; Deposition on October 2, 2013.

**United States District Court, Southern District of New York,** *Joseph Ebin and Yeruchum Jenkins, individually and on behalf of all others similarly situated v. Kangadis Foods Inc*, Case No. 13-cv-02311-JSR, on behalf of Bursor & Fisher, PA; Declaration filed August 26, 2013, Deposition on October 21, 2013.

**United States District Court, Northern District of California,** *Desiree Moore, on behalf of themselves, the general public, and all those similarly situated, Plaintiffs v. Verizon Communications*, Case No. 4:09-cv-01823-SBA, on behalf of David Schachman and Associates PC, Jacobs Kolton Chtd., and Keller Grover, LLP; Declaration filed June 24, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on March 1, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 20, 2013.


ECONOMICS AND
TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 19, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 13, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 7, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on February 4, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on January 24, 2013.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on December 12, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on December 10, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant; Oral testimony and cross examination on November 28, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant, Declarations filed October 4, 2012 and November 5, 2012; Oral testimony and cross examination on November 27, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant, Declaration filed April 16, 2012; Oral testimony and cross examination on May 11, 2012.

**United States District Court, District of Massachusetts,** *Marcy Cruz v. Justin Kagan, Arthur Hegarty, Ronald Teachman, and the City of New Bedford*, Case No. 1:09-cv-11793-RGS, on behalf of Marcy Cruz, Expert Report filed February 28, 2011; Oral testimony and cross examination on December 1, 2011.

**United States District Court, Southern District of New York,** *Bursor & Fisher P.A., v. Federal Communications Commission*, Case No. 1:11-cv-05457-LAK, on behalf of Bursor & Fisher P.A., Declaration filed August 17, 2011.

**United States District Court, District of New Jersey,** *In Re: Sprint Premium Data Plan Marketing and Sales Practices Litigation,* Master Case No. 10-6334 (SDW) MDL No. 2228**,** on behalf of Thornton, Davis, & Fein, P.A., Declaration filed August 11, 2011.



*Statement of Qualifications – Colin B. Weir*

**United States District Court, Northern District of California,** *Patrick Hendricks, on behalf of himself and all others similarly situated, Plaintiffs, v. AT&T Mobility LLC, Defendant*, Case No. C11-00409, Class Action Complaint, on behalf of Bursor & Fisher, P.A., Declaration filed August 7, 2011.

**Federal Communications Commission,** *In the Matter of Applications of AT&T Inc. & Deutsche Telekom AG for Consent to Assign or Transfer Control of Licenses and Authorizations*, WT Docket No. 11-65, on behalf of Butch Watson, Declaration filed June 20, 2011.

**California Public Utilities Commission,** *Pacific Bell Telephone Company d/b/a AT&T California (U1001C) Complaintant, vs. O1 Communication, Inc. (U 6065 C), Defendant*, Case No. C.08-03-001, on behalf of the O1 Communications, Inc., Reply Testimony filed November 6, 2009; Oral testimony and cross examination on November 16, 2009.

**Superior Court of California, County of Alameda**, *James Thomas, on behalf of themselves, the general public, and all those similarly situated, Plaintiffs, v. Global Vision Products, Inc., Anthony Imbriolo, Derrike Cope, David L. Gordon, Powertel Technologies, Inc., Craig Dix, Henry Edelson and Robert Debenedictis, Defendants*, Case No. RG03-091195, on behalf of the Law Offices Of Scott A. Bursor, Oral testimony and cross examination on November 9, 2009.

**United States District Court, District of New Jersey,** *Judy Larson, Barry Hall, Joe Milliron, Tessie Robb, and Willie Davis, individually and on behalf of all others similarly situated, v.  AT&T Mobility LLC f/k/a Cingular Wireless LLC and Sprint Nextel Corporation and Sprint Spectrum L.P. d/b/a Sprint Nextel and Nextel Finance Company, Civ. Act. No. 07-5325 (JLL)*, on behalf of PinilisHalpern, LLP and Law Offices of Scott A. Bursor, Declaration filed *under seal* October 19, 2009.

**California Public Utilities Commission,** *Pacific Bell Telephone Company d/b/a AT&T California (U1001C) Complaintant, vs. Pac-West Telecomm, Inc. (U 5266 C), Defendant*, Case No. C.08-09-017, on behalf of the Pac-West Telecomm, Inc., Rebuttal Testimony filed May 1, 2009.

**Illinois Commerce Commission,** Illinois Bell Telephone Company Annual Rate Filing for Non-Competitive Services Under an Alternative Form of Regulation, Ill. C. C. Docket No. 08-0249, on behalf of the People of the State of Illinois, Declaration filed May 2, 2008.

**Federal Communications Commission,** Qwest Petition for Forbearance Under 47 U.S.C. §160(c) From Title II and  *Computer Inquiry Rules* with Respect to Broadband Services, Petition of AT&T Inc, For Forbearance Under 47 U.S.C. §160(c) From Title II and *Computer Inquiry Rules* with Respect to Broadband Services, Petition of BellSouth Corporation For Forbearance Under 47 U.S.C. §160(c) From Title II and *Computer Inquiry Rules* with Respect to Broadband Services, Petition of the Embarq Local Operating Companies for Forbearance Under 47 U.S.C. §160(c) From Application of *Computer  Inquiry* and certain Title II Common Carriage Requirements; WC Docket Nos. 06-125 and 06-147, on behalf of the AdHoc Telecommunications Users Committee, Declaration filed October 9, 2007.


ECONOMICS AND TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

**Superior Court of California, County of Alameda**, *James Thomas, on behalf of themselves, the general public, and all those similarly situated, Plaintiffs, v. Global Vision Products, Inc., Anthony Imbriolo, Derrike Cope, David L. Gordon, Powertel Technologies, Inc., Craig Dix, Henry Edelson and Robert Debenedictis, Defendants,* Case No. RG03-091195, on behalf of the Law Offices Of Scott A. Bursor, Declaration filed January 5, 2007; Deposition on November 13, 2007; Oral testimony and cross-examination on December 19, 2007; Oral testimony on January 9, 2008.

Mr. Weir has served as a consultative expert in numerous proceedings that did not result in testimony, and has contributed research and analysis to numerous additional publications and testimony at the state, federal, and international levels.

6



**Exhibit 2**

**Facts, Data and
Other Information Considered**



- Consolidated Class Action Complaint, filed August 9, 2012

-HOME DEPOT_EZ SEED_000001

-HOME DEPOT_EZ SEED_000002

-HOME DEPOT_EZ SEED_000003

-LHC-EZ000001

-LHC-EZ000002

-WM2014-000464C000001-183

- SMG-EZ004394

- SMG-EZ007592

-SMG-EZ007809

-SMG-EZ104312

-SMG-EZ104313

- SMG-EZ131678

-Scotts Miracle-Gro Company and Scotts Company LLC's Response to Second Set of Interrogatories (Nos.4-9)

-Scotts Miracle-Gro Company and Scotts Company LLC's First Supplemental Response to Second Set of Interrogatories (No.4)

- Deposition of John Sass, February 19, 2014

www.homedepot.com

www.lowes.com

ECONOMICS AND
TECHNOLOGY, INC.

**Exhibit 3**

**Full Compensatory Damages**

**Disaggregated Data**



[SEALED PURSUANT TO THE COURT'S
PROTECTIVE ORDER DATED MARCH 7, 2014]

# Exhibit 4

# Disgorgement of Money Damages

# Disaggregated Data



[SEALED PURSUANT TO THE COURT'S PROTECTIVE ORDER DATED MARCH 7, 2014]