UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Scotts EZ Seed Litigation | Civil Action No. 12-CV-4727 (VB) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE PARAGRAPH 15 OF THE DECLARATION OF LISA TAUBLER**

Dated:  June 27, 2014

**BURSOR & FISHER, P.A.**

Scott A. Bursor
Joseph I. Marchese
888 Seventh Ave.
New York, NY  10019
Telephone:  (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
        jmarchese@bursor.com


**FARUQI & FARUQI, LLP**
Antonio Vozzolo
369 Lexington Ave., 10th Floor
New York, NY  10017
Telephone: (212) 983-9330
Facsimile:  (212) 983-9331
Email:  avozzolo@faruqilaw.com

*Interim Class Counsel*

## TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

I.    THE COURT MAY NOT CONSIDER INADMISSIBLE EVIDENCE ON A MOTION FOR CLASS CERTIFICATION ................................................................................. 2

II.    MS. TAUBLER'S TESTIMONY IS IRRELEVANT ....................................................... 4

III.    MS. TAUBLER'S TESTIMONY IS BASED ON INADMISSIBLE HEARSAY ............ 5

IV.    MS. TAUBLER'S TESTIMONY RELIES ON EVIDENCE THAT HAS NOT BEEN AUTHENTICATED ........................................................................................................ 6

V.    MS. TAUBLER'S TESTIMONY IS NOT BASED ON PERSONAL KNOWLEDGE .... 7

VI.    MS. TAUBLER'S TESTIMONY VIOLATES THE BEST EVIDENCE RULE .............. 7

CONCLUSION ............................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AAMCO Transmissions v. Baker*,
   591 F. Supp. 2d 788 (E.D. Pa. 2008) ....................................................................................... 6

*All Star Carts & Vehicles, Inc. v. BFI Canada Income Fund*,
   280 F.R.D. 78 (E.D.N.Y. 2012) .............................................................................................. 3

*Chambers v. Mississippi*,
   410 U.S. 284 (1973) ................................................................................................................ 5

*Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n*,
   239 F. Supp. 2d 316 (E.D.N.Y. 2003) .................................................................................... 3

*DiStiso v. Cook*,
   691 F.3d 226 (2d Cir. 2012) .................................................................................................... 7

*In re Flat Glass Antitrust Litig.*,
   385 F.3d 350 (3d Cir. 2004) .................................................................................................... 6

*In re Initial Pub. Offerings Secs. Litig.*,
   471 F.3d 24 (2d Cir. 2006) ..................................................................................................... 3

*In re Salomon Analyst Metromedia Litig.*,
   544 F.3d 474 (2d Cir. 2008) .................................................................................................... 3

*Kamen v. Am. Tel. & Tel. Co.*,
   791 F.2d 1006 (2d Cir. 1986) .................................................................................................. 3

*Lujan v. Cabana Management, Inc.*,
   284 F.R.D. 50 (E.D.N.Y. 2012) .............................................................................................. 3

*Rodriguez v. Artuz*,
   123 Fed. Appx. 428 (2d Cir. 2010) ......................................................................................... 5

*U.S. v. Biesiadecki*,
   933 F.2d 539 (7th Cir. 1991) ................................................................................................... 5

*U.S. v. Chang An-Lo*,
   851 F.2d 547 (2d Cir. 1988) .................................................................................................... 8

*U.S. v. Ciccone*,
   219 F.3d 1078 (9th Cir. 2000) ................................................................................................. 4

*U.S. v. Covello*,
  410 F.2d 536 (2d Cir.1969) ................................................................................................. 8

*U.S. v. Cuti*,
  720 F.3d 453 (2d Cir. 2013) ................................................................................................ 7

*U.S. v. Dhinsa*,
  243 F.3d 635 (2d Cir. 2001) ................................................................................................ 6

*U.S. v. Diamond*,
  430 F.2d 688 (5th Cir. 1970) ............................................................................................... 5

*U.S. v. Pluta*,
  176 F.3d 43 (2d Cir. 1999) .................................................................................................. 6

