UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
In re Scotts EZ Seed Litigation   :   12-CV-4727 (VB) (PED)
                              :
                              :
                              :
                              :
                              :
------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
# LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

HUNTON & WILLIAMS LLP
Shawn Patrick Regan
Joshua S. Paster
200 Park Avenue
New York, NY 10166

- and -

Samuel Danon (*pro hac vice*)
Jason Sherry
1111 Brickell Avenue, Suite 2500
Miami, FL 33131

Joshua M. Kalb (pro hac vice)
600 Peachtree Street NE, Suite 4100
Atlanta, Georgia 30307

*Counsel for Defendants The Scotts Miracle-Gro Company, The Scotts Company LLC, and Lowe's Home Centers, LLC*

**Table of Contents**

BACKGROUND ...........................................................................................................................1

ARGUMENT...............................................................................................................................2

    A.  There Is No Undue Prejudice. ................................................................................2

    B.  There Is No Bad Faith Or Dilatory Motive. ............................................................4

    C.  There Is No Undue Delay. .......................................................................................5

    D.  The Amendment Is Not Futile. ................................................................................5

    E.  No Previous Amendments Have Been Requested...................................................7

CONCLUSION............................................................................................................................7

# Table of Authorities

Page(s)

**CASES**

*Aliano v. Joe Caputo & Sons - Algonquin, Inc.*,
    2011 U.S. Dist. LEXIS 48323 (N.D. Ill. May 5, 2011)...................................................6

*Barquin v. Roman Catholic Diocese of Burlington, Vt., Inc.*,
    839 F. Supp. 275 (D. Vt. 1993).......................................................................................1

*Block v. First Blood Assocs.*,
    988 F.2d 344 (2d Cir. 1993)............................................................................................3

*Brass Const. v. Muller*,
    1998 WL 755164 (S.D.N.Y. Oct. 28, 1998)...................................................................3

*Commander Oil Corp. v. Barlo Equip. Corp.*,
    215 F.3d 321 (2d Cir. 2000)............................................................................................5

*Foman v. Davis*,
    371 U.S. 178 (1962)........................................................................................................2

*Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*,
    304 F.R.D. 170 (S.D.N.Y. 2014)....................................................................................2

*Fresh v. Entm't U.S.A. of Tenn., Inc.*,
    340 F. Supp. 2d 851 (W.D. Tenn. 2003).........................................................................1

*Greiff v. T.I.C. Enterprises, LLC*,
    2004 WL 115553 (D. Del. Jan. 9, 2004).........................................................................1

*Intersource, Inc. v. Kidder Peabody & Co. Inc.*,
    1992 WL 369918 (S.D.N.Y. Nov. 20, 1992)..................................................................4

*Lee v. Regal Cruises, Ltd.*,
    116 F.3d 465 (2d Cir. 1997)............................................................................................4

*Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*,
    145 F.3d 85 (2d Cir. 1998).........................................................................................2, 6

*Lyondell-Citgo Ref., LP v. Petroleos De Venez. S.A.*,
    2004 WL 2650884 (S.D.N.Y. Nov. 22, 2004)................................................................2

*Parker v. Time Warner Entm't Co.*,
    331 F.3d 13 (2d Cir. 2003)..............................................................................................6

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*,
    46 F.3d 230 (2d Cir. 1995) ...................................................................................5

*Ratner v. Chemical Bank New Trust Co.*,
    54 F.R.D. 412 (S.D.N.Y. 1972) ............................................................................6

*Resorts & Motel Advancement Dev. Agency, Ltd. v. Sloan*,
    160 F.R.D. 449 (S.D.N.Y. 1995) ..........................................................................5

*Rogers v. Coburn Fin. Corp. of DeKalb*,
    54 F.R.D. 417 (N.D. Ga. 1972) ............................................................................6

*Roman Y Gordillo, S.C. v. Bank of N.Y. Mellon Corp.*,
    2014 WL 1224361 (S.D.N.Y. Mar. 20, 2014) ......................................................5

*Ruotolo v. City of New York*,
    514 F.3d 184 (2d Cir. 2008) .................................................................................4

*Santiago v. Steinhart*,
    1993 WL 410402 (S.D.N.Y. Oct. 13, 1993) .........................................................4

*Schwimmer v. Guardian Life Ins. Co.*,
    1996 WL 146004 (S.D.N.Y. Apr. 1, 1996) ...........................................................5

