UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Scotts EZ Seed Litigation                    Civil Action No. 12-CV-4727 (VB)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO PRECLUDE SCOTTS FROM OFFERING ANY EXPERT TESTIMONY ON THE EXISTENCE OR AMOUNT OF THE PRICE PREMIUM ATTRIBUTABLE TO THE 50% THICKER CLAIM**

Dated: June 30, 2016

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
888 Seventh Ave
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
            jmarchese@bursor.com

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Timothy J. Peter
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone:  (212) 983-9330
Facsimile:  (212) 983-9331
Email:   nfaruqi@faruqilaw.com
             tpeter@faruqilaw.com

*Class Counsel*

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARDS FOR EXPERT TESTIMONY ON THE CALCULATION OF A PRICE PREMIUM ................................................................. 1

III. DR. DAVID DID NOT ATTEMPT TO ISOLATE THE EFFECT OF THE "50% THICKER" CLAIM .................................................................................... 3

IV. DR. JACOBY DID NOT ATTEMPT TO ISOLATE THE EFFECT OF THE "50% THICKER" CLAIM .................................................................................... 8

V. DR. REIBSTEIN DID NOT ATTEMPT TO ISOLATE THE EFFECT OF THE "50% THICKER" CLAIM .................................................................................... 8

CONCLUSION ............................................................................................................................. 9

## I. INTRODUCTION

The existence and amount of the price premium associated with EZ Seed's "50% Thicker With Half The Water" claim (the "50% Thicker Claim", sometimes also referred to as the "Half-Water Claim") is an important issue in this case. The Court identified this as an important issue in the class certification order. *See In re EZ Seed Litig.*, 304 F.R.D. 397, 414 (S.D.N.Y. 2015) (stating Plaintiffs had "provided enough evidence – at this stage – to satisfy the Court that a price premium associated with the 50% thicker claim exists"). Plaintiffs have addressed this question head on with extensive expert testimony attempting to isolate and quantify the amount of that price premium. Colin B. Weir, an independent expert retained by Class Counsel, has estimated the price premium ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Marchese Decl. Ex. H, 1/8/16 Weir Decl. ¶¶ 7, 48.

Scotts' experts have tip-toed around the issue by criticizing Mr. Weir's analysis without doing any of their own. Each of Scotts' damages experts admitted they made no attempt to isolate the price premium associated with the 50% Thicker Claim. Each of them should therefore be precluded from offering any opinion on the existence or amount of the price premium associated with the 50% Thicker Claim.

## II. LEGAL STANDARDS FOR EXPERT TESTIMONY ON THE CALCULATION OF A PRICE PREMIUM

Plaintiffs set out the general standards for the admissibility of expert testimony under Fed. R. Civ. P. 702 and *Daubert* in their motion to exclude the testimony of Dr. Bryan A. Hopkins, submitted herewith. To avoid unnecessary repetition, that discussion is incorporated herein by reference, we address here only the legal standards that specifically apply to the

economic analysis of damages based on the allegation of a price premium associated with the 50% Thicker Claim.

"The first step in a damages study is the translation of the legal theory of the harmful event into an analysis of the economic impact of that event." Federal Judicial Center, *Reference Manual on Scientific Evidence* at 432 (3d ed. 2011). "In most cases, the analysis considers the difference between the plaintiff's economic position if the harmful act had not occurred and the plaintiff's actual position." *Id.* Here, the harmful act was the representation that EZ Seed would grow "50% Thicker With Half The Water," which we have referred to as the "50% Thicker Claim," or alternatively the "Half Water Claim." A proper damages analysis must consider what the economic situation would have been "absent the wrongdoing," a situation often referred to as "the but-for scenario." *Id.* The *Reference Manual* explains:

> Because the but-for scenario differs from what actually happened only with respect to the harmful act, damages measured in this way isolate the loss of value caused by the harmful act and exclude any change in the plaintiff's value arising from other sources.

*Id.*

For a price premium analysis to comply with the principles set forth in the *Reference Manual* it must control for extraneous variables that might influence price in order to "isolate the premium due only to the allegedly misleading marketing statement." *In re EZ Seed Litig.*, 304 F.R.D. at 413. Here the issue is whether there was a price premium "associated with the 50% thicker claim." *Id.* To address that question, an economic analysis "must control for product features other than the 50% thicker claim," along with other significant variables such as changing market conditions, that might affect price. *Id.* That is, the but-for scenario must be one in which the 50% Thicker Claim is eliminated, and everything else is held equal, so as to isolate the effect of the 50% Thicker Claim on the price of EZ Seed.

## III. DR. DAVID DID NOT ATTEMPT TO ISOLATE THE EFFECT OF THE 50% THICKER CLAIM

Scotts submitted an expert report by Jesse David, Ph. D. providing opinions concerning damages. But during his deposition, Dr. David admitted many times that he did not do what the *Reference Manual* requires, and what this Court's class certification order requires. He repeatedly admitted that he ███████████████████████████████████ ███████████



Marchese Decl. Ex. DD, David Dep. at 76:2-22.

*Id.* at 106:9-18.

3



*Id.* at 112:17-113:5.

*Id.* at 288:16-289:6.

Instead, he did something very different:

*Id.* at 106:3-6.

*Id.* at 287:6-13.

