**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Scotts EZ Seed Litigation | Civil Action No. 12-CV-4727 (VB) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE
THE DECLARATIONS OF TIFFANY PEOPLES AND EMILY WINTERS PURSUANT
TO FED. R. CIV. P. 56(c)(4) AND 56(h)**

Dated:  September 1, 2016

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
         jmarchese@bursor.com


**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Timothy J. Peter
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone:  (212) 983-9330
Facsimile:  (212) 983-9331
Email:  nfaruqi@faruqilaw.com
         tpeter@faruqilaw.com

*Class Counsel*

# TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ................................................................................................. 1

II.     LEGAL STANDARD.......................................................................................... 4

III.    MS. PEOPLES' DECLARATION SHOULD BE STRICKEN ........................ 6

      A.      Ms. Peoples' Declaration Is Directly Contradicted By Scotts'
            Invoice Sales Records ....................................................................... 6

      B.      Ms. Peoples' Declaration Contradicts Her Deposition Testimony........................ 7

      C.      Ms. Peoples' Declaration Includes Statements That Are Not
            Within Her Personal Knowledge ...................................................... 8

      D.      Ms. Peoples' Declaration Includes Opinion Testimony That
            Violates Rule 701............................................................................. 9

IV.     MS. WINTERS' DECLARATION SHOULD BE STRICKEN ...................... 10

      A.      Ms. Winters' Declaration Is Contradicted By Scotts' Sales Records
            And Product Packaging.................................................................... 10

      B.      Ms. Winters' Declaration Contradicts Her Deposition Testimony...................... 11

      C.      Ms. Winters' Declaration Includes Statements That Are Not
            Within Her Personal Knowledge .................................................... 13

      D.      Ms. Winters' Declaration Includes Opinion Testimony That
            Violates Rule 701........................................................................... 13

CONCLUSION................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Acrotube, Inc. v. J.K. Fin. Grp., Inc.*,
  653 F. Supp. 470 (N.D. Ga. 1987) ........................................................... 7

*Barticheck v. Fidelity Union Bank/First Nat. State*,
  680 F. Supp. 144 (D.N.J. 1988) ............................................................... 7

*Cobell v. Norton*,
  214 F.R.D. 13 (D.D.C. 2003) .................................................................... 7

*Congregation Rabbinical College of Tartikov v. Village of Pomona*,
  138 F. Supp. 3d 352 (S.D.N.Y. 2015) ................................................. 9, 13

*Hayes v. N.Y.C. Dep't of Corr.*,
  84 F.3d 614 (2d Cir. 1996) .................................................................. 5, 13

*Hollander v. Am. Cyanamid Co.*,
  172 F.3d 192 (2d Cir. 1999) ..................................................................... 4

*Jimenez v. City of N.Y.*,
  2015 WL 8489975 (S.D.N.Y. Dec. 9, 2015) ............................................. 7

*Kennedy v. City of N.Y.*,
  570 Fed. App'x 83 (2d Cir. 2014) ............................................................. 5

*Newport Elecs., Inc. v. Newport Corp.*,
  157 F. Supp. 2d 202 (D. Conn. 2001) ....................................................... 5

*Patterson v. Cty. of Oneida, N.Y.*,
  375 F.3d 206 (2d Cir. 2004) ..................................................................... 4

*Paul T. Freund Corp. v. Commonwealth Packing Co.*,
  288 F. Supp. 2d 357 (W.D.N.Y. 2003) ................................................. 9, 13

*Perma Research & Dev. Co. v. Singer Co.*,
  410 F.2d 572 (2d Cir. 1969) ..................................................................... 5

*Raskin v. Wyatt Co.*,
  125 F.3d 55 (2d Cir. 1997) ....................................................................... 5

*Rockport Co. v. Deer Stags, Inc.*,
  65 F. Supp. 2d 189 (S.D.N.Y. 1999) ......................................................... 4

*Smeraldo v. City of Jamestown*,
   512 Fed. App'x 32 (2d Cir. 2013) ........................................................................... 4

*Stern v. Regency Towers, LLC*,
   886 F. Supp. 2d 317 (S.D.N.Y. 2012) ..................................................................... 6

*TR 39th St. Land Corp. v. Salsa Dist. USA, LLC*,
   2015 WL 1499173 (S.D.N.Y. Mar. 25, 2015) .................................................. 9, 13

