UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                            :

In re Scotts EZ Seed Litigation        :        12-CV-4727 (VB)

                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## SCOTTS' MOTION TO STRIKE
## PLAINTIFFS' LOCAL RULE 56.1 STATEMENT

HUNTON & WILLIAMS LLP
Shawn Patrick Regan
Joshua S. Paster
200 Park Avenue
New York, NY 10166

- and -

Samuel Danon (*pro hac vice*)
1111 Brickell Avenue, Suite 2500
Miami, FL 33131

Joshua M. Kalb (*pro hac vice*)
600 Peachtree Street NE, Suite 4100
Atlanta, Georgia 30307

Neil K. Gilman (*pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, DC 20037

*Counsel for Defendants The Scotts Miracle-Gro Company and The Scotts Company LLC*

# **TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................................................................................. 1

   A.   Plaintiffs' SMF is Repetitive. .......................................................................................... 2

   B.   Plaintiffs Assert Numerous Immaterial "Facts." ............................................................. 3

   C.   Plaintiffs Improperly Present Legal Conclusions as Undisputed Facts. ........................... 4

   D.   Plaintiffs Improperly Present their Experts' Opinions as Facts. ...................................... 5

   E.   Plaintiffs Fail to Cite Admissible Evidence In Support of Statements. ............................ 6

      1.   Plaintiffs Fail to Cite to Admissible Evidence. ................................................... 6

      2.   Paragraph 848 Cites to an Inadmissible Expert Declaration. .............................. 6

          a.   Weir's June 30 Report is Untimely. ........................................................ 8

          b.   Plaintiffs Have Provided No Explanation For Their Failure to Comply with Rule 26 and This Court's Scheduling Order. ........................................ 9

          c.   The Weir Report Is Not Sufficiently Important to Plaintiffs' Case to Avoid Preclusion. ................................................................................................ 9

          d.   Weir's June 30 Report Unfairly Prejudices Scotts. ............................... 10

          e.   A Continuance Is Not Appropriate. ...................................................... 11

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*,
301 F.R.D. 31 (S.D.N.Y. 2014) ........ *passim*

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ........ 3

*Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*,
138 F. Supp. 3d 352 (S.D.N.Y. 2015) ........ *passim*

*DVL, Inc. v. Gen. Elec. Co.*,
811 F. Supp. 2d 579 (N.D.N.Y. 2010) ........ 9

*DVL, Inc. v. Niagara Mohawk Power Corp.*,
490 F. App'x 378 (2d Cir. 2012) ........ 10

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
98 N.Y.2d 314 (2002) ........ 3

*Morritt v. Stryker Corp.*,
2011 WL 3876960 (E.D.N.Y. Sept. 1, 2011) ........ 11

*Ofudu v. Barr Labs., Inc.*,
98 F. Supp. 2d 510 (S.D.N.Y. 2000) ........ 5

*Patterson v. Balsamico*,
440 F.3d 104 (2d Cir. 2006) ........ 9

*Soomro v. City of New York*,
2016 WL 1266069 (S.D.N.Y. Mar. 30, 2016) ........ 3, 4

**Other Authorities**

L. Civ. R. 56.1 ........ *passim*

Fed. R. Civ. P. 26 ........ *passim*

Fed. R. Civ. P. 37 ........ 8

Fed. R. Civ. P. 56 ........ 3

Defendants The Scotts Miracle-Gro Company and The Scotts Company LLC (collectively, "Scotts") respectfully submit this memorandum in support of Scotts' motion to strike the Local Rule 56.1 statement Plaintiffs submitted in support of their motion for summary judgment on their claims under the New York General Business Law ("GBL").

Plaintiffs' 56.1 statement ("SMF") contains 854 paragraphs, spanning 129 pages of allegedly "material facts as to which [they] contend[] there is no genuine issue to be tried."[1] L.R. 56.1(a). Plaintiffs' SMF violates both the letter and spirit of Local Rule 56.1: it is not short, it is not concise, it is repetitive, and it contains legal argument, opinion, and unsupported "facts." Many of Plaintiffs' "facts" are disputed. Plaintiffs' SMF is plainly designed not to streamline resolution of issues but to harass Scotts, to increase costs of litigation, and to frustrate the efficient administration of justice. The Court should strike and disregard the paragraphs in Plaintiffs' SMF that fail to comport with Local Rule 56.1

## ARGUMENT

Local Rule 56.1 requires every motion for summary judgment be accompanied by "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1(a). The purpose is "to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 393 (S.D.N.Y. 2015).

