**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Scotts EZ Seed Litigation | Civil Action No. 12-CV-4727 (VB) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE**
**PORTIONS OF THE DECLARATION OF ERIC NELSON**

Dated:  October 20, 2016

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
        jmarchese@bursor.com

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Timothy J. Peter
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone:  (212) 983-9330
Facsimile:  (212) 983-9331
Email:  nfaruqi@faruqilaw.com
        tpeter@faruqilaw.com

*Class Counsel*

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ................................................................................................. 1

II.    LEGAL STANDARD ........................................................................................... 1

III.   PORTIONS OF THE NELSON DECLARATION MUST BE STRICKEN ..................... 3

    A.     Paragraph 6 ................................................................................................. 3

    B.     Paragraph 8 and Exhibit A ......................................................................... 3

    C.     Paragraph 9 ................................................................................................. 3

    D.     Paragraph 11 ............................................................................................... 4

    E.     Paragraph 12 ............................................................................................... 4

    F.     Paragraph 13 ............................................................................................... 5

    G.     Paragraph 14 ............................................................................................... 5

    H.     Paragraph 15 ............................................................................................... 6

CONCLUSION............................................................................................................ 6

## I.      INTRODUCTION

Scotts submits a declaration by Dr. Eric Nelson, dated September 1, 2016, in an attempt to explain away the numerous methodological issues in the EZ Seed Trials he conducted.  *See* Ex. 144.  However, as detailed below, Dr. Nelson's declaration is inadmissible junk science that is just as baseless as the methodologies he attempts to defend.  Dr. Nelson provides no authority or basis for the opinions he expresses in his declaration, but rather hopes that the Court will simply take his word for it.  That is not appropriate under *Daubert*.  *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").  Moreover, as detailed below, Dr. Nelson's opinions not only contradict generally accepted scientific principles in the field of turfgrass science, they often contradict his own previous deposition testimony.  The Court may not consider such contradictory declaration testimony at the summary judgment stage.  *See Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that … contradicts the affiant's previous deposition testimony").  Finally, portions of the declaration should be stricken for the untimely introduction of new fact evidence.  *See* Revised Civil Case Discovery Plan and Scheduling Order (ECF No. 175).

## II.     LEGAL STANDARD

Rule 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's testimony (1) is based on sufficient facts or data; (2) is the product of reliable principles and methods; and (3) has reliably applied the principles and methods to the facts of the case.  *See* Fed. R. Evid. 702.  Under *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 597 (1993), trial

1

courts serve as gatekeepers for expert testimony.  It is appropriate for district courts to decide

questions regarding the admissibility of expert testimony on summary judgment.  *Raskin v.*

*Wyatt Co.,* 125 F.3d 55, 66 (2d Cir. 1997).

Dr. Nelson's declaration is a sham affidavit.  A "sham affidavit" which conflicts with the

affiant's previous deposition testimony cannot be considered on summary judgment.  On this

point, the Second Circuit has stated that:

> [A] party may not create an issue of fact by submitting an affidavit
> in opposition to a summary judgment motion that, by omission or
> addition, contradicts that affiant's previous deposition testimony.
> If a party who has been examined at length on deposition could
> raise an issue of fact simply by submitting an affidavit
> contradicting his own prior testimony, this would greatly diminish
> the utility of summary judgment as a procedure for screening out
> sham issues of fact.  Thus, factual issues created solely by an
> affidavit crafted to oppose a summary judgment motion are not
> "genuine" issues for trial.

*Hayes*, 84 F.3d at 619 (quoting *Perma Research & Dev. Co. v. Singer Co.,* 410 F.2d 572, 578 (2d

Cir. 1969)) (internal citations omitted); *see also Kennedy v. City of N.Y.*, 570 Fed. App'x 83, 84

(2d Cir. 2014) (citing *Raskin*, 125 F.3d at 63); *Zaratzian v. Abadir*, 2014 WL 4467919, at *8

n.10 (S.D.N.Y. Sept. 2, 2014) (Briccetti, J.) (disregarding affidavit, stating:  "on summary

judgment, [a party] may not undermine … deposition testimony with an affidavit").

Finally, Rule 56(h) provides that "[i]f satisfied that an affidavit or declaration under the

rule is submitted in bad faith or solely for delay, the court – after notice and a reasonable time to

respond – may order the submitting party to pay the other party the reasonable expenses,

including attorney's fees, it incurred as a result.  An offending party or attorney may also be held

in contempt or subjected to other appropriate sanctions."  Courts have found bad faith under this

rule "where affidavits contained … blatantly false allegations or omitted facts concerning issues

central to the resolution of the case."  *Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 327

(S.D.N.Y. 2012).

