UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                    :

In re Scotts EZ Seed Litigation        :             12-CV-4727 (VB)
                                      :
                                      :
                                      :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

 

## MEMORANDUM OF LAW IN SUPPORT OF SCOTTS' MOTION
## TO AMEND THE AUGUST 7, 2017 OPINION & ORDER
## TO
## CERTIFY AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

HUNTON & WILLIAMS LLP
Shawn Patrick Regan
Joshua S. Paster
200 Park Avenue
New York, NY 10166

- and -

Samuel Danon (*pro hac vice*)
1111 Brickell Avenue, Suite 2500
Miami, FL 33131

Joshua M. Kalb (*pro hac vice*)
600 Peachtree Street NE, Suite 4100
Atlanta, Georgia 30307

Neil K. Gilman (*pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, DC 20037

*Counsel for Defendants The Scotts
Miracle-Gro Company and The
Scotts Company LLC*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT ...................................................................................................................... 2

    A.   The Court's Order involves a controlling question of law. ................................... 3

    B.   There is substantial ground for difference of opinion over whether substantive statutes like GBL §§ 349/350 may restrict availability of statutory damages in a class action....... 6

    C.   An immediate appeal will materially advance the litigation. .............................. 8

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re A2P SMS Antitrust Litig.*,
   2015 WL 876456 (S.D.N.Y. Mar. 2, 2015) ....................................................3

*APCC Servs., Inc. v. AT & T Corp.*,
   297 F. Supp. 2d 101 (D.D.C. 2003) ......................................................3, 5, 6

*Atl. Sounding Co. v. Townsend*,
   557 U.S. 404 (2009) ....................................................................................3

*Capitol Records, LLC v. Vimeo, LLC*,
   972 F. Supp. 2d 537 (S.D.N.Y. 2013) ..........................................................3

*Davenport v. Charter Commc'ns, LLC*,
   35 F. Supp. 3d 1040 (E.D. Mo. 2014) ..........................................................7

*Engel v. CBS, Inc.*,
   182 F.3d 124, 125 (2d Cir. 1999) .................................................................5

*Espinosa v. Bluemercury, Inc.*,
   2017 WL 1079553, at *3 (N.D. Cal. Mar. 22, 2017) .....................................6

*Fed. Hous. Fin. Agency v. UBS Ams., Inc.*,
   858 F. Supp. 2d 306, 338 (S.D.N.Y. 2012) ...................................................9

*Fejzulai v. Sam's W., Inc.*,
   2016 WL 4679211, *2-3 (D.S.C. Sept. 7, 2016) ...........................................6

*Folksamerica Reins. Co. v. Rep. Ins. Co.*,
   2004 WL 1824320, at *3 (S.D.N.Y. Aug. 16, 2004) ......................................5

*Katz v. Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974) .........................................................................9

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in
   Amministrazione Straordinaria*,
   921 F.2d 21 (2d Cir. 1990) ...................................................................3, 4, 5

*Kurtz v. Kimberly-Clark Corp.*,
   2017 WL 1155398 (E.D.N.Y. Mar. 27, 2017) .............................................1, 2

*Parker v. Time Warner Entm't Co., L.P.*,
   331 F.3d 13 (2d Cir. 2003) ..........................................................................4

*Sakaogan Gaming Enter. Corp. v. Tushie–Montgomery Assocs.*,
  86 F.3d 656 (7th Cir. 1996) ........................................................................3

*Secs. v. Mercury Interactive, LLC*,
  2011 U.S. Dist. LEXIS 38127 (N.D. Cal. Apr. 7, 2011) ...........................9

*Shady Grove Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010).......................................................................... *passim*

*Simmons v. Author Sols., LLC*,
  2015 WL 4002243 (S.D.N.Y. July 1, 2015) ...............................................6

*Sterk v. Redbox Automated Retail, LLC*,
  672 F.3d 535 (7th Cir. 2012) ...................................................................8, 9

*In re TD Bank, N.A.*,
  150 F. Supp. 3d 593 (D.S.C. 2015)..............................................................7

*Whitlock v. FSL Mgmt., LLC*,
  843 F.3d 1084 (6th Cir. 2016) .....................................................................7

*United States ex rel. Wood v. Allergan, Inc.*,
  2017 WL 1843288 (S.D.N.Y. May 4, 2017) ..........................................6, 10

