UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
:
IN RE SCOTTS EZ SEED LITIGATION           :   **MEMORANDUM OPINION**
:   **AND ORDER**
:
:   12 CV 4727 (VB)
:
------------------------------------------------------------x

Bricceti, J:

Before the Court is defendants' motion for reconsideration (Doc. #330) of the Court's Opinion and Order dated August 7, 2017 (Doc. #317), which granted in part and denied in part defendants' motion for summary judgment, and decided fourteen other motions in this case.

For the reasons set forth below, the motion for reconsideration is DENIED.

## DISCUSSION

Defendants argue the Court committed four errors.

First, defendants argue the Court erred in concluding defendants had not addressed the applicability of the California "safe harbor" to plaintiffs' California express warranty and unjust enrichment claims. Defendants further argue the safe harbor bars those claims.

Second, defendants argue the Court erred in finding an absence of EZ Seed market transactions without the 50% thicker claim during the relevant period. Therefore, defendants argue, plaintiffs' expert Dr. Dennis's use of a contingent valuation method ("CVM") survey to measure grass seed purchasers' valuation of EZ Seed is inappropriate.

Third, defendants argue the Court erred in finding defendants' expert Dr. David's price-premium analysis only looked at one variety of EZ Seed, and this variety was sold in California, not in New York. According to defendants, Dr. David's analysis demonstrated EZ Seed prices increased after the 50% thicker claim was removed, thus proving there was no price premium and therefore no injury.

1

Fourth, defendants argue the Court is not constrained by Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 400 (2010) ("Shady Grove"), and therefore the Court should find statutory damages unavailable to the New York class.

The Court disagrees.

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see SDNY Local Civil Rule 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (citing Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

Having carefully reviewed its earlier decision and the parties' briefing, the Court concludes it did not overlook facts or precedent that might have altered the conclusions reached in the earlier decision. Moreover, nothing in the instant motion persuades the Court that the earlier decision was wrong in any material respect. Accordingly, there is no need to correct a clear error or prevent manifest injustice.

Specifically, in its August 7, 2018, decision, the Court correctly stated that neither party had addressed the safe harbor doctrine as it applied to plaintiffs' express warranty and unjust enrichment claims. Moreover, the case plaintiffs cite to support their argument, Cruz v. Anheuser-Busch, LLC, 2015 WL 3561536 (C.D. Cal. June 3, 2015), is not binding on this Court. In any event, Cruz is by no means definitive support for the proposition asserted by defendants.

As to Dr. Dennis's use of a CVM survey, the Court adheres to its prior ruling that CVM is a reasonable methodology, even if there were two other EZ Seed products sold during the relevant period containing the 50% Thicker claim. Ultimately, defendants' criticisms of the CVM methodology go to the weight, not the admissibility of the proffered testimony.

As to Dr. David's "price-premium" analysis, there remain questions of fact regarding whether consumers paid a higher price for EZ Seed based on the 50% Thicker claim, even if Dr. David analyzed more than one variety of EZ Seed.

And as to defendants' Shady Grove argument, nothing in the instant motion changes the Court's view that statutory damages are available to the New York class.

## CONCLUSION

The motion for reconsideration is DENIED.

The Clerk is instructed to terminate the motion (Doc. #330).

Dated: March 5, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge