**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                          :
In re Scotts EZ Seed Litigation          :          12-CV-4727 (VB)
                                                          :
                                                          :
                                                          :
                                                          :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## STIPULATION OF SETTLEMENT

      This Stipulation of Settlement is entered into by Plaintiffs Michael Arcuri, David Browne,

Gwen Eskinazi, Stacy Lonardo, Lance Moore, Vance Smith, and Nancy Thomas (collectively,

"Plaintiffs" or "Class Representatives"), individually and on behalf of the Settlement Class

(defined herein), and by Defendants The Scotts Miracle-Gro Company, Inc., and The Scotts

Company LLC (collectively, "Scotts"), in the above-captioned action. This Settlement Agreement

is intended by the Settling Parties to fully and finally compromise, resolve, discharge, and settle

the Released Claims, as defined herein, subject to the terms and conditions set forth below and the

final approval of the District Court.

## RECITALS

WHEREAS:

1.      On June 15, 2012, Plaintiffs Arcuri, Moore, Thomas, Browne and Smith commenced a

         proposed class action in the Southern District of New York against Scotts, the Home Depot,

         Inc., and Lowe's HIW, Inc. in *Arcuri v. The Scotts Miracle-Gro Company*, No. 12-4727-

         VB (S.D.N.Y.) in connection with Defendants' sale of Scotts EZ Seed grass seed product.

2.      On June 19, 2012, Plaintiffs Eskinazi and Lonardo also commenced a proposed class action

         in the Southern District of New York against Scotts, the Home Depot, Inc., and True Value

Company in *Eskinazi v. The Scotts Miracle-Gro Co.*, No. 12-4787-VB (S.D.N.Y.) in connection with Defendants' sale of Scotts EZ Seed grass seed product.

3.     On July 9, 2012, the Court entered a Stipulation and Order to Consolidate Related Action, consolidating *Eskinazi v. The Scotts Miracle-Gro Co.*, 12-4787 (VB) and *Arcuri v. The Scott Miracle Gro Co.*, 12-4727 (VB) "for all purposes." The Action proceeded as *In re Scotts EZ Seed Litigation*, 12-4727 (VB) (S.D.N.Y.).

4.     On August 9, 2012, Plaintiffs filed a Consolidated Class Action Complaint against Scotts, the Home Depot, Inc. ("Home Depot"), Lowe's Home Centers, Inc. ("Lowe's), and the True Value Company ("True Value"). In the Consolidated Class Action Complaint, Plaintiffs alleged claims under the federal Magnuson-Moss Warranty Act (MMWA), the California Consumers Legal Remedies Act (CLRA), the California Unfair Competition Law (UCL), the California False Advertising Law (FAL), the California Commercial Code for breach of express and implied warranties, the New York General Business Law, the New York Commercial Code for breach of express and implied warranties, and unjust enrichment.

5.     The Consolidated Class Action Complaint alleged, *inter alia*, that the "50% Thicker" Claim advertised on Scotts EZ Seed was false or misleading.

6.     On September 21, 2012, the Court entered a Partial Stipulation and Order dismissing True Value from the Action.

7.     On October 9, 2012, Lowe's and Scotts filed a Motion to Dismiss, and Home Depot also filed a Motion to Dismiss. Plaintiffs opposed both Motions on November 20, 2012.

8.     In a Memorandum Decision dated May 22, 2013, the Court granted, in part, and denied, in part, Defendants' Motions to Dismiss.

9.     On March 24, 2014, the Court entered a Stipulation and Order dismissing Home Depot from the Action.

10.    On March 31, 2014, Plaintiffs filed a Motion to Certify Class, moving to certify two classes, all persons who purchased EZ Seed in the state of California labeled with the "50% Thicker" Claim, excluding persons who purchased for purpose of resale (the "California Class"), and all persons who purchased EZ Seed in the state of New York labeled with the "50% Thicker" Claim, excluding persons who purchased for purpose of resale (the "New York Class"). Lowe's and Scotts opposed this motion on May 30, 2014.

11.    In a Memorandum Opinion dated January 26, 2015, the Court granted, in part, and denied, in part, Plaintiffs' Motion to Certify Class. The motion was denied with respect to the Rule 23(b)(2) class, and with respect to the claims for express and common law breach of warranty under New York law. Plaintiffs' Motion to Certify was otherwise granted. The law firms of Bursor & Fisher, P.A., and Faruqi & Faruqi, LLP were appointed as Class Counsel, and Michael Arcuri, David Browne, Gwen Eskinazi, Stacy Lonardo, Lance Moore, Vance Smith, and Nancy Thomas were appointed as Class Representatives.

12.    On March 16, 2015, the Court entered a Partial Stipulation and Order dismissing Lowe's from the Action.

13.    On July 23, 2015, the Court approved the Notice of Pendency of Class Action, encompassing a Short Form Notice, Long Form Notice, Postcard Notice, Retailer Letter, and Press Release. The Notice was disseminated within fourteen days of the Court's approval.

14.    Served on June 30, 2016, but filed and entered on the docket January 5, 2017, the Parties submitted Cross Motions for Summary Judgment, along with nine *Daubert* motions,

Defendants' Motion to Decertify, and four motions to strike. In an Opinion and Order dated August 8, 2017, Plaintiffs withdrew one expert, the Court granted, in part, one *Daubert* motion, denied the other *Daubert* motions and the Motion to Decertify, and granted, in part, and denied, in part, Defendants' Motion for Summary Judgment, finding that Defendants were entitled to summary judgment on the California UCL, FAL, and CLRA claims.

15.     On August 17, 2017, Scotts filed a Motion for Reconsideration with respect to the Court's decision finding that Plaintiffs' California express warranty and unjust enrichment claims were not barred under safe harbor, permitting certain testimony by Plaintiffs' expert, and excluding certain testimony by Defendants' expert.

16.     On August 17, 2017, Scotts further filed a Motion for Leave to Appeal under 28 U.S.C. § 1292(b) and Fed. R. App. P. 5, seeking to certify for interlocutory appeal the question of whether the New York General Business Law provides for the recovery of statutory damages in federal court in class actions.

17.     Following the filing of the appeal with the Second Circuit, the Court entered an Order staying the Action on August 31, 2017.

18.     The Motion for Leave to Appeal was denied by the Second Circuit on January 8, 2018.

19.     On January 16, 2018, the stay on the Action was lifted, and the Court instructed Scotts to refile its Motion for Reconsideration. That motion was denied on March 5, 2018.

20.     On January 31, 2018, the Court entered a Stipulation and Order Setting Schedule for Pretrial Procedures.  In February and March 2018, the Parties exchanged portions of a Joint Pretrial Order to be submitted to the Court by April 20, 2018.

21.   The Parties engaged in substantial discussions in December 2017 to April 2018 in an effort to resolve the Action.

22.   Scotts, while continuing to deny all allegations of wrongdoing, and disclaiming all liability with respect to all claims, considers it desirable to resolve the Action on the terms stated herein to avoid further expense, inconvenience, and burden, and therefore determines that this Stipulation and Settlement Agreement is in Scotts' best interests.

23.   The Parties have engaged in extensive litigation, including completion of fact and expert discovery, and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions.  This Agreement was reached after extensive review of the underlying facts, after extensive arm's length negotiations between Class Counsel and Scotts' Counsel, and after mediation conducted by the Hon. Wayne Andersen.

24.   Weighing risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Plaintiffs and Class Counsel are satisfied that the terms and conditions of this settlement are fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Settlement Class Members.

25.   NOW, THEREFORE, without any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Scotts, or any admission or concession of the lack of merit of this Action whatsoever by Plaintiffs, it is hereby stipulated and agreed by the undersigned, on behalf of Plaintiffs, the Settlement Class, and Scotts, that the Action and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice, subject to Court approval as required by Federal Rules of Civil Procedure 23, on the terms and conditions set forth herein and upon the Effective Date (as defined below).

26.  Each Party affirms that the Recitals above are true and accurate and are hereby made a part of this Settlement Agreement.

## I.  DEFINITIONS

27.  As used in this Settlement Agreement and the exhibits hereto, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below. Unless otherwise indicated, defined terms include the plural as well as the singular.

28.  "**50% Thicker" Claim** means the advertising claim previously found on Scotts EZ Seed labeling or packaging, reading in full:

> 50% THICKER WITH HALF THE WATER**
> **Versus ordinary seed when each was watered at half the recommended rate. Results may vary.

And an alternative version of the claim stating:

> 50% THICKER WITH HALF THE WATER††
> ††Results 32 days after planting; each watered at half the recommended rate for ordinary seed. Results may vary.

29.  "**Action**" means the consolidated class action initiated by Plaintiffs Michael Arcuri, David Browne, Gwen Eskinazi, Stacy Lonardo, Lance Moore, Vance Smith, and Nancy Thomas, *In re Scotts EZ Seed Litigation*, 12-4727 (VB), in the United States District Court for the Southern District of New York.

30.  "**Agreement**," "**Settlement Agreement**" or "**Stipulation of Settlement**," means this Settlement Agreement, and its Exhibits attached hereto and incorporated herein.

31.  "**Claims Administrator**" means Heffler, which will administer and oversee, among other things, the processing, handling, reviewing, and approving of claims made by Claimants, communicating with Claimants, and distributing payments to qualified Claimants.

32.     "**Claim Deadline**" means 120 days after the Notice Date, by which Settlement Class Members must submit a claim to obtain the Class Benefit described in Section II of this Agreement.

33.     "**Claim Form**" means the form, attached here as Exhibit 3, that Settlement Class Members must submit to the Claims Administrator in order to obtain the Class Benefit described in this Agreement.

34.     "**Claims Period**" means the period of time from the Notice Date until the Claim Deadline.

35.     "**Claimant**" means a Settlement Class Member that submits a Claim Form.

36.     "**Class Benefit**" means the monetary payment described in Section II, available to Settlement Class Members who meet eligibility requirements and submit a timely and valid Claim Form.

37.     "**Class Counsel**" or "**Plaintiffs' Counsel**" means the law firms of Bursor & Fisher, P.A. and Faruqi & Faruqi, LLP.

38.     "**Class Representatives**" or "**Plaintiffs**" means Plaintiffs Michael Arcuri, David Browne, Gwen Eskinazi, Stacy Lonardo, Lance Moore, Vance Smith, and Nancy Thomas.

39.     "**Court**" means the United States District Court for the Southern District of New York.

40.     "**Defendants**" or "**Scotts**" means The Scotts Miracle-Gro Company and The Scotts Company LLC.

41.     "**Defendants' Counsel**," "**Defense Counsel**," or "**Scotts' Counsel**" means the law firm of Hunton Andrews Kurth LLP.

