EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:_____         │
│ DATE FILED: 6/21/18             │
└─────────────────────────────────┘
```

In re Scotts EZ Seed Litigation

Case No. 12-cv-4727 (VB) (PED)

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN

WHEREAS, a class action is pending before the Court captioned *In re Scotts EZ Seed Litigation*, Case No. 7:12-cv-4727-VB-PED; and

WHEREAS, Plaintiffs Michael Arcuri, David Browne, Gwen Eskinazi, Stacy Lonardo, Lance Moore, Vance Smith, and Nancy Thomas (collectively, "Plaintiffs") and Defendants The Scotts Miracle-Gro Company, Inc. and The Scotts Company LLC (collectively, "Defendants" or "Scotts") have entered into a class action Stipulation of Settlement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached to;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, unless otherwise defined herein.

2.      The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 20 of this Order.

3.      This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other person(s), nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any

2

violation of law.

**Final Approval Hearing**

5.     The Final Approval Hearing shall be held before this Court on

_VB_  December 19, 2018, at 9:30 am. [~~suggested date of 150 days after entry of this Order~~] in

Courtroom 620 at the Federal Building and United States Courthouse, 300 Quarropas Street,

White Plains, New York to determine (a) whether the proposed settlement of the Action on the

terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate

and should be given final approval by the Court; (b) whether a judgment and order of dismissal

with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs

and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to

the Class Representatives.  The Court may adjourn the Final Approval Hearing without further

notice to members of the Settlement Class.

6.     Class Counsel shall file papers in support of their Fee Award and Class

_VB_  Representatives' Incentive Awards (collectively, the "Fee Petition") with the Court on or before

October 5, 2018  [~~suggested date of 14 days before the Objection/Exclusion Deadline~~.] Defendants

may, but are not required to, file a response to Class Counsel's Fee Award Petition with the

_VB_  Court on or before 11/28/2018 [~~suggested date of 21 days before Final Approval hearing.~~]

Class Counsel may file a reply in support of their Fee Award Petition or responses to objections,

if any, with the Court on or before 12/5/2018 [~~suggested date of 14 days before Final Approval~~

_VB_  ~~hearing.~~]

7.     Papers in support of final approval of the Settlement Agreement and any

supplementation to the Fee Petition shall be filed with the Court on or before 12/5/2018

_VB_  [~~suggested date of 14 days before Final Approval hearing.~~]

3

**Certification of the Settlement Class**

8.      For purposes of settlement only: (a) Bursor & Fisher, P.A. and Faruqi & Faruqi, LLP are appointed Class Counsel for the Settlement Class; and (b) Michael Arcuri, David Browne, Gwen Eskinazi, Stacy Lonardo, Lance Moore, Vance Smith, and Nancy Thomas are named Class Representatives.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined below.

9.      For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> All persons who purchased Scotts EZ Seed in the states of New York and California containing the label statement "50% Thicker" Claim.

10.     The Court finds, subject to the Final Approval Hearing referred to in Paragraph 20 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (e.g., whether the "50% Thicker" Claim is false and/or misleading, and whether the Settlement Class Members were all injured by being overcharged for Scotts EZ Seed); the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

11.     If the Settlement Agreement does not receive the Court's final approval, or if final

4

approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification of the Settlement Class shall be vacated, the Parties shall revert to their positions in the Litigations as they existed prior to the Settlement Agreement, and the Class Representatives and the Class Members will once again bear the burden to prove their claims at trial.

**Notice and Administration**

12.      The Court approves, as to form, content, and distribution, the Notice plan set forth in the Settlement Agreement, including the Claim Form attached to the Settlement Agreement as Exhibit 3, the Notice plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits 1 and 2 thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure.  The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class.  In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action.  The Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13.      The Parties have jointly selected a reputable administration company, Heffler, to serve as the Claims Administrator.  This Court hereby appoints and authorizes Heffler to be the Claims Administrator, and thereby to perform and execute all such responsibilities set forth in

the Settlement Agreement.

14.     Pursuant to paragraph 79 of the Settlement Agreement, the Claims Administrator

is directed to implement the Notice Plan as set forth therein, such that Notice will be

disseminated within 45 days of this Order (the "Notice Date").

15.     The Court finds that Scotts has fully complied with the notice provisions of the

Class Action Fairness Act of 2005, 28 U.S.C, § 1715, by providing the notices described in

Scotts' Certificate of Compliance.

**Submission of Claims and Requests for Exclusion from Class**

16.     Members of the Class who wish to receive benefits under the Settlement

Agreement must complete and submit a timely and valid Claim Form in accordance with the

instructions contained therein.  All Claim Forms must be postmarked or electronically submitted

within one hundred twenty (120) days after the Notice Date.

