RECEIVED
SDNY DOCKET
2018 NOV -2  AM 10:52

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Scotts EZ Seed Litigation

Civil Action No. 12-4727

# OBJECTION OF MARK GULLICKSON, PRO SE TO PROPOSED SETTLEMENT & NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING

NOW COMES, Pro Se Objector MARK GULLICKSON, PRO SE and hereby files these objections to the proposed settlement in this matter.

## PROOF OF MEMBERSHIP IN THE CLASS

Upon information and belief Mark Gullickson, Pro Se ("Objector") was sent and has received and reviewed that certain notice of class action and proposed settlement which is not dated (the "Notice"). As a result, he believes that he is a member of the class, as it is defined in that Notice. He has filed and mail a claim as he was not able to access the electronic claim form. His address, e-mail address and telephone number are listed at the conclusion of this objection.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-1-18

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does NOT intend to appear at the Final Approval Hearing at December 19, 2018 on 9:30 a.m. Eastern Time in Courtroom 620 at the Federal Building and Courthouse, Room 620, 300 Quarropas Street, White Plains, NY 10601.

## PREVIOUSLY FILED OBJECTIONS

Although Objector asserts this requirement is not relevant and violates Objector's constitutional rights. Further, this is information in Class Counsel's possession or easily available via a PACER search or in the alternative this Objector refers all parties to the website serialobjector.com to find the list of Objector's previously filed objections.

## REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to

monitor the settlement process to its ultimate completion.

It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act")  Rule 23 F.R.C.P.(the "Rule") nor the body of case law developed (all three collectively referred to herein as "Class Action Policy"). Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard "for Class Action settlements.

2.  No timeframe for completing administration of the monetary relief is set, so Class Members cannot know when payment would arrive. Moreover, the Settlement Administrator is not held to any specific timeframe to complete the settlement process.

3.  No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorney's fees would elevate the concerns raised herein regarding Paragraphs Nos. 1 & 2 above.

4. Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fee notwithstanding the amount of relief. This practice would be considered inequitable at best and excessive at worse in many other area of the law when awarding attorney fees.

5. The fee calculation is unfair in that the percentage of the settlement amount is far too high. After a review of the Docket there appears to be only 360 Docket Entries. In addition, very few entries were substantive in nature. The remaining Docket Entries were procedural in nature. Even so, 360 Docket Entries in a case that Class Counsel is asking for $9,700,000.00 in attorney fees and costs which equates to a breathtaking $26,944.00 PER DOCKET ENTRY !

   Further regarding the Docket Entries, many were in the form of a Notice (usually a 1 or 2 page document); several others were in reference to letters filed with Court (usually a brief correspondence with some reference to a procedural "housekeeping" matter); many others Docket Entries were in regard to a *pro hoc vice* requests or changes in counsel; dozens of entries were documents generated by the Court in the form of an order, minute entry or a filing of a transcript and, finally there were many Docket Entries from the Court or the Clerk's Office regarding procedural items. This is hardly the record of a case justifying Class Counsel's requested Attorneys' Fees and Expenses in the amount of $9,700,000.00.

6. The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Respectfully submitted,

*/s/ Mark Gullickson*

Mark Gullickson, Pro Se
28100 Cabot Road
Unit # 534
Laguna Niguel, CA 92677
**Phone: (949)-433-8662**
**Email:mgullickson52@gmail.com**

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2018, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Southern District of New York by sending this document via First Class U.S. Mail to the Clerk. When the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. In addition, the undersigned has sent a copy via electronic mail to all counsel of record.

Mark Gullickson, Pro Se

Case 7:12-cv-04727-VB-PED   Document 361   Filed 11/05/18   Page 6 of 7



GULICKSON
28900 CABOT RD.
UNIT # 534
LAGUNA NIGUEL, CA

MILWAUKEE WI 530
27 OCT 2018 PM 5 L

RECEIVED
Pro Se

2018 NOV 5 SDNY PRO SE OFFICE
CLERK'S OFFICE
Magistrate Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, N.Y. 10007-1312