*U.S. v. Woolf*,
  2008 WL 5156313, (E.D. Va. 2008) ................................................................................... 4

*United States v. Carneglia*,
  256 F.R.D. 384 (E.D.N.Y. 2009) ......................................................................................... 5

*United States v. Elliott*,
  62 F.3d 1304 (11th Cir. 1996) ............................................................................................. 5

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011) ......................................................................................................... 4

**Statutes**

Fed. R. Evid. 1002 ...................................................................................................................... 1

Fed. R. Evid. 1004(a)-(d) ........................................................................................................... 8

Fed. R. Evid. 101 ........................................................................................................................ 2

Fed. R. Evid. 1101 ...................................................................................................................... 3

Fed. R. Evid. 401 ........................................................................................................................ 4

Fed. R. Evid. 402 ................................................................................................................... 1, 4

Fed. R. Evid. 602 ................................................................................................................... 1, 7

Fed. R. Evid. 801(c) .............................................................................................................. 1, 5

Fed. R. Evid. 802 ........................................................................................................................ 5

Fed. R. Evid. 803 ................................................................................................................... 5, 6

iv

Fed. R. Evid. 804 ............................................................................................................... 5

Fed. R. Evid. 807 ............................................................................................................... 5

Fed. R. Evid. 901(a) ................................................................................................... 1, 6, 7

**INTRODUCTION**

On March 31, 2014, Plaintiffs filed their motion for class certification.  On May 30, 2014, Defendants filed their memorandum of law in opposition thereto along with the Declaration of Lisa Taubler, who testifies in Paragraph 15 that "Scotts has received 776 consumer contacts praising EZ Seed."  *See* Taubler Decl. ¶ 15.[1]  This Paragraph is inadmissible and must be stricken from the record.

First, Ms. Taubler's testimony is irrelevant.  *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible").  Second, Ms. Taubler's testimony is based on inadmissible hearsay.  *See* Fed. R. Evid. 801(c) ("'Hearsay' means a statement that … a party offers in evidence to prove the truth of the matter asserted in the statement").  Third, the purported "consumer contacts" upon which Ms. Taubler relies have not been authenticated.  *See* Fed. R. Evid. 901(a) (for evidence to be admissible, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is").  Fourth, Ms. Taubler's testimony is not based on her personal knowledge.  *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter").  Fifth, Ms. Taubler's testimony violates the so-called "best evidence rule."  *See* Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise").

The statements made in Paragraph 15 of Ms. Taubler's Declaration are far removed from their source:

---

[1] The Taubler Declaration continues, "The information in Paragraphs 13, 14, and 15 is provided from a report that was generated from Scotts' internal ePowerCenter system.  It was produced to Plaintiffs in native Excel format and has a unique bates identifier of SMG-EZ131299.  It is based on personal knowledge that was recorded at or about the time a refund is issued or a Case Summary Report is generated.  The report is maintained in the regular course of business." *Id.* at n.1.

```
┌─────────────────────────────────────────────┐
│ 1. Consumers make comments to Scotts'       │
│    representatives                          │
└─────────────────────────────────────────────┘
                     │
                     ▼
┌─────────────────────────────────────────────┐
│ 2. Representative enters characterization of│
│    comments into Scotts' ePowerCenter system│
└─────────────────────────────────────────────┘
                     │
                     ▼
┌─────────────────────────────────────────────┐
│ 3. Ms. Taubler reads summary report from    │
│    ePowerCenter system                      │
└─────────────────────────────────────────────┘
                     │
                     ▼
┌─────────────────────────────────────────────┐
│ 4. Ms. Taubler files declaration to prove   │
│    the truth of the matters asserted in     │
│    Step 1                                   │
└─────────────────────────────────────────────┘
```

Ms. Taubler's testimony relies on the unauthenticated, out-of-court hearsay of 776 unnamed consumers. Critically, Plaintiffs cannot cross-examine any of these consumers. Without doing so, Plaintiffs cannot be sure that each consumer actually <u>praised</u> EZ Seed, as the characterization of these consumer comments as "praise" appears to be a subjective decision of Scotts' call center employees. For these reasons, the Federal Rules of Evidence prohibits the Court from considering paragraph 15 Ms. Taubler's declaration.