**STATUTES**

N.Y. Gen. Bus. Law §§ 349(a) and 350 (the "GBL Class") ..........................................1, 3, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(f) .......................................................................................................5

Fed. R. Civ. P. 8(c) ........................................................................................................1

Rule 15 ...........................................................................................................................2

Rule 15(a) .......................................................................................................................2

Rule 16 ...........................................................................................................................2

Defendants The Scotts Miracle-Gro Company and The Scotts Company LLC (collectively, "Scotts") seek leave to amend its answer to present and preserve its argument that recovery of statutory damages in this class action is unconstitutional under the due process clause. Plaintiffs' counsel refused to consent to Scotts amending its answer. Scotts' proposed additional defense is a predominately legal issue that will not prejudice Plaintiffs and requires no discovery beyond what Plaintiffs are likely to conduct anyway.[1]

## BACKGROUND

On January 26, 2015, the Court granted in part and denied in part Plaintiffs' Motion for Class Certification. (Dkt. No. 127). As part of that decision the court found that a class of purchasers of EZ Seed bearing the claim "50% thicker with half the water compared to ordinary seed" (the "50% thicker claim") could proceed under N.Y. Gen. Bus. Law §§ 349(a) and 350 (the "GBL Class"). (Dkt. 127 at 14-15).

Fact discovery is ongoing and not scheduled to conclude until October 9, 2015. (Dkt. 150.) There are currently no deadlines for filing dispositive motions.

Because the GBL Class may be very large and the actual damages, if any, suffered by any class member will be very modest, an award of statutory damages in this case would result in a

---

[1] Scotts believes that a due process defense does not need to be affirmatively pled because it is not an affirmative defense. *See, e.g., Fresh v. Entm't U.S.A. of Tenn., Inc.*, 340 F. Supp. 2d 851, 858 (W.D. Tenn. 2003) ("Federal Rule of Civil Procedure 8(c) does not require a defendant to affirmatively plead a defense of constitutional due process in its answer."); *Greiff v. T.I.C. Enterprises, LLC*, 2004 WL 115553, at *3 (D. Del. Jan. 9, 2004) ("Plaintiffs' seventh affirmative defense alleges that any excessive punitive damages sought by defendants are barred by the Due Process Clause of the Fourteenth Amendment . . . [t]he court finds that these averments do not constitute affirmative defenses . . . ."). Insofar as some courts have treated due process as an affirmative defense, *see, e.g., Barquin v. Roman Catholic Diocese of Burlington, Vt., Inc.*, 839 F. Supp. 275, 280 (D. Vt. 1993) (finding due process claims should have been affirmatively pled, but allowing the defense nonetheless because the plaintiff was not prejudiced), Scotts files this motion in an abundance of caution to avoid any future assertion that Scotts waived its rights in this regard.

damage award that is grossly excessive and prohibited by the due process clause of the U.S. Constitution.[2] Scotts thus seeks leave to file an amended answer asserting a due process defense. Scotts' proposed amended answer is attached as Exhibit 1 to the Declaration of Joshua M. Kalb.

## ARGUMENT

Rule 15(a) provides that leave to amend a pleading shall be freely given when justice so requires. Courts have broad discretion in determining whether to grant a motion to amend. *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998); *T&N plc v. Fred S. James & Co. of N.Y.*, 1991 WL 190581, at *1 (S.D.N.Y. Sept. 16, 1991). This discretion must be exercised while satisfying the purpose of Rule 15—to encourage disposition of litigation on the merits. Local 802, 145 F.3d at 89; T&N, 1991 WL 190581 at *1. The Supreme Court has enumerated six factors for courts to consider: (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies in the complaint; (5) undue prejudice; and (6) futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Local 802*, 145 F.3d at 89 (Second Circuit considers these factors). Each weighs in favor of granting leave here.[3]

### A.   There Is No Undue Prejudice.

Granting Scotts leave to amend its Answer does not unduly prejudice Plaintiffs because the due process defense does not necessitate additional discovery and it will not delay trial. The Second Circuit considers "undue" prejudice to the opposing party to be the most important factor when deciding a motion to amend. *Lyondell-Citgo Ref., LP v. Petroleos De Venez. S.A.*, 2004 WL 2650884, at *1 (S.D.N.Y. Nov. 22, 2004). "Prejudice" in the context of motions to amend

---

[2] GBL § 349 and § 350 permit each plaintiff to seek the greater of the actual damages or statutory damages of $50 and $500 respectively.