This was a crucial error. Dr. David's analysis fails at the first step because he used the wrong but-for scenario. The but-for scenario should "differ[] from what actually happened only with respect to the harmful act." *Reference Manual* at 432. But Dr. David's but-for scenario also differs from the introduction of a new product claim. The presence of the 6x Claim is an extraneous uncontrolled variable which prevents Dr. David from "isolat[ing] the loss of value

4

caused by the harmful act and exclud[ing] any change in the plaintiff's value arising from other sources." *Id.*

Another of Scotts' experts, Dr. Jacoby, conceded this analysis could not isolate the price premium:



Marchese Decl. Ex. G, Jacoby Dep. at 141:7-15.

One aspect of Dr. David's analysis merits a special rebuke: his purported before-and-after pricing comparison. This analysis is set forth in Exhibit 2 to Dr. David's report, which is reproduced here:



5

This is the analysis that Mr. Danón referenced at the pre-motion conference where he stated "That [50% Thicker Claim] was removed and the product has continued to sell in more volumes at a higher price." Marchese Decl. Ex. IIII, 6/10/16 Hearing Tr. at 41:25-42:1.  On the surface, this argument sounds sensible.  *See id.* at 18:6 ("That sounds sensible to me.").  The only problem is that Scotts' before-and-after analysis is false in every respect.

<u>First</u>, the premise is false.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  But that claim was still in use.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮  *See* SOF ¶¶ 28-33.



Marchese Decl. Ex. W (photo taken November 2015 at Home Depot location in Hawthorne, New York).  So the before-and-after analysis fails at the first step.  There is no after.

<u>Second</u>, what actually happened in 2013 was not the removal of the 50% Thicker Claim, which continues in use to this day.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  SOF ¶¶ 34-36.  So

6

where Dr. David marked the post-January 2014 time period as ▮▮▮▮▮ an accurate description would have marked it ▮▮▮▮▮

Third, the product did not "sell in more volumes" in the post-January 2014 time-period, as Mr. Danón stated. *See* Marchese Decl. Ex. IIII, 6/10/16 Hearing Tr. at 41:25-42:1. In fact, ▮▮▮▮▮. SOF ¶¶ 848-49; *see also* Marchese Decl. Ex. DD, David Dep. at 268:23-269:6 ▮▮▮▮▮).

Fourth, as a matter of coincidence, ▮▮▮▮▮. SOF ¶¶ 846-849.

Dr. David's before-and-after analysis did not control for any of these variables. Thus he admitted at his deposition that ▮▮▮▮▮



Marchese Decl. Ex. DD, David Dep. at 239:6-13; SOF ¶¶ 842-849.

By failing to control for all these variables, Dr. David violated the fundamental guidelines for a price premium analysis laid out in the *Reference Manual* and in this Court's class certification order. His but-for scenario did not "differ[] from what actually happened only with respect to the harmful act." *Reference Manual* at 432. He did not "isolate the loss of value caused by the harmful act." *Id.* He did not "exclude any change in the plaintiff's value arising

7

from other sources." *Id.* He did not "control for product features other than the 50% thicker claim," along with other significant variables such as changing market conditions, that might affect price. *In re Scotts EZ Seed Litig.*, 304 F.R.D at 413.

### IV. DR. JACOBY DID NOT ATTEMPT TO ISOLATE THE EFFECT OF THE 50% THICKER CLAIM

Scotts submitted an expert report of Jacob Jacoby, Ph.D. criticizing some of the survey work underlying the price premium calculations of Plaintiffs' experts. But Dr. Jacoby did not conduct any survey of his own. Nor did he do any price premium calculation. Nor did he attempt to determine whether a price premium associated with the 50% Thicker Claim existed or to quantify it.

Dr. Jacoby admitted that he did not do 

Marchese Decl. Ex. G, Jacoby Dep. at 28:7-15.

### V. DR. REIBSTEIN DID NOT ATTEMPT TO ISOLATE THE EFFECT OF THE "50% THICKER" CLAIM

Scotts submitted an expert report by David Reibstein, Ph.D., criticizing some of the survey work underlying the price premium calculations of Plaintiffs' experts. But Dr. Reibstein did not conduct any survey of his own. Nor did he do any price premium calculation. Nor did

he attempt to determine whether a price premium associated with the 50% Thicker Claim existed or to quantify it.

Dr. Reibstein testified



Marchese Decl. Ex. HHHH, Reibstein Dep. at 117:8-13.  *See also id.* at 112:13-113:1

).

## CONCLUSION

Scotts submitted hundreds of pages of expert reports and exhibits from Dr. David, Dr. Jacoby, and Dr. Reibstein, all tip-toeing around the key question without ever addressing it.  This is remarkable.  Despite their voluminous submissions, none of Scotts' experts even attempted to isolate the effect of the "50% Thicker" claim to determine if "a price premium associated with the 50% thicker claim exists."  *See In re Scotts EZ Seed*, 304 F.R.D. at 414.

For these reasons, Dr. David, Dr. Jacoby, and Dr. Reibstein should be precluded from offering any opinion on the existence or amount of the price premium associated with the 50% Thicker claim, and Scotts should be precluded from offering any expert testimony addressing this point.

9

Dated: June 30, 2016

Respectfully submitted,

By: */s/ Scott A. Bursor*
Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
888 Seventh Ave
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: scott@bursor.com
jmarchese@bursor.com

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Timothy J. Peter
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331
Email: nfaruqi@faruqilaw.com
tpeter@faruqilaw.com

*Class Counsel*