*Zaratzian v. Abadir*,
   2014 WL 4467919 n.10 (S.D.N.Y. Sept. 2, 2014) ......................................... 5, 8, 13

**RULES**

Fed. R. Civ. P. 56(c)(4) ..................................................................................... 4, 5, 14

Fed. R. Civ. P. 56(h) ..................................................................................... 4, 6, 7, 14

Fed. R. Evid. 701 ............................................................................................. 4, 9, 13

Fed. R. Evid. 701(a) .......................................................................................... 9, 14

Fed. R. Evid. 701(b) ......................................................................................... 10, 14

Fed. R. Evid. 701(c) .............................................................................................. 14

## I.     INTRODUCTION

The June 28, 2016 Declaration of Tiffany Peoples, Scotts' former director of marketing

for the grass seed business, contains a big fat whopper of a lie.  It states:

█████████████████████████████████████████

█████████████████████████████████

Regan Decl. Ex. 37, Peoples Decl. ¶ 5 (underlining added).

But Scotts' own sales invoice data shows that Ms. Peoples' sworn statement is not true.

███████████████████████████████████████████████.  Many

times.  Over many years.  As shown in the 9/1/16 Declaration of Colin B. Weir, submitted

herewith, "██████████████████████████████████

██████████████████████████████████████████

████████████████     9/1/16 Weir Decl. ¶ 79.

██████████████████████.  *Id.* ¶¶ 4-81 and Figures 1 through 17.

Figure 1 of Mr. Weir's report shows ███████████████████████

███████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

1

Mr. Weir explains: ████████████████████████████████████

████████████████████████████████████████████████ *Id.*

¶ 4.  And there are a lot of red bars – 57 in all.  *See id*. Figs. 1-17.  Figure 2 of Mr. Weir's report

shows ████████████████████████████████.



    Ms. Peoples' false testimony is the centerpiece of Scotts' motion for summary judgment.
This is not an oversight on some peripheral matter.  It is false testimony on a central issue in the
case – the existence and amount of the price premium attributable to the 50% Thicker Claim.
Scotts seeks summary judgment on each of plaintiffs' claims on the ground that "Scotts decides
the price at which it is 'willing to sell'" EZ Seed, and "Plaintiffs have no evidence – expert or
otherwise – that Scotts was willing to sell for less."  Scotts' SJ Br. at 17.  Thus, Scotts contends,
plaintiffs cannot meet their burden to prove the existence of a price premium because "the only
evidence adduced in this case suggests that, if Scotts had not made the 50% Thicker claim
beginning in 2009, Scotts' price for EZ Seed would not have changed in any way."  Scotts SJ Br.
at 17 (citing Ms. Peoples' false declaration).

Ms. Peoples' false testimony is also the centerpiece of Scotts' effort to exclude the

testimony of Dr. J. Michael Dennis, a survey expert who calculated the price premium

attributable to the 50% Thicker Claim through a contingent valuation survey.  Scotts contends

that Dr. Dennis "opines only on respondents' subjective 'willingness-to-pay,' ... [but does not

measure] what Scotts would have been willing to sell the product for absent the claim, and thus

does not calculate a 'price premium.'"  Scotts' Dennis Br. at 1.  Scotts goes so far as to argue

that "Scotts did ***not*** change EZ Seed's price as demand fluctuated."  *Id.* at 10 (emphasis in

original).  That too is false, as illustrated by the 57 red bars in Mr. Weir's figures.  ▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  9/1/16 Weir

Decl. ¶ 79.

A declaration by Ms. Peoples' successor, Emily Winters, makes similar false claims

about EZ Seed pricing.  But Ms. Winters also provides additional false testimony on another

point.  She states:



Regan Decl. Ex. 40, Winters Decl. ¶ 9.

Again, Scotts own sales invoice data shows that Ms. Winters' statement is not true.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  9/1/16 Weir Decl. ¶ 141

(underlining added).  Ms. Winters' declaration is part of Scotts' effort to discredit Dr. Douglas

Karcher's tests of EZ Seed, which were conducted in Arkansas, by claiming the EZ Seed flavor

he tested is not sold in Arkansas because it is not well adapted to the climate there.  Those are

outright falsehoods.  Dr. Karcher's grass seed trial was done 

*Id.* ¶ 142.  Mr. Weir found that

*Id.* ¶ 143.