Even a quick glance at Plaintiffs' SMF reveals it is not "short and concise" and does the opposite of "streamlining" the Court's consideration of issues for summary judgment. While length alone does not necessarily render Plaintiffs' SMF improper, Plaintiffs' SMF is extreme.

---

[1] Citations to Exhibits 1 to 103 are to the Declaration of Shawn Patrick Regan filed along with Scotts' affirmative motions. Exhibits 104 to 150 are attached to the Opposition Declaration of Shawn Patrick Regan, filed along with this and Scotts' other oppositions. Citations to Plaintiffs' exhibits are denominated "Pl. Ex." Citations to "Pl. SMF" are to Plaintiffs' Statement of Material Facts.

And it contains additional faults. The Court should strike and disregard those portions of Plaintiffs' SMF that fail to comply with the Local Rule.

A.  ***Plaintiffs' SMF is Repetitive.***

Plaintiffs' SMF is unnecessarily and improperly lengthy, in part because it contains redundant facts. *Congregation Rabbinical Coll. of Tartikov*, 138 F. Supp. 3d at 395 (striking paragraphs of plaintiffs' 56.1 statement because they were "unnecessarily lengthy, due especially to the inclusion of redundant or incomprehensible facts").

For example, one of Plaintiffs' statements is that ███████████ ███████████████████████████████████████████ (Pl. SMF ¶ 162.) This statement is found *18* times—in paragraphs 162, 204, 237, 267, 297, 328, 361, 404, 432, 459, 492, 505, 526, 561, 593, 616, 640, and 664. Additional redundancies include:





And finally, Plaintiffs' SMF contains "summary charts" that do nothing more than purportedly summarize prior paragraphs; indeed, the charts cite only to other SMF paragraphs rather than admissible evidence as required by Rule 56 and L.R. 56.1. (*See id.* ¶¶ 681-85.)

B.  ***Plaintiffs Assert Numerous Immaterial "Facts."***

A fact is "material" if it affects the outcome of a motion or suit. *See Soomro v. City of New York*, 2016 WL 1266069, at *3 (S.D.N.Y. Mar. 30, 2016); *Congregation Rabbinical Coll. of Tartikov*, 138 F. Supp. 3d at 395 ("'[f]actual disputes which are irrelevant or unnecessary' to the claims at issue 'will not be counted.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Plaintiffs moved for summary judgment only on their GBL claims. (*See* Pl. Summ. J. Br. at 1.) As a necessary corollary, Plaintiffs move only on behalf of the "New York Plaintiffs." (*Id.*) Plaintiffs did not seek summary judgment on any California claim, or on any California Named Plaintiff's behalf. (*Id.*) To assert a claim under the GBL, "the transaction in which the consumer is [allegedly] deceived must occur in New York." *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 (2002). Yet Plaintiffs' SMF includes at least a dozen paragraphs regarding the *California* Named Plaintiffs, who purchased their EZ Seed in California. (*See,*

*e.g.,* Pl. SMF ¶¶ 782-88, 810-816.) Facts of these Plaintiffs' purchase and use in California are not material to Plaintiffs' summary judgment motion on the GBL claims.

But this is just the tip of the iceberg. Plaintiffs' SMF is full of other allegedly undisputed material facts that do not affect the outcome of Plaintiffs' motion or this suit; whether admitted or disputed, they would have no effect on the outcome of either. *Cf. Soomro*, 2016 WL 1266069, at *3. For example, Plaintiffs assert "material facts" concerning Scotts' new claim on the EZ Seed label that is not part of Plaintiffs' suit or motion—" ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" (Pl. SMF ¶ 35.) Including facts such as these does nothing more than bloat the 56.1 statement and increase the burden on Scotts and on the Court. Immaterial facts should be stricken. (*See id.* ¶¶ 4, 35, 36, 101, 98, 97, 96, 94, 93, 91, 88, 85, 747, 748, 749, 750, 751, 763.)

C.   ***Plaintiffs Improperly Present Legal Conclusions as Undisputed Facts.***

Legal conclusions are improper in a Local Rule 56.1 statement. *Congregation Rabbinical Coll. Of Tartikov*, 138 F. Supp. 3d at 396 ("the Court will disregard such statements" which are "improper legal conclusions").