### III.   PORTIONS OF THE NELSON DECLARATION MUST BE STRICKEN

#### A.   Paragraph 6

Paragraph 6 states that "███████████████████████████████████████████

███████████████████████████████████  Ex. 144 ¶ 6.  This must be stricken

under *Daubert*.  As explained in Plaintiffs' motion to preclude Scotts from offering expert

testimony by Eric Nelson and Michael Faust concerning EZ Seed's performance at half-water

levels (the "*Daubert* Brief") and their reply thereto (the "Reply *Daubert* Brief"), Scotts' Trials

███████████████████████████  and Dr. Nelson therefore has no basis for his opinion

that these Trials ██████████████████████████

#### B.   Paragraph 8 and Exhibit A

Paragraph 8 and Exhibit A refer to ████████████████████████████████

█████████████████  *See* Ex. 144 ¶ 8; *id.* Ex. A.  This must be stricken as well.  Fact

discovery is over in this case and Scotts failed to produce this document in a timely fashion.  *See*

Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring copies of "all documents … party … may use to

support its claims or defenses"); *see also* Revised Civil Case Discovery Plan and Scheduling

Order (ECF No. 175).

#### C.   Paragraph 9

Paragraph 9 states that ████████████████████████████████████████

████████  Ex. 144 ¶ 9.  This must be stricken because it is false and contradicted by Dr.

Nelson's own deposition testimony.  ████████████████████████████████████

████████████████████████████████████.  Marchese Decl. Ex. NN,

Nelson Dep. at 329:6-23 ██████████████████████████████████████████:

3

█████████████████████████████████████████████████████████); *see also Hayes*, 84 F.3d at 160

("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary

judgment motion that … contradicts the affiant's previous deposition testimony").

**D.      Paragraph 11**

Paragraph 11 states that EZ Seed Field Trials 1, 2, and 3 "██████████████████████

████████████████████████████████████████████████████████████████████████████

████  Ex. 144 ¶ 11.  This must be stricken as baseless opinion testimony.  As noted in

Plaintiffs' *Daubert* Brief and detailed at length in their Reply *Daubert* Brief, ████████████

██████████████████████████████████████████████████, so Dr. Nelson had no

basis for any opinion how it would have performed had they done so.  *See* Reply *Daubert* Brief

at 9-10.  ███████████████████████████████████████████████████

████████████████████████████████████████  PSOF ¶ 121.  This

baseless speculation must therefore be stricken.

**E.      Paragraph 12**

Paragraph 12 states that ████████████████████████████████████████████

████████████████████████████  Ex. 144 ¶ 12.  This must be stricken under Fed.

R. Civ. P. 56(h).  Scotts' own Rule 56.1 statement says that "'Ordinary seed' means grass-seed

only, and not including fertilizer and/or mulch."  Scotts' Rule 56.1 Statement ¶ 27.  Dr. Nelson's

contention that ████████████████████████████████████████████████████

████████████████████████████████████.

Paragraph 12 also states that ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████  Ex. 144 ¶ 12.  Because Dr. Nelson is not an expert in consumer



4

practices, and does not provide any basis for this statement, it is inadmissible and must be disregarded under Fed. R. Evid. 701.

**F.      Paragraph 13**

Paragraph 13 states:



Ex. 144 ¶ 13.

This statement is inadmissible because is it not "based on sufficient facts or data" and it not "the product of reliable principals and methods."  *See* Fed. R. Evid. 702.  ██████████ is a pretend concept.  Dr. Nelson fails to cite a single authority or any other basis for his purported belief that ██████████████████████████████████████████████████████████████ ██████  And it is completely contradicted by his own prior statements, Scotts' directions on its own ordinary seed packaging and website, and the statements of Dr. Hopkins, Mr. Faust, and Dr. Gunasekara.  *See* PSOF ¶¶ 106-108, 161, 207, 209; *see also* Reply *Daubert* Brief at 4.  Tellingly, neither Dr. Nelson nor anyone else at Scotts have mentioned the concept of ████████ in the four-plus years this case has been pending.  *See Hayes*, 84 F.3d at 160 ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts that affiant's previous deposition testimony").

**G.      Paragraph 14**

Paragraph 14 states:



Ex. 144 ¶ 14.

This statement is inadmissible because it has no scientific basis and because it is contradicted by Dr. Nelson and Mr. Faust's own deposition testimony, as detailed in Plaintiffs' Reply *Daubert* Brief at pages 7-8.  *See* Fed. R. Evid. 702; *Hayes*, 84 F.3d at 160 ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that … contradicts the affiant's previous deposition testimony").

### H.      Paragraph 15

Paragraph 15 states: ██████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████

██████████  Ex. 144 ¶ 15.  This is false and inadmissible as stated above in Section III.C.

## CONCLUSION

For these reasons, the Class Representatives request that the Court strike the above-referenced portions of the Declaration of Eric Nelson, dated September 1, 2016.

Dated:  October 20, 2016

Respectfully submitted,


By:      */s/ Scott A. Bursor*
       Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joseph I. Marchese
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  scott@bursor.com
       jmarchese@bursor.com

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Timothy J. Peter
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone:  (212) 983-9330
Facsimile:  (212) 983-9331
Email:  nfaruqi@faruqilaw.com
       tpeter@faruqilaw.com

*Class Counsel*