**Statutes**

28 U.S.C. § 1292(b) .......................................................................... *passim*

N.Y. Gen. Bus. L. § 349 ................................................................... *passim*

N.Y. Gen. Bus. L. § 350 ................................................................... *passim*

**Other Authorities**

2d Cir. L.R. 27.2 .........................................................................................5

22 N.Y.C.R.R. § 500.27...............................................................................5

CPLR 901(b) ...............................................................................................7

Fed. R. App. P. 5 .........................................................................................2

Fed. R. Civ. P. 1 ..........................................................................................6

Fed. R. Civ. P. 23 ........................................................................................7

William H.J. Hubbard, *An Empirical Study of the Effect of* Shady Grove v.
  Allstate *on Forum Shopping in the New York Courts*, 10 J.L. Econ. & Pol'y
  151 (2013).....................................................................................................5

Defendants The Scotts Miracle-Gro Company and The Scotts Company LLC (collectively "Scotts") respectfully move the Court to amend its August 7, 2017 Opinion & Order [ECF No. 317] ("Order" or "Op. & Order") and certify for interlocutory appeal the question whether New York General Business Law ("GBL") §§ 349 and 350 provide for the recovery of statutory damages in federal court in class actions.

The Order recognized that in amending GBL §§ 349 and 350 to permit private rights of action, the N.Y. Legislature reached a compromise, and "the intended effect of this compromise was" that plaintiffs in class actions thereunder could recover "actual damages only." (Op. & Order at 10.)  But the Court found itself "constrained" by *Shady Grove Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), to disregard the Legislature's intent and find statutory damages available in federal class actions. (*Id.* at 10-13 ("Even though the Court does not agree with the implications of *Shady Grove*—including that class actions for statutory damages under Sections 349 and 350 may be brought in federal court, but not state court—it is constrained by them.").)

This Court is the second within this Circuit recently to express grave concerns over the implications of imposing classwide GBL statutory damages in federal court.  *Kurtz v. Kimberly-Clark Corp.*, 2017 WL 1155398, at *11-12 (E.D.N.Y. Mar. 27, 2017) (Weinstein, J.) (stating the court was troubled classwide statutory damages could be "excessive and in violation of New York State policy" and that the court and  prominent scholars "disagree" with *Shady Grove*). Notably, Judge Weinstein recommended an interlocutory appeal in *Kurtz*, *id.* at *62, an appeal that places at issue *Shady Grove*'s application to the GBL (Case No. 17-1031 (2d Cir.)).  That the Second Circuit granted permission to take that interlocutory appeal indicates its interest in this issue and renders it more likely the Circuit may take this case as well.[1]

---

[1] The opinion in *Kurtz* also addressed the companion case *Belfiore v. Procter & Gamble Co.*  The Second Circuit has consolidated *Kurtz* and *Belfiore* with a third case—*Kurtz v. Costco Wholesale Corp.*—for appeal.

Scotts respectfully requests the Court amend its Order and certify an interlocutory appeal so Scotts' arguments regarding *Shady Grove* and the GBL may be considered by the Second Circuit, along with *Kurtz/Belfiore*.[2]  An appeal is appropriate here because the Court's holding with respect to statutory damages presents a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal will materially advance the ultimate termination of the litigation.[3]

## **ARGUMENT**

An interlocutory appeal is proper:

> When a[n] … order involves a controlling question of law as to which there is substantial ground for difference of opinion and … an immediate appeal from the order may materially advance the ultimate termination of the litigation ….

28 U.S.C. § 1292(b).  Where, as here, the Court did not expressly grant permission to seek an interlocutory appeal in the order itself, the Court may amend its order to grant permission to seek interlocutory appeal.  *See* Fed. R. App. P. 5 ("If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.  In that event, the time to petition runs from entry of the amended order.").

Scotts' question meets § 1292(b)'s requirements; certification is appropriate.

---

[2] The *Kurtz* and *Belfiore* cases arise in a class certification context and the arguments presented here by Scotts concerning the legislative history and intent of the GBL were not presented to Judge Weinstein.  These arguments are plainly relevant to the issues in *Kurtz/Belfiore* and a decision there very well may impact the law applicable to this case during the pretrial, trial, or appeal stage.  Scotts is prepared to commit to brief the issue on an expedited basis and seek to consolidate or coordinate the appeals.  Opening briefs are due in those cases on September 27, 2017; we understand response briefs will be filed by December.  (Case No. 17-1031 (2d Cir.), D.E. 51.)