42.     "**Effective Date**" means the date on which the Court enters an Order and Final Judgment, if no appeal is taken. If an appeal is taken, the Effective Date shall mean the first date all appellate rights (including proceedings in the Supreme Court) with respect to said Order

and Final Judgment have expired or been exhausted in such a manner as to affirm the Order and Final Judgment.

43.     "**Fairness Hearing**" means the hearing that is to take place after the entry of a Preliminary Approval order and after the Notice Date for purposes of (a) determining whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Class Members; (b) entering the Order and Final Judgment and dismissing the Action with prejudice; and (c) ruling upon an application by Class Counsel for an award of attorneys' fees, costs and expenses, and Class Representative Incentive Awards.

44.     "**Fee Award**" means an award of reasonable fees, costs and expenses in an amount no greater than $9,700,000.00, sought by application and approved by the Court, that is payable to Class Counsel.

45.     "**Final Approval**" means the Court's entry of an Order and Final Judgment following the Fairness Hearing.

46.     "**Fraudulent Claims**" means any Claim Forms the Claims Administrator determines in good faith contain indicia of fraud, deceit or other invalidity, including but not limited to any attempts to bypass the terms and limitations set out in this Agreement regarding Claim Forms, Claimants, Class Members and Class Benefits.

47.     "**Incentive Award**" means the monetary award, sought by application and approved by the Court, that is payable to the Class Representatives.

48.     "**No Quibble Guarantee**" means Scotts' refund policy providing:

> "If for any reason you, the consumer, are not satisfied after using this product, you are entitled to get your money back. Simply send us the original evidence of purchase and we will mail you a refund check promptly."

49.   "**Notice**" or "**Settlement Notice**" means notice of the proposed settlement to be provided to Settlement Class Members substantially in the forms attached as Exhibits 1 and 2, but which may be modified as necessary to comply with the provisions of any order of Preliminary Approval entered by the Court, and which is to be provided to the Settlement Class Members pursuant to this Agreement.

50.   "**Notice Date**" means the date that the Settlement Notice and/or Email Notice is published in accord with the plan of notice set forth below.

51.   "**Notice of Missing or Inaccurate Information**" means the notice sent by the Claims Administrator to a Claimant who has submitted a Claim Form with inaccurate, disqualifying, incomplete or missing information that is required for the Claimant to be considered eligible for the Class Benefit provided by this Settlement.

52.    "**Objection/Exclusion Deadline**" means the date to be set by the Court as the deadline for Settlement Class Members to submit Objection Statements and Requests for Exclusion. The Parties shall request that the Court set an Objection/Exclusion Deadline 90 days after the Notice Date.

53.   "**Objection Statements**" or "**Objection**" means written objections to the Settlement Agreement, as provided in Section VI of this Agreement, submitted by Settlement Class Members that must (1) state the basis of the objection and all required information from the Settlement Notice; (2) be mailed to the Claims Administrator, Class Counsel, and Scotts' Counsel; and (3) be filed with the Court by the Objection/Exclusion Deadline.

54.   "**Order and Final Judgment**" means the final order and the final judgment to be issued by the Court, substantially in the form of Exhibits 5 and 6 hereto, approving the Settlement pursuant to the terms and conditions of this Agreement, confirming the certification of the

Settlement Class for purposes of this Agreement only, dismissing the Action with prejudice, and releasing all claims of Plaintiffs and the Settlement Class Members.

55.     "**Person**" means any individual, corporation, trust, partnership, limited liability company, or other legal entity and their respective successors or assigns.

56.     "**Parties**" or "**Settling Parties**" means Plaintiff Class Representatives, Michael Arcuri, David Browne, Gwen Eskinazi, Stacy Lonardo, Lance Moore, Vance Smith, and Nancy Thomas on the one hand, and Defendants The Scotts Miracle-Gro Company and The Scotts Company LLC on the other.

57.     "**Preliminary Approval**" shall mean the issuance of an order by the Court, substantially in the form of Exhibit 4 hereto, preliminarily approving this Agreement, and authorizing the distribution of Settlement Notice.

58.     "**Proof of Purchase**" means the receipt, invoice, package UPC from the package(s) of Scotts EZ Seed purchased, or other similar type of documentation evidencing the purchase of Scotts EZ Seed by the Settlement Class Member.

59.     "**Released Claim**" means any claim, cross-claim, liability, right, demand, suit, matter, obligation, damage, restitution, disgorgement, loss or cost, attorneys' fee, cost or expense, action or cause of action, of every kind and description that the Releasing Party had or has, including assigned claims, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis or on behalf of the general public, whether known or unknown, asserted or unasserted, suspected or unsuspected, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Party in the Action against any of the Released Parties arising out of or relating to the allegations in the complaint filed in the

Action, or arising out of or relating to the marketing, advertising, promoting, sale or distributing of the Scotts EZ Seed product prior to the Effective Date of this Agreement, including but not limited to all claims that were brought or could have been brought in the Action.

60.     "**Released Parties**" means each of The Scotts Miracle-Gro Company, The Scotts Company LLC, and all of its current and former parents, predecessors, successors, assigns, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present and/or future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, representatives, advisors, consultants, resellers, brokers, distributors, wholesalers, retailers (including but not limited to Lowe's Home Centers, LLC, The Home Depot, Inc. and True Value Company), subrogees and assigns of any of the foregoing, and representatives of any and all of the foregoing.

61.     "**Releasing Party**" means the Plaintiffs, each Settlement Class Member, and any Person claiming by or through him/her/it as his/her/its spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate.

62.     "**Request for Exclusion**" is the written communication that a Settlement Class Member must submit to the Claims Administrator by the Objection/Exclusion Deadline in order to be excluded from the Settlement as provided for in Section VI below.

63.     "**Scotts EZ Seed**" means any variation of Scotts EZ Seed combination mulch, grass seed, and lawn fertilizer which bore any version of the "50% Thicker" Claim. Upon reasonable investigation by Scotts, March 4, 2014 was the last ship date of Scotts EZ Seed bearing the "50% Thicker" Claim.

64.  "**Settlement**" means the settlement embodied in this Agreement.

65.  "**Settlement Class Members**," "**Class Members**," "**Class**," or "**Settlement Class**" means:
All persons who purchased Scotts EZ Seed in the states of New York and California
containing the label statement "50% Thicker" Claim. For the purposes of this definition,
individuals living in the same household shall be deemed to be a single class member.
Excluded from the Settlement Class are: (a) Scotts' employees, officers and directors, (b)
persons or entities who purchased the Products for the purpose of re-sale, (c) retailers or
re-sellers of the Products, (d) governmental entities, (e) persons who timely and properly
exclude themselves from the Settlement Class as provided herein, (f) the Court, the Court's
immediate family, and Court staff, and (g) counsel of record for the Parties.

66.  "**Settlement Class Period**" means the period of time from January 1, 2009 through
September 30, 2014.

67.   "**Settlement Notice**" means Notice as defined above.

68.  "**Settlement Website**" means the website to be established by the Claims Administrator
within 30 days of Preliminary Approval for purpose of providing notice, Claim Forms and
other information regarding this Agreement.

## II.  SETTLEMENT CONSIDERATION

**Class Benefits**

69.  To each Settlement Class Member who follows the procedures set forth in Section III of
this Stipulation of Settlement, who has not previously received money back in full under
the No Quibble Guarantee, and who submits a valid Claim Form, Scotts will pay a
monetary benefit as follows:

a.   **With Proof of Purchase.** For Settlement Class Members who submit a valid Claim Form, along with Proof of Purchase establishing purchase of Scotts EZ Seed bearing the "50% Thicker" Claim, and revealing the actual price paid for Scotts EZ Seed, Scotts will offer a full refund of the purchase price for up to six (6) unit purchases of Scotts EZ Seed during the Settlement Class Period. Settlement Class Members who submit a valid Claim Form, along with Proof of Purchase that does not reveal the actual price paid for Scotts EZ Seed will receive a refund of $15.00 for each such unit up to six (6) units.

b.   **Without Proof of Purchase.** For Settlement Class Members who submit a valid Claim Form without Proof of Purchase, but who submit attestation of Claimant's purchase and of the presence of the "50% Thicker" Claim under penalty of perjury, Scotts will pay up to $45, *i.e.*, $15.00 each for up to three (3) unit purchases of Scotts EZ Seed during the Settlement Class Period.

c.   For purposes of Section II, individuals residing in the same household shall not be permitted to submit multiple claims for each member of the household.

## III.   CLAIMS PROCESS AND PAYMENT

**Submission of Claims**

70.   To be eligible to receive the Class Benefit under the Settlement Agreement, Settlement Class Members must submit a claim to the Claims Administrator by either:  (a) completing, certifying, and mailing the Claim Form to the Claims Administrator; or (b) electronically completing, certifying, and submitting the Claim Form on the Settlement Website. The Claim Form must be postmarked or electronically submitted no later than the Claim Deadline. Claim Forms postmarked or electronically submitted after the Claim

Deadline shall be denied by the Claims Administrator, and Scotts will not be obligated to make any payment on such claims.

71.     No Claim Form will be deemed valid unless it is signed in hard copy or electronically by the Settlement Class Member under penalty of perjury, and is postmarked on or before the Claim Deadline.

**Review of Claims**

72.     The Claims Administrator shall review all submitted Claim Forms within a reasonable time to determine each Settlement Class Member's eligibility for the Class Benefit, and the amount of such relief, if any. Copies of submitted Claim Forms shall be provided to Scotts' Counsel and to Class Counsel upon request. Settlement Class Members who submit valid Claim Forms shall be entitled to relief as set forth in Section II of this Settlement Agreement. Settlement Class Members who submit Claims Forms that do not meet the eligibility requirements described herein shall not be entitled to such relief.

**Invalid/Fraudulent Claims**

73.     The Claims Administrator shall use good faith and appropriate procedures to prevent, detect, and reject the payment of Fraudulent Claims and ensure payment of only legitimate claims.. The Claims Administrator shall notify the claimant via email of the rejection.  If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within 10 business days from receipt of the rejection, mail or email the Claims Administrator a notice and statement of reasons indicating the grounds for contesting the rejection along with any supporting documentation, requesting further review by the Claims Administrator, in consultation with Scotts' Counsel and Class Counsel, of denial of the claim. The Claims Administrator, in consultation with Scotts'

Counsel and Class Counsel, shall notify the claimant of its decision by email within 10 business days from receipt of the claimant's reply contesting the rejection.  If the rejection is upheld, the claimant shall have 10 business days from receipt of that notice to file a motion with the Court disputing the rejection.