17.     Any person falling within the definition of the Settlement Class may, upon valid

and timely request, exclude themselves or "opt out" from the Class.  Any such person may do so

if, on or before the Objection/Exclusion Deadline of October 19, 2018 [suggested date of 75

days after the Notice Date] they comply with the exclusion procedures set forth in the Settlement

Agreement and Notice.  Any members of the Class so excluded shall neither be bound by the

terms of the Settlement Agreement nor entitled to any of its benefits.

18.     Any members of the Settlement Class who elect to exclude themselves or "opt

out" of the Settlement Agreement must file a written request with the Claims Administrator,

postmarked no later than the Objection/Exclusion Deadline.  The request for exclusion must

comply with the exclusion procedures set forth in the Settlement Agreement and Notice and

include the Settlement Class member's name, address and telephone number, a signature, the

date, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement.  Each request for exclusion must be submitted individually.  So-called "mass" or "class" opt-outs shall not be allowed.

19.     Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims.  However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement, regardless of whether they have submitted a Claim Form, and regardless of whether that Claim Form has been deemed valid.

**Appearances and Objections**

20.     At least twenty-one (21) calendar days before the Final Approval Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

21.     Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees, costs and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement.  At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the Settlement Website.  Members of the Class may object on their own,

or may do so through separate counsel at their own expense.

22.     To object, members of the Class must sign and file a written objection no later

than on or before the Objection/Exclusion Deadline of October 19, 2018 ~~[suggested~~

~~date of 75 days after the Notice Date]~~.  To be valid, the objection must comply with the

objection procedures set forth in the Settlement Agreement and Notice, and include the

Settlement Class Member's name, address and telephone number; an explanation of the basis

upon which he or she claims to be a Settlement Class Member; a signature and date; all grounds

for the objection, including all citations to legal authority and evidence supporting the objection;

the name and contact information of any and all attorneys representing, advising, or in any way

assisting him or her in connection with the preparation or submission of the objection or who

may profit from the pursuit of the objection (the "Objecting Attorneys"); and a statement

indicating whether he or she intends to appear at the Final Approval Hearing (either personally

or through counsel who files an appearance with the Court in accordance with Southern District

of New York Local Rules).  If a Settlement Class Member or any of the Objecting Attorneys has

objected to any class action settlement in the past 5 years where the objector or the Objecting

Attorneys asked for or received any payment in exchange for dismissal of the objection, or any

related appeal, without any modification to the settlement, then the objection must include a

statement identifying each such case by full case caption.

23.     Members of the Class who fail to file and serve timely written objections in

compliance with the requirements of this paragraph and the Settlement Agreement shall be

deemed to have waived any objections and shall be foreclosed from making any objections

(whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in

paragraph 5, above, *i.e.* (a) whether the proposed settlement of the Action on the terms and

conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives.

24.     To be valid, objections must be filed with the Court and sent to the following: Class Counsel Scott A. Bursor of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; and Defendants' Counsel Samuel A. Danon of Hunton Andrews Kurth LLP, 1111 Brickell Avenue, Suite 2500, Miami, FL 33131.  In addition, any objections made by a Class Member represented by counsel must be filed through the Court's CM/ECF system.

**Further Matters**

25.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

26.     Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

27.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

28.     Any Settlement Class Member who does not timely and validly submit a claim: (a) shall be forever barred from participating in any distributions of the Settlement Fund; (b)

shall be bound by the provisions of the Settlement Agreement and all proceedings,

determinations, orders and judgments in the Action relating thereto, including, without

limitation, the Judgment, if applicable, and the Releases provided for therein, whether favorable

or unfavorable to the Class.

29.    If the Settlement receives Final Approval, all Settlement Class Members) shall

forever be barred and enjoined from directly or indirectly filing, commencing, instituting,

prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim,

demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on

their own behalf or in a representative capacity, that is based upon or arises out of any or all of

the Released Claims against any of the Defendants and the other Released Parties, as more fully

described in the Settlement Agreement.

30.    If the Settlement Agreement is not approved by the Court in complete accordance

with its terms, each party will have the option of having the Action revert to its status as if the

Settlement Agreement had not been negotiated, made, or filed with the Court.  In such event, the

parties will retain all rights as if the Settlement Agreement was never agreed upon.

31.    In the event that the Settlement Agreement is terminated pursuant to the

provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not

become Final then (i) the Settlement Agreement shall be null and void, including any provision

related to the award of attorneys' fees, costs and expenses, and shall have no further force and

effect with respect to any party in this Action, and shall not be used in this Action or in any other

proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and

statements made in connection therewith shall be without prejudice to any person or party hereto,

shall not be deemed or construed to be an admission by any party of any act, matter, or

proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

32.     The Settlement shall not constitute an admission, concession, or indication of the validity of any claims or defenses in the Action, or of any wrongdoing, liability, or violation by Scotts.

33. The Clerk is instructed to terminate the motion. (Doc. #342).

IT IS SO ORDERED, this 21st day of June, 2018.

Entered: _____
The Honorable Vincent L. Briccetti
United States District Judge

11