## ARGUMENT

### I. THE COURT MAY NOT CONSIDER INADMISSIBLE EVIDENCE ON A MOTION FOR CLASS CERTIFICATION

Rule 101 of the Federal Rules of Evidence proclaims that "[t]hese rules apply to proceedings in United States courts." The only "exceptions" (i.e., proceedings exempt from the Federal Rules of Evidence) "are set out in Rule 1101." Fed. R. Evid. 101. Critically,

proceedings relating to class certification are *not* among the exceptions listed in Rule 1101.  *See* Fed. R. Evid. 1101.  Thus, the Federal Rules of Evidence apply, in their entirety, to the present motion.

While the Second Circuit has not formally commented on the evidentiary standards applicable to Rule 23 motions, district courts in this Circuit have uniformly agreed that "the Second Circuit would require that such declarations [attached to Rule 23 briefing] be admissible i.e., based on personal knowledge and either non-hearsay or information subject to hearsay exceptions."  *Lujan v. Cabana Management, Inc.*, 284 F.R.D. 50, 64 (E.D.N.Y. 2012); *see also All Star Carts & Vehicles, Inc. v. BFI Canada Income Fund*, 280 F.R.D. 78, 82 (E.D.N.Y. 2012) ("A decision as to the *admissibility* of the Stevens Report bears directly and importantly on the motion for class certification.") (emphasis added).  For example, in determining a threshold issue, such as jurisdiction, district courts have agreed that they may not rely on inadmissible hearsay.  *See Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n*, 239 F. Supp. 2d 316, 319 (E.D.N.Y. 2003) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

In 2008, the Second Circuit considered what level of factual finding was required to certify a class in the context of a class action for securities fraud.  *See In re Salomon Analyst Metromedia Litig.*, 544 F.3d 474 (2d Cir. 2008).  In its decision, the Second Circuit addressed a 2004 district court opinion that had held that the plaintiffs had to make a "prima facie" showing of a particular element of securities fraud by "admissible evidence."  *See id.* at 486 n.9.  However, the Second Circuit rejected the district court's "prima facie" standard, *while tacitly accepting the requirement that it may only consider <u>admissible</u> evidence*.  *See id.* at 486 n. 9.  Similarly, in the case of *In re Initial Pub. Offerings Secs. Litig.*, 471 F.3d 24, 42 (2d Cir. 2006), the Second Circuit unambiguously held that courts may not rely on inadmissible hearsay in determining threshold issues, such as jurisdiction.  *See Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n*, 239 F. Supp. 2d 316, 319 (E.D.N.Y. 2003) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

Moreover, the Supreme Court has recently indicated that courts should only consider *admissible* evidence in connection with a motion for class certification. In *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2553-54 (2011), the Supreme Court discussed the standards for evaluating expert opinions in the context of a motion for class certification, where it stated:

> The parties dispute whether [plaintiffs' expert's] testimony even met the standards for the admission of expert testimony under Federal Rule of Civil Procedure 702 and our *Daubert* [*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579] case. The District Court concluded that *Daubert* did not apply to expert testimony at the certification stage of class-action proceedings. We doubt that is so....

*Id.* (internal citation and footnote omitted).

Even Defendants agree. Indeed, Defendants have previously argued that consideration of inadmissible evidence could cause the Court to rely on "unreliable and irrelevant opinions in granting [or denying] class certification. That cannot be." Defendants' Motion To Exclude Plaintiffs' Proffered Damages Expert Colin B. Weir. [Dkt. No. 88] at 8 n.11. Defendants are correct about this. Because the testimony in Paragraph 15 of the Taubler Declaration is inadmissible, the Court may not consider it in rendering its decision.