[3] The scheduling order provided amendments to pleadings to be made by August 8, 2013. Thus, Scotts seeks leave on the recognition that Rule 16 is to be balanced with a court's discretion to grant leave to amend remains based on the Rule 15 factors. *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 176 (S.D.N.Y. 2014).

2

must be something more than a detriment to the other party; it must go beyond strengthening the legal position of the amending party and correspondingly weakening the position of the adverse party. See *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *Brass Const. v. Muller*, 1998 WL 755164, at *2 (S.D.N.Y. Oct. 28, 1998). Prejudice is undue if the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350. Here, adding a single additional defense—that an award of statutory damages under GBL §§ 349(a) and 350 would violate due process—will not cause any prejudice to Plaintiffs, much less undue prejudice.

First, addressing the constitutionality of a potential statutory damages award would not require additional discovery or trial preparation. Indeed, the issue is primarily one of law to be addressed on summary judgment or after a potential verdict. And even if some limited discovery were required, the discovery period is still open with adequate time to permit Plaintiffs to conduct whatever discovery they feel is necessary.

Second, the proposed amendment will not delay resolution of the dispute. The amendment will not delay dispositive motion briefing or trial, no dates for which have been set.[4]

Finally, because a Constitutional due process defense need not be affirmatively pled, Scotts may raise this defense regardless of whether it appears in the Answer. Thus, granting Scotts leave to explicitly add this defense cannot unduly prejudice Plaintiffs. As explained in footnote 1, Scotts only seeks to include the defense in its answer out of an abundance of caution

---

[4] The final factor, preventing a party from bringing a timely action in another jurisdiction, has no applicability here and therefore also does not create undue prejudice.

3

and to put the Court and Plaintiffs on notice that it intends to raise this issue at the appropriate time.

### B. There Is No Bad Faith Or Dilatory Motive.

Scotts is not acting in bad faith or with dilatory motive in seeking leave to amend its answer. "Bad faith must be evident from the specific facts in the case." *Santiago v. Steinhart*, 1993 WL 410402, at *1 (S.D.N.Y. Oct. 13, 1993). And the burden is on the non-moving party to provide an adequate showing of bad faith or dilatory motive. See, e.g., *Intersource, Inc. v. Kidder Peabody & Co. Inc.*, 1992 WL 369918, at *3 (S.D.N.Y. Nov. 20, 1992) ("The Court finds that Intersource has failed to set forth facts which create an inference of 'bad faith' or 'dilatory motive' on the part of the defendant.").

In contrast with the current situation, courts find bad faith where amendments are transparent efforts to avoid adverse decisions. See *Lee v. Regal Cruises, Ltd.*, 116 F.3d 465, *2 (2d Cir. 1997) (bad faith where the proposed amendment sought to change the facts to avoid losing on summary judgment); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (bad faith where the plaintiff sought to allege additional, previously unasserted, facts after adverse judgment).

Scotts has not acted in bad faith, with dilatory motive, nor in an attempt to avoid an adverse decision, and the facts here fail to support any such finding. Rather, the due process defense only became necessary and appropriate after the court's certification of a New York class under GBL §§ 349(a) and 350. When Scotts originally answered the Complaint, it was only answering the claims made on behalf of seven individuals, not all of whom even had claims under New York law. The due process violation here stems from the aggregation of statutory damages for hundreds of thousands of class members. Scotts decided to move to amend after certification crystalized the issue.

4

### C.     There Is No Undue Delay.

Mere delay, even when measured in years, is not a sufficient basis for the denial of a motion to amend. *Resorts & Motel Advancement Dev. Agency, Ltd. v. Sloan*, 160 F.R.D. 449, 451 (S.D.N.Y. 1995); *see, also, Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir. 2000) (no abuse of discretion in grant of leave to amend after seven-year delay, in absence of prejudice); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (leave to amend properly granted after four-year delay). Instead, "'delay must be accompanied by either bad faith, prejudice, or futility to warrant' denying defendant the opportunity to test its claim on the merits." *Id.* (citing *McCoy v. Goldberg*, 845 F. Supp. 155, 157 (S.D.N.Y. 1994)).

As discussed in the preceding section, the recent class certification ruling resulted in the potential due process claim relating to New York statutory damages. Consequently, there is no undue delay.