      Ms. Peoples' and Ms. Winters' false declarations should be stricken because they are directly contradicted by Scotts' records of invoiced sales, because they contradict their deposition testimony, because they include statements that are not within their personal knowledge, and also include lay opinion testimony that violates Fed. R. Evid. 701.  Further, because these declarations contain blatantly false statements about issues which are central to the resolution of this case, Scotts should be ordered to pay the Class Representatives' reasonable expenses, including attorney's fees, for bringing this motion, pursuant to Fed. R. Civ. P. 56(h).

## II.    LEGAL STANDARD

      Federal Rule of Civil Procedure 56(c)(4) requires that, in a summary judgment motion, an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Therefore, "[a] court may 'strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay[,] or make generalized and conclusory statements.'"  *Rockport Co. v. Deer Stags, Inc.*, 65 F. Supp. 2d 189, 191 (S.D.N.Y. 1999) (quoting *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999)); *see also Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) (noting that inadmissible statements in affidavits submitted in support of a summary judgment motion are incapable of raising material disputes of fact); *Smeraldo v. City of*

*Jamestown*, 512 Fed. App'x 32, 34 (2d Cir. 2013) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge" under Rule 56(c)(4), and "a court may, in considering a motion for summary judgment, simply decline to consider those aspects of a supporting affidavit that do not appear to be based on personal knowledge or are otherwise inadmissible"); *Newport Elecs., Inc. v. Newport Corp.*, 157 F. Supp. 2d 202, 208 (D. Conn. 2001) ("A motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion [and is appropriate if] affidavits ... contain inadmissible hearsay or are not made on the basis of personal knowledge[,] ... if depositions contain testimony that contains hearsay, speculation[,] or conclusory statements[,] ... [or if] documentary evidence ... has not been properly authenticated").

Moreover, a "sham affidavit" which conflicts with the affiant's previous deposition testimony cannot be considered on summary judgment.  On this point, the Second Circuit has stated that:

> [A] party may not create an issue of fact by submitting an affidavit in opp
> osition to a summary judgment motion that, by omission
> or addition, contradicts the affiant's previous deposition testimony.  If a
> party who has been examined at length on deposition could raise an issue
> of fact simply by submitting an affidavit contradicting his own prior
> testimony, this would greatly diminish the utility of summary judgment
> as a procedure for screening out sham issues of fact.  Thus, factual issues
> created solely by an affidavit crafted to oppose a summary judgment
> motion are not "genuine" issues for trial.

*Hayes v. N.Y.C. Dep't of Corr.,* 84 F.3d 614, 619 (2d Cir. 1996) (quoting *Perma Research & Dev. Co. v. Singer Co.,* 410 F.2d 572, 578 (2d Cir. 1969)) (internal citations omitted); *see also Kennedy v. City of N.Y.*, 570 Fed. App'x 83, 84 (2d Cir. 2014) (citing *Raskin v. Wyatt Co.,* 125 F.3d 55, 63 (2d Cir. 1997)); *Zaratzian v. Abadir*, 2014 WL 4467919, at *8 n.10 (S.D.N.Y. Sept. 2, 2014) (Briccetti, J.) (disregarding affidavit, stating:  "on summary judgment, [a party] may not undermine … deposition testimony with an affidavit").

5

Finally, Rule 56(h) provides that "[i]f satisfied that an affidavit or declaration under the rule is submitted in bad faith or solely for delay, the court – after notice and a reasonable time to respond – may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions." Courts have found bad faith under this rule "where affidavits contained … blatantly false allegations or omitted facts concerning issues central to the resolution of the case." *Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 327 (S.D.N.Y. 2012).

## III. MS. PEOPLES' DECLARATION SHOULD BE STRICKEN

Ms. Peoples' declaration provides self-serving testimony about the psychological state of mind of the Scotts company (what Scotts would have been "willing" to do) in a counterfactual hypothetical scenario ("[i]f Scotts had not made the 50% Thicker claim"). Her declaration is only 1 page in length, and presents her hypothetical opinions in conclusory form:



Regan Decl. Ex. 37, Peoples Decl. ¶ 5.