Plaintiffs proffer many statements—and section headings—that are nothing more than legal conclusions. For example, Plaintiffs' paragraph 752 states, "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" (*See also,* Pl. SMF ¶¶ 752, and 755.) A simple glance at the table of contents for Plaintiffs' 56.1 statement reveals that a significant number of Plaintiffs' section headings are legal conclusions. These headings should

be disregarded, as should any paragraphs containing legal conclusions. (*Id.*; *id.* at table of contents.)

D.     ***Plaintiffs Improperly Present their Experts' Opinions as Facts.***

Opinions are not "facts" that properly may be presented under Local Rule 56.1. *See*, *Ofudu v. Barr Labs., Inc.*, 98 F. Supp. 2d 510, 513 (S.D.N.Y. 2000) (disregarding 56.1 statement and "hesitat[ing] to use the word 'facts' because so many of the entries in the Rule 56.1 Statement are obviously opinions or arguments"); *Congregation Rabbinical Coll. Of Tartikov*, 138 F. Supp. 3d at 396 (refusing to consider "opinions" undisputed).

Plaintiffs spend hundreds of paragraphs presenting the opinions of their experts, including approximately 550 paragraphs going line-by-line through their proffered expert Douglas Karcher's opinions. (Pl. SMF ¶¶ 132-685.) This is most pronounced in Plaintiffs' reliance on evapotranspiration ("ET") and (nominally) on reference ET ("ETo"), in critiquing Scotts' trials. In his report, Dr. Karcher opined that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. 19 at 14-16.) To reach this conclusion, Dr. Karcher reports ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. (*Id.*) In their SMF, Plaintiffs take this as absolute "fact," not recognizing Dr. Karcher's opinions as ***opinions***—rebutted and disputed by Scotts' expert. (*Se* Ex. 9 ¶¶ 134-42.) All paragraphs that do nothing more than regurgitate Dr. Karcher's opinions should be stricken. (Pl. SMF ¶¶ 86, 125-26, 128-129, 163, 165, 167-68, 171-74, 207, 209-10, 214, 216, 240-41, 244, 246, 270, 272-73, 282, 300-01, 331-32, 368-69, 407, 409-10, 435-36, 462, 467-68, 496, 508-09, 529, 531-32, 564, 566-67, 596, 598-99, 619, 621, 643, 645, 667, 669, 680, 677, 678, 681-86, 722-23.)

E.  *Plaintiffs Fail to Cite Admissible Evidence In Support of Statements.*

Finally, Plaintiffs violate Local Rule 56.1 by failing to cite to "evidence which would be admissible …." L.R. 56.1(d).

1.  **Plaintiffs Fail to Cite to Admissible Evidence.**

Plaintiffs fail to cite to *any* evidence in support of many statements.  This is starkly demonstrated by paragraph 744, where Plaintiffs' "evidence" is ▬▬▬▬▬▬▬  (Pl. SMF ¶ 744; *see also id.* ¶¶ 773, 774.)  For many other paragraphs (including 5 charts), Plaintiffs cite only to other statements in their SMF (which make them, by definition, repetitive, *see supra*).  (*E.g., id.* ¶¶ 681-85.)  Local Rule 56.1 requires each statement to "cit[e] to evidence which would be admissible…." L. Civ. R. 56.1(d).  Statements in a 56.1 statement are not admissible at trial; the rule states that statements may be "deemed to be admitted for purposes of the motion" only.  *Id.* at 56.1(c).  Any paragraph that cites as evidence only to other statements in their SMF fails to comply with the Local Rule and should be disregarded.  (*See* Pl. SMF ¶¶ 681-85, 697, 699, 701, 744.)

2.  **Paragraph 848 Cites to an Inadmissible Expert Declaration.**

Paragraph 848 of Plaintiffs' SMF should be stricken because the supporting "evidence" is inadmissible.  In support of SMF paragraph 848 and summary judgment, Plaintiffs submit a June 30, 2016, Declaration from Colin Weir ("June 30 Report").  (*See* Plaintiffs' Ex. JJJJ.)  Weir's June 30 Report is not cited in any of Plaintiffs' "*Daubert*" motions, but rather is cited exclusively in support of summary judgment.  (Pl. SMF ¶ 848; Pl. Summ. J. Br. at 28.)  Weir's June 30 Report is untimely and inadmissible

The Court issued a revised Civil Case Discovery Plan and Scheduling Order on October 6, 2015 [ECF No. 175], which was the operative and final scheduling order with respect to discovery, and provided that:

- "Plaintiffs' expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by **January 8, 2016**."