[3] Contemporaneous to filing of this Motion, Scotts has submitted a letter-application to the Court to direct the parties brief this motion on an expedited schedule and to adjourn the September 15 pretrial order deadline. If the Court certifies an interlocutory appeal, Scotts also will seek to expedite the appeal.

A.    ***The Court's Order involves a controlling question of law.***

The question whether GBL §§ 349/350 permit recovery of statutory damages in federal

court class actions is a pure and controlling question of law.  This issue can be decided with

minimal, if any, reference to the record.  *See Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp.

2d 537, 551-52 (S.D.N.Y. 2013) ("Because the issue turns almost exclusively on a question of

statutory interpretation, 'the reviewing court could decide [it] quickly and cleanly without having

to study the record.'") (alteration in original, citation omitted); *see also Atl. Sounding Co. v.

Townsend*, 557 U.S. 404, 408 (2009) (district court certified, and Eleventh Circuit permitted,

interlocutory appeal over question whether punitive damages were available).

Under Second Circuit law, "resolution of an issue need not necessarily terminate an

action in order to be 'controlling.'"  *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione

Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990)

(citations omitted).  Rather, § 1292's first prong is satisfied if the issue is one "that may

importantly affect the conduct of [the] action."  *In re A2P SMS Antitrust Litig.*, 2015 WL

876456, at *3 (S.D.N.Y. Mar. 2, 2015) (courts "have long recognized that the possibility of

termination is not the stand-alone test for a 'controlling question' under § 1292(b).") (citation

omitted).  As Judge Nathan has observed, "[t]he cases do not interpret the term ['controlling']

literally. A question of law may be deemed 'controlling' if its resolution is quite likely to affect

the further course of the litigation, even if not certain to do so."  *Id.* (alterations in original)

(quoting *Sakaogan Gaming Enter. Corp. v. Tushie–Montgomery Assocs.*, 86 F.3d 656, 659 (7th

Cir. 1996)).  In addition to impact on the case in which the order is entered, "[t]he impact that the

appeal will have on other cases is also a factor supporting a conclusion that the question is

controlling."  *APCC Servs., Inc. v. AT & T Corp.*, 297 F. Supp. 2d 101, 105 (D.D.C. 2003); *see*

*also Klinghoffer*, 921 F.2d at 24 (granting leave to appeal in part because the "determination was likely to have precedential value for a large number of other suits").

Resolution of whether GBL §§ 349/350 permit recovery of statutory damages in a federal court class action alters the alleged maximum damages here by ***more than $500 million***.[4]  (*See* Scotts Ex. 14 at Tables 4-7.)  Absent interlocutory review, the financial pressures of $545,785,900 in potential exposure weigh heavily and are likely to cause the question to continue to evade appellate review, as reflected by the fact that this issue has evaded appellate review to date despite the prevalence of class actions under the statutes.  *See Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 22 (2d Cir. 2003) ("the potential for a devastatingly large damages award … arise from the effects of combining … minimum statutory damages awards on a per-consumer basis … with the class action mechanism that aggregates many claims … [and] the aggregation in a class action of large numbers of statutory damages claims potentially distorts the purpose of both statutory damages and class actions … [and] could create a potentially enormous aggregate recovery for plaintiffs, and thus an *in terrorem* effect on defendants, which may induce unfair settlements.").

Additionally, a reversal and finding that statutory damages are not available under GBL §§ 349/350 may affect whether this case may be maintained as a class action.  (*See* Op. & Order at 37 ("Because statutory damages are available for the New York class in this case, the damages calculation for the New York class may be proved on a class-wide basis.").  Resolution of this issue undoubtedly will "affect the further course of the litigation" and "importantly affect the conduct of [the] action."

---

[4] As the Court highlighted at the June 10, 2016 conference in this case, even generously assuming Scotts' profit is as high as $5 per $15 unit of EZ Seed sold, this represents *a hundred-fold multiplier* as compared to alleged actual damages in the state.  (Scotts Ex. 44 at 20:23-25.)

Further supporting certification, this appeal will have precedential value for a significant number of suits. *See* William H.J. Hubbard, *An Empirical Study of the Effect of* Shady Grove v. Allstate *on Forum Shopping in the New York Courts*, 10 J.L. Econ. & Pol'y 151, 171 (2013) (examining vertical forum shopping: "I study changes in filing patterns of cases likely to be affected by the *Shady Grove* decision and find evidence of large shifts in the patterns of original filings and removals in federal courts in New York."); *e.g., Belfiore et al.*, Case No. 17-1031 (2d Cir. filed June 14, 2017); *accord Klinghoffer*, 921 F.2d at 24; *APCC Svs.*, 297 F. Supp. 2d at 105.