**Incomplete or Inaccurate Claim Forms**

74.   If the Claims Administrator determines that a Submitted Claim contains inaccurate or disqualifying information or omits required information, the Claims Administrator shall, if possible, email the claimant a Notice of Missing or Inaccurate Information explaining what information is missing or inaccurate, or a Notice of Denial of Claim.

75.   Settlement Class Members who receive a Notice of Missing or Inaccurate Information shall have until the end of the Claims Period, or 30 days from when the Notice of Missing or Inaccurate Information was mailed, whichever is later, to reply to the Notice of Missing or Inaccurate Information and provide the required information.

76.   If a Settlement Class Member fails to respond by the end of the Claims Period or within 30 days from when the Notice of Missing or Inaccurate Information was mailed, whichever is later, or the Claims Administrator is unable to provide a Notice of Missing or Inaccurate Information as a result of the omitted information, the Claims Administrator will reject such Settlement Class Member's claim, and Scotts will not be obligated to make any payment on such claim.

**Provision of Class Benefit**

77.   All Settlement Class Members who are eligible and who submit a valid Claim Form shall be sent cash awards within 30 days of the Effective Date. Scotts shall pay the Claims Administrator the aggregate value of all cash awards to be distributed to Settlement Class

Members no later than 15 days after the Effective Date. All cash awards to Settlement Class Members will be in the form of checks.

## IV.   NOTICE

78.   Settlement Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable law, and shall otherwise be in the manner and form approved by the Court.

**Forms of Notice**

79.   Upon Preliminary Approval of this Agreement, Settlement Notice shall be made as follows:

   a.  Email Notice: Within 45 days following Preliminary Approval, the Settlement Administrator shall cause a copy of the content of the Post Card Notice to be sent by email to all class members for whom email addresses have previously been identified. The Email Notice will provide prominent links to the Long Form Notice, the Claim Form, and the Settlement Website;

   b.  Post Card Notice: Within 45 days of Preliminary Approval, the Settlement Administrator shall cause a copy of the Post Card Notice to be sent by regular mail to all class members for whom the Parties do not have a valid email address but do have a mailing address. The Post Card Notice will prominently provide information for accessing the Settlement Website, the Claim Form, and the Long Form Notice.

   c.  Website Notice: On the Settlement Website, the Claims Administrator will post links to the Settlement Notice, this Settlement Agreement, the Claim Form, and

information relating to filing a claim, objecting to the Settlement, opting out of the Settlement, and deadlines relating to the Settlement.

    d.  Other Publication Notice:  The Claims Administrator will purchase Internet banner notice ads which will allow access to the Settlement Website through an embedded hyperlink contained within the banner notice ad.  Ads will be served to users in California and New York via display, mobile and keyword search by targeting keywords and topics including, but not limited to, Scotts EZ Seed, grass seed, and Home Depot.  Ads will also be targeted to people in California or New York who shop at Home Depot, Wal-Mart, Lowe's and True Value with an interest in gardening, as well as targeting mobile devices whose IP addresses are identified as physically being in or around the same stores. The Claims Administrator will also include a Facebook and Instagram ad campaign targeting California and New York users who follow Scotts Lawn Care's Facebook page, are part of a custom audience match to known class members, and followers of the Home Depot, Wal-Mart, Lowe's and True Value Facebook pages who have been identified by Facebook as having an interest in gardening. The Claims Administrator shall also issue an informational press release to approximately 2,000 press outlets through California and New York.  The release will include the Settlement Website address so that Settlement Class Members can easily access information about the Action.

## V.    ADMINISTRATION OF SETTLEMENT

80.    All costs of administering the Settlement and for disseminating Notice in accord with the Notice plan as described herein shall be paid by Scotts.

81. The Claims Administrator will help implement the terms of this Stipulation of
Settlement. The Claims Administrator shall be responsible for administrative tasks,
including, without limitation:

    a. Arranging, as set forth in this Section and in the Preliminary Approval Order, for
distribution of Settlement Notice (in the form approved by the Court) and Claims
Forms (in the form approved by the Court) to Settlement Class Members,

    b. Answering inquiries from Settlement Class Members and/or forwarding such
written inquiries to Class Counsel or their designee,

    c. Receiving and maintaining on behalf of the Court and the Parties any Settlement
Class Member correspondence regarding Requests for Exclusion from the
Settlement Agreement,

    d. Posting notices, Claim Forms, and other related documents on the Settlement
Website,

    e. Receiving and processing Claim Forms, including sending Notices of Missing or
Inaccurate Information where applicable,

    f. Distributing cash payments to Settlement Class Members, and

    g. Otherwise assisting with implementation and administration of the Settlement
Agreement terms.

## VI.   OBJECTIONS AND OPT-OUTS

**Objections**

82. Settlement Class Members shall have the right to appear and present Objections as to any
reason why the terms of this Agreement should not be given Final Approval. Any
objection must be in writing and filed with the Court, with a copy delivered to Class

Counsel and Scotts' Counsel at the addresses set forth in the Settlement Notice, no later than the Objection/Exclusion Deadline.

83.    Any Objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Scotts EZ Seed*," shall be served upon Scotts' Counsel and Class Counsel so that such papers are actually received by said counsel by the date specified in the Settlement Notice, and also shall contain:

   a.   Information sufficient to identify and contact the objecting Settlement Class Member, including name, address, telephone number, and, if available, email address, and if represented by counsel, of his/her counsel,

   b.   A clear and concise statement of the Settlement Class Member's Objection, including all bases and grounds for the Objection,

   c.   Documents sufficient to establish the person's standing as a Settlement Class Member, *i.e.*, verification under penalty of perjury as to the date and location of the person's purchase of Scotts EZ Seed or a Proof of Purchase,

   d.   The facts supporting the Objection,

   e.   The legal grounds on which the Objection is based,

   f.   A list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any proposed class action settlements submitted in any court, whether state or federal, in the United States in the previous five (5) years.  If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any other court in the previous 5 years, he or she shall affirmatively state so, and

   g.   State whether the person intends to appear at the Fairness Hearing.

-19-

84.    No Settlement Class Member shall be entitled to be heard at the Fairness Hearing
       (whether individually or through separate counsel) or to object to the Agreement, and no
       written objections or briefs submitted by any Settlement Class Member shall be received
       or considered by the Court at the Fairness Hearing, unless written notice of the
       Settlement Class Member's intention to appear at the Fairness Hearing, and copies of any
       written Objections or briefs, shall have been filed with the Court and served on counsel
       for the Parties on or before the Objection/Exclusion Deadline.

85.    Settlement Class Members who fail to file and timely serve written Objections in the
       manner specified above shall be deemed to have waived any objections and shall be
       foreclosed from making any objection (whether by appeal or otherwise) to the Settlement
       Agreement and shall be bound, to the extent allowed by law, by the terms of the
       Settlement Agreement.

**Right to Respond to Objections**

86.    Class Counsel and Scotts shall have the right to respond to any Objection prior to the
       Fairness Hearing.

**Requests for Exclusion/Opt Out**

87.    Any Settlement Class Member who does not wish to participate in this Settlement must
       submit a Request for Exclusion to the Claims Administrator stating an intention to be
       "excluded" from this Settlement. The written request for exclusion must contain the
       Settlement Class Member's name, current address, and telephone number. The Request
       for Exclusion must be personally signed by the Settlement Class Member, dated and
       mailed to the Claims Administrator and postmarked on or before the Objection/Exclusion
       Deadline. So-called "mass" or "class" opt-outs shall not be allowed.

88.   The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted. Any Settlement Class Member whose request to be excluded from the Settlement Class is approved by the Court will not be bound by this Settlement Agreement or have any right to object, appeal, or comment thereon.

89.   Settlement Class Members who fail to submit a valid and timely Request for Exclusion on or before the Objection/Exclusion Deadline shall be bound, to the extent allowed by law, by all terms of the Settlement Agreement and any Judgment entered in the Action if the Settlement Agreement is approved by the Court, regardless of whether they have requested exclusion from the Class.

**No Solicitation of Objections or Exclusions**

90.   The Parties and their counsel agree to use their best efforts to carry out this Agreement. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage any Party or Settlement Class Member to submit Objection Statements or Requests for Exclusion from this Agreement, or to appeal from the Court's Judgment.

**VII.   ATTORNEYS' FEES & EXPENSES, AND CLASS REPRESENTATIVE INCENTIVE AWARDS**

**Attorneys' Fees and Expenses**

91.   Class Counsel shall submit a request for an award of attorneys' fees, costs and expenses, including expert fees and costs incurred for the dissemination of the notice of pendency of class action, in an amount not to exceed $9,700,000.00 (Nine Million Seven Hundred Thousand Dollars and Zero Cents). Scotts will not oppose or undermine that request or solicit others to do so.

92.   The Fee Award shall be the total obligation of Scotts to pay for attorneys' fees, costs, and/or expenses of any kind (including, but not limited to, travel, filing fees, court reporter and videographer expenses, expert fees and costs, notice of pendency costs and expenses, and document review and production costs) related to this Action.

93.   The Fee Award shall be paid by Scotts by wire transfer to Bursor & Fisher, P.A. within 10 days following Final Approval, subject to Class Counsel providing a signed Acknowledgment & Guarantee for each firm that will receive a share of the Fee Award in the form attached hereto as Exhibit 7.

94.   Class Counsel shall have the sole and absolute discretion to allocate the Fee Award amongst Plaintiffs' Counsel and any other attorneys for Plaintiffs. Scotts shall have no liability or other responsibility for allocation of any such attorney's fees, costs and expenses awarded in the Fee Award.

**Class Representative Incentive Awards**

95.   Class Counsel shall also petition the Court for, and Scotts shall not oppose, an incentive award in an amount of $10,000.00 (Ten Thousand Dollars and Zero Cents) to each of the Class Representatives, in recognition of their efforts on behalf of the Settlement Class. The Court's award of any Incentive Award shall be separate from its determination of whether to approve the Settlement as set forth in this Agreement.

96.   In the event the Court approves the Settlement, but declines to award an Incentive Award in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties. If the Court declines to approve the Settlement, no Incentive Award shall be paid.

97.     Incentive Awards approved by the Court shall be paid by Scotts within 10 days after the Effective Date. Payment by Scotts of the Incentive Awards is separate from, and in addition to, the other relief afforded to the Settlement Class Members in this Agreement.