## II.   MS. TAUBLER'S TESTIMONY IS IRRELEVANT

Under Federal Rule of Evidence 402, "irrelevant evidence is not admissible." *See* Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Courts have widely held that defendants may not offer evidence of positive customer testimonials to rehabilitate a mislabeled or fraudulent product. *See, e.g.*, *U.S. v. Woolf*, 2008 WL 5156313, at *2 (E.D. Va. 2008) ("[I]t is clear that subjective, opinion testimony by a customer about that customer's ultimate satisfaction – unlike the factual testimony about … [the veracity of the defendant's] promises … a – is not relevant" in a fraud case); *see also U.S. v. Ciccone*, 219 F.3d 1078, 1082 (9th Cir. 2000) ("[I]t is not an abuse of discretion to exclude" evidence of the "uninformed opinion of the victims" of an alleged fraud);

4

*accord United States v. Elliott*, 62 F.3d 1304, 1308 (11th Cir. 1996), *amended by* 82 F.3d 989 (11th Cir. 1996) (trial court was correct to exclude testimonials of "satisfied" customers because proof of fraud "lies in the substance of [the defendant's] misrepresentations," not the victims' subjective perceptions); *U.S. v. Biesiadecki*, 933 F.2d 539, 544 (7th Cir. 1991) (customer-satisfaction evidence "improperly shift[s]" the focus from the defendants' misrepresentations to "the beliefs of the victims of the alleged scheme to defraud"); *U.S. v. Diamond*, 430 F.2d 688, 693 (5th Cir. 1970) (upholding exclusion of "letters received by the defendants from customers indicating satisfaction"). Thus, evidence of positive consumer testimonials regarding of EZ Seed is irrelevant and inadmissible under Fed. R. Evid. 402.

### III. MS. TAUBLER'S TESTIMONY IS BASED ON INADMISSIBLE HEARSAY

An out-of-court statement constitutes hearsay if it is "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The Second Circuit has held that "standard rules of evidence have long prohibited parties from offering hearsay statements, which, precisely because they are made out of court, do not afford the jury the opportunity to assess a declarant's credibility by reference to his demeanor, and do not afford an adversary the opportunity to employ cross-examination to test the truth of the declaration." *Rodriguez v. Artuz*, 123 Fed. Appx. 428, 429 (2d Cir. 2010) (citing *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973) (finding that parties have "the right to confront and to cross-examine those who give damaging testimony"). "Hearsay is generally inadmissible, except when it falls into one of the numerous hearsay exceptions of the Federal Rules of Evidence." *United States v. Carneglia*, 256 F.R.D. 384, 395 (E.D.N.Y. 2009); *see also* Fed. R. Evid. 802, 803, 804, 807. Here, the testimony in Paragraph 15 of the Taubler Declaration does not qualify for any exceptions.

In fact, Ms. Taubler's testimony involves two layers of inadmissible hearsay. First, Scotts' representatives' characterization of consumer communications is one level of hearsay.

5

Next, the ePowerCenter system summary reports of those characterizations is second level of hearsay.[2]

Failure to strike these out-of-court statements would deprive Plaintiffs of the opportunity to cross-examine the 776 consumers who purportedly "praised" EZ Seed. Without doing so, Plaintiffs cannot confirm that each consumer actually praised EZ Seed. Indeed, the decision to characterize each call as "praise" appears to be a subjective decision of Scotts' employees. Without a cross examination, neither Plaintiffs (nor the Court) would know what was said on each call, or how Scotts' employees decided to characterize each contact as "praise." For these reasons, Paragraph 15 of the Taubler Declaration is inadmissible.

## IV.  MS. TAUBLER'S TESTIMONY RELIES ON EVIDENCE THAT HAS NOT BEEN AUTHENTICATED

The rule that admissible evidence must be authenticated "simply requires the proponent to submit 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *U.S. v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999) (quoting Fed. R. Evid. 901(a)). "The trial court has broad discretion in determining whether an item of evidence has been properly authenticated.…" *U.S. v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001). Under Federal Rule of Evidence 901(a), "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The Second Circuit has held that this rule is satisfied "if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity." *Pluta*, 176 F.3d at 49 (internal quotation marks omitted).