### D.     The Amendment Is Not Futile.

Where a motion to amend seeks to add a defense, futility should be adjudged on "whether [the defense] is subject to a motion to strike under Fed. R. Civ. P. 12(f)." *Roman Y Gordillo, S.C. v. Bank of N.Y. Mellon Corp.*, 2014 WL 1224361, at *9 (S.D.N.Y. Mar. 20, 2014) (citations omitted). A defense is subject to a motion to strike under Rule 12(f) if "(1) there [is] no question of fact that might allow the defense to succeed; (2) there [is] no substantial question of law that might allow the defense to succeed; and (3) the plaintiff [is] prejudiced by the inclusion of the defense." *Id.* (citations omitted). Moreover, the Second Circuit has cautioned that a motion to strike a defense is "not favored," and therefore is rarely granted. *Id.* at *10 (citing *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984)); *Schwimmer v. Guardian Life Ins.*

5

*Co.*, 1996 WL 146004, at *3 (S.D.N.Y. Apr. 1, 1996) (allowing amendment where "it is not so frivolous or outlandish to render it futile.").

Scotts' due-process defense satisfies this threshold for legal sufficiency, and is hardly "frivolous" or "outlandish." Quite the opposite, the potential liability created by aggregation of statutory damages under GBL §§ 349 and 350 raises a serious Constitutional due process issue. *See, e.g., Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 22 (2d Cir. 2003); *Aliano v. Joe Caputo & Sons - Algonquin, Inc.*, 2011 U.S. Dist. LEXIS 48323 (N.D. Ill. May 5, 2011) ("[T]he Court cannot fathom how the minimum statutory damages award for willful FACTA violations in this case — between $100 and $1,000 per violation [totaling $29.4 million to $294 million] — would not violate Defendant's due process rights… [and] although authorized by statute, would be shocking, grossly excessive, and punitive in nature."); *Ratner v. Chemical Bank New Trust Co.*, 54 F.R.D. 412, 416 (S.D.N.Y. 1972) ("[T]he proposed recovery of $100 each for some 130,000 class members would be a horrendous, possibly annihilating punishment, unrelated to any damage to the purported class . . ."); *Rogers v. Coburn Fin. Corp. of DeKalb*, 54 F.R.D. 417, 419 (N.D. Ga. 1972) (same).

In *Parker*, class counsel sought statutory damages of $1,000 for each of 12 million class members ($12 billion total). Although the Second Circuit reversed a denial of class certification, it warned:

> It may be that the aggregation in a class action of large numbers of statutory damages claims potentially distorts the purpose of both statutory damages and class actions. If so, such a distortion could create a potentially enormous aggregate recovery for plaintiffs, and thus an *in terrorem* effect on defendants, which may induce unfair settlements. And it may be that in a sufficiently serious case the due process clause might be invoked, not to prevent certification, but to nullify that effect and reduce the aggregate damage award.

331 F.3d at 22. Accordingly, the proposed defense is not futile, and this factor strongly favors granting leave to amend.

6

E.     **No Previous Amendments Have Been Requested**

Scotts has not previously amended its Answer. Accordingly, this factor favors amendment.

## CONCLUSION

For the foregoing reasons, Scotts respectfully requests that its motion be granted and that the Clerk be ordered to file the attached amended answer and affirmative defenses.

Dated:  July 21, 2015
       New York, New York

By: /s/Joshua M. Kalb
Shawn Patrick Regan
Joshua S. Paster
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 309-1000
Facsimile: (212) 309-1100
Email: sregan@hunton.com
Email: jpaster@hunton.com

- and -

Samuel A. Danon (*pro hac vice*)
Jason B. Sherry
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
Email: sdanon@hunton.com
Email: jsherry@hunton.com

- and -

Joshua M. Kalb (*pro hac vice*)
HUNTON & WILLIAMS LLP
600 Peachtree Street NE
Suite 4100
Atlanta, Georgia 30308
Telephone: (404) 888-4100
Facsimile: (404) 602-9077
Email: jkalb@hunton.com

*Counsel for Defendants The Scotts Miracle-Gro Company and The Scotts Company LLC.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2015 I served a copy of the foregoing, on all counsel of record at the addresses listed below, by filing the same with the Court's CM/ECF system:

Scott A. Bursor
Joseph L. Marchese
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
Email: scott@bursor.com
jmarchese@bursor.com

Antonio Vozzolo
Faruqi & Faruqi, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: avozzolo@faruqilaw.com

*Class Counsel*

/s/Joshua M. Kalb
Joshua M. Kalb