### A. Ms. Peoples' Declaration Is Directly Contradicted By Scotts' Invoice Sales Records

Ms. Peoples' assertion that " is false. In fact, . *See supra* Part I, above; *see*

*also* 9/1/16 Weir Decl. ¶¶ 3-81 and Figures 1 through 17.  Such blatantly false testimony, which is contradicted by Scotts' own sales records, should be stricken and is deserving of sanctions under Fed. R. Civ. P. 56(h).  *See Jimenez v. City of N.Y.* --- F. Supp. 3d ---, 2015 WL 8489975, at *5 (S.D.N.Y. Dec. 9, 2015) (disregarding affidavit which was "entirely unsupported by any other evidence in the record, controverted by numerous contemporaneous accounts … and very likely perjurious," and imposing sanctions pursuant to Rule 56(h)); *Barticheck v. Fidelity Union Bank/First Nat. State*, 680 F. Supp. 144, 150 (D.N.J. 1988) (disregarding "affidavit which [wa]s at odds with [party's] previous deposition testimony" and imposing sanctions) *Cobell v. Norton*, 214 F.R.D. 13, 21 (D.D.C. 2003) (imposing sanctions against party for "filing an affidavit containing material representations of fact [they] knew to be false"); *Acrotube, Inc. v. J.K. Fin. Grp., Inc.*, 653 F. Supp. 470, 478 (N.D. Ga. 1987) (imposing sanctions for filing affidavit at odds with facts indisputably within the affiant's knowledge).

###   B.   Ms. Peoples' Declaration Contradicts Her Deposition Testimony

Ms. Peoples testified at her deposition that ███████████████████
███████████████████████████████████████████████████
██████████████████████████████████ Marchese Decl.
Ex. CC, Peoples Dep. at 110:17-20; SOF ¶ 829.  Ms. Peoples also provided the following testimony:

███ ████████████████████████
███████████████████████

███ ████████████████████████
████████████████████

███ ██

███ ████████████████████

7



Marchese Decl. Ex. CC, Peoples Dep. at 141:8-143:11; SOF ¶¶ 832-33.

At her deposition, it was ███████ to Ms. Peoples that putting the claim on the label had ███████ Now, in her lawyer-crafted declaration, she asserts ████████████████████ ██████████████████████████████████████████ ████████████████████████████████████ Peoples Decl.

¶ 5.  But that assertion cannot be reconciled with her deposition testimony.  If the 50% Thicker Claim ████████ had ██████ at her deposition, and ████████████████████████ ██████████████████████████████████████. Ms.

Peoples should not be permitted to "undermine [her] deposition testimony with an affidavit."

*Zaratzian v. Abadir*, 2014 WL 4467919, at *8 n.10.

### C.    Ms. Peoples' Declaration Includes Statements That Are Not Within Her Personal Knowledge

Ms. Peoples' declaration includes her opinion regarding what EZ Seed's pricing would have been ████████████████████████ Regan Decl. Ex. 37, Peoples Decl.

¶ 5.  But this is improper speculation regarding a counter-factual hypothetical that never

8

occurred.  "[C]onclusory allegations, examination of thoughts, opinions, argument and legal conclusions are all prohibited from affidavits submitted in support of, or opposition to, a summary judgment motion."  *TR 39th St. Land Corp. v. Salsa Dist. USA, LLC*, 2015 WL 1499173, at *8 (S.D.N.Y. Mar. 25, 2015) (punctuation omitted) (quoting *Paul T. Freund Corp. v. Commonwealth Packing Co.*, 288 F. Supp. 2d 357, 369 (W.D.N.Y. 2003)).  Ms. Peoples' declaration does not state that Scotts actually considered the possibility of leaving the 50% Thicker claim off the label during the relevant timeframe, or how that could affect pricing. Rather, her speculation of what Scotts might have thought about pricing under this hypothetical without providing any basis for her statement is at best an improper "examination of thoughts" and "opinion" and must therefore be stricken or disregarded.  *See TR 39th St.*, 2015 WL 1499173, at *8.