- Defendants were obligated to make their "expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2)… by **March 11, 2016**."

Further, the Order provided that "Defendants shall make their experts available for deposition by Plaintiffs, and expert discovery shall be completed, by **April 22, 2016**."

Prior to class certification, Weir submitted his initial expert report on March 31, 2014. (Ex. 13.) He was deposed with respect to his initial report on May 21, 2014. (Ex. 15.) During merits discovery, Weir submitted a second expert report on January 8, 2016, in accordance with the above schedule. (Ex. 14.) Weir was deposed with respect to all his opinions on February 10, 2016. (Ex. 16.) Weir's two damages reports dealt with his attempts to " ███████████ ███████████████████████████████████████████████████ (Ex. 14 ¶ 3).

On March 11, 2016, in accordance with the Court's scheduling order, Dr. Jesse David submitted his expert report on behalf of Scotts. (Ex. 1.) Dr. David reviewed and analyzed Weir's reports (as well as Plaintiffs' other proffered expert reports and other information) and provided his expert opinions on Plaintiffs' claims for damages. (*Id.*) Plaintiffs deposed Dr. David on April 20, 2016. (Ex. 2.)

Along with Plaintiffs' summary judgment motion, Weir submitted a third declaration dated June 30, 2016. (Pl. Ex. JJJJ.) According to Weir, ███████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████ (*Id.* ¶ 3.) He summarizes ████████ ███████████ (*Id.* ¶ 6.) He purports to ████████████████████ ███████████ (*Id.* ¶¶ 7-13.) He purports to ████████████████████

███████████████████████████████. (*Id.* ¶¶ 14-19.)  And he purports to ████████████

████████████████████████████████████████████████████████████████

████ (*Id.* ¶¶ 20-21.)

      a.      **Weir's June 30 Report is Untimely.**

Plaintiffs failed to disclose timely the opinions in Weir's June 30 Report in accordance with the Court's order.[2]

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).[3]  A finding of bad faith is not required.  *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 36 (S.D.N.Y. 2014).

Expert testimony exceeding the bounds of the expert's report is excludable and inadmissible.  *Id.* at 36.  To determine whether to, in fact, exclude untimely testimony, courts in this circuit are to consider four factors:

---

[2] Even assuming *arguendo* that Weir was permitted to submit a rebuttal report, notwithstanding that the Court's scheduling order does not provide for such reports, under Rule 26, Plaintiffs were required to disclose and serve the Weir rebuttal report no more than 30 days after the date of Dr. David's expert report:

> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made: … (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure."

Fed. R. Civ. P. 26(a)(2)(D)(ii).  Weir's report was served and disclosed 111-days after Dr. David's disclosure, and 71-days after Dr. David's deposition.

[3] While "an expert affidavit [that] is within the scope of the initial expert report, [] is properly submitted in conjunction with dispositive motions even outside the time frame for expert discovery… '[e]xpert testimony exceeding the bounds of the expert's report is excludable pursuant to Rule 37(c)(1).'"  *Advanced Analytics*, 301 F.R.D. at 36 (citations omitted).  To the extent Plaintiffs say they intended Weir's June 30 Declaration to address rebuttal in the context of *Daubert* briefing, that is false as none of Plaintiffs' *Daubert* motions cite the declaration, and it does not excuse their failure to comply with Rule 26.

> (1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.

*Id.* (alterations in original) (quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)). Here, all four factors weigh in favor of holding Weir's rebuttal report inadmissible.

### b. **Plaintiffs Have Provided No Explanation For Their Failure to Comply with Rule 26 and This Court's Scheduling Order.**

Plaintiffs knew the details of Dr. David's expert opinions and analysis as of March 11, 2016.[4] To the extent they believed it was necessary for Weir to submit testimony rebutting Dr. David for summary judgment, they had until April 22, 2016, when discovery closed, to seek leave to submit such testimony. (ECF No. 175.)