Finally, Scotts seeks interlocutory appeal, rather than a stay pending decisions in *Belfiore, et al.*, because the issues in this case are not squarely duplicative of those before the Circuit given the procedural posture differences and thus the questions presented by this interlocutory appeal might not squarely be addressed in *Belfiore* as that case is currently postured.[5]  Interlocutory appeal would allow the Second Circuit to consider whether it wishes to expand the review it chose to undertake in granting the petitions in *Belfiore, et al.*, and, if so, to decide whether the Circuit wishes to do so in consolidated, coordinated, or separate appeals. Absent interlocutory appeal, this Court may need to reconsider its *Shady Grove* ruling in light of an incomplete Second Circuit decision, leading to further uncertainty and need for subsequent appellate review and remands in this case eventually.[6]  Given all of these factors there can be no

---

[5] The Procter & Gamble Company petitioned for leave to appeal in part because, "Plaintiff seeks uncapped statutory damages of $50 [under GBL § 349] for each New York purchase of Freshmates," which the district court recognized were "exorbitant" and disproportionate to actual harm.  (17-1031 Pet. at 21; *see also id.* at 4; Reply at 11.)  Belfiore, conversely, argued that under *Shady Grove*, class-wide statutory damages are available in federal court, (17-1031 Opp'n at 3 n.4; *see also id.* n.5 (noting district court *sua sponte* ordered the parties to brief *Shady Grove*)), and thus contends it need not prove a price-premium (*id.* at 11, 13).

[6] Moreover, insofar as whether the GBL's language itself was crafted to limit remedies available in class actions to actual damages presents a question of state law, an appeal will allow the Second Circuit to certify the question to the New York Court of Appeals in its discretion, something this Court cannot do.  22 N.Y.C.R.R. § 500.27; 2d Cir. L.R. 27.2; *Engel v. CBS, Inc.*, 182 F.3d 124, 125 (2d Cir. 1999) (Second Circuit certifies questions because "the highest court of a state 'has the final word on the meaning of state law,' and [we] are bound to apply New York law as determined by the New York Court of Appeals") (citations and internal quotation marks omitted); *Folksamerica*

question that simply permitting the Circuit to decide whether to consider the issue now, in

concert with *Belfiore*, will further the mandate of Rule 1 to administer the rules of civil

procedure "to secure the just, speedy and inexpensive determination of every action and

proceeding."  Fed. R. Civ. P. 1.

B.       ***There is substantial ground for difference of opinion over whether substantive statutes like GBL §§ 349/350 may restrict availability of statutory damages in a class action.***

Application of the 4-1-4 fractured decision in *Shady Grove* to GBL §§ 349/350 is an

issue upon which there is a substantial ground for difference of opinion.  "A substantial ground

for difference of opinion is often established by a dearth of precedent within the controlling

jurisdiction and conflicting decisions in other circuits."  *APCC Servs.*, 297 F. Supp. 2d at 107;

*United States ex rel. Wood v. Allergan, Inc.*, 2017 WL 1843288, at *1 (S.D.N.Y. May 4, 2017)

("in light of the divide among federal courts … there is plainly a 'substantial ground for

difference of opinion' on the issue") (citation omitted).

Courts in this District and across the U.S. regularly hold that *Shady Grove* does not

preclude application in federal court of substantive statutes that limit either the availability of

damages in a class action or even preclude a class action from coming into existence.  *Simmons*

*v. Author Sols., LLC*, 2015 WL 4002243, at *6 n.10 (S.D.N.Y. July 1, 2015) ("*Shady Grove*

explicitly does not apply" where the state law limited remedies in class action) (citation omitted);

*Espinosa v. Bluemercury, Inc.*, 2017 WL 1079553, at *3 (N.D. Cal. Mar. 22, 2017) (enforcing

California statute limiting "relief available to the class to actual damages, as opposed to statutory

damages.  … Plaintiff argues that such a limitation is prohibited by [*Shady Grove*], but misstates

the holding of that case. … [T]he Supreme Court declined to reach the question."); *Fejzulai v.*

---

*Reins. Co. v. Rep. Ins. Co.*, 2004 WL 1824320, at *3 (S.D.N.Y. Aug. 16, 2004) ("federal district courts … could not seek guidance from the New York Court of Appeals through certification of the question") (citation omitted).