## VIII.   PRELIMINARY APPROVAL

**Motion for Preliminary Approval**

98.     As soon as reasonably practicable after the signing of this Agreement, the Parties shall file with the Court a Joint Motion for Preliminary Approval of Class Settlement that seeks entry of the Preliminary Approval Order, which, in accordance with the terms of this Agreement, for settlement purposes only would:

   a.   Certify a Settlement Class under Federal Rule of Civil Procedure 23(b)(3) composed of the Settlement Class Members;

   b.   Preliminarily approve this Settlement Agreement;

   c.   Approve the Claims Administrator;

   d.   Approve and authorize the contents and distribution of the Settlement Notice;

   e.   Approve and authorize the procedures for submitting Objections and Requests for Exclusion and the binding nature thereof;

   f.   Set deadlines for submitting papers in support of the Motion for Final Approval, the Motion for Attorneys' Fees, Costs, and Expenses and Class Representative Incentive Awards, and any responses to timely and valid Objections; and

   g.   Schedule the Fairness Hearing to determine the Final Approval of the Settlement Agreement; and

     h.  Stay all activity in the Action except to the extent necessary to effectuate this Agreement unless and until this Agreement is terminated pursuant to its terms and conditions.

**Certification of Settlement Class for Settlement Purposes Only**

99.    The Parties agree, for settlement purposes only, that the Settlement Class, defined as all persons who purchased Scotts EZ Seed in the states of New York and California containing the "50% Thicker" Claim, shall be certified and proceed as a class action under Federal Rule of Civil Procedure 23(b)(3), with a class consisting of all Settlement Class Members, and with Plaintiffs Michael Arcuri, David Browne, Gwen Eskinazi, Stacy Lonardo, Lance Moore, Vance Smith, and Nancy Thomas as Class Representatives, and with Class Counsel as counsel for the Settlement Class Members.

100.    In the event that the Court does not preliminarily or finally approve the Settlement Agreement, nothing herein shall be construed to alter the Court's January 26, 2015 Certification Decision or Scotts' ability to contest that decision.

## IX.   FINAL APPROVAL

**Motion for Final Approval**

101.    Prior to the Fairness Hearing, Class Counsel shall petition the Court for a final order that would:

     a.  Confirm the certification of the Settlement Class as defined above;

     b.  Dismiss this Action, with prejudice, upon the Effective Date;

     c.  Decree that neither the Final Approval nor this Agreement constitutes an admission of liability, fault or wrongdoing;

     d.  Release the Released Parties from the Released Claims of the Releasing Parties;

    e.   Find that this Agreement is entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Settlement Class Members; and

    f.   Make such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

102.   Prior to the Fairness Hearing, Class Counsel and Scotts shall also have the right to respond to any Objections submitted by Settlement Class Members.

**Fairness Hearing**

103.   The Court shall conduct a Fairness Hearing so that the Court may review any objections to this Agreement, consider the fairness, reasonableness and adequacy of this Agreement and consider the Parties' petition for Final Approval and Class Counsel's Application for a Fee Award and for the Class Representatives' Incentive Awards. The date of the Fairness Hearing shall be posted on the Settlement Website in advance of the hearing. If the date of the Fairness Hearing is subsequently modified by the Court, no further notice is required to be published to Settlement Class Members, except that, the Parties will notify any Settlement Class Member who has filed a timely Objection in writing of any change to the date of the Fairness Hearing.

**Dismissal of this Action**

104.   The Final Approval shall provide that this Action shall be dismissed, with prejudice, upon the Effective Date.

**X.   RELEASES**

**General Release from Liability**

105.   Upon Final Approval, each of the Plaintiffs and each Settlement Class Member who has not validly and timely submitted a Request for Exclusion shall be deemed to release and

forever discharge any and all Released Parties of and from liability of any kind or type whatsoever for any and all Released Claims, and shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any Released Party in any court or forum. This Agreement shall be the sole and exclusive remedy available to the Releasing Parties for any and all Released Claims against the Released Parties. No Released Party shall be subject to liability or expense of any kind to any Releasing Party with respect to any Released Claim.

106.   The Parties agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement. The Parties agree that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect its decision to enter into this Agreement, the releases herein given shall be and remain in effect as a full, final and complete general release of the Released Claims and the Parties shall not be entitled to modify or set aside this Agreement, either in whole or in part, by reason thereof. The Parties hereby waive and relinquish, to the fullest extent permitted by law, the rights and benefits of any statute which might otherwise render unenforceable a release contained in this Agreement.

107.   With respect to all Released Claims, Plaintiffs and each of the other Settlement Class Members who have not validly opted out of this Settlement agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE

TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER

MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE

DEBTOR" and (b) any law of any state or territory of the United States, federal law or

principle of common law, or of international or foreign law, that is similar, comparable or

equivalent to Section 1542 of the California Civil Code.

## XI.  Termination and Effect of Termination

108.   Each Party shall have the right to terminate this Settlement Agreement if:  (i) the Court

denies preliminary approval of this Settlement Agreement (or grants preliminary approval

through an order that is not substantially similar in form and substance to Exhibit D

hereto); (ii) the Court denies final approval of this Settlement Agreement (or grants final

approval through an order that materially differs in substance from Exhibit E hereto); (iii)

the Final Approval Order and Judgment do not become Final by reason of a higher court

reversing final approval by the Court, and the Court thereafter declines to enter a further

order or orders approving the Settlement on the terms set forth herein. If a Party elects to

terminate this Settlement Agreement under this paragraph, that Party must provide

written notice to the other Parties' counsel, by hand delivery, mail, or e-mail within ten

days of the occurrence of the condition permitting termination.

109.   Scotts may unilaterally terminate this Settlement Agreement if more than 2,000

Settlement Class Members submit valid opt outs. If Scotts elects to terminate this

Settlement under this paragraph, Scotts must provide written notice to Class Counsel, by

hand delivery, mail, or e-mail within ten days of the occurrence of the condition

permitting termination.

110.  Nothing shall prevent Named Plaintiffs and/or Scotts from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of Final Approval of the Settlement. In the event such appellate proceedings result, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice, and otherwise meeting the substantive criteria of this Agreement for approval of the Settlement, such order shall be treated as a Final Approval Order.

111.  If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Settlement Agreement and all orders entered in connection therewith shall be rendered null and void; and (ii) all Parties shall be deemed to have reverted to their respective status in the Action as of the date and time immediately preceding the execution of this Settlement Agreement and, except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed, except that the Parties shall not seek to recover from one another any attorneys' fees, costs, and expenses incurred in connection with this Settlement.

## XII.  Non-Admission of Fault or Liability

112.  This Agreement, whether or not consummated, and any communications exchanged or actions taken pursuant to or during the negotiation of this Agreement are for settlement purposes only. Neither the fact of nor the contents of this Agreement or its exhibits, nor

any communications exchanged, nor actions taken, pursuant to or during the negotiation of this Agreement, shall constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim asserted or fact alleged in this Action or of any wrongdoing, fault, violation of law or liability of any kind on the part of Scotts.

## XIII.   Miscellaneous

**Non-Admissibility**

113.   This Agreement and all negotiations, correspondence and communications leading up to its execution shall be deemed to be within the protection of Federal Rule of Evidence 408 and any analogous state or federal rules or principles. Neither this Agreement, nor any terms, conditions, contents or provisions hereof or exhibits hereto, nor any negotiations, correspondence or communications leading up to the execution of this Agreement, shall constitute a precedent or be admissible for any purpose in any proceeding; provided, however, that this Agreement shall be admissible in any proceeding related to the approval of this Agreement, to enforce any of its terms and conditions, to support or defend this Agreement in an appeal from an order granting or denying Final Approval, or to enforce or assert a claim or defense of *res judicata*, *collateral estoppel*, claim preclusion, issue preclusion, settlement, release, merger and bar, or any similar claim or defense against the Plaintiffs, any Settlement Class Member, or any third party.

**Reservation of Rights**

This Agreement is made without prejudice to the right of Scotts to take any position in its defense of the Action, should this Agreement not be approved or implemented.

**Authority to Execute**

114.    The Parties warrant and represent that the persons executing this Agreement are duly authorized to do so.

**Assignment of Claims**

115.    The Parties warrant and represent that no claim or any portion of any claim referenced or released in this Agreement has been sold, assigned, conveyed, or otherwise transferred to any other entity or Person.

**Reading and Understanding**

116.    The Parties warrant and represent that they have carefully read this Agreement, have consulted their attorneys regarding this Agreement, and fully understand and voluntarily accept the terms and conditions of this Agreement.

**Reliance on Own Judgment**

117.    The Parties warrant and represent that they have relied upon their own judgment and that of their legal counsel regarding the sufficient and agreed upon consideration for this Agreement and that no statement or representation by any of the other Parties or their agents, employees, officers, directors or legal representatives influenced or induced them to execute this Agreement.

118.    This Agreement shall be construed under and governed by the laws of the State of New York, applied without regard to laws applicable to choice of law.

**Jurisdiction of the Court**

119.    The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of

the Court for purposes of interpreting, implementing and enforcing the resolution embodied in this Agreement and all orders and judgments entered in connection therewith.

**Entire Agreement**

120.   This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject of this Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject matter of this Agreement.

**Joint Preparation**

121.   This Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any of the Parties.

**Recitals**

122.   The Recitals are a material part of this Agreement and are incorporated herein in their entirety.

**Captions**

123.   The captions used in this Agreement are for convenience and identification purposes only, and are not part of this Agreement.

**Amendment or Modification**

124.   This Agreement may not be changed, modified, or amended except in writing signed by all Parties (or their successors-in-interest) and approved by the Court. Notwithstanding the foregoing, however, the claims process set forth above may be modified by mutual agreement of the Parties without Court approval and the Parties may agree to reasonable extensions of time in which to accomplish the tasks required by the terms and conditions of this Agreement.

**Cooperation**

125. The Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of the Stipulation of Settlement and the Settlement embodied herein, carrying out the terms of this Stipulation of Settlement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain Final Approval by the Court of the Settlement.

**No Waiver**

126. The waiver of any term or condition or breach of this Agreement shall not be deemed to be a waiver of any other term or condition or breach of this Agreement and shall not be deemed to be a continuing waiver.

**Parties' Waiver of Right to be Excluded and Object.**

127. The Parties agree that by signing this Agreement they are bound to these terms. The Parties agree to not object to or appeal from this Agreement or the exhibits attached hereto. Plaintiffs further agree not to request to be excluded from the Class.

Dated: June 4, 2018

By: _Joseph L. Marchese_
    Scott A. Bursor, Esq.
    Joseph I. Marchese, Esq.
    Neal Deckant, Esq.
    Yitzchak Kopel, Esq.