Here, Ms. Taubler's testimony that "776 consumer contacts prais[ed] EZ Seed" is based exclusively on summary records from Scotts' "ePowerCenter system." Taubler Decl. ¶ 15; *see*

---

[2] This evidence cannot be saved by the business record hearsay exception, *see* Fed. R. Evid. 803, because "[a] business record can be excluded from evidence when it includes hearsay that does not fall under an exception." *AAMCO Transmissions v. Baker*, 591 F. Supp. 2d 788, 795 (E.D. Pa. 2008); *see also In re Flat Glass Antitrust Litig.*, 385 F.3d 350, 376 (3d Cir. 2004).

*also id.* n.1 ("The information in Paragraphs 13, 14, and 15 is provided from a report that was generated from Scotts' internal ePowerCenter system."). However, none of these purported 776 consumer contacts have been authenticated. Stated otherwise, Defendants have not "produce[d] evidence sufficient to support a finding" that any of the purported 776 consumer contacts "is what [they] claim[] it is." Fed. R. Evid. 901(a).

### V.  MS. TAUBLER'S TESTIMONY IS NOT BASED ON PERSONAL KNOWLEDGE

"The Federal Rules of Evidence allow the admission of fact testimony so long as the witness has personal knowledge.…" *U.S. v. Cuti*, 720 F.3d 453, 457-58 (2d Cir. 2013) (quotation marks and citation omitted); *see also* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). "Further, where a party relies on affidavits or deposition testimony to establish facts, the statements must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quotations omitted).

Here, Ms. Taubler does not have personal knowledge of the purported 776 consumer contacts that purportedly praised EZ Seed. *See* Taubler Decl. ¶ 15. Nor does her Declaration make any attempt to establish the scope of her personal knowledge. To the contrary, Ms. Taubler concedes that this knowledge is instead "generated from Scotts' internal ePowerCenter system." *Id.* n.1. Since she lacks personal knowledge, her testimony is inadmissible.

### VI.  MS. TAUBLER'S TESTIMONY VIOLATES THE BEST EVIDENCE RULE

Federal Rule of Evidence Rule 1002, commonly referred to as the "best evidence rule," provides that "[t]o prove the content of a writing," the original document must be introduced. If, however, the original is not available, Federal Rule of Evidence 1004 provides:

> An original is not required and other evidence of the content of a writing ... is admissible if:
>
> (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith;

7

>   (b) an original cannot be obtained by any available judicial process;
>
>   (c) the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or
>
>   (d) the writing, recording, or photograph is not closely related to a controlling issue.

Fed. R. Evid. 1004(a)-(d). Furthermore, "[t]he admissibility of secondary evidence is within the broad discretion of the trial judge." *U.S. v. Chang An-Lo*, 851 F.2d 547, 557 (2d Cir. 1988); *accord U.S. v. Covello*, 410 F.2d 536, 543 (2d Cir.1969).

Here, Ms. Taubler cannot rely upon "a report that was generated from Scotts' internal ePowerCenter system." Taubler Decl. n.1. If Ms. Taubler intends to testify about the contents of 776 purported consumer contacts that purportedly praised EZ Seed, then she must introduce those contacts into evidence. None of the exceptions in Federal Rule of Evidence 1004(a)-(d) apply here.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court strike Paragraph 15 of the Taubler Declaration.

Dated:  June 27, 2014

                                                    Respectfully submitted,

By: */s/ Scott A. Bursor*
      Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
888 Seventh Ave.
New York, NY  10019
Telephone:  (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
        jmarchese@bursor.com

**FARUQI & FARUQI, LLP**
Antonio Vozzolo
369 Lexington Ave., 10th Floor
New York, NY  10017
Telephone:  (212) 983-9330
Facsimile:  (212) 983-9331
Email:  avozzolo@faruqilaw.com

*Interim Class Counsel*

9