### D.   Ms. Peoples' Declaration Includes Opinion Testimony That Violates Rule 701

Ms. Peoples' declaration must also be stricken because it constitutes opinion testimony by a lay witness in violation of Federal R. Evid. 701.  *See, e.g., Congregation Rabbinical College of Tartikov v. Village of Pomona*, 138 F. Supp. 3d 352, 403 (S.D.N.Y. 2015) (striking declaration in support of MSJ where statements constituted "unhelpful lay opinion").  Here, Ms. Peoples' one-page declaration contains no discussion of any supply-side or demand-side factors that might affect Scotts' pricing in a but-for world where the 50% Thicker Claim was not made. Nor does it provide any factual testimony that could be "rationally based on the witness's perception," Fed. R. Evid. 701(a), to support an opinion about how Scotts would have reacted to market forces in a but for world Ms. Peoples had never contemplated.  Ms. Peoples is unqualified to provide an opinion on this subject.  And because her opinion is pure speculation with no supporting analysis, facts or data, it is not "helpful" under Rule 701(b).

9

## IV.   MS. WINTERS' DECLARATION SHOULD BE STRICKEN

Ms. Winters' declaration also provides self-serving testimony about what Scotts "would have done" in a in a counterfactual hypothetical scenario ("[i]f Scotts had not made, or had not been able to make, the 50% Thicker claim").  Her declaration states:



Regan Decl. Ex. 40, Winters Decl. ¶ 5.  Her declaration similarly makes a false statement regarding EZ Seed distribution:



*Id.* ¶ 9.

### A.   Ms. Winters' Declaration Is Contradicted By Scotts' Sales Records And Product Packaging

Ms. Winters' statement that ██████████████████████████████████████████ ██████████████████████████████████████ is false in two respects.  <u>First</u>,

Scotts never did remove the 50% Thicker claim from the packaging.  Instead, it moved the claim from the primary packaging to the secondary packaging.  SOF ¶¶ 28-33.

Second, when this change was made at the beginning of 2014, ███████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████ ██

Similarly, Ms. Winters' statement that '██████████████████████████████████

████████████████ is false.  In fact, as we lay out in Part 1, above, Mr. Weir's analysis of Scotts' wholesale invoice data shows that ████████████████████████████████

██████████ 9/1/16 Weir Decl. ¶ 141 (underlining added); *see also id.* ¶¶ 140-143.

## B.   Ms. Winters' Declaration Contradicts Her Deposition Testimony

At her deposition, Ms. Winters testified that the 50% Thicker claim ██████████████

██████████████████████████████████████████████████

██████ Presumably that is why Scotts put the claim on every surface of the package, in words and pictures, and in multiple languages, English and Spanish.  SOF ¶¶ 9-13.  Ms. Winters described Scotts' pricing decisions as involving the consideration of numerous factors, █████

████████████████████████████████████████ Marchese Decl. Ex. I, Winters Dep. at 71:14-15.  Then she admitted that '█████████████████████████

████████████████████████████████████████

██ ███████████████████████████

████████████████

---

[1] This before-and-after analysis concerns only one variety of EZ Seed in just one state.  But so too does Dr. David's before-and-after analysis which Scotts presented.  *See* Marchese Decl. Ex. KK, David Report ¶¶ 30-31 (before-and-after chart of EZ Seed Tall Fescue prices in California). Indeed, the EZ Seed Tall Fescue product Dr. David references was not even sold in New York. *See* 9/1/16 Weir Decl.  ¶ 99 ██████████████████████████████████████████ ██████████████████).



Marchese Decl. Ex. I, Winters Dep. at 71:22-73:5; SOF ¶ 834.



So at her deposition, ████████████████████████████████████

Now in her lawyer-crafted declaration, it ████████████████████████

████████████████████████ Regan Decl. Ex. 40, Winters Decl. ¶ 5.  At her

deposition, the price was ████████████████████████████████████

████████████████████████████████████ Now, in her lawyer-

crafted declaration, ████████████████████████████████████████

████████████████████ This statement cannot be reconciled with her deposition testimony,

and must therefore be stricken under the sham affidavit rule.  *See Hayes v. N.Y.C. Dep't of*

*Corr.,* 84 F.3d at 619; *Zaratzian v. Abadir*, 2014 WL 4467919, at *8 n.10.