### c. **The Weir Report Is Not Sufficiently Important to Plaintiffs' Case to Avoid Preclusion.**

Plaintiffs have not explained and cannot establish that the Weir rebuttal report is sufficiently important to their case to avoid preclusion. Weir submitted two other expert reports in this case and has sat for two depositions during which time he supplemented his written opinions. (Exs. 13-16.) But even to the extent the rebuttal report is important, Plaintiffs' unjustified, belated disclosure of the June 30 rebuttal report warrants preclusion. Plaintiffs could have sought appropriate relief from the Court beginning on March 12, after seeing Dr. David's report. They did not, and waited an additional 110 days before submitting Weir's rebuttal. Preclusion remains appropriate. *See DVL, Inc. v. Gen. Elec. Co.*, 811 F. Supp. 2d 579, 592

---

[4] Of course, Plaintiffs knew no later than October 6, 2015, [ECF No. 175] that Scotts' experts would provide their reports and opinions, and would be deposed after Plaintiffs' proffered experts made their disclosures and were deposed. As of that date, Plaintiffs could have sought leave to amend the scheduling order to allow their experts to provide a substantive rebuttal to Scotts' experts. They never did so, instead springing their rebuttals *after* Scotts moved for summary judgment and *after* Scotts moved to preclude Weir's damages opinions. And at the conference of April 29, 2016, Plaintiffs stated they contemplated further expert declarations only in connection with *Daubert* briefing.

(N.D.N.Y. 2010) ("Despite the recognized importance of Ludlam's testimony, the exclusion of that testimony results wholly from DVL's own failures .... None of the Defendants did anything to prevent DVL from timely disclosing [any expert].... DVL failed to meet the minimum requirements of Rule 26(a)(2)(A). As a result, the Court refuses to consider the Ludlam Declarations and grants GE's Motion to strike that testimony."), *aff'd sub nom. DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 F. App'x 378 (2d Cir. 2012).[5]

    d.    **Weir's June 30 Report Unfairly Prejudices Scotts.**

Scotts would be unduly prejudiced by allowing Plaintiffs to use substantively, for summary judgment purposes, Weir's June 30 Report.

Discovery is closed and Scotts has filed summary judgment and *Daubert* motions— including a *Daubert* motion with respect to Weir's opinions. To now need to deal with Weir's new opinions burdens Scotts with additional costs, including to prepare rebuttal expert testimony (since Scotts is the party rebutting Plaintiffs' contentions), and to prepare an additional *Daubert* motion with respect to Weir's new opinion when it could have included the arguments in Scotts' motion to strike Weir.

By way of example, the following argument would have been included in Scotts' motion to strike Weir's opinions. Before Dr. David served his report, Weir testified in 

---

[5] At best for Plaintiffs, this factor is in equipoise. *See Advanced Analytics*, 301 F.R.D. at 41 ("although an expert's opinion is clearly important to a case as technical as this one, because Fan has already submitted three prior reports and provided testimony through depositions, I consider this factor to be, at best, neutral.") (internal citations omitted).

(Ex. 16 at 198:7-13.)  Then, after Dr. David ██████████████████████████

██████████████████████████████ (Ex. 1 ¶¶ 52-57), Weir suddenly purports to ███

██████████████████████████████ (Pl. Ex. JJJJ ¶¶ 7-13).

Scotts may also need additional briefing to address Weir's newfound opinion in the context of summary judgment.  Where a party's belated expert disclosure causes significant financial burdens, including the need to re-submit motions, preclusion is appropriate.  *Advanced Analytics*, 301 F.R.D. at 41; *Morritt v. Stryker Corp.*, 2011 WL 3876960, at *7 (E.D.N.Y. Sept. 1, 2011) ("[T]he prejudice to defendants of admitting Professor Rose's alternative design testimony would be 'severe, as discovery would have to be reopened' to permit additional expert reports and depositions.") (citing cases).

   e. **A Continuance Is Not Appropriate.**

Finally, a continuance is not appropriate.  This case is four years old.  Discovery is closed.  Dispositive motions have been filed.  Further delay is not appropriate.  Rather, finding Weir's June 30 Report and new opinions inadmissible is the appropriate remedy.  *Advanced Analytics*, 301 F.R.D. at 41 ("[A] continuance is not appropriate, given the age of this case and the fact that discovery has long been closed."); *Morritt*, 2011 WL 3876960, at *7 ("[T]he fact that discovery is closed and this case has been pending for over four years 'weighs strongly against the possibility of a continuance.'").