*Sam's W., Inc.*, 2016 WL 4679211, *2-3 (D.S.C. Sept. 7, 2016) (under *Shady Grove*, enforcing South Carolina UTPA, which provides a person "may bring an action individually, *but not in a representative capacity*, to recover actual damages," because "the state legislature enmeshed SCUTPA's procedural vehicle with the claimant's right in a manner specifically designed to prohibit representative lawsuits… functionally defin[ing] the scope of the right by way of the procedural limitation…. To allow Rule 23 to supplant that definition would be to displace the State's effort to narrow the potential scope of the right.") (emphasis in original); *In re TD Bank, N.A.*, 150 F. Supp. 3d 593, 635 (D.S.C. 2015) ("[I]n *Shady Grove*, the New York [CPLR 901(b)] had no substantive component" and the argument relied entirely on that statute, as contrasted with a situation where the limits are "ingrained in the very text of the [substantive unfair trade practices act]" which "are not trumped by Federal Rule of Civil Procedure 23, even in light of the *Shady Grove* decision."); *Davenport v. Charter Commc'ns, LLC*, 35 F. Supp. 3d 1040, 1051 (E.D. Mo. 2014) ("[T]he class action restriction … is 'so intertwined' with that statute's rights and remedies that applying Rule 23 in its stead would 'abridge, enlarge or modify' a substantive right in violation of the Rules Enabling Act … [T]he … restriction is found within the very statutory provision that authorizes a private right of action … [and] functions to define the scope of Plaintiffs' substantive rights … therefore, Rule 23 does not apply."); *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1092 (6th Cir. 2016) (*Shady Grove* did not bind federal court from applying Kentucky statute's "prohibition against class-action litigation" because state law "is substantive for the purposes of the Rules Enabling Act.") (citing cases).

*TD Bank* explains why GBL §§ 349/350 are distinguishable from *Shady Grove*. As the court there explained, CPLR 901(b) "had no substantive component" and the defendant's argument relied entirely on that statute. 150 F. Supp. 3d at 635.

Scotts contends that here, by contrast, that GBL §§ 349/350 contain substantive components insofar as they create substantive rights upon which purportedly aggrieved parties (like Plaintiffs here) may sue.  And the Legislature deliberately crafted the GBL's language in a manner to restrict statutory damages in class actions, defining the scope of the GBL's substantive rights and remedies by "taking class action language out of the bill and by inserting the limiting language of 'may bring an action in his own name to enjoin' instead of 'may bring an action in his own name on behalf of a class of similarly situated persons' …."  (Scotts Ex. 30.)  The compromise "[did] not diminish a … right to initiate a class action" (the issue in *Shady Grove*, 559 U.S. at 398), but allows recovery of "only actual damages" in class actions thereunder. (Scotts' Ex. 32.)  *Shady Grove* dictates that the Legislature's intended exclusion of statutory damages in class actions brought under GBL §§ 349/350, even if the sections rely on 901(b), must be respected in federal court because the exclusion "is so intertwined with a state right or remedy that it functions to define the scope of the state-created right."  *Shady Grove*, 559 U.S. at 423.  Pursuant to the Rules Enabling Act, a court cannot interpret federal rules to "displace a State's definition of its own rights or remedies" or "enlarge or modify a substantive [state-created] right."  *Id.*  This Court's disagreement with *Shady Grove*'s direction and many cases cited above demonstrates there is a substantial ground for difference of opinion.

C.  ***An immediate appeal will materially advance the litigation.***

Finally, an immediate appeal will materially advance resolution of this litigation.[7] Regardless of whether the appeal may in and of itself terminate the litigation, an appeal may

---

[7] While an interlocutory appeal here ***will*** materially advance resolution of this litigation, the question for the Court is only whether it ***may*** materially advance resolution of this litigation to certify the question for interlocutory appeal. 28 U.S.C. § 1292(b); *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) ("all that section 1292(b) requires as a precondition to an interlocutory appeal, once it is determined that the appeal presents a controlling question of law on which there is a substantial ground for a difference of opinion, is that an immediate appeal *may* materially advance the ultimate termination of the litigation.") (emphasis in original).