By: _Sal A. D_
    Shawn Patrick Regan
    Joshua S. Paster
    HUNTON ANDREWS KURTH LLP
    200 Park Avenue

BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
Email: scott@bursor.com
jmarchese@bursor.com
ndeckant@bursor.com
ykopel@bursor.com

Nadeem Faruqi, Esq.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Fax: (212) 983-9331
Email: nfaruqi@faruqilaw.com

Timothy Peter, Esq.
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Fax: (215) 277-5771
Email: tpeter@faruqilaw.com


*Class Counsel and Counsel for Plaintiffs*

New York, New York 10166
Telephone: (212) 309-1000
Facsimile: (212) 309-1100
Email: sregan@hunton.com
Email: jpaster@hunton.com

- and -

Samuel A. Danon (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
Email: sdanon@hunton.com

- and -

Joshua M. Kalb (*pro hac vice*)
HUNTON ANDREWS KURTH LLP
600 Peachtree Street NE, Suite 4100
Atlanta, Georgia 30307
Telephone: (404) 888-4000
Facsimile: (404) 602-9077
Email: jkalb@hunton.com

-and-

Neil K. Gilman (*pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1674
Facsimile: (202) 862-3629
Email: ngilman@hunton.com


*Counsel for Defendants The Scotts
Miracle-Gro Company and The Scotts
Company LLC*

**EXHIBIT 1**

**EXHIBIT 1**

<u>**United States District Court for the Southern District of New York**</u>
*In re Scotts EZ Seed Litigation*, Case No. 7:12-cv-4727 (VB) (PED)

# If You Purchased Scotts Turf Builder EZ Seed®, You May Be Eligible to Get $15 Or More Per Package from a Class Action Settlement

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit. Purchasers of Scotts Turf Builder EZ Seed® ("Scotts EZ Seed") sued The Scotts Miracle-Gro Company, Inc. and The Scotts Company LLC (collectively "Scotts"), alleging fraud-based, warranty, contract, and unjust enrichment claims alleging that EZ Seed® does not grow grass "50% Thicker With Half The Water* *Versus ordinary seed when each was watered at half the recommended rate. Results may vary." ("50% Thicker Claim") as advertised. Defendants deny the allegations in the lawsuit. The Court has not decided whether Scotts did anything wrong. The parties agreed to the Proposed Settlement to resolve the lawsuit.

- You are eligible to participate in this Settlement if you purchased any variety of Scotts EZ Seed bearing the 50% Thicker Claim in California or New York from January 1, 2009 through September 30, 2014. To receive payment under the Settlement, you must submit a Claim Form. Settlement Class Members who do not exclude themselves from the Settlement will be bound by the Settlement even if they do not submit Claim Forms.

- For Settlement Class Members who submit valid Claim Forms without Proof of Purchase, Scotts will pay up to $45.00, *i.e.*, $15.00 each for up to three packages of Scotts EZ Seed bearing the 50% Thicker Claim bought in California or New York from January 1, 2009 through September 30, 2014.

- The Settlement also allows Settlement Class Members who submit valid Claim Forms, along with Proof of Purchase showing the purchase price of their Scotts EZ Seed bearing the 50% Thicker Claim, to receive a full refund of the purchase price for six packages of product. Settlement Class Members who submit valid Claim Forms with Proof of Purchase showing a purchase of Scotts EZ Seed bearing the 50% Thicker Claim that does not reveal the purchase price will receive a payment of $15.00 for each such package up to and including six packages.

- The Parties have further agreed that Scotts will pay the costs to administer this Settlement, plus reasonable attorneys' fees, costs and expenses, and a payment to the seven named Plaintiffs.

**Please read this Notice carefully and in its entirety.**
**Your rights may be affected by the Proposed Settlement of this Lawsuit,**
**and you have a choice to make now about how to act:**

Questions? Visit www.EZSeedLawsuit.com
or contact the Settlement Administrator at [_____]

| **YOUR LEGAL RIGHTS AND OPTIONS** | |
|---|---|
| **WHAT IS THIS?** | A Settlement has been reached in a class action lawsuit. The lawsuit alleges fraud-based, warranty, contract, and unjust enrichment claims alleging that Scotts EZ Seed does not grow grass "50% Thicker With Half The Water* *Versus ordinary seed when each was watered at half the recommended rate. Results may vary." as advertised. Defendants deny the allegations. |
| **SUBMIT A CLAIM FORM POSTMARKED BY [DATE]** | **This is the only way to receive a monetary payment from the Proposed Settlement.** By remaining in the Settlement, whether or not you submit a claim, you will give up any rights to sue Scotts separately about the same legal claims in this lawsuit. Claim Forms are available at www.EZSeedLawsuit.com. For more detail about the claim process, please see questions 5, 6 and 7 below. |
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | If you opt out of the Proposed Settlement, you will not be eligible to receive the monetary payment, but you will keep your right to sue Scotts about the same legal claims in this lawsuit. Requests for exclusion must be postmarked by [date] and mailed to [address]. For more detail about excluding yourself from the Class, please see questions 9 and 11 below. |
| **OBJECT OR COMMENT BY [DATE]** | You may write to the Court about why you do, or do not, like the Settlement. You must remain in the class to comment in support of or in opposition to the Settlement. Objections and comments must be filed with the Court and served on the Parties by [date]. For more detail about objecting or commenting, please see questions 10 and 11 below. |
| **APPEAR IN THE LAWSUIT OR ATTEND A HEARING ON [DATE]** | You may ask to speak in Court about the fairness of the Settlement. Written notice of your intent to appear in the Lawsuit must be filed with the Court and served on the Parties by [date]. You may enter your appearance in Court through an attorney at your own expense if you so desire. For more detail about appearing in this lawsuit or attending the final hearing, please see questions 10, 14, 15 and 16 below. |
| **DO NOTHING** | By doing nothing, you will not receive the monetary payment. You will also give up any rights to sue Scotts separately about the same legal claims in this lawsuit. |

- Your rights and options – **and the deadlines to exercise them** – are further explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. The Settlement Benefit (*i.e.*, the monetary payments described herein) will be made available if the Court approves the Settlement, and after any appeals are resolved, if they are resolved in favor of settlement approval.

- If you have any questions, please read on and/or visit www.EZSeedLawsuit.com.

## BASIC INFORMATION

| 1. | Why did I get this notice? |
|---|---|

If you purchased any variety of Scotts EZ Seed bearing the 50% Thicker Claim in California or New York from January 1, 2009 through September 30, 2014, as described on page 1 of this Notice, you have a right to know about the proposed Settlement of a class action lawsuit and your options. If you have received word of this Notice in the mail or by e-mail, you have been identified from available records as a possible purchaser of the Scotts EZ Seed at issue in the lawsuit. You also may have received this Notice because you requested more information after reading the Settlement Website. If the Court approves it, and if objections and all appeals are resolved in favor of settlement approval, an administrator approved by the Court will oversee the distribution of the Settlement Benefits that the Proposed Settlement allows. You will be informed of the progress of the Proposed Settlement on the settlement website.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. Judge Vincent L. Briccetti of the United States District Court for the Southern District of New York is overseeing the lawsuit, which is known as *In re Scotts EZ Seed Litigation*, Case No. 12-cv-4727. The persons who sued are called the Plaintiffs, and the companies they sued, The Scotts Miracle-Gro Company, Inc. and The Scotts Company LLC, are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

This lawsuit alleges advertising, warranty, contract, and unjust enrichment claims contending that EZ Seed® does not grow grass "50% Thicker With Half The Water* *Versus ordinary seed when each was watered at half the recommended rate.  Results may vary." as advertised. Scotts denies the allegations.  The Court has not determined which side is right.  Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties, expenses and expenditure of resources associated with ongoing litigation.

| 3. | What is a class action and who is involved? |
|---|---|

In a class action lawsuit, one or more people called "Class Representatives" (in this case, Plaintiffs Michael Arcuri, David A. Browne, Gwen Eskinazi, Stacy D. Lombardo, Lance Moore, Vance Smith, and Nancy Thomas) sue on behalf of other people who have similar claims.  The people together are a "Class" or "Class Members."  The named plaintiffs who sued – and all the Class Members like them – are called the Plaintiffs.  The companies they sued (in this case, Scotts) are called the Defendants.  One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the

Class.

| **4.** | **Am I part of this Class?** |
|---|---|

If you purchased any variety of Scotts EZ Seed® bearing the claim "50% Thicker With Half The Water* *Versus ordinary seed when each was watered at half the recommended rate. Results may vary." in California or New York from January 1, 2009 through September 30, 2014, inclusive, then you are a Class Member.

## THE SETTLEMENT BENEFITS

| **5.** | **What does the Settlement provide?** |
|---|---|

***Monetary Relief.***  The Proposed Settlement allows Settlement Class Members who submit valid Claim Forms, along with Proof of Purchase showing the purchase price of Scotts EZ Seed to receive a full refund of the purchase price for up to six packages of product. Settlement Class Members who submit valid Claim Forms with Proof of Purchase that does not reveal the purchase price will receive a payment of $15.00 for each such package up to six packages of product.  For Settlement Class Members who submit valid Claim Forms without Proof of Purchase, Scotts will pay up to $45.00, *i.e.*, $15.00 each for up to three packages of Scotts EZ Seed.  The Parties have further agreed that Scotts will pay the costs to administer this Proposed Settlement, reasonable attorneys' fees, costs and expenses, and a payment to the named Plaintiffs (see question XX below).  A detailed description of the settlement benefits can also be found in the Settlement Agreement here [insert hyperlink].

| **6.** | **When will I get my monetary payment?** |
|---|---|

The hearing to consider the fairness of the Settlement is scheduled for [Final Approval Hearing Date].  If the Court approves the Settlement, then eligible Class Members whose claim were approved by the Claims Administrator will receive their payment 30 days after the Settlement has been finally approved and/or after any appeals process is complete.  The payment will be made in the form of a check.

## HOW TO GET THE SETTLEMENT BENEFITS

| **7.** | **How do I get my monetary payment?** |
|---|---|

If you are a Class Member and want to receive a payment under the Settlement, you must complete and submit a Claim Form no later than [Claims Deadline].  Claims Forms can be found and submitted on-line, or they can be mailed and postmarked by [Claims Deadline]. You may have received a link to the Claim Form via e-mail, or in the mail as a postcard notice of the Settlement.  To submit a Claim Form on-line or to request a paper copy, go to www._____.com or call toll free, 1-800-XXX-XXXX.

## YOUR RIGHTS AND OPTIONS

### 8.        What happens if I do nothing at all?

If you do nothing, then you will remain in the Class and not receive any payment from this Settlement.  If the Court approves the Settlement, you will be bound by its terms, you will no longer have the ability to sue with respect to the claims being resolved by the Settlement, and your claims will be released and dismissed.