### C.    Ms. Winters' Declaration Includes Statements That Are Not Within Her Personal Knowledge

Ms. Winters' declaration includes her opinion regarding what EZ Seed's pricing would have been ███████████████████████████████████████████████████████ Winters Decl. ¶ 5.  But this is improper speculation regarding a counter-factual hypothetical that never occurred.  "[C]onclusory allegations, examination of thoughts, opinions, argument and legal conclusions are all prohibited from affidavits submitted in support of, or opposition to, a summary judgment motion."  *TR 39th St. Land Corp. v. Salsa Dist. USA, LLC*, 2015 WL 1499173, at *8 (S.D.N.Y. Mar. 25, 2015) (punctuation omitted) (quoting *Paul T. Freund Corp. v. Commonwealth Packing Co.*, 288 F. Supp. 2d 357, 369 (W.D.N.Y. 2003)).  Ms. Winters' speculation of what Scotts might have thought about pricing under this hypothetical without providing any basis for her statement is at best an improper "examination of thoughts" and "opinion" and must therefore be stricken or disregarded.  *See TR 39th St.*, 2015 WL 1499173, at *8.  Ms. Winters provides no data to support her assertion that ████████████████████████ ████████████████████████████████████████████████████████████ Regan Decl. Ex. 40, Winters Decl. ¶ 5.  That assertion is false, *see* Part IV.A., and in any event, without any explanatory data there is no showing by Ms. Winters that she has personal knowledge concerning this purported label change and how it affected Scotts' pricing.

### D.    Ms. Winters' Declaration Includes Opinion Testimony That Violates Rule 701

Ms. Winters' declaration must also be stricken because it constitutes opinion testimony by a lay witness in violation of Federal R. Evid. 701.  *See, e.g., Congregation Rabbinical College of Tartikov v. Village of Pomona*, 138 F. Supp. 3d 352, 403 (S.D.N.Y. 2015) (striking declaration in support of MSJ where statements constituted "unhelpful lay opinion").  Here, Ms. Winters' declaration contains no discussion of any supply-side or demand-side factors that might

13

affect Scotts' pricing in a but for world where the 50% Thicker Claim was not made.  Nor does it

provide any factual testimony that could be "rationally based on the witness's perception," Fed.

R. Evid. 701(a), to support an opinion about how Scotts would have reacted to market forces in a

but for Ms. Winters had never contemplated.  Ms. Winters is unqualified to provide an opinion

on this subject.  And because her opinion is pure speculation with no supporting analysis, facts or

data, it is not "helpful" under Rule 701(b), and not based on scientific, technical or other

specialized knowledge under Rule 701(c).

Finally, Ms. Winters is also unqualified to provide her opinion that ███████████████████

████████████████████████   Regan Decl. Ex. 40, Winters Decl. ¶ 9.  She has no

background in turfgrass science and does not purport to have any expertise in the field.  *See*

Winters Dep. at 19:11-23 (███████████████████████████████

████████).  Because Ms. Winters does not purport to have attempted to plant EZ Seed Sun and

Shade in a warmer climate, her opinion is not "rationally based on the witness's perception,"

Fed. R. Evid. 701(a), and constitutes hearsay at best.  And because her opinion contains no

supporting analysis, facts or data, it is not "helpful" under Rule 701(b), and not based on

scientific, technical or other specialized knowledge under Rule 701(c).

## CONCLUSION

For these reasons, the Class Representatives request that the Court strike the Declarations

of Tiffany Peoples and Emily Winters in their entireties pursuant to Fed. R. Civ. P. 56(c)(4) and

award the Class Representatives' reasonable expenses, including attorney's fees, for bringing

this motion, pursuant to Fed. R. Civ. P. 56(h).

Sanctions here are particularly appropriate given Scotts' track record and history of

criminal fraud.  Again, these falsehoods could not have been innocent mistakes.  These

declarations are both very short and focused.  They were obviously prepared with the assistance

of counsel to specifically address two key points that could be case-dispositive.  They are both

blatantly false.  And there are two of them.  Even in normal circumstances it would be difficult to

conceive how two executives could submit such blatantly false testimony.  But here, coming

from a company that recently pleaded guilty and was convicted of 11 criminal counts of

falsifying documents submitted to government authorities, distributing misbranded products, and

related crimes, SOF ¶¶ 747-751, these two shamefully false declarations are difficult to stomach.

This was a fraud on the Court which should not be tolerated.

Dated:  September 1, 2016

Respectfully submitted,

By:      */s/ Scott A. Bursor*
Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
jmarchese@bursor.com

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Timothy J. Peter
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone:  (212) 983-9330
Facsimile:  (212) 983-9331
Email:  nfaruqi@faruqilaw.com
tpeter@faruqilaw.com

*Class Counsel*

15