## CONCLUSION

For the reasons set forth above, the Court should strike the following paragraphs of Plaintiffs' L.R. 56.1 Statement: 4, 35, 36, 85, 86, 88, 91, 93, 94, 96, 97, 98, 101, 125, 126, 128, 129, 163, 165, 167, 168, 171, 172, 173, 174, 179, 182, 184, 199, 200, 204, 207, 209, 210, 212, 214, 216, 224, 227, 229, 237, 240, 241, 242, 244, 246, 255, 257, 262, 263, 267, 270, 272, 273, 278, 282, 287, 289, 297, 300, 301, 318, 320, 328, 331, 332, 348, 350, 361, 368, 369, 388, 393,

394, 404, 407, 409, 410, 416, 418, 432, 435, 436, 441, 454, 455, 459, 462, 464, 467, 468, 472, 486, 487, 492, 496, 501, 505, 508, 509, 514, 516, 521, 522, 526, 529, 531, 532, 537, 549, 551, 556, 557, 561, 564, 566, 567, 569, 581, 583, 588, 589, 593, 596, 598, 599, 601, 612, 616, 619, 621, 632, 636, 640, 643, 645, 649, 650, 653, 654, 656, 660, 664, 667, 669, 672, 673, 674, 677, 678, 680, 681, 682, 683, 684, 685, 686, 697, 699, 701, 722, 723, 744, 747, 748, 749, 750, 751, 752, 755, 763, 773, 774, 782, 783, 784, 785, 786, 787, 788, 810, 811, 812, 813, 814, 815, and 816. The Court should also strike any paragraphs and argument relying on Weir's June 30, 2016 declaration, including paragraph 848.

| | |
|---|---|
| Dated: September 1, 2016<br>New York, New York | By:   /s/ Shawn Patrick Regan<br>Shawn Patrick Regan<br>Joshua S. Paster<br>HUNTON & WILLIAMS LLP<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 309-1000<br>Facsimile: (212) 309-1100<br>Email: sregan@hunton.com<br>Email: jpaster@hunton.com<br><br>- and -<br><br>Samuel A. Danon (*pro hac vice*)<br>HUNTON & WILLIAMS LLP<br>1111 Brickell Avenue, Suite 2500<br>Miami, Florida 33131<br>Telephone: (305) 810-2500<br>Facsimile: (305) 810-2460<br>Email: sdanon@hunton.com<br><br>- and -<br><br>Joshua M. Kalb (*pro hac vice*)<br>HUNTON & WILLIAMS LLP<br>600 Peachtree Street NE, Suite 4100<br>Atlanta, Georgia 30307<br>Telephone: (404) 888-4000<br>Facsimile: (404) 602-9077<br>Email: jkalb@hunton.com<br><br>-and-<br><br>Neil K. Gilman (*pro hac vice*)<br>HUNTON & WILLIAMS LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>Telephone: (202) 955-1674<br>Facsimile: (202) 862-3629<br>Email: ngilman@hunton.com<br><br>*Counsel for Defendants The Scotts Miracle-Gro Company and The Scotts Company LLC* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2016, I directed service of a copy of the foregoing, on all counsel of record at the addresses listed below, by email and FTP site.

<div align="right">/s/ Shawn Patrick Regan<br>Shawn Patrick Regan</div>

Scott A. Bursor, Esq.
Joseph L. Marchese, Esq.
Neal Deckant, Esq.
Yitzchak Kopel, Esq.
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
      jmarchese@bursor.com
      ndeckant@bursor.com
      ykopel@bursor.com

Adam Richard Gonnelli, Esq.
Nadeem Faruqi, Esq.
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone:  (212) 983-9330
Fax: (212) 983-9331
Email:  agonnelli@faruqilaw.com
      nfaruqi@faruqilaw.com

Timothy Peters, Esq.
Faruqi & Faruqi, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA  19046
Telephone: (215) 277-5770
Fax: (215) 277-5771
Email:   tpeters@faruqilaw.com

Antonio Vozzolo, Esq.
Vozzolo LLC
Email:  avozzolo@vozzolo.com