materially advance resolution of the litigation when it significantly affects parties' settlement positions and the scope of any trial. *Fed. Hous. Fin. Agency v. UBS Ams., Inc.*, 858 F. Supp. 2d 306, 338 (S.D.N.Y. 2012) ("the efficiencies to be gained by interlocutory review are not lost if the Court of Appeals ultimately affirms this Court's May 4 ruling.  An appellate ruling that FHFA's claims are in fact timely is likely to significantly affect the parties' bargaining positions and may hasten the termination of this litigation through settlement."), *aff'd*, 712 F.3d 136 (2d Cir. 2013); *see also Sterk*, 672 F.3d at 536 ("uncertainty about the status of the destruction claim may delay settlement (almost all class actions are settled rather than tried), and by doing so further protract the litigation.  That is enough to satisfy the 'may materially advance' clause of section 1292(b); neither the statutory language nor the case law requires that if the interlocutory appeal should be decided in favor of the appellant the litigation will end then and there, with no further proceedings in the district court."); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (holding "settlement possibilities" and "the potential length of a possibly avoidable trial" satisfy third prong of § 1292(b)); *Secs. v. Mercury Interactive, LLC*, 2011 U.S. Dist. LEXIS 38127, at *7-8 (N.D. Cal. Apr. 7, 2011) ("an immediate appeal would materially advance the ultimate termination of the litigation … [because] [a] final resolution as the scope of the statute would have a significant effect on the trial of this action, and perhaps upon the parties' efforts to reach settlement.").

As noted *supra*, resolution of whether GBL §§ 349/350 permit recovery of statutory damages in a federal court class action alters the alleged maximum damages here by more than $500 ***million*** (from $17,542,695 to $545,785,900).  (Scotts Ex. 14 at Tables 4-7.)  It is apparent that such a swing in the alleged maximum value is a significant hurdle for the parties to overcome to reach any settlement.  Indeed, multiple rounds of mediation have failed to result in a

settlement.  And the availability of statutory damages affects the propriety of class treatment, which affects the length and scope of any trial in this action.

## **CONCLUSION**

For the forgoing reasons, Scotts respectfully requests the Court amend its August 7, 2017 Opinion and Order to certify for interlocutory appeal the question whether GBL §§ 349 and 350 provide for the recovery of statutory damages in federal court class actions.

Dated: August 17, 2017               By:  /s/ Shawn Patrick Regan
New York, New York                   Shawn Patrick Regan
                                      Joshua S. Paster
                                      HUNTON & WILLIAMS LLP
                                      200 Park Avenue
                                      New York, New York 10166
                                      Telephone: (212) 309-1000
                                      Facsimile: (212) 309-1100
                                      Email: sregan@hunton.com
                                      Email: jpaster@hunton.com

                                      - and -

                                      Samuel A. Danon (*pro hac vice*)
                                      HUNTON & WILLIAMS LLP
                                      1111 Brickell Avenue, Suite 2500
                                      Miami, Florida 33131
                                      Telephone: (305) 810-2500
                                      Facsimile: (305) 810-2460
                                      Email: sdanon@hunton.com

                                      - and -

                                      Joshua M. Kalb (*pro hac vice*)
                                      HUNTON & WILLIAMS LLP
                                      600 Peachtree Street NE, Suite 4100
                                      Atlanta, Georgia 30307
                                      Telephone: (404) 888-4000
                                      Facsimile: (404) 602-9077
                                      Email: jkalb@hunton.com

-and-

Neil K. Gilman (*pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1674
Facsimile: (202) 862-3629
Email: ngilman@hunton.com

*Counsel for Defendants The Scotts Miracle-Gro Company and The Scotts Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 17 2017, I served a copy of the foregoing, on all counsel of record at the addresses listed below, by filing with the Court's CM/ECF system.

/s/ Shawn Patrick Regan
Shawn Patrick Regan

Scott A. Bursor, Esq.
Joseph L. Marchese, Esq.
Neal Deckant, Esq.
Yitzchak Kopel, Esq.
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
Email: scott@bursor.com
jmarchese@bursor.com
ndeckant@bursor.com
ykopel@bursor.com

Nadeem Faruqi, Esq.
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Fax: (212) 983-9331
Email: nfaruqi@faruqilaw.com

Timothy Peters, Esq.
Faruqi & Faruqi, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Fax: (215) 277-5771
Email: tpeters@faruqilaw.com

Antonio Vozzolo, Esq.
Vozzolo LLC
Email: avozzolo@vozzolo.com