The Settlement Agreement describes the released claims in more detail, so please read it carefully.  If you have any questions, you can contact the lawyers listed in question 10 for free to discuss, or you can talk to another lawyer of your own choosing if you have questions about what this means.

### 9.        How do I exclude myself from the Settlement?

If you exclude yourself from the Settlement – which is sometimes called "opting-out" – you won't get any money or benefits from the Settlement.  However, you may then be able to separately sue or continue to sue Scotts for the legal claims that are the subject of the lawsuit.  If you bring your own lawsuit against Scotts after you exclude yourself, you will have to hire your own lawyer for that lawsuit, and you will have to prove your claims.

To exclude yourself from the Settlement, you must mail a written request for exclusion to the Claims Administrator, stating that you "want to be excluded from the Settlement in *In re Scotts EZ Seed Litigation*, Case No. 7:12-cv-4727 (VB) (PED)."  Your written request for exclusion must also include your name, current address, and telephone number.  And the request must be signed and dated by you.  Your request for exclusion must be mailed and postmarked on or before [Objection/Exclusion Deadline] to:

[PROVIDE CLAIM ADMIN ADDRESS]

### 10.        How do I object to the Settlement?

If you are a Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve the Settlement.  The Court will consider your views.  To object, you must file with the Court a written objection entitled "Objection to Class Settlement in *In re Scotts EZ Seed Litigation*, Case No. 7:12-cv-4727 (VB) (PED)" that identifies all the reasons for your objections and any legal and factual support for those reasons.  Your written objection must also include your name, address, telephone number, and email address if available, and it must state information showing that you are a Class Member (i.e. Proof of Purchase or a verification under penalty of perjury as to the date and location of your Scotts EZ Seed purchase(s)).  It must also state if you are represented by legal counsel, and if so, provide contact information for your lawyer, including his or her email address if available.  If you or an attorney assisting you with your objection have objected to any class action settlement in the previous 5 years, then you must include a list of those objections identifying each case by its caption or title.  If you or your attorney have not objected to any class action settlements in the previous 5 years, then your objection will state that.

If you intend to appear and speak at the Final Approval Hearing to object to the Settlement, with

---

Questions?  Visit www.EZSeedLawsuit.com
or contact the Settlement Administrator at [_____]

or without a lawyer (explained below in questions 14, 15 and 16), you must also state your intention to appear in your written objection.

You must file your written objection with the Court and mail a copy to the following persons and places, postmarked no later than [Objection/Exclusion Deadline].

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| The Honorable Vincent L. Briccetti<br>United States District Court for the Southern District of New York<br>300 Quarropas Street, Room 620<br>White Plains, NY 10601 | Scott A. Bursor<br>Bursor & Fisher, P.A.<br>888 Seventh Avenue<br>New York, NY 10019 | Samuel A. Danon<br>Hunton Andrews Kurth LLP<br>1111 Brickell Avenue<br>Suite 2500<br>Miami, FL 33131 |

## 11.   What is the difference between objecting and excluding myself from the Settlement?

Objecting means telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself from the Settlement means that you do not want to be part of the Class.  If you exclude yourself, then you have no basis to object to the Settlement because the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

## 12.   Do I have a lawyer in this case?

The Court appointed the law firms of Bursor & Fisher, P.A. and Faruqi & Faruqi, LLP to represent the Plaintiffs and all Class Members as "Class Counsel."  Class Counsel believe, after conducting an extensive investigation, that the Settlement is fair, reasonable, and in the best interests of the Class Members.  You will not be charged for these lawyers.  If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

## 13.   How will the lawyers be paid?

In addition to the monetary benefit to be paid to the Class Members, Scotts has agreed to pay Class Counsel's fees, costs, and expenses in an amount to be determined by the Court not to exceed $9,700,000.  The Court may award less than this amount.  Any fees, costs, and expenses that are awarded to Class Counsel will be paid separately by Scotts and in addition to the monetary benefits to Class Members.

Also, subject to approval by the Court, Scotts has agreed to pay $10,000 to each of the seven

Class Representatives, in recognition of their efforts on behalf of the Class Members throughout this case.

## THE COURT'S FINAL APPROVAL HEARING FOR THE SETTLEMENT

### 14.       Where and when will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on [date] in Courtroom 620 at the Federal Building and Courthouse, Room 620, 300 Quarropas Street, White Plains, NY 10601. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider Class Counsel's request for attorneys' fees, costs and expenses; and to consider the request for the incentive awards to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so please check www._____.com or call 1-800-XXX-XXXX from time to time. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the time and date of such hearing.

### 15.       Do I have to come to the Final Approval Hearing?

No. You do not need to attend the Final Approval Hearing. Class Counsel will answer any questions the Court may have on behalf of the Class Members. But, you are welcome to attend the Final Approval Hearing at your own expense. If you submit an objection or comment, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay to have another lawyer attend on your behalf, but that is not required.

### 16.       May I speak at the Final Approval Hearing?

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your written objection to the Settlement a statement saying that it is your intent to appear at the Final Approval Hearing in *In re Scotts EZ Seed Litigation*, Case No. 7:12-cv-4727 (VB) (PED). Your written objection and notice of intent to appear must be filed with the Court and postmarked no later than [Objection/Exclusion Deadline], and sent to the addresses listed in question XX.

## GETTING MORE INFORMATION

### 17.       Are more details available?

This Notice summarizes the Settlement. More details are in the Settlement Agreement, which can be found at www.EZSeedLawsuit.com. You may also write with questions to [SUPPLY

ADDRESS].  You can also call the Claims Administrator at 1-800-XXX-XXXX or Class Counsel at 646-837-7150, if you have questions.

Questions?  Visit www.EZSeedLawsuit.com
or contact the Settlement Administrator at [_____]

- 8 -

**EXHIBIT 2**

**In re Scotts EZ Seed Litigation, c/o [Heffler]**
P.O. Box XXXXX,
City, State XXXXX-XXXX

Control#:  [Account ID]-[NoticeID]
[FirstName] [LastName]
[Attention]
[Address 1]
[Address 2]
[City], [State]  [Zip Code]
[Country Code]

LEGAL NOTICE

# If You Purchased Scotts EZ Seed®, You May Be Eligible to Get $15 Or More Per Package From a Class Action Settlement

You may be eligible to participate in a Settlement of a class action lawsuit alleging that Scotts EZ Seed® does not grow grass "50% Thicker With Half The Water* *Versus ordinary seed when each was watered at half the recommended rate. Results may vary." (the "50% Thicker Claim") as advertised. The case is called *In re Scotts EZ Seed Litigation*, Case No. 12-cv-4727, and is in the United States District Court for the Southern District of New York located in White Plains, New York. For more details about the terms of the Settlement, including a longer notice containing more details about your rights and options, please visit www.ADD.

**WHO'S INCLUDED?** You are included in the Class if you purchased in California or New York any variety of Scotts EZ Seed bearing the 50% Thicker Claim from January 1, 2009 through September 30, 2014. If you are included, then you may submit a Claim Form for payment.

**WHAT IS THE CASE ABOUT?** Beginning in 2009 Scotts manufactured the Scotts EZ Seed® combination grass seed product. Plaintiffs claim that Scotts mislabeled the product as capable of growing grass "50% Thicker With Half The Water* *Versus ordinary seed when each was watered at half the recommended rate. Results may vary," when it was not. The lawsuit seeks to recover actual, statutory, and punitive damages. Scotts denies any wrongdoing and denies the plaintiffs' allegations. Scotts contends that science supports their claim. The Court has not decided which side is right.

**WHAT ARE YOUR OPTIONS?** You have a choice of how to proceed regarding the Settlement, and you must decide what to do soon. To receive a monetary payment from the Settlement, you must submit a Claim Form by [DATE]. Claim Forms and details on how to file claims are on the settlement website, www.ADD. If you do nothing in response to this notice, you will remain in the Class and give up any rights to sue Scotts, but you will not receive any payment. Alternatively, you may opt-out of the Settlement, which means you cannot get any money from the Settlement, but you will keep any rights to sue Scotts for these claims. To be excluded, you must mail a written request for exclusion to the address on the front of this postcard, postmarked by [DATE]. Your request for exclusion must contain: (1) the name of this lawsuit; (2) your full name, current address and telephone number; (3) a clear statement of intention to exclude yourself; and (4) your signature. Finally, you can object to the Settlement if you don't like any part of it. To object, you must file with the Court a written objection, postmarked by [DATE]. For further details on what must be included in any objection, visit www._____.

The Court will hold a Fairness Hearing on [Month Day, Year] to consider whether to approve the settlement and a request of attorneys' fees, costs, and expenses. The motion for the fees, costs, and expenses will be posted on the settlement website after they are filed. You

may attend this hearing, but you do not have to. This Notice is only a summary. Complete details about the Settlement can be found at [website] or call toll free XXX-XXX-XXXX.

**EXHIBIT 3**

# EXHIBIT 3

## CLAIM FORM AND INSTRUCTIONS

In order for you to qualify to receive a payment related to *In Re: Scotts EZ Seed Litigation*, as described in the Notice of this Settlement (the "Class Notice"), you must file a Claim Form in the attached form either in paper or electronically on the Settlement Website at www._____.com to substantiate your claim.

## REQUIREMENTS FOR FILING A CLAIM FORM

Your claim will be considered only upon compliance with all of the following conditions:

1.    You must accurately complete all required portions of the attached Claim Form.

2.    You must sign this Claim Form, which includes the Certification.  If you file a Claim Form electronically, your electronic signature and submission of the form shall have the same force and effect as if you signed the form in hard copy.

3.    By signing and submitting the Claim Form, you are certifying under penalty of perjury (A) that you purchased Scotts Turf Builder EZ Seed® ("Scotts EZ Seed") from January 1, 2009 through September 30, 2014, bearing the claim "50% Thicker With Half The Water* *Versus ordinary seed when each was watered at half the recommended rate.  Results may vary," and (B) that such purchase was made in New York or California.

4.    You must submit a Proof of Purchase with Your Claim Form to receive a full monetary refund of the actual purchase price.  For Settlement Class Members without Proof of Purchase, Scotts will refund fifteen dollars ($15.00) for each Scotts EZ Seed Product up to a maximum of three units.  Proof of Purchase may take the following forms:  (A) the receipt or invoice issued for your purchase of Scotts EZ Seed; or (B) other documentation showing the actual price paid for the Scotts EZ Seed you purchased.

5.    You have two ways to complete and submit a Claim Form:  (A) you may MAIL the completed and signed Claim Form and Certification by First Class U.S. Mail, postage prepaid, postmarked no later than _____, to:

> **Claims Administrator**
> **P.O. Box [_____]**
> **[_____]**

Or (B) you may complete and submit the Claim Form and Certification using the Settlement Website at www._____.com.  If you file an electronic Claim Form and have Proof of Purchase, you must either send your Proof of Purchase to the Claims Administrator via e-mail at [provide address] or via U.S. Mail at the Claims Administrator's address above.

6.    Your failure to complete and submit the Claim Form using the Settlement Website by _____, 2018, or by mail postmarked by _____, 2018, will preclude you from receiving any payment in this Settlement.  If you submit by mail, you are advised to use (but are not required to use) certified mail, return receipt requested so that you will have a record of the date of mailing.

7.    Members of the same household may only submit a single Claim Form.

Submission of this Claim Form does not assure that you will share in the payments related to *In Re: Scotts EZ Seed Litigation*.  If the Claims Administrator determines that your claim may be invalid, the Claims Administrator may reject your claim subject to your right to present information to dispute the Claims Administrator's finding.  For more information on this process, see Paragraph [XX] of the Settlement Agreement, which is available at www._____.com.

*In Re: Scotts EZ Seed Litigation*
## CLAIM FORM

Please print or type

I, _____, state as follows:

_____          _____
LAST NAME/Entity (Claimant)*                                          FIRST NAME (Claimant)*

_____
Current Address*

_____          _____          _____
Current City*                                                      State*                          Zip Code*

_____          _____
Telephone Number (Day)(optional)                                 Telephone Number (Night)(optional)

_____          _____
E-mail Address*                                                        Variety of EZ Seed purchased ADD DROP DOWN MENU

IDENTITY OF CLAIMANT (Check appropriate box)
  ☐Individual ☐Legal Representative (attach information showing authority to submit claim) ☐Other (specify, describe on separate sheet)

## **CERTIFICATIONS***

I have read and am familiar with the contents of the Instructions accompanying this Claim Form and I certify under penalty of perjury that the information I have set forth in the foregoing Claim Form and in documents attached by me are true, correct and complete to the best of my knowledge.

I certify that I purchased Scotts Turf Builder EZ Seed® in California or New York from January 1, 2009 through September 30, 2014, inclusive, bearing the claim "50% Thicker With Half The Water* *Versus ordinary seed when each was watered at half the recommended rate.  Results may vary."  Examples of the Scotts Turf Builder EZ Seed® products at issue are pictured below:



I purchased [INSERT DROP DOWN MENU REGARDING QUANTITY] package(s) of Scotts Turf Builder EZ Seed® in California or New York from January 1, 2009 through September 30, 2014, inclusive, bearing the claim "50% Thicker With Half The Water* *Versus ordinary seed when each was watered at half the recommended rate.  Results may vary."

State of purchase:  _____.

  • Please note that if you are seeking a full refund (up to six units), you must submit your Proof of Purchase, such as receipts or invoices.
  • For Settlement Class Members without Proof of Purchase, Scotts will refund fifteen dollars ($15.00) for each Scotts EZ Seed Product up to a maximum of three units.

I am not an officer, director, agent, servant or employee of The Scotts Miracle-Gro Company, Inc. or any related entity thereof; a judge in this lawsuit; or an immediate family member of such persons; I did not purchase Scotts EZ Seed for resale or distribution to others; and I have not requested exclusion from the Settlement.

**I certify under penalty of perjury under the laws of the United States that all of the information provided on this Claim Form is true and correct to the best of my knowledge this ____day of _____, 2018.**

_____          _____
Signature                                                                        Date

Print name here: _____


If the Claimant is other than an individual, or if the Claimant is not the person completing this form, the following must also be provided:

Name of person signing: _____          Date: _____

Capacity of person signing: _____
(Executor, President, Trustee, etc.)

**ACCURATE CLAIMS PROCESSING TAKES TIME. THANK YOU FOR YOUR PATIENCE.**
Reminder Checklist:
1.    Please sign the above Claim Form.
2.    Enclose a copy of your Proof(s) of Purchase, if you have them, along with the Claim Form.
3.    Keep a copy of your Claim Form and supporting documentation for your records.
4.    If you move or your name changes, please send your new address, new name or contact information to Heffler Claims Administration via the Settlement Website, mail or by calling the Claims Administrator's toll-free telephone number, each listed in the Notice.
*Fields or Sections are Required to be Completed.

**EXHIBIT 4**

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Scotts EZ Seed Litigation | Case No. 12-cv-4727 (VB) (PED) |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING
SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES,
APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN**

WHEREAS, a class action is pending before the Court captioned *In re Scotts EZ Seed Litigation*, Case No. 7:12-cv-4727-VB-PED; and

WHEREAS, Plaintiffs Michael Arcuri, David Browne, Gwen Eskinazi, Stacy Lonardo, Lance Moore, Vance Smith, and Nancy Thomas (collectively, "Plaintiffs") and Defendants The Scotts Miracle-Gro Company, Inc. and The Scotts Company LLC (collectively, "Defendants" or "Scotts") have entered into a class action Stipulation of Settlement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached to;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, unless otherwise defined herein.

2.      The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 20 of this Order.

3.      This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other person(s), nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any

2

violation of law.

**Final Approval Hearing**

5.     The Final Approval Hearing shall be held before this Court on

_____, at ____ __. [*suggested date of 150 days after entry of this Order*] in

Courtroom 620 at the Federal Building and United States Courthouse, 300 Quarropas Street,

White Plains, New York to determine (a) whether the proposed settlement of the Action on the

terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate

and should be given final approval by the Court; (b) whether a judgment and order of dismissal

with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs

and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to

the Class Representatives.  The Court may adjourn the Final Approval Hearing without further

notice to members of the Settlement Class.

6.     Class Counsel shall file papers in support of their Fee Award and Class

Representatives' Incentive Awards (collectively, the "Fee Petition") with the Court on or before

_____ [*suggested date of 14 days before the Objection/Exclusion Deadline)*.]  Defendants

may, but are not required to, file a response to Class Counsel's Fee Award Petition with the

Court on or before _____ [*suggested date of 21 days before Final Approval hearing.*]

Class Counsel may file a reply in support of their Fee Award Petition or responses to objections,

if any, with the Court on or before _____ [*suggested date of 14 days before Final Approval

hearing.*]

7.     Papers in support of final approval of the Settlement Agreement and any

supplementation to the Fee Petition shall be filed with the Court on or before _____

[*suggested date of 14 days before Final Approval hearing.*]

**Certification of the Settlement Class**

8.      For purposes of settlement only: (a) Bursor & Fisher, P.A. and Faruqi & Faruqi, LLP are appointed Class Counsel for the Settlement Class; and (b) Michael Arcuri, David Browne, Gwen Eskinazi, Stacy Lonardo, Lance Moore, Vance Smith, and Nancy Thomas are named Class Representatives.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined below.

9.      For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All persons who purchased Scotts EZ Seed in the states of New York and California containing the label statement "50% Thicker" Claim.

10.      The Court finds, subject to the Final Approval Hearing referred to in Paragraph 20 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (*e,g.*, whether the "50% Thicker" Claim is false and/or misleading, and whether the Settlement Class Members were all injured by being overcharged for Scotts EZ Seed); the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

11.      If the Settlement Agreement does not receive the Court's final approval, or if final

approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification of the Settlement Class shall be vacated, the Parties shall revert to their positions in the Litigations as they existed prior to the Settlement Agreement, and the Class Representatives and the Class Members will once again bear the burden to prove their claims at trial.

**Notice and Administration**

12.     The Court approves, as to form, content, and distribution, the Notice plan set forth in the Settlement Agreement, including the Claim Form attached to the Settlement Agreement as Exhibit 3, the Notice plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits 1 and 2 thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure.  The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class.  In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action.  The Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13.     The Parties have jointly selected a reputable administration company, Heffler, to serve as the Claims Administrator.  This Court hereby appoints and authorizes Heffler to be the Claims Administrator, and thereby to perform and execute all such responsibilities set forth in

the Settlement Agreement.

14.     Pursuant to paragraph 79 of the Settlement Agreement, the Claims Administrator is directed to implement the Notice Plan as set forth therein, such that Notice will be disseminated within 45 days of this Order (the "Notice Date").

15.     The Court finds that Scotts has fully complied with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, by providing the notices described in Scotts' Certificate of Compliance.

**Submission of Claims and Requests for Exclusion from Class**

16.     Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form in accordance with the instructions contained therein.  All Claim Forms must be postmarked or electronically submitted within one hundred twenty (120) days after the Notice Date.

17.     Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Class.  Any such person may do so if, on or before the Objection/Exclusion Deadline of _____ *[suggested date of 75 days after the Notice Date]* they comply with the exclusion procedures set forth in the Settlement Agreement and Notice.  Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

18.     Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Claims Administrator, postmarked no later than the Objection/Exclusion Deadline.  The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name, address and telephone number, a signature, the

date, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement.  Each request for exclusion must be submitted individually.  So-called "mass" or "class" opt-outs shall not be allowed.

19.     Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims.  However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement, regardless of whether they have submitted a Claim Form, and regardless of whether that Claim Form has been deemed valid.

**Appearances and Objections**

20.     At least twenty-one (21) calendar days before the Final Approval Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

21.     Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees, costs and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement.  At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the Settlement Website.  Members of the Class may object on their own,

7

or may do so through separate counsel at their own expense.

22.     To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline of _____ *[suggested date of 75 days after the Notice Date]*.  To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and include the Settlement Class Member's name, address and telephone number; an explanation of the basis upon which he or she claims to be a Settlement Class Member; a signature and date; all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with Southern District of New York Local Rules).  If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement in the past 5 years where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

23.     Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 5, above, *i.e.* (a) whether the proposed settlement of the Action on the terms and

conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives.

24.     To be valid, objections must be filed with the Court and sent to the following: Class Counsel Scott A. Bursor of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; and Defendants' Counsel Samuel A. Danon of Hunton Andrews Kurth LLP, 1111 Brickell Avenue, Suite 2500, Miami, FL 33131.  In addition, any objections made by a Class Member represented by counsel must be filed through the Court's CM/ECF system.

**Further Matters**

25.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

26.     Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

28.     Any Settlement Class Member who does not timely and validly submit a claim: (a) shall be forever barred from participating in any distributions of the Settlement Fund; (b)

shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class.

29.     If the Settlement receives Final Approval, all Settlement Class Members) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendants and the other Released Parties, as more fully described in the Settlement Agreement.

30.     If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court.  In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

31.     In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, costs and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or

proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

32.     The Settlement shall not constitute an admission, concession, or indication of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation by Scotts.


IT IS SO ORDERED, this _____ day of _____, 2018.


Entered:        _____
                The Honorable Vincent L. Briccetti
                United States District Judge

**EXHIBIT 5**

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Scotts EZ Seed Litigation | Case No. 12-cv-4727 (VB) (PED) |

**[PROPOSED] FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a class action is pending before the Court captioned *In re Scotts EZ Seed Litigation*, Case No. 7:12-cv-4727-VB-PED; and

WHEREAS, Plaintiffs Michael Arcuri, David Browne, Gwen Eskinazi, Stacy Lonardo, Lance Moore, Vance Smith, and Nancy Thomas (collectively, "Plaintiffs") and Defendants The Scotts Miracle-Gro Company, Inc. and The Scotts Company LLC (collectively, "Defendants" or "Scotts") have entered into a class action Stipulation of Settlement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement") (ECF No.____); and

WHEREAS, on [_____], 2018, the Court granted Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, conditionally certifying a Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) of "all persons who purchased Scotts EZ Seed in the states of New York and California containing the label statement '50% Thicker' Claim'."  (ECF No. __);

WHEREAS, pursuant to the notice requirements set forth in the Settlement Agreement

and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the

proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right

of members of the Settlement Class to be heard at a Final Approval Hearing to determine, inter

alia:  (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and

adequate for the release of the claims contemplated by the Settlement Agreement; and (2)

whether judgment should be entered dismissing this Action with prejudice; and

        WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement

(ECF No. __), as well as Plaintiffs' Motion for Final Approval of the Settlement Agreement

(ECF No. __), Plaintiffs' Motion for Attorneys' Fees, Costs, And Expenses, And Incentive

Awards (ECF No. __), together with all exhibits thereto, the arguments and authorities presented

by the Parties and their counsel at the Final Approval Hearing held on [_____], 2018,

and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

        1.     Terms and phrases in this Final Judgment shall have the same meaning as

ascribed to them in the Parties' class action Settlement Agreement.

        2.     This Court has jurisdiction over the subject matter of the Action and over all

Parties to the Action, including all Settlement Class Members.

        3.     The notice provided to the Settlement Class pursuant to the Settlement Agreement

(ECF No. __) and order granting Preliminary Approval (ECF No. __) – including (i) direct

notice to the Settlement Class via email and U.S. mail in accordance with the Notice plan, (ii) the

creation of the Settlement Website, and (iii) the dissemination of Notice via Internet  – fully

complied with the requirements of Fed. R. Civ. P. 23 and due process, was reasonably calculated

under the circumstances to apprise the Settlement Class of the pendency of the Action, their right

to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4.       [Insert number of exclusions] individuals – [_____, _____, and _____] – have submitted timely requests for exclusion and are therefore excluded from the Settlement Class.

5.       The Court finds that Defendants properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed the substance of Defendants' notice, and finds that it complied with all applicable requirements of CAFA.  Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.

6.       This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties.  The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits.  The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties support this finding.  The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in

3

the reaching of the Settlement Agreement, implicit or otherwise.

7.    The Court has specifically considered the factors relevant to class action

settlement approval, including:

> (1) the complexity, expense and likely duration of the litigation;
> (2) the reaction of the class to the settlement; (3) the stage of the
> proceedings and the amount of discovery completed; (4) the risks
> of establishing liability; (5) the risks of establishing damages; (6)
> the risks of maintaining the class action through trial; (7) the
> ability of defendants to withstand a greater judgment; (8) the range
> of reasonableness of the settlement fund in light of the best
> possible recovery; and (9) the range of reasonableness of the
> settlement fund to a possible recovery in light of all the attendant
> risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

8.    The Court finds that the Class Representatives and Class Counsel adequately

represented the Settlement Class for the purposes of litigating this matter and entering into and

implementing the Settlement Agreement.

9.    Accordingly, the Settlement is hereby finally approved in all respects.

10.    The Parties are hereby directed to implement the Settlement Agreement according

to its terms and provisions.  The Settlement Agreement is hereby incorporated into this Final

Judgment in full and shall have the full force of an Order of this Court.

11.    This Court hereby dismisses the Action, as identified in the Settlement

Agreement, on the merits and with prejudice.

12.    Upon the Effective Date of this Final Judgment, Plaintiffs and each and every

Settlement Class Member who did not opt out of the Settlement Class (whether or not such

members submit claims), including such individuals' respective present or past heirs, executors,

estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries,

associates, affiliates, employers, employees, agents, consultants, independent contractors,

insurers, directors, managing directors, officers, partners, principals, members, attorneys,

accountants, financial and other advisors, underwriters, shareholders, lenders, auditors,

investment advisors, legal representatives, successors in interest, assigns and companies, firms,

trusts, and corporations shall be deemed to have released Defendants, as well as any and all of its

respective present or past heirs, executors, estates, administrators, predecessors, successors,

assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers,

employees, agents, consultants, independent contractors, insurers, directors, managing directors,

officers, partners, principals, members, attorneys, accountants, financial and other advisors,

underwriters, shareholders, lenders, auditors, investment advisors, legal representatives,

successors in interest, assigns and companies, firms, trusts, and corporations from any and all

actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected

or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements,

extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs,

attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement

Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or

representative, of every nature and description whatsoever, whether based federal, state, local,

statutory or common law or any other law, rule or regulation, against the Released Parties, or any

of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures,

statements, representations, omissions or failures to act regarding the allegations in the operative

complaint in this Action, or arising out of or relating to the marketing, advertising, promoting,

sale or distributing of the Scotts EZ Seed product labeled with the 50% Thicker Claim, including

all claims that were brought or could have been brought in the Action.

13.     With respect to all Released Claims, Plaintiffs and each of the other Settlement

Class Members agree that they are expressly waiving and relinquishing to the fullest extent

permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the

California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

and (b) any law of any state or territory of the United States, federal law, or principle of common

law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542

of the California Civil Code.

14.     Upon the Effective Date of this Final Judgment, the above release of claims and

the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on,

all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and

all other Settlement Class Members and Releasing Parties.  All Settlement Class Members are

hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in,

or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction

based on or arising out of any of the Released Claims.

15.     The Final Approval Order, the Judgment to be entered hereon, the Settlement

Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings

relating to the Settlement are not, and shall not be construed as, used as, or deemed to be

evidence of, an admission by or against Scotts of any fault, wrongdoing, or liability on the part of

Scotts or of the validity for litigation of any claims that have been, or could have been, asserted

in the Action.  This Order, the Settlement or any such communications shall not be offered or

received in evidence in any action of proceeding, or be used in any way as an admission or

concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any

Settlement Class Member, or any other person has suffered any damage; *provided*, *however*, that

the Settlement, this Order and the Judgment to be entered hereon may be filed in any action by

Scotts or Settlement Class Members seeking to enforce the Settlement or the Judgment by

injunctive or other relief, or to assert defenses including, but not limited to, res judicata,

collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue

preclusion or similar defense or counterclaim.  The Settlement's terms shall be forever binding

on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other

proceedings as to Released Claims and other prohibitions set forth in this Order that are

maintained by, or on behalf of, the Settlement Class Members or any other person subject to the

provisions of this Order.


16.     The Court has also considered Plaintiffs' Motion For Attorneys' Fees, Costs, and

Expenses, And Incentive Awards, as well as the supporting memorandum of law and

declarations (ECF Nos. ___), and adjudges that the payment of attorneys' fees, costs, and

expenses in the amount of $9,700,000.00 is reasonable in light of the multi-factor test used to

evaluate fee awards in the Second Circuit.  *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).  This award includes Class Counsel's unreimbursed litigation expenses.  *See* ECF No. ___.  Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

17.    The Court has also considered Plaintiffs' Motion, memorandum of law, and supporting declarations for incentive awards to the Class Representatives.  *See* ECF No. ___. The Court adjudges that the payment of an incentive award in the amount of $10,000 to each Class Representative to compensate them for their efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case.  Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

18.    The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

19.    Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

20.    This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

IT IS SO ORDERED, this _____ day of _____, 2018.


_____
The Honorable Vincent L. Briccetti
United States District Judge

**EXHIBIT 6**

**EXHIBIT 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Scotts EZ Seed Litigation

Case No. 12-cv-4727 (VB) (PED)

## **[PROPOSED] JUDGMENT**

The Court has entered Final Approval of the parties' settlement.  Accordingly, the Class's claims against Defendants The Scotts Miracle-Gro Company, Inc., and The Scotts Company LLC are DISMISSED WITH PREJUDICE, and this Judgment shall issue consistent with Federal Rule of Civil Procedure 58.

SO ORDERED this _____ day of _____, 2018.

_____
The Honorable Vincent L. Briccetti
United States District Judge

**EXHIBIT 7**

**EXHIBIT 7**

<u>ACKNOWLEDGMENT & GUARANTEE</u>

I, the undersigned, acknowledge and agree as follows on behalf of myself and the firm of

_____ (the "Firm"):

I have read the Stipulation and Agreement of Settlement entered into by the parties *In Re Scott EZ Seed Litigation*, 7:12-cv-04727-VB-PED, ("Settlement Agreement") and understand its terms.  I represent and warrant that I am authorized to execute this agreement on the Firm's behalf and to bind the Firm to the obligations set forth herein, and I make this Acknowledgment & Guarantee on behalf of the Firm.

The undersigned understands and agrees that any amount received by the Firm pursuant to the Settlement Agreement is subject to repayment to The Scotts Company ("Scotts") in the event that the Settlement Agreement is terminated pursuant to its terms.  Within twenty (20) days of receiving written notice of termination of the Settlement Agreement from any counsel for the Parties, the Firm will reimburse to Scotts all sums received by the Firm as attorneys' fees and costs pursuant to the Settlement Agreement and any members of the Firm shall be severally liable to repay amounts received by them personally.  By receiving any such sums, the Firm and its shareholders and partners submit to the jurisdiction of the United States District Court for the Southern District of New York for the enforcement of, and any and all disputes relating to or arising out of, the reimbursement obligations set forth herein and the Settlement Agreement. The Firm agrees to pay Scotts for reasonable attorneys' fees it incurs in enforcing the Acknowledgment & Guarantee.

The Firm further agrees to indemnify, defend, and hold harmless, Scotts and its attorneys from any and all claims and disputes of any kind relating to Scotts' payment of attorneys' fees to the Firm and/or other attorneys' fees for the plaintiffs pursuant to the Settlement Agreement.

Date